## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NORTHEAST CONTROLS, INC.           :        CIVIL ACTION
3 Enterprise Avenue                :
Clifton Park                       :
New York, NY 12065                 :        NO.        0 6 -    4 1 2
                                   :
ST. PAUL MERCURY                   :
INSURANCE COMPANY                  :
385 Washington Street              :
St. Paul, MN 55102                 :
                     Plaintiffs,   :
            v.                     :
FISHER CONTROLS                    :
INTERNATIONAL, LLC,                :
205 S. Center Street               :
Marshalltown, Iowa 50158           :
                     Defendant.    :


### SUMMONS

TO:
Fisher Controls International, LLC
c/o Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve on

William J. Cattie, III, Esq.
Rawle & Henderson, LLP
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588

an answer to the complaint which is served on you with this summons, within twenty (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**PETER T. DALLEO**                  6/29/06
_____       _____
CLERK                              DATE

_Monica Mosley_
_____
(By) DEPUTY CLERK

1322806 v.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | 6/30/2006 @ 2:00 p.m.<br>1209 Orange Street, Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Fisher Controls International, LLC | Accpeted By: Scott LaScala |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Golt | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____7/3/2006_____
DATE

_____
SIGNATURE OF SERVER

2000 Pennsylvania Ave, Suite 207
_____
ADDRESS OF SERVER

Wilmington, DE 19806

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.