IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC. and ST. PAUL MERCURY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> FISHER CONTROLS INTERNATIONAL, LLC, <br><br> Defendants. | C.A. No. 1:06-CV-00412 SLR |

**REPLY OF PLAINTIFFS, NORTHEAST CONTROLS, INC. AND ST. PAUL MERCURY INSURANCE COMPANY, TO THE COUNTERCLAIM OF DEFENDANT, FISHER CONTROLS INTERNATIONAL, LLC**

Plaintiffs, Northeast Controls, Inc. and St. Paul Mercury Insurance Company, by and through their attorneys, Rawle & Henderson, LLP, hereby submits its Reply to Defendant's Counterclaim:

**JURISDICTION**

1. Admitted.

2. Admitted.

**PARTIES**

3. Admitted.

4. Admitted.

**FACTUAL ALLEGATIONS**

5. Admitted.

6. Admitted.

7. Denied. The Worldwide Procurement Agreement is a document which speaks for itself.

8. Admitted.

9. Denied. The Worldwide Procurement Agreement is a document which speaks for itself.

10. Admitted.

11. Denied. No control valves are identified in paragraph 6 of defendant's Counterclaim and therefore this averment is denied.

12. Denied. The Representative Agreement is a document which speaks for itself. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

13. Admitted.

14. Denied as stated. The Exhibit constituted Praxair's initial specification, which were later modified verbally.

15. Admitted.

16. Admitted.

17. Denied. The document attached as Exhibit 3 is a document which speaks for itself.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied. At the deposition of Mr. Cappellini, he testified that Praxair, Fisher and Northeast Controls all were aware of any changes that needed to be made and that those changes had been consented to by Praxair and were understood by all parties.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of these averments, and accordingly deny the same and demand proof thereof.

28. Admitted.

29. Denied. The valve was merely a victim of the incident.

30. Admitted.

31. Denied. The underlying pleadings speak for themselves, and they include, *inter alia*, the allegation that the valve was or may have been defective.

32. Denied.

33. Admitted.

34. Admitted.

35. Denied as stated. Fisher defended only itself.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Denied as stated. It is admitted that Great American dismissed its claims against Northeast Controls, after Northeast Controls reached a settlement with the insurance companies regarding the property damage issues.

43. Admitted.

44. Denied. Northeast Controls and Fisher mutually agreed to the dismissal of Fisher and to the dismissal of their cross-claims against each other without prejudice to the pursuit of their claims against each other in any subsequent litigation.

45. Plaintiff incorporates its response to paragraphs 11-44 as if fully set forth herein.

## COUNTERCLAIM

## BREACH OF CONTRACT

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Admitted.

51. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of this averment, and accordingly denies the same and demands proof thereof.

52. Denied.

53. Denied.

## AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief can be granted.

2. Defendant's claims are barred and/or limited in accordance with the doctrine of contributory negligence and/or comparative negligence.

WHEREFORE, plaintiffs, demands judgment in their favor and the dismissal of defendant's Counterclaims.

/s/ William J. Cattie, III
William J. Cattie, III, Esq.
I. D. No. 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
(302) 778-1200
Attorney for Plaintiffs

Date:   September 20, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NORTHEAST CONTROLS, INC. and ST. PAUL MERCURY INSURANCE COMPANY, | ) ) ) ) | C.A. No. 1:06-CV-00412 SLR |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FISHER CONTROLS INTERNATIONAL, LLC, | ) ) ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of September, 2006, a copy of Plaintiffs' Reply to Defendant's Counterclaim was served via US mail and efiling notification upon the following person(s):

>Paul A. Bradley
>Maron & Marvel, P.A.
>1201 N. Market Street, Ste. 900
>P.O. Box 288
>Wilmington, DE  19899

>/s/ William J. Cattie, III
>William J. Cattie, III, Esq.
>I. D. No. 953
>300 Delaware Avenue, Suite 1015
>P. O. Box 588
>Wilmington, DE 19899-0588
>(302) 778-1200
>Attorney for Plaintiffs