**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NORTHEAST CONTROLS, INC. and ST. PAUL MERCURY INSURANCE COMPANY, | ) C.A. No. 1:06-CV-00412 SLR ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FISHER CONTROLS INTERNATIONAL, LLC, | ) ) ) |
| Defendants. | ) |

**NORTHEAST CONTROLS, INC.'s and**
**ST. PAUL MERCURY INSURANCE COMPANY's**
**ANSWER TO THE COUNTERCLAIM**
**OF DEFENDANT, FISHER CONTROLS INTERNATIONAL, LLC,**

Plaintiffs, Northeast Controls, Inc. ("Northeast") and St. Paul Mercury Insurance Company, ("St. Paul" and collectively with Northeast *hereinafter* referred to as "Plaintiffs" unless otherwise disambiguated), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin hereby answer the *Counterclaim* of Defendant Fisher Controls International, LLC, ("Fisher"), as stated within the *Answer to Amended Complaint and Counterclaim*, (D.I. 27), as follows, to wit, pursuant to Fed. R. Civ. P. 8(b), unless specifically admitted hereinbelow, all allegations are generally and categorically denied, and otherwise:

### **JURISDICTION**[1]

1.    The averments stated within this paragraph call for a conclusion of law to which no response from Plaintiffs is required.

2.    The averments stated within this paragraph call for a conclusion of law to which no response from Plaintiffs is required.

---

[1] The section headings and paragraph numbering which follow are correlated to the section headings and paragraphs as numbered after the "Counterclaim" stated beginning at page 9 of Fisher's *Answer to Amended Complaint and Counterclaim*, (D.I. # 27), and include no reference to those similarly named section headings and similarly numbered paragraphs contained on pages 1 through 9 of Fisher's *Answer to Amended Complaint and Counterclaim* preceding the "Counterclaim" itself.

1351222 v.1

## PARTIES

3. Admitted.

4. Admitted.

## FACTUAL ALLEGATIONS

5. It is admitted that Fisher and Northeast were parties to a Representative Agreement. The document attached as Exhibit 1 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs.

6. The document attached as Exhibit 2 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs.

7. The document attached as Exhibit 2 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs. To the extent the averments stated within this paragraph call for or offer an interpretation of the meaning and import of the terms and provisions of the Worldwide Procurement Agreement, that interpretation is denied as stated.

8. The document attached as Exhibit 2 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs. To the extent the averments stated within this paragraph call for or offer an interpretation of the meaning and import of the terms and provisions of the Worldwide Procurement Agreement, that interpretation is denied as stated.

9. The document attached as Exhibit 2 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs. To the extent the averments stated within this paragraph call for or offer an interpretation of the meaning and import of the terms and provisions of the Worldwide Procurement Agreement, that interpretation is denied as stated.

10. Admitted.

11.     Denied as stated as there as paragraph 6 of the *Counterclaim* contains no reference to or identification of "control valves". Further, The document attached as Exhibit 2 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs. To the extent the averments stated within this paragraph call for or offer an interpretation of the meaning and import of the terms and provisions of the Worldwide Procurement Agreement, that interpretation is denied as stated.

12.     Denied as stated as the document attached as Exhibit 2 to Fisher's *Answer and Counterclaim* speaks for itself and requires no response from Plaintiffs. To the extent the averments stated within this paragraph call for or offer an interpretation of the meaning and import of the terms and provisions of the Worldwide Procurement Agreement, or a conclusion of law, that interpretation is denied as stated.

13.     Admitted.

14.     Denied as stated. The document attached as Exhibit 3 to the *Counterclaim* speaks for itself and requires no response from Plaintiffs. To the extent a further response is deemed necessary, it is denied that the document attached as Exhibit 3 to the *Counterclaim* represents the complete, full or final "specifications" for the Valve provided by Praxair to Northeast.

15.     It is admitted that Cappellini was an employee of Northeast; and it is admitted that within the course and scope of his employment, Capellini initialed the document attached as Exhibit 3 to the *Counterclaim*.

16.     It is admitted to the best of Plaintiff's information and belief that the document attached as Exhibit 3 to the *Counterclaim* is the "only document relating to the purchase and sale of the Valve" that contains the initial of both Cappellini and a Praxair representative.

17.     To the extent that the averments stated within this paragraph refer to Exhibit 3 to the *Counterclaim*, that document speaks for itself and requires no further response from Plaintiffs.  To the extent that the "specifications" averred within this paragraph are intended to be limited solely to Exhibit 3, that averment is denied.

18.     It is admitted that within the course and scope of his employment with Northeast Controls, Cappellini provided specifications to Fisher for the Valve.

19.     It is admitted that Northeast provided specifications to Fisher for the Valve, and it is admitted that among the specifications provided by Northeast to Fisher for the Valve, there were differences between those stated within Exhibit 3 to the *Counterclaim*.

20.     Denied.

21.     Denied.

22.     Admitted.

23.     Admitted.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of these averments, and accordingly deny the same and demand proof thereof.

28.     Admitted.

29.     To the extent that the averments stated within this paragraph aver that the Fisher Type A11 valve tagged "83HV0629" contributed to or caused "the Incident" on May 20, 2000, at the Delaware City Power Plant Repowering Project, that is denied.  It is admitted that the Valve

was "involved" in "the Incident" to the extent that it sustained damage in the resulting fire and explosion.

30.     Matters of record and on file with the courts require no response from Plaintiffs, including the extent to which Fisher was named as a defendant in any lawsuit(s) which are not identified by either case caption or docket number is a matter for Fisher to admit or deny.

31.     The underlying pleadings speak for themselves, and they include, *inter alia*, the allegation that the valve was or may have been defective. To the extent that a further response is deemed necessary, the averments stated within this paragraph are denied as pled.

32.     Denied.

33.     Denied as stated. By way of further response, there was more than one communication between Fisher and Northeast concerning Northeast's demand that Fisher defend and indemnify Northeast, and Fisher's response(s) was not as averred within this paragraph.

34.     Denied as stated. By way of further response, there was more than one communication between Fisher and Northeast concerning Northeast's demand that Fisher defend and indemnify Northeast, and Fisher's response(s) was not as averred within this paragraph.

35.     Denied as stated. Fisher defended only itself.

36.     Admitted.

37.     Plaintiff lack sufficient information to either admit or deny the author of the referenced motions for summary judgment averred within this paragraph.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42. Denied as stated.

43. Admitted.

44. Denied. Northeast Controls and Fisher mutually agreed to the dismissal of Fisher and to the dismissal of their cross-claims against each other without prejudice to the pursuit of their claims against each other in any subsequent litigation.

## COUNTERCLAIM

## BREACH OF CONTRACT

45. Plaintiffs incorporate their responses to paragraphs 1-44 as if fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Plaintiffs lack sufficient knowledge or information to either admit or deny whether, or the extent to which, Fisher incurred attorneys fees and costs.

50. Plaintiffs lack sufficient knowledge or information to either admit or deny whether, or the extent to which, Fisher incurred experts fees and costs.

51. Plaintiffs lack sufficient knowledge or information to either admit or deny the reasonableness of any attorneys fees and expert fees incurred by Fisher, and accordingly denies the same and demands proof thereof.

52. The averments stated within this paragraph call for a conclusion of law to which no response from Plaintiffs is required; and it is denied that Fisher is entitled to the relief requested within the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

1. The *Counterclaim* fails to state a claim upon which relief can be granted.

2. Defendant's claims are barred and/or limited in accordance with the doctrine of contributory negligence and/or comparative negligence.

WHEREFORE, plaintiffs, demand judgment in their favor and the dismissal of defendant's Counterclaims.

>                MARSHALL, DENNEHEY, WARNER,
>                   COLEMAN & GOGGIN
>
>                 /s/ *Thomas P. Wagner*_____
>            BY:  Thomas P. Wagner, Esquire
>                 1845 Walnut Street
>                 Philadelphia, PA  19103
>                 Telephone No. (215) 575-4562
>       *Counsel for Northeast Controls and St. Paul Mercury Insurance Company*
>
>                MARSHALL, DENNEHEY, WARNER,
>                   COLEMAN & GOGGIN
>
>            BY:   */s/ Joseph Scott Shannon*_____
>                  Joseph Scott Shannon, Esq. (I.D. No. 3434)
>                  1220 N. Market Street, 5th Floor
>                  P.O. Box 8888
>                  Wilmington, DE 19899-8888
>                  tel.: 302.552.4329
>                  fax.: 302.651.7905
>                  e-mail: **jsshannon@mdwcg.com**
>       *Counsel for Northeast Controls and St. Paul Mercury Insurance Company*

Date: May 7, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NORTHEAST CONTROLS, INC. and<br>ST. PAUL MERCURY INSURANCE<br>COMPANY, | )<br>)<br>)<br>) | C.A. No. 1:06-CV-00412 SLR |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| FISHER CONTROLS<br>INTERNATIONAL, LLC, | )<br>)<br>) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of May, 2007, a copy of Plaintiffs' Reply to Defendant's Counterclaim was served via US mail and efiling notification upon the following person(s):

> Paul A. Bradley
> Maron & Marvel, P.A.
> 1201 N. Market Street, Ste. 900
> P.O. Box 288
> Wilmington, DE  19899

> MARSHALL, DENNEHEY, WARNER,
> COLEMAN & GOGGIN

> BY:  */s/ Joseph Scott Shannon*
> Joseph Scott Shannon, Esq. (I.D. No. 3434)
> 1220 N. Market Street, 5th Floor
> P.O. Box 8888
> Wilmington, DE 19899-8888
> tel.: 302.552.4329
> fax.: 302.651.7905
> e-mail: **jsshannon@mdwcg.com**
> *Counsel for Northeast Controls and St. Paul Mercury Insurance Company*