IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTHEAST CONTROLS, INC. | : | CIVIL ACTION – LAW |
| and | : | |
| ST. PAUL MERCURY INSURANCE COMPANY | : | |
| | : | |
| v. | : | |
| | : | |
| FISHER CONTROLS INTERNATIONAL, LLC | : | NO. 1:06-CV-00412 (SLR) |

**PLAINTIFFS, NORTHEAST CONTROLS, INC. AND
ST. PAUL MERCURY INSURANCE COMPANY'S, OPPOSITION
TO DEFENDANT'S MOTION TO AMEND COUNTERCLAIM**

**I.      INTRODUCTION AND RELIEF REQUESTED**

In response and opposition to Defendant Fisher Controls International, LLC's ("Fisher")

*Motion to Amend Counterclaim*, Plaintiffs Northeast Controls, Inc. and St. Paul Mercury

Insurance Company (*hereinafter* collectively "Northeast" unless contextually inconsistent)

request this Court for an *Order* denying Fisher's *Motion* as it is untimely, patently prejudicial to

the plaintiffs, and without basis in law or fact. The proposed amendment is a futile, if not

sanctionable, claim filed more than five months after the deadline set by the *Scheduling Order*

for amending the pleadings, and it is aimed at improperly pressuring Plaintiffs to withdraw their

claims against Fisher and abandon any attempt at recovery.[1]

**II.      NATURE AND STAGE OF THE PROCEEDINGS**

This matter is in the nature of a subrogation action in which the plaintiffs seek

reimbursement for expenses incurred in the defense of claims for personal injury and property

damage arising out of a May 20, 2000 explosion and fire at the Delaware City Power Plant.

---

[1] Fisher filed its *Motion to Amend Counterclaim* on the same day as a voluntary settlement conference convened
before U.S. Magistrate Judge Mary Pat Thynge.  Two hours into the conference, Counsel and Judge Thynge learned,
for the first time, that the *Motion* was being filed and that it was inextricably linked to Fisher's settlement posture.

Several lawsuits were instituted as a result of the explosion and fire including property damage claims by the owners and operators of the plant, as well as their insurer, and a personal injury claim by Mr. Ronald W. Olson, an employee of the plant's operator.

### A.     Background Facts and Underlying Litigation

At the time of the incident, the plant was undergoing a "re-powering" project. This project included the transfer of highly purified oxygen gas from a compressor in an air separation unit (ASU) through a series of control valves and pipes to a device known as a gassifier. The power plant facility was owned by Motiva Enterprises L.L.C. (Motiva), and operated by Conectiv Operating Services Co. (Connectiv), Mr. Olson's employer. Texaco, Inc. (Texaco) supplied gasification technology for this project; Parsons Energy and Chemicals Group, Inc. (Parsons) was the general contractor; and Praxair, Inc. (Praxair) was the supplier of the air separation unit, including its various components. One of those components was identified as valve No. 83HV0629 (the 629 valve). This valve was manufactured by Fisher. Northeast was a sales representative for Fisher. Praxair ordered the valve from Fisher through Northeast.[2]

The various defendants in the property damage cases and in the Olson personal injury case included Northeast and Fisher. Numerous other companies were sued as well, including Praxair, Motiva, Texaco, Parsons, and several more. The Complaints in all the underlying cases alleged that there were defects in the 629 valve, and that these defects caused the explosion and fire, and the resulting damage. Eventually, all the underlying cases were resolved by settlement and/or dismissal. None of the cases went to trial.

---

[2] The facts and pleadings of the underlying litigation upon which Northeast's indemnification claims are based and from which the recitation of facts within this paragraph and elsewhere herein are summarized, are set forth in detail within the Northeast's *Amended Complaint*, D.I. # 26, filed on April 4, 2007, and Exhibit B thereto, being the *Complaint* in the *Great American Assurance Co. v. Fisher Controls International, Inc., et al.*, property damage claim; and Exhibit C thereto, being the *Complaint* in the *Olson v. Motiva, et al.*, personal injury claim, all of which (property and personal injury claims) were consolidated under the *Olson* caption for discovery. *See also, generally,* the Affidavit of Thomas P. Wagner, Esquire, attached hereto as Exhibit 15 as to the factual averments.

Before any litigation was commenced by anyone, Northeast requested defense and indemnification from Fisher. This request was made in writing at least twice before the filing of any Complaint seeking damages.[3] Northeast's requests for defense and indemnification were based upon a contract, the indemnification provisions of which provide the basis for the claim in this lawsuit. On January 1, 1998, Northeast and Fisher entered into a contract called the "Representative Agreement" which defined the parameters, duties and obligations of their business relationship.[4] This Agreement was in effect both when the 629 valve was originally ordered and when the explosion and fire occurred at the plant.

Despite Northeast's pre-suit requests, and despite Northeast's crossclaims seeking indemnification in the various underlying lawsuits, Fisher refused to defend Northeast or indemnify it against the losses sued upon by the personal injury and property damage plaintiffs. Uniformly, the Complaints in these lawsuits included allegations of causal defects in the Fisher valve. Despite these allegations, however, Fisher has continued in its refusal to indemnify Northeast.[5]

Fisher's refusal to fulfill the contractual obligation it owes Northeast is based on its assertion, now, in defense of this action, that the losses sustained in this incident were somehow caused or contributed to by the negligence of Northeast. Fisher argues, therefore, that under the Representative Agreement, its obligation to defend and indemnify Northeast is nullified. That, however, is dramatically different from the position taken by Fisher itself in the underlying

---

[3] *Amended Complaint*, D.I. # 26, at Exhibits D-F thereto, are Northeast's demands for indemnification and Fisher's response.

[4] *Amended Complaint*, D.I. # 26, at Exhibit A thereto, is the "Representative Agreement". For the Court's convenience, a copy of the "Representative Agreement" is also attached hereto as Exhibit 1.

[5] Despite Fisher's repeated refusal to defend and indemnify Northeast, it has never sought affirmative recovery from Northeast until now.

litigation.  Fisher produced and served upon all the other parties to that litigation the expert

report of Dr. Robert A. Mostello.[6]  Dr. Mostello concluded that the explosion and fire were

caused entirely by acts of parties other than Northeast.  Specifically, Dr. Mostello offered the

opinion that the design of the oxygen piping system, combined with the methods employed to

clean it, prepare it, and start up its operation resulted in the explosion and fire.[7]  The report offers

no criticism of any act by Northeast, and it supports no connection between the conduct of

Northeast and the explosion or fire.

The Representative Agreement contained a specific indemnity provision.  This provision

obligated Fisher to defend and indemnify Northeast.  Fisher has failed to do so.  The language of

the Representative Agreement is clear.  In pertinent part, the indemnity provision states as

follows:

> Fisher agrees that it shall, at its own expense, protect, defend,
> indemnify and hold harmless representative [Northeast] from and
> against any and all claims, demands, actions, losses, damages,
> liabilities, costs and expenses (collectively "losses") which may
> arise out of or be made in connection with the death or injury of
> any person, or damage to property . . . *resulting or claimed to
> result from any actual or alleged defect in any Product* (emphasis
> added).
>
> Notwithstanding [the above], Fisher shall not be obligated to
> protect, defend, indemnify or hold harmless Representative from
> and against any losses arising from the following:
>
> [ . . . ]
>
> F.    Negligent acts or omissions by Representative.

(Exhibit 1 hereto).  Fisher is obligated to defend, indemnify and hold harmless Northeast against

all claims, losses, damages, costs and expenses which arise out of or are made in connection with

---

[6] *Amended Complaint*, D.I. # 26, at Exhibit G thereto, is the "Report on the Delaware City Explosion at the
Delaware City, Delaware Facility of Motiva Enterprises on May 20, 2000" authored by Robert A. Mostello, PE,
PhD.
[7] *Amended Complaint*, D.I. # 26, at Exhibit G thereto, pp. 17-18 therein.

any personal injury or property damage "resulting or claimed to result from any actual or alleged defect in any Product."  There is no question that the claims of both the property damage and the personal injury plaintiffs in the underlying litigations were for damages that were "claimed to result" from an "alleged defect" in the Fisher valve.  The presence of the allegation of product defect in those Complaints is all that was necessary to trigger the indemnity obligation.[8]

Exhibits 2 through 11 hereto are Fisher's responsive pleadings in the underlying litigation[9] by which Fisher answered the *Olson* complaint and cross-claims.  The closest that Fisher came to any affirmative prayer for relief against Northeast was in its *Answer of Defendant Fisher Controls International, Inc. to First Amended Complaint*, (Exhibit 2 hereto), in which it stated a "Cross-Claim for Contribution" – <u>not</u> indemnification – stating "Should the jury find this answering defendant liable, Fisher requests that fault be apportioned among all defendants."  The matters were resolved without any jury finding of liability.  In responding to the various cross-claims, (Exhibits 3-11 hereto), Fisher did not even assert as an affirmative defense any claim against Northeast as reducing or barring its exposure.  As a review of the docket sheet from the underlying litigation demonstrates, (Exhibit 12 hereto), although Fisher filed *Answers* to the claims and cross-claims (*I.e.*, Exhibit 12 at D.I. ## 25, 74, 85-86, 117-118, 130-131, 143, 184-196, 276-289, 328-335 [numerically reported out of order at pp. 29-30]), Fisher asserted no affirmative claims against any specific party including Northeast.

---

[8] *Amended Complaint*, D.I. # 26, at Exhibit B thereto (Great American), Count I, ¶¶22—24, states a "Negligence" claim against "Fisher and Northeast" in six subparts; Count II, ¶¶25-30, states a "Warranty" claim against "Fisher and Northeast"; Count III, ¶¶31-34 states a "Contract" claim against "Northeast"; and within Exhibit C thereto (Olson), Count V, ¶39, states a "Negligence" claim against "Fisher and Northeast" in no less than five respects; Counts IX- XI, ¶¶43-45, state several "Breach of Warranty" claims against "Fisher and Northeast".  None of the claims asserted by any plaintiffs in the underlying litigation averred any independent act(s) of negligence on Northeast's part.

[9] The property damage cases were consolidated and captioned under the first-filed *Olson v. Motiva Enterprises, LLC*, Del. Super., Civ. A. No. 02C-04-263 (JRS), caption for the discovery and pre-trial phases.

**B.      Procedural Posture of this Litigation**

The underlying litigation having been resolved without any finding of negligence against Northeast, and Fisher having failed and refused to fulfill its contractual obligation to defend and indemnify Northeast, once Northeast's losses were fixed and determined, Plaintiffs filed the instant action to recover the expenses incurred in the defense of the underlying litigation.

This action was commenced by the filing of the *Complaint* on June 28, 2006.  (D.I. # 1). By *Scheduling Order* dated October 19, 2006, (D.I. # 16), certain deadlines were set including March 12, 2007, for the amendment of pleadings; and February 19, 2008, for the trial date.  A mediation conference was scheduled to be conducted before the Honorable Mary Pat Thynge on June 26, 2007.  (D.I. # 20).  That conference was rescheduled and held on August 15, 2007. (D.I. # 32).

On the day of that voluntary mediation conference, Fisher filed the pending *Motion*, seeking an amendment of its counterclaim to pursue an affirmative recovery against Northeast for the first time since the May 20, 2000, explosion that gave rise to the underlying litigation.

**III.      <u>ARGUMENT AND AUTHORITIES</u>**

Fisher's motion to amend its counterclaim is untimely and improper, patently prejudicial to the plaintiffs, and has no basis in law or fact. For the reasons set forth in detail below, Fisher's motion should be denied.

**A.      Rule 15(a) Amendment**

Fisher seeks to amend its counterclaim pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  (*Motion to Amend Counterclaim*, D.I. # 37, at pg. 1).  The Rule states:

> **Amendments**.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is

> permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  ***Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party***;  and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Fed.R.Civ.P. 15(a) (emphasis added).  Pursuant to Rule 15(a), Fisher may amend its pleadings only "by leave of court" and that leave to amend shall be given "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  While the discretion to grant or deny leave to amend rests with the Court, leave should not be granted where there is sufficient reason to deny it.  *See Id.* at 182.

Sufficient reasons to deny leave to amend include undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice to the opposing party, failure to cure deficiencies in former amendments, and futility of amendment.  *See, In re: Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).  Despite Fisher's apparent dismissal of these considerations, nearly all of the reasons to deny leave to amend apply in the instant matter.

Fisher's delay can only be characterized as "undue."  A *Scheduling Order* was entered on October 19, 2006. (D.I. # 16).  That *Order* set March 12, 2007, as the date certain by which all amendments of the pleadings were to be completed. At no time did the Court change or extend this deadline.  Northeast Controls timely filed its own *Motion to Amend the Complaint* by March 12, 2007, (D.I. # 23).  It was not until five months <u>after</u> the deadline, and just two months before the discovery deadline, that Fisher filed the pending motion to amend in total disregard of the Court's Order.   This Court has stated:

> The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation

> strategies.  If the court were to permit parties to ignore these
> deadlines, unfair surprise would abound.

*McLaughlin v. Diamond State Port Corp.*, 2004 U.S. Dist. LEXIS 25513, Civ. A. No. 03-617

(GMS) (D. Del. Dec. 21, 2004).  This Court further stated:

> An amendment should be denied, without requiring defendants
> [opposing parties] to demonstrate prejudice, when the amendment
> is grounded on "bad faith or dilatory motive, truly undue or
> unexplained delay . . . ."

*Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 93 F.R.D. 858 (D. Del. 1982)

(citing *Heyl v. Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663

F.2d 419, 425 (3d Cir. 1981)).

Undue delay which is not satisfactorily explained is the equivalent of bad faith.  *See*, *i.e.*,

*Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 93 F.R.D. 858 (D. Del. 1982).  A

movant who offers no adequate explanation for its delay will ordinarily be denied leave to

amend.  *DDR L.L.C. v. Sears, Roebuck & Co.*, 171 F.R.D. 162, 167 (D. Del. 1997).

Fisher offers no explanation for its failure to seek leave to amend prior to the Court-

Ordered deadline, nor does Fisher offer any new evidence in support of its motion to amend. The

*Motion* does not present the question of whether Fisher's explanation for its delay is adequate.

Fisher provides *no explanation* for its delay and failure to seek amendment of its counterclaim in

accordance with the applicable deadline.

Fisher's blatant disregard of the Court's *Scheduling Order*, not even acknowledging the

deadline in its submission to the Court, comes as an unfair surprise and, if granted, will result in

undue prejudice to Northeast.  From the inception of this litigation, Fisher knew the scope of its

claims, but at no time – either within the underlying litigation, during its filing more than 1 year

ago of its *Answer* to the *Complaint*, nor within its *Answer to the Amended Complaint* – has

8

Fisher ever sought, pursued or intimated any intention to assert affirmative claims for relief against Northeast.

After the mediation conference was rescheduled, Fisher and Northeast even stipulated to a *Revised Scheduling Order*, filed on July 3, 2007, (D.I. #34), at which time Fisher offered no request or inclination that it wished for additional time within which to amend its pleadings.

Accordingly, Fisher's unexplained and untimely *Motion to Amend Counterclaim*, filed five months after the applicable deadline and on the same day as a voluntary settlement conference before Judge Thynge, can only be viewed as a maneuver designed to avoid meaningful participation in settlement negotiations.[10]  For these reasons alone, Fisher's *Motion* should be denied.

### B.      Prejudice to Plaintiffs

Fisher's proposed amendment to its counterclaim against Northeast Controls, Inc. and St. Paul is patently prejudicial to the plaintiffs.  Generally, "a party is unduly prejudiced if amendment would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories."  *Amquip Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197, 199

---

[10] The mediation conference with Judge Thynge was an exasperating experience.  At the time of the original Rule 16 Conference in October of 2006, this Court asked counsel if we wished to participate in a Settlement Conference before the Magistrate Judge.  Both Counsel agreed that their clients were interested in doing so, and for that reason, a conference was scheduled. The first available date Judge Thynge had was in late June of 2007. As the conference drew near, the Judge rescheduled it to August 15, 2007.  Both sides submitted lengthy written statements to Judge Thynge in preparation for the conference, and the Judge told us that she spent the preceding weekend reading those statements.  Fisher sent to the conference its lead counsel from Seattle, Washington and its in-house counsel from St. Louis, Missouri, in addition to its local counsel from Wilmington.

In light of the voluntary nature of the conference, and the considerable work by the parties and court to prepare for it, plaintiffs were stunned when they learned after more than two hours that Fisher's settlement posture had changed through the filing of its *Motion to Amend the Counterclaim*, and that it was unwilling to make any offer to settle this case.  That message could have been delivered by a phone call, thereby saving us all a lot of trouble.  Instead, however, Fisher informed the Court and the plaintiffs that it was filing, while the mediation was underway, its *Motion*.  No copy of the Motion was brought to the conference, but after disclosing that it was being filed while the Parties were in conference with Judge Thynge, Fisher then informed the Court and Northeast that its settlement posture was linked to the *Motion* and that it would settle the case by dropping its amended counterclaim if Northeast withdrew and voluntarily dismissed its *Complaint*.

(E.D.Pa. 2005).  Fisher's statement that "granting the motion to amend *cannot prejudice* the plaintiffs" is unbelievable at best.  (*See* Defendant's *Motion* at page 13) (emphasis added).  The proposed amendment seeks to expose plaintiffs to liability in excess of one million dollars, changing the theory of Fisher's counterclaim entirely. With the discovery deadline approaching (November 2, 2007) and the expert deadline even closer (September 4, 2007), Plaintiffs will be forced to defend a seven figure damage claim at the eleventh hour.

At a minimum, Fisher's claim to recover the costs and expenses incurred in the underlying litigation would require Plaintiffs to conduct extensive additional discovery on Fisher's damages.  To date, Plaintiffs have only sought discovery regarding the amounts of Fisher's expenses and the firms to which they were paid.  In order to defend Fisher's amended counterclaim, and request for affirmative recovery, Plaintiffs would be required to obtain much more information regarding the details of Fisher's expenditures in connection with the underlying litigation.  This would require document discovery, depositions and consultation with experts. Plaintiffs would then need to develop an expert opinion on the reasonableness of the expenses.

It would be impossible for Northeast to accomplish all that would be required to mount a credible defense to a million dollar claim in the time remaining under the *Scheduling Order*. Paper discovery and depositions would need to be conducted before any expert retained by the Plaintiffs could prepare an evaluation and report. That simply cannot be done with an expert report deadline of September 4, 2007.

Plaintiffs would need discovery on other subjects as well.  For instance, there is the entire area of the relationship between Fisher and its sales representatives.  Northeast Controls is not the only sales representative for Fisher products in the United States.  On the contrary, there are many such representatives, all of whom work under similar contractual relationships with Fisher.

In fact, those representatives are known to have an "executive committee" which conducts negotiations with Fisher from time to time about its representative agreement contracts. If this counterclaim is to proceed, Northeast would need documentary and deposition discovery on the relationship between Fisher and its other representatives in order to determine whether Fisher has made claims against other representatives under similar circumstances. This would have a direct bearing on whether Fisher ever believed or intended that it had the right to such damages under the Representative Agreement, particularly since Fisher drafted most or all of the contract language.

Fisher's contention that the proposed amendment does nothing to alter the case or to prejudice the plaintiffs could not be further from the truth. The damages component of Fisher's claim would be entirely changed by this amendment. Plaintiffs are now faced with the impossible task of conducting additional discovery and expert evaluation to refute a seven figure damage claim in less than two weeks. The prejudice to Plaintiffs is tremendous. Accordingly, Fisher's motion should be denied.

## C.     Lack of Basis in Law or Fact for Affirmative Recovery

Fisher alleges that its claim to recover attorney's fees and costs incurred in the defense of the underlying actions sounds in breach of contract. The Representative Agreement, however, provides no such right of recovery. The indemnity provision of the Representative Agreement provides:

> Subject to the limitations set forth in the immediately succeeding paragraph of this Section XI, Fisher agrees that it shall, at its own expense, protect, defend, indemnify and hold harmless Representative from and against any and all claims, demands, actions, losses, damages, liabilities, costs and expenses (collectively, "Losses") which may arise out of or be made in connection with the death or injury of any person, or damage to property, by whomsoever suffered, resulting or claimed to result

from any actual or alleged defect in any Product.  The obligations
set forth in the immediately preceding sentence shall not apply
unless Representative, upon receiving notice thereof, promptly
notifies Fisher in writing thereof of such claim, demand or action,
and thereafter reasonably cooperates with Fisher in the resolution
thereof.

Notwithstanding the provisions of the immediately preceding
paragraph of this Section XI or any other provision of the
Agreement, Fisher shall not be obligated to protect, defend,
indemnify or hold harmless Representative from and against any
Losses arising from the following:

[ . . . ]

F.    Negligent acts or omission by Representative.

(Exhibit 1 hereto at p. 10-11).  That indemnification runs one-way, it is a duty owed <u>by</u> Fisher <u>to</u>

Northeast.  There is no reciprocal provision in the contract which requires, allows or otherwise

contemplates a duty of indemnification owed by Northeast, including any recovery of counsel

fees, to Fisher for any reason, even if a breach of contract is found.

The Representative Agreement is governed by Missouri law.  (*See* Exhibit 1 hereto, at

Section XII, p. 11-12).  Under Missouri Law, parties are generally free to contract as they wish

and courts will enforce contracts according their plain meaning, unless induced by fraud, duress,

or undue influence.  *See, i.e.*, *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 626-27

(Mo. 1997).  The contract language establishes that upon certain conditions, Fisher will defend

and indemnify Northeast.

There is no corresponding provision providing any duty of defense and indemnity for

Fisher by Northeast.  There is simply no contractual right for the recovery Fisher seeks.

Accordingly, in the absence of any *contractual* basis for that recovery, it would have to be found

under statutory or common law as an extracontractual remedy.  While Missouri law governs the

contract between Fisher and Northeast, any extracontractual damages sought by Fisher are governed by Delaware law.

Under Delaware law, "contracts of indemnification are strictly construed" and "where a contract addresses the issue of indemnification, the court will not enlarge the right of indemnification by implication" or otherwise beyond that for which the contract provides. *See, i.e., The Ryland Group, Inc, v. Santos Carpentry Co., Inc*, 2004 Del. Super. LEXIS 87 at \*14-\*16 (March 25, 2004) (Exhibit 13 hereto) (citing in support, *Waller v. J.E. Brenneman Co.*, 307 A.2d 550, 551 (Del. Super. 1973)). In the event there exists any lack of clarity, "ambiguous contractual terms are construed against the drafter", *Id.*, being Fisher.

Further, "Where an action is based entirely on a breach of the terms of a contract between the parties, and not a violation of some [independent] duty imposed by law, a tort action will not lie, and the plaintiff must sue, if at all, in contract", *The Ryland Group*, 2004 Del. Super. LEXIS 87 at \*19 (internal citations omitted), meaning, in this instance, Fisher can assert no extracontractual claims against Northeast.

Fisher does not allege either within its *Motion to Amend* nor within its proposed *Amended Counterclaim* that Northeast owes it any contractual duty of indemnification for its litigation costs. "Under Missouri law, a claim for indemnity may be maintained in one of two ways: an express agreement to indemnify or an implied (non-contractual) agreement to indemnify." *Irwin v. Hoover Treated Wood Products, Inc.*, 906 F.Supp. 530, 534 n.2 (E.D. Mo. 1995). There is no contractual provision requiring Northeast to indemnify Fisher and Missouri law, like Delaware law, does not permit any implied contractual indemnification where none exists. *Nusbaum v. City of Kansas City, Mo.*, 100 S.W.3d 101, 106-07 (Mo. 2003) ("The preferred construction of the indemnification provision at issue, one that provides a reasonable meaning to each phrase of

the provision, requires nothing more than that PC indemnify Dunn for PC's negligence even if

Dunn participates in part in PC's negligent conduct.").   Absent such an express contractual

provision contemplating indemnification, Fisher holds no claim against Northeast by which it

may recover its fees and costs in defending the underlying litigation.

In addition, Delaware law does not permit a party to recover attorneys' fees unless

authorized by statute or contract.  *See, i.e., Casson v. Nationwide Ins. Co.,* 455 A.2d 361, 370

(Del. Supr. Ct. 1982). *See also, e.g., Northwestern Nat'l Ins. Co. v. Esmark, Inc.,* 672 A.2d 41, 44

(Del. 1996) (enforcing attorneys' fees provision in hold-harmless agreement); *Citadel Holding*

*Corp. v. Roven,* 603 A.2d 818, 824 (Del. 1992) (enforcing attorneys' fees provision in indemnity

agreement).

When recovery of such fees are authorized by statute or contract, a court should

independently evaluate the reasonableness of the fees being sought. *Council of the Wilmington*

*Condo. v. Wilmington Ave. Assocs., L.P.,* 1999 Del. Super. LEXIS 460, 1999 WL 1223792, at *3

(Del. Supr. Ct. Nov. 3, 1999) (Exhibit 14 hereto) (in a contract case, the court must

independently evaluate reasonableness of fees sought; looking to factors set forth in Del. Prof.

Cond. R. 1.5(a)) (citing *General Motors Corp. v. Cox,* 304 A.2d 55, 57 (Del. Supr. Ct. 1973)

(statutory fee-shifting case)).

Here, the recovery of attorneys fees by Fisher is authorized by neither statute nor

contract.  The indemnity provision of the Representative Agreement is unambiguous that Fisher

agrees to defend and indemnify Northeast.  Nowhere in the contract is Northeast obligated to

defend and indemnify Fisher.  Similarly, Fisher cites no statute which would permit the

affirmative recovery it now seeks.  Assuming *arguendo* some otherwise undisclosed basis exists

for Fisher to recover the costs incurred in the underlying litigation, the reasonableness of the fees

must be evaluated.  As set forth above, this would require extensive additional discovery and

further expert evaluation and reports, thus providing additional reasons for denying the *Motion*.

### D.    Fisher's Proposed Amendment Is Barred by the Statute of Limitations

Any breach of contract claim held by Fisher against Northeast accrued at the time of the

alleged breach, being July 6, 1998, when Northeast communicated to Fisher the Praxair valve

order upon which Fisher's attempted amendment to its counterclaim depends.[11] As Fisher avers

in its *Motion*, "Northeast Controls had received one set of written specifications with the

purchase order from Praxair, but the information that Northeast Controls sent to Fisher called for

different materials for the construction of those critical components in the Valve." (*Motion*, D.I.

# 37 at pg. 5 therein).

Under Missouri law,[12] "'The limitations period begins to run when the cause of action

accrues.'"  *Capitol One Bank v. Creed*, 220 S.W.3d 874, 877 (Mo. Ct. App. 2007) (internal

citations omitted).  Missouri law allows a five year statute of limitations for the bringing of a

breach of contract action.  Mo. Rev. Stat. § 516.120.  Consequently, the statute of limitations for

any breach of contract claim Fisher might assert against Northeast expired as of July 5, 2003.

Even allowing for a "time of discovery" tolling of the five year statute, as the event giving rise to

---

[11] Fisher's *Motion to Amend Counterclaim*, D.I. # 37, at Affidavit of Gunter, ¶11 therein, referencing Exhibit 4 thereto; *and* D.I. # 37-2, being the proposed *Answer to Amended Complaint and Amended Counterclaim* at ¶46 "The claims against both Northeast Controls and Fisher in the Underlying Actions were the direct result of Northeast Controls failure to convey to Fisher the specifications provided for the Valve by Praxair to Northeast Controls"; and ¶47, "In failing to convey to Fisher the specifications provided for the Valve by Praxair, Northeast Controls breached the Representative Agreement."

[12] By offering this analysis under Missouri law, Northeast is not conceding that the Missouri statute of limitations applies to Fisher's claims, merely that as noted, *infra*, the Missouri statute of limitations is more generous than the three years provided by Delaware law, 10 *Del. C.* § 8106, for both contract and tort claims, and like Missouri, in Delaware there is no tolling of a statute of limitations for a breach of contract claim.  As stated within the *Ryland Group* decision, "'If all parties were allowed to toll the statute of limitations until they learned of a legal theory of a proposed action or so pursued an action, there would be no purpose to the statute of limitations.'"  2004 Del. Super. LEXIS 87 at *11 (internal citation omitted).  It is, however, acknowledged that under facts inapplicable to Fisher's breach of contract claim herein, there are provided under Missouri law limited exceptions for fraud or where a "layman-expert relationship" exists, *see, i.e., Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 684 S.W.2d 858, 862 (Mo. App. 1984).  Neither circumstance is available to save Fisher's breach of contract claim, however.

the underlying litigation occurred on May 20, 2000, (*Motion* at pg. 4), and Fisher discovered the alleged "discrepancy" in materials "Within days of the incident", (*Motion* at pg. 5), the limitations period expired no later than May 19, 2005.

However, Fisher did not assert a breach of contract claim against Northeast in the underlying litigation. (*I.e.*, Exhibits 2-12 hereto). In fact, the counterclaim in the present litigation is the first time Fisher has ever made such a claim against Northeast. Since the claim now asserted by Fisher was never made in the underlying litigation, any such breach of contract claim Fisher might have held was not preserved nor otherwise tolled or saved. Accordingly, Fisher's breach of contract claim and attempt at affirmative recovery from Northeast is time-barred.

By contrast, again with reference to Missouri law, "The filing of an action by a plaintiff against an indemnitee does not begin the running of the statute of limitations. . . . An action for indemnity is separate and distinct from the tort claim asserted by the plaintiff against the defendant." *Burns & McDonnell Engineering Co., Inc. v. Torson Constr. Co., Inc.*, 834 S.W.2d 755, 757 (Mo. Ct. App. 1992). While Missouri recognizes two distinct indemnification duties – both of which are applicable to Northeast's claims against Fisher herein – being for defense and loss, "The mere assertion of a claim against the indemnitee does not 'fix and establish' liability, but only subjects the party to potential liability to be determined with the outcome of the lawsuit. Therefore, a cause of action for indemnity against liability cannot accrue until the claim against the indemnitee is completely resolved. Only then is the party's liability 'fixed and established.'" *Id.* at 758.

And, with reference to Missouri statutory law, Mo. Rev. Stat. § 516.100, "'the cause of action [for contractual indemnification] shall not be deemed to accrue . . . [until] the damage

resulting therefrom is *sustained* and *capable of ascertainment*, and, if more than one item of damages, then the last item, so that *all* resulting damage may be recovered, and complete relief obtained.'" *Burns & McDonnell Engineering Co., Inc.*, 834 S.W.2d at 759 (emphasis as in original). *Accord*, *Chesapeake Utilities Corp. v. Chesapeake and Potomac Tel. Co. of Md.*, 401 A.2d 101, 102 (Del. Super. 1979) ("[T]he claim accrues and the statute begins to run only when the cause of action for indemnity arises, or the indemnitee's liability is fixed and discharged. The determining factor is the point at which the indemnitee suffers loss or damage through payment of a claim after judgment or settlement. . . . This general rule is followed in Delaware.").

The underlying litigation concluded as concerns Northeast and Fisher upon the filing of a stipulation of dismissal in the Delaware Superior Court by which Northeast's cross-claims for indemnification against Fisher were preserved, (Exhibit 12 hereto at D.I. # 663, pg. 61 therein), on August 30, 2005. This means that Northeast's claim against Fisher in this Court by filing of the *Complaint* on June 28, 2006, (D.I. # 1), was timely whether considered under Missouri or Delaware law.

Fisher's breach of contract claim against Northeast, however, is time-barred by operation of either Missouri law or Delaware statute permitting a three year statute of limitations, 10 *Del. C.* § 8106. It is controlling that the only affirmative claim Fisher seeks to assert in its proposed *Answer to Amended Complaint and Amended Counterclaim*, (D.I. # 37-2), is "Breach of Contract" averring at ¶47 therein that "In failing to convey to Fisher the specifications provided for the Valve by Praxair, Northeast Controls breached the Representative Agreement." That alleged breach occurred 9 years ago. Accordingly, the statute of limitations under Missouri law has run and Fisher's claims are barred.

IV.     **CONCLUSION**

Fisher's motion to amend its counterclaim should be denied.  As set forth at length, the proposed amendment is untimely, patently prejudicial to the plaintiffs, has no basis in law or fact, and is barred by the applicable statutes of limitation, whether considered under Missouri or Delaware law.  To permit Fisher to amend its counterclaim at this time would be to ignore the weight of precedent in this Court, as well as the Court's *Scheduling Order*, and would seriously prejudice the rights of Plaintiffs.  Accordingly, it is respectfully requested that the motion be denied.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _/s/ Thomas P. Wagner_
Thomas P. Wagner, Esquire
1845 Walnut Street
Philadelphia, PA  19103
tel: 215-575-4562
*Counsel for Plaintiffs*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: _/s/Joseph Scott Shannon_
Joseph Scott Shannon, Esquire (I.D. 3434)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
e-mail: jsshannon@mdwcg.com
*Counsel for Plaintiffs*

Dated: August 29, 2007

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF DELAWARE*

NORTHEAST CONTROLS, INC.      :      CIVIL ACTION – LAW
     and                    :
ST. PAUL MERCURY INSURANCE COMPANY :
                                 :
                                 :
        v.                    :
                                 :
                                 :
FISHER CONTROLS INTERNATIONAL, LLC  :     NO. 1:06-CV-00412 (SLR)

## CERTIFICATE OF SERVICE

Joseph Scott Shannon, Esquire, hereby certifies that on August 29, 2007, he caused true and correct copies of the foregoing *Response in Opposition to Defendant's Motion to Amend* to be served upon the following persons in the manner indicated:

RIDDELL WILLIAMS, P.S.        MARON MARVEL BRADLEY
Patrick D. McVey, Esquire         & ANDERSON, P.A.
Daniel J. Gunter, Esquire         Paul A. Bradley, Esquire
1001 Fourth Avenue Plaza, Ste. 4500    1201 North Market Street, Ste. 900
Seattle, WA 98154            Wilmington, DE 19801
*Via 1st Class U.S. Mail,*        *Via e-filing and 1st Class U.S. Mail*
    *postage prepaid*            *postage prepaid*

MARSHALL DENNEHEY WARNER
    COLEMAN & GOGGIN
  */s/Joseph Scott Shannon*
Joseph Scott Shannon, Esquire (I.D. 3434)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
e-mail: jsshannon@mdwcg.com
*Counsel for Plaintiffs*

EXHIBIT 1

ADDENDUM
TO
AGREEMENT
BETWEEN
FISHER CONTROLS INTERNATIONAL, INC.
AND
NORTHEAST CONTROLS, INC.

January 1, 1998

The subject agreement is hereby modified to include the following paragraph in
Appendix G, Exhibit F, Section 4:

(h)    While ISI may provide any terms and conditions it desires to End-Use
Customers, ISI expressly agrees to conduct its sales to End-Use Customers such
that the liability of Company and Fisher-Rosemount Systems, Inc. under ISI's
sales to End-Use Customers is limited as set forth in Exhibit D; and ISI agrees
that the liability of Company and Fisher-Rosemount Systems, Inc. is absolutely
limited as set forth in Exhibit D. To the extent that ISI has not limited the liability
of Company and Fisher-Rosemount Systems, Inc. as required by this Section 4
(h), ISI agrees that it shall, at its own expense, protect, defend, indemnify and
hold harmless Company and Fisher-Rosemount Systems, Inc. from and against
all claims, actions, losses, damages, liabilities, costs and expenses which may
arise out of or be made in connection therewith.

Acknowledged and agreed:

NORTHEAST CONTROLS, INC.

By _Michael J Peters_____
Title: President

CONFIDENTIAL

## REPRESENTATIVE AGREEMENT

THIS AGREEMENT, made this 1st day of January, 1998, by and between FISHER CONTROLS INTERNATIONAL, INC. having its principal offices at 8000 Maryland Avenue, Clayton, Missouri 63105 (hereinafter called "Fisher"), and NORTHEAST CONTROLS, INC., ~~Sitterly Road~~, Clifton Park, NY 12065 (hereinafter called "Representative").     3 Bodewtschen Drive

WHEREAS, Fisher desires to appoint on its own behalf and has been duly authorized by the other companies identified in Appendix A hereto (each such company, including Fisher, is hereinafter referred to individually as a "Fisher Company" and collectively as the "Fisher Companies") to appoint Representative as a sales, engineering and service representative for Products of the Fisher Companies upon the following terms and conditions; and

WHEREAS, Representative represents that it is qualified to act as such a representative for the Fisher Companies in the Territory defined in Section I below pursuant to such terms and conditions;

NOW, THEREFORE, IT IS MUTUALLY AGREED AS FOLLOWS:

I.     APPOINTMENT AND TERRITORY

Fisher hereby appoints Representative during the term of this Agreement, and Representative hereby accepts such appointment, as a sales, engineering and service representative for the Fisher Companies and for their designated products and related services as further described herein (said products and related services hereinafter referred to as "Products") in the territorial area specified in Appendix C hereto (hereinafter referred to as the "Territory").

It is understood that the Products included in this Agreement are those manufactured or supplied by the Fisher Companies specified in Appendix A unless otherwise excluded by such Appendix. The Fisher Companies shall also have the right, at any time, to amend or modify any Appendix to this Agreement upon written notice to Representative. This Agreement does not include representation for other subsidiaries or affiliated companies of the Fisher Companies or their products or services unless specifically listed in Appendix A.



## II.   OBLIGATIONS OF REPRESENTATIVE



Representative shall:

A.   Use its best efforts to fully promote, and pursue all reasonable opportunities in the solicitation of orders for, the Products in the Territory at such prices, license fees, and upon such terms and conditions as may be from time to time specified by the Fisher Company for whom orders are solicited. All such orders shall be promptly transmitted to the Fisher Company on whose behalf the orders were solicited and shall be subject to the written approval and acceptance of such Fisher Company. In no event shall Representative accept any order or otherwise attempt to bind any Fisher Company in any transaction unless specifically authorized by the appropriate Fisher Company. All remittances by the customer to whom Products are sold or licensed shall be made directly by the customer to the relevant Fisher Company.

B.   Except to the extent limited by, and subject to the terms of, Section VII and Appendix D hereof, furnish engineering services, consistent with Fisher's standards and practices, to customers and potential customers, including without limitation, reviewing and evaluating the requirements for the Products and participating in the selection and designation of the proper Products and specifications therefor.

C.   Except to the extent limited by, and subject to the terms of, Section VII and Appendix D hereof, furnish proper technical services to all users of the Products located or installed in the Territory, including without limitation, assistance in connection with the start-up, check out and calibration of Products, the diagnosis of user inquiries concerning Products and the servicing of deficiencies in, and the performance of warranty obligations on, the Products in the manner specified from time to time by the Fisher Companies.

D.   Maintain in the Territory suitable premises, equipment and current technical and promotional literature for the Products, and employ sufficient and suitably qualified and trained technical, engineering and other competent personnel necessary to carry out the duties of Representative under this Agreement to the satisfaction of the Fisher Companies. Representative and its personnel shall maintain a working knowledge and familiarity with the Products, including associated services, and attend training sessions as appropriate to maintain such knowledge and familiarity.

E.   Keep the appropriate Fisher Companies fully informed of commercial and market conditions within the Territory and of the activities of customers and competitors, and regularly cover the trade and industry for the purposes of furthering sales of the Products.

F.   Provide the Fisher Companies periodically, as requested, with sales forecasts for the Products and customer evaluations.

G.   Assist, when requested, the Fisher Companies in obtaining relevant information relating to the financial standing and reputation of customers in order to evaluate credit risks.

H.   Maintain records in such form and in such detail as the Fisher Companies may reasonably request from time to time with respect to customers; outstanding quotations and orders; engineering and technical services and related activities, including plans

CONFIDENTIAL

drawings and other documents; and any other business matters relating to the Products; and promptly transmit such records to the relevant Fisher Company upon request.

I.  Not incur any liability on behalf of the Fisher Companies, or in any way pledge or purport to pledge the Fisher Companies' credit, or describe or hold itself out as an agent or employee of the Fisher Companies, or describe itself other than as a sales representative of the Fisher Companies for the performance of functions specified in, and pursuant to, this Agreement; or make any warranties or representations of any kind with respect to the Fisher Companies, the Products, or any other products of the Fisher Companies, other than to present to the prospective customer the specifications and description of the Products in the identical terms as supplied by the Fisher Company to Representative.

J.  Not, without Fisher's prior written consent, which shall not be unreasonably withheld, sell or distribute any products which are competitive with the Products.

K.  Not advertise or distribute any printed matter referring to the Products or to the Fisher Companies without the specific prior approval in writing of the relevant Fisher Company with regard to the form, manner, and content of such advertising and printed matter. All advertising by Representative shall be without recourse to any Fisher Company for any expense incurred unless such expense shall have been specifically authorized in writing by the relevant Fisher Company.

L.  Confer with, and establish to the satisfaction of, the appropriate Fisher Companies, goals and strategies for representation during the year covering such matters as orders by Product line and Representative's management structure, staffing and territorial coverage. Appropriate adjustments may be made during the term of this Agreement in the goals and strategies to take into account material events and circumstances affecting the representation, such as positive or negative changes in external business and economic conditions or the introduction by the Fisher Companies of additional products and programs.

M.  Abide by all laws and governmental rules and regulations applicable to Representative's and the Fisher Companies' activities hereunder. The Representative shall not make any bribes, kickbacks, or payments to governmental officials to obtain business, or other illegal payments.

N.  In its capacity as a commission representative, follow sales strategy developed by the Fisher-Rosemount Industry Solutions Group on those projects which have been identified as appropriate for a total Fisher-Rosemount integrated approach through the Fisher-Rosemount Industry Solutions Group. In such situations, Representative will not independently pursue a strategy for sale of the Products which is inconsistent with such Group strategy.

## III.  FISHER ASSISTANCE

The Fisher Companies shall support the activities of Representative with regard to its promotion of the Products, its solicitation of orders, and engineering and technical services. The Fisher Companies shall make available training and instruction for Representative and the Fisher Companies' customers with respect to the Products and shall make available to Representative technical data and literature covering the Products. Such training, instruction, technical data and literature will be provided at prices to be established from time to time by the Fisher Companies. The Fisher Companies shall advise Representative of their current price lists and discounts for their Products for purposes of soliciting orders hereunder.

The Fisher Companies reserve the right, in their absolute discretion, to decline to accept any order transmitted to them for acceptance by Representative or to decline to submit any tender on any inquiry transmitted to them by Representative.

## IV.  PURCHASE OF PRODUCTS FOR RESALE

In order to further its representative obligations hereunder, Representative agrees to purchase adequate quantities of Products, including spare parts, from the Fisher Companies for inventory purposes to meet the market demands and requirements of the Territory. Such Products will be sold to Representative at discounts from the then current published selling prices as established from time to time by the applicable Fisher Companies and under their standard terms and conditions of sale. Representative may extend the applicable Fisher Companies' warranties for such Products to its customer, provided such Products are not modified or are modified pursuant to and in accordance with the Fisher Companies' established procedures, but all other terms and conditions of resale, including price, are solely within the control and at the risk of Representative.

## V.  CONFIDENTIALITY PROVISIONS

As Representative may have heretofore received, and will in the future receive from time to time, confidential and proprietary information and data concerning the Products, research and engineering, developmental products and projects, business plans and operations of, or belonging to, the Fisher Companies and/or other companies with whom a Fisher Company has a business relationship (herein collectively referred to as "Fisher Information"), Representative agrees to treat, and to cause its officers and employees to treat, all such Fisher Information as the Fisher Companies' confidential property and not to divulge it to others at any time, or to use it for Representative's private purposes, or otherwise, except with the prior written authorization of the Fisher Company from which such Fisher Information originated and then only in the manner and to the extent authorized, unless or until such Fisher Information (a) becomes a part

Company. Representative's obligation hereunder further applies to Fisher Information received by Representative in the course of Representative's prior, if any, representative capacity with any Fisher Company and shall continue beyond and after the termination or expiration of this Agreement, and at the termination or expiration of this Agreement, or at any time a Fisher Company so requests, Representative shall deliver to the Fisher Company all notes, memoranda, records, drawings or other documents and other information or materials pertaining to the Fisher Information, including all copies and reproductions thereof. Representative further agrees to obtain similar written undertakings from each of its employees having access to the Fisher Information.

## VI.    COMMISSIONS

A.    Subject to the provisions of Appendix E, the exceptions stated below in this Section VI, and to fulfillment of the undertakings by Representative to the Fisher Companies, the Fisher Company whose Products are sold in the Territory shall pay to the participating representative(s) and/or offices maintained by Fisher or its subsidiaries (hereinafter referred to as "sales office(s)", in consideration for its services hereunder, a purchasing, a territorial service, and/or an engineering commission with respect to the sale of Products by such Fisher Company in the Territory. The total available commission shall be computed on the basis of the F.O.B. Factory net price to the customer following discounts and allowances, if any, at the rates set forth in Appendix B hereto for the applicable Fisher Company. Payments will be made promptly following receipt of payment from the customer by the relevant Fisher Company. Commissions paid to Representative on any uncollectible account will be used as an offset against future commissions earned by, or invoiced to, Representative in accordance with its participation in the original commission payments. Representative agrees that the Fisher Companies may debit Representative's commission account any overdue amount owed by Representative to the Fisher Companies.

B.    The commission on sales of Products involving the active participation of more than one representative or sales office will be assigned to or proportioned between or among the participating representatives and sales offices by the Fisher Companies on the following basis:

1.    All Sales (excluding sales of replacement parts or repairs having invoice value of under U.S.          ):

a.    A *Purchasing Credit* of one-fourth (1/4) of the total available commission shall normally be given by the applicable Fisher Company to the representative or sales office in whose territory the order originates and shall be based upon the representative's or sales office's efforts in soliciting the order and assisting the customer and its purchasing function in connection therewith; in preparing the

CONFIDENTIAL

obtaining the order and the manner of processing the order through the relevant Fisher Company. The Fisher Companies shall have the discretion to make exceptions to the foregoing in unusual situations.

b. A *Territorial Service Credit* of one-fourth (1/4) of the total available commission shall be given to the representative or sales office in whose territory the Product(s) is installed to cover the representative's service obligations.

c. An *Engineering Credit* of one-half (1/2) of the total available commission will be given to the representative or sales office, or be retained, in whole or in part, by the applicable Fisher Company, based upon the engineering service provided to the customer. In determining the division of this credit, the Fisher Company will take into consideration the following aspects: (a) development of specifications to include Fisher Products; (b) detail engineering work with contractor or user, including quotations; (c) degree of insistence by ultimate user upon Fisher Products; (d) having contractor or user add the Fisher Companies to the list of acceptable bidders; and (e) the ratio of the engineering work carried out by Representative to the total engineering work required.

2.  Replacement Parts or Repair Orders:

    a. Where the invoice is under U.S. $.    ), all available commissions will be paid to the representative or sales office in whose territory the purchase order originates.

    b. Where the invoice value is U.S. $1.    or more, but less than U.S. $.    , the available commission will be divided equally, and will be paid, respectively, to the representative or sales office in whose territory the purchase order originates and to the representative or sales office in whose territory the parts are installed.

    c. Where the invoice value is U.S. $    or more, the available commission will be divided in accordance with the provisions of Section VI-B-1, above; i.e., 1/4 Purchasing Credit, 1/4 Territorial Service Credit, and 1/2 Engineering Credit.

3.  The final allocation of the available commission credits shall be determined at the discretion of the Fisher Companies in unusual circumstances. Consideration will be given to the work done by the representatives, sales offices, and the Fisher Companies.

4.  Commissions paid under this Agreement on Products subsequently returned to Fisher shall be refunded in full by Representative, or at the Fisher Companies' discretion, may be charged back to Representative's commission account.



C.   Unless specifically indicated in Appendix A hereto, it is agreed that Representative shall
     not be entitled to the applicable commission(s) on the following sales of Products, which
     sales are excluded from this Agreement:

     1.   Sales to subsidiaries of Fisher (companies in which Fisher has a direct or indirect
          majority ownership interest) or sales to licensees of Fisher or to the licensees of its
          subsidiary companies.

     2.   Sales in respect of which Representative has failed to perform in accordance with the
          provisions of this Agreement.

     3.   Sales by Fisher Companies in the Territory resulting from orders not obtained by
          Representative if this Agreement provides in Section I that Representative is a non-
          exclusive representative for the sale of such Products.

D.   If a Fisher Company shall refuse to accept or execute any order as provided in this
     Agreement, the Representative shall not be entitled to any commission or other
     remuneration in respect thereof.

## VII.   CERTIFICATION AND SUPPORT FEES PAYABLE BY REPRESENTATIVE

Representative agrees to pay support fees and certification fees to the Fisher Company
specified in Appendix D hereto in accordance with the terms of Appendix D.  Certification fees,
if any, shall be paid by the Representative no later than March 1.  Support fees, if any, shall be
paid within 30 days of the end of each calendar quarter during the term of this Agreement with
respect to receipts by Representative of qualifying payments from the customer in such quarter.
Representative agrees that the Fisher Companies may debit the Representative's account any
overdue amount owed by the Representative to the Fisher Companies pursuant to this Section
VII and to Appendix D.

## VIII.   TERM

A.   This Agreement shall be effective for a period of one (1) year from the date set forth in the
     opening paragraph of this Agreement and will automatically terminate at the end of such
     period unless specifically renewed upon the further written agreement of Fisher and
     Representative, but subject to cancellation at any time as provided in paragraph C below.

B.   In the event of termination of this Agreement, the Representative shall be entitled to
     receive commissions, pursuant to Section VI above, as follows:

     1.   Commissions accruing to Representative on all shipments made before the date of
          termination shall be paid subject to the provisions of this Agreement.

2. No Territorial Service Commission shall be paid to Representative on shipments of Products made after the date of termination. A Purchasing Commission will be paid only on shipments made within 90 days after termination. The Engineering Commission shall be paid only on shipments made within one (1) year after termination.

3. ; of commissions becoming due and payable after date of termination will be held for one year after termination to protect the Fisher Companies from loss on returned or rejected Products unless Representative provides the Fisher Companies with a bond or guarantee in form and substance acceptable to Fisher.

4. Representative will deliver to the Fisher Companies or otherwise dispose of per the Fisher Companies' instructions, all sales and pricing data, literature, engineering prints and reports, copies of requisitions and orders, customer correspondence and the like that pertain to the Products. Any literature, catalogs, or other sales data that has been purchased from the Fisher Companies by Representative, and is still current, may be returned to the Fisher Companies, and the full invoice price less any transportation costs borne by the Fisher Companies will be refunded.

C. Fisher shall also have the right without prejudice to any other rights it may have in law or by contract, to terminate this Agreement on behalf of the Fisher Companies, effective immediately upon notice to Representative, as a result of any of the following:

1. The insolvency of Representative or any of its owners/operators, or the filing of a voluntary or involuntary petition in bankruptcy or for a reorganization arrangement under applicable laws by or against any of them or their property; or the making of an assignment for the benefit of any of their creditors; or the voluntary or involuntary dissolution of Representative.

2. The untrue statement of a material fact, or omission to state a material fact necessary to make the statements contained therein not misleading, in any information or statement furnished by Representative to a Fisher Company in connection with Representative's appointment as a Fisher Representative or Representative's performance pursuant to this Agreement.

3. Any breach by Representative of any of the provisions of this Agreement or any other contractual or legal obligations of Representative to a Fisher Company.

4. The non-attainment by Representative of the goals or strategies established pursuant to Section II.L.

5. The death or incapacity, or removal or withdrawal from the management of Representative, of any owner or key manager; or the voluntary or involuntary transfer of any ownership interest in Representative.

6. Any act or omission of Representative or of any owner/operator which, in the sole opinion of Fisher, may damage or adversely affect or reflect upon Representative, a Fisher Company, the Products, or any performance pursuant to this Agreement.

D. Nothing contained herein shall be deemed to create any express or implied obligation on either party to renew or extend this Agreement or, if Representative is continued or renewed as a Fisher representative after the term hereof, to create any right to continue such relationship on the same terms and conditions contained herein. Each party, in its sole discretion, shall have the right to determine, for any reason whatsoever, not to renew, continue or extend this Agreement. In addition to the foregoing, it is recognized and accepted by Representative that it is Fisher's policy not to extend representative agreements to persons who are, or will be, or entities whose principal owner is or will be, during the term thereof, sixty (60) years of age, except in those instances where Fisher, in its sole discretion, deems it to be in the best interests of its business.

E. Neither party, by reason of the termination or non-renewal of this Agreement, shall be liable to the other for compensation, reimbursement or damages arising from any loss of anticipated sales or prospective profits or from any expenditures, investments, leases, property improvements or other matters related to the business or goodwill of the parties. Except as provided in Section VIII, there shall be no other payments of any kind or nature due to or made to Representative upon the cancellation or termination of this Agreement, notwithstanding any investment or expenditures incurred by Representative in order to facilitate the sale of Products hereunder.

## IX.  NON-ASSIGNMENT

Representative may not assign, transfer or delegate this Agreement or any of its rights or obligations under this Agreement without the prior written consent of Fisher, and any attempted assignment, transfer or delegation without such consent shall be deemed null and void and of no effect.

## X.  TRADEMARKS AND TRADE NAMES

A. Representative acknowledges the validity of the trademarks and trade names which designate and identify the Products and further acknowledges that Fisher or its subsidiaries or affiliates are the exclusive owners of such marks and names.

CONFIDENTIAL

B.  Representative agrees that it may only use those Product trademarks which identify the Products it is authorized to sell and then only to further the promotion and sale of the Products such trademarks identify.  Representative may only use such trademarks in their standard form and style as they appear upon the Products or as instructed in writing by Fisher.  No other letter(s), word(s), design(s), symbol(s), or other matter of any kind shall be superimposed upon, associated with or shown in such proximity to the trademarks so as to tend to alter or dilute them and Representative further agrees not to combine or associate any of such trademarks with any other trademark or trade name.  The generic or common name of the Product must always follow the trademark except in those instances when Representative uses the name "FISHER" when referring to a Fisher Company, in which event no generic or common name is required.

C.  In all advertisements, sales and promotional literature or other printed matter in which any of such trademarks appear, Representative must identify itself by its full name and address and state its relationship to the Fisher Company.  Every such trademark used or displayed by Representative must be identified as a trademark owned by the relevant Fisher Company in the manner prescribed by Fisher.

D.  On its letterheads, business cards, invoices, statements, etc., Representative or sales office may identify itself as the sales representative of the relevant Fisher Company or Companies.

E.  Representative agrees that it will never use any trademark or trade name of Fisher or its subsidiaries or affiliates or any simulation of such marks or names as a part of Representative's corporate or other trading name or designation of any kind.

F.  Upon expiration or termination of this Agreement, Representative shall promptly discontinue every use of such trademarks, trade names, corporate logos and identities, and any similar styles and any language stating or suggesting that Representative is a sales representative of any Fisher Company, as well as any word or term resembling such names, marks, logos, identities or styles which would be likely to cause confusion or deception.

## XI.  INDEMNITY

Subject to the limitations set forth in the immediately succeeding paragraph of this Section XI, Fisher agrees that it shall, at its own expense, protect, defend, indemnify and hold harmless Representative from and against any and all claims, demands, actions, losses, damages, liabilities, costs and expenses (collectively, "Losses") which may arise out of or be made in connection with the death or injury of any person, or damage to property, by whomsoever suffered, resulting or claimed to result from any actual or alleged defect in any Product.  The

those set forth herein. No waiver by either Fisher, a Fisher Company or Representative with respect to any breach or default or of any right or remedy and no course of dealing, shall be deemed to constitute a continuing waiver of any other breach or default or of any other right or remedy, unless such waiver be expressed in writing signed by the party to be bound. If any term or condition of this Agreement or the application thereof is judicially or otherwise determined to be invalid or unenforceable, the remainder of this Agreement and the application thereof shall not be affected and shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the day and year first above written by their respective authorized officials.

NORTHEAST CONTROLS, INC.
(Representative)

By _Michael Peters_____

Title _____President_____

FISHER CONTROLS INTERNATIONAL, INC.

By _Mark Mullin_____

Title __Area Vice President, Northeast__

EXHIBIT 2

25

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RONALD W. OLSON and )
CAROL OLSON, his wife ) C.A. No. 02C-04-263 HLA
)
Plaintiffs, )
)
) **NON-ARBITRATION CASE**
MOTIVA ENTERPRISES, L.L.C.; )
BATTAGLIA MECHANICAL, INC.; )
FISHER CONTROLS INTERNATIONAL, ) **JURY TRIAL OF 12 DEMANDED**
INC.; HYDROCHEM INDUSTRIAL )
SERVICES, INC.; JJ WHITE, INC.; )
NORTHEAST CONTROLS, INC.; )
PARSONS ENERGY AND CHEMICALS )
GROUP, INC.; PRAXAIR, INC.; TEXACO )
AVIATION PRODUCTS LLC; DAIKIN )
INDUSTRIES, LTD.; SAINT-GOBAIN )
PERFORMANCE PLASTICS; RIX )
INDUSTRIES, INC.; TEXACO GLOBAL )
GAS AND POWER; TEXACO )
DEVELOPMENT CORPORATION; )
GARY DELGREGO, )
)
Defendants. )

**FILED PROTHONOTARY**
**2002 JUN - 7 PH 4: 28**

## ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO FIRST AMENDED COMPLAINT

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned

attorneys, answers plaintiffs' First Amended Complaint in correspondingly numbered paragraphs

and sets forth its affirmative defenses and cross-claim for contribution. All allegations not

specifically admitted are denied.

### Parties

1.    Fisher lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 1 of the Amended Complaint and therefore denies the same.

2.    Paragraph 2 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

3.    Paragraph 3 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

4.    Admitted.

5.    Paragraph 5 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

6.    Paragraph 6 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

7.    Responding to the allegations set forth in the first sentence of paragraph 7 of the Amended Complaint, Fisher denies that defendant Northeast Controls, Inc., is a distributor of valves manufactured by Fisher.  The remaining sentence of paragraph 7 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

8.    Paragraph 8 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

9.    Paragraph 9 of the Amended Complaint does not state any allegations as to Fisher

and therefore does not require a response from Fisher.

10.    Paragraph 10 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

11.    Paragraph 11 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

12.    Paragraph 12 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

13.    Paragraph 13 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

14.    Paragraph 14 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

15.    Paragraph 15 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

16.    Paragraph 16 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

**Background**

17.    Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint and therefore denies the

same.

18.     Fisher lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 18 of the Amended Complaint and therefore denies the

same.

19.     Responding to the first sentence of paragraph 19, Fisher admits that Praxair

purchased from Fisher a valve ("the Valve") bearing the tag number 83HVO629.  Responding

further to the first sentence of paragraph 19, Fisher denies that Praxair purchased the Valve from

Northeast Controls, Inc.  Fisher lacks knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in the second sentence of paragraph 19 of the Amended

Complaint and therefore denies the same.

20.     Responding to the first sentence of paragraph 20 of the Amended Complaint,

Fisher admits that the valve specifications provided to Northeast Controls indicated that the

Valve would be utilized for oxygen service.  Otherwise, Fisher objects that the allegations set

forth in paragraph 20 of the Amended Complaint are vague and ambiguous and/or constitute

legal conclusions and therefore denies the same.

21.     Denied.

22.     Responding to the allegations set forth in the first sentence of paragraph 22 of the

Amended Complaint, Fisher objects that the term "designed" is vague and ambiguous.

Responding further to the allegations set forth in that sentence, Fisher admits that it manufactured the Valve and sold the Valve to defendant Praxair, Inc. Responding to the allegations set forth in the second sentence of paragraph 22, Fisher denies that it shipped the Valve to the Plant. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 22 of the Amended Complaint and therefore denies the same.

23.     Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint and therefore denies the same.

24.     Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint and therefore denies the same.

25.     Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint and therefore denies the same.

26.     Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint and therefore denies the same.

27. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint and therefore denies the same.

28. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint and therefore denies the same.

29. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint and therefore denies the same.

30. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint and therefore denies the same.

31. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint and therefore denies the same..

32. Fisher lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and therefore denies the same.

33.    Fisher lacks knowledge or information sufficient to form a belief as to the truth of
the allegations set forth in paragraph 33 of the Amended Complaint and therefore denies the
same.

34.    Fisher lacks knowledge or information sufficient to form a belief as to the truth of
the allegations set forth in paragraph 34 of the Amended Complaint and therefore denies the
same.

## Count I

### Negligence – Texaco

35.    Paragraph 35 of the Amended Complaint does not state any allegations as to Fisher
and therefore does not require a response from Fisher.

## Count II

### Negligence – Motiva

36.    Paragraph 36 of the Amended Complaint does not state any allegations as to Fisher
and therefore does not require a response from Fisher.

## Count III

### Negligence – Parsons

37.    Paragraph 37 of the Amended Complaint does not state any allegations as to Fisher
and therefore does not require a response from Fisher.

## Count IV

### Negligence – Praxair

38.    Paragraph 38 of the Amended Complaint does not state any allegations as to Fisher

and therefore does not require a response from Fisher.

## Count V

### Negligence – Fisher and Northeast

39. The allegations set forth in paragraph 39 of the Amended Complaint constitute legal conclusions to which no response is required. Responding further to those allegations, Fisher denies that it acted negligently in any manner in regard to the design, manufacture, assembly, or distribution of the Valve and denies all liability to Mr. Olson.

## Count VI

### Negligence – Battaglia

40. Paragraph 40 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count VII

### Negligence – J.J. White

41. Paragraph 41 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count VIII

### Negligence – Hydro

42. Paragraph 42 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count IX

### Breach of Warranty – 6 Del. C. § 2-314 – Fisher and Northeast

43.    The allegations set forth in paragraph 43 of the Amended Complaint constitute legal conclusions to which no response is required. Responding further to those allegations, Fisher denies that it breached any warranty in regard to the design, manufacture, assembly, or distribution of the Valve and denies all liability to Mr. Olson.

## Count IX

### Breach of Warranty – 6 Del. C. § 2-315 – Fisher and Northeast

44.    The allegations set forth in paragraph 44 of the Amended Complaint constitute legal conclusions to which no response is required. Responding further to those allegations, Fisher denies that it breached any warranty in regard to the design, manufacture, assembly, or distribution of the Valve and denies all liability to Mr. Olson.

## Count X

### Breach of Warranty – 6 Del. C. § 2-313  Fisher and Northeast

45.    The allegations set forth in paragraph 45 of the Amended Complaint constitute legal conclusions to which no response is required. Responding further to those allegations, Fisher denies that it breached any warranty in regard to the design, manufacture, assembly, or distribution of the Valve, denies that Mr. Olson relied on Fisher's skill, knowledge, or expertise, and denies all liability to Mr. Olson.

## Count XII

### Negligence – GG&P

46.    Paragraph 46 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count XIII

### Negligence – Daikin

47.    Paragraph 47 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count XIV

### Breach of Warranty – 6 Del. C. § 2-314 – Daikin

48.    Paragraph 48 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count XV

### Breach of Warranty – 6 Del. C. § 2-315 – Daikin

49.    Paragraph 49 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count XVI

### Negligence – SGPP

50.    Paragraph 50 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count XVII

### Breach of Warranty – 6 Del. C. § 2-314 – SGPP

51.    Paragraph 51 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

## Count XVIII

### Breach of Warranty – 6 Del. C. § 2-315 – SGPP

52.    Paragraph 52 of the Amended Complaint does not state any allegations as to Fisher

and therefore does not require a response from Fisher.

### Count XIX

### Negligence – Rix

53.    Paragraph 53 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

### Count XX

### Breach of Warranty – 6 Del. C. § 2-314 – Rix

54.    Paragraph 54 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

### Count XXI

### Breach of Warranty – 6 Del. C. § 2-315 – Rix

55.    Paragraph 55 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

### Count XXII

### Negligence – Texaco Development

56.    Paragraph 56 of the Amended Complaint does not state any allegations as to Fisher and therefore does not require a response from Fisher.

### Count XXIII

### Loss of Consortium

57.    Denied.

### AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim against Fisher upon which relief may be granted and therefore the Complaint should be dismissed as to Fisher.

2.    Plaintiffs' damages and injuries, if any, were caused in whole or in part by the acts

or omissions of third parties, both named and unnamed, for whose conduct Fisher is not responsible.

3.    Plaintiff's damages and injuries, if any, were caused in whole or in part by a misuse of the Valve that was not reasonably foreseeable.

4.    The Valve conformed to the state of the art at the time of its manufacture.

5.    Plaintiff's damages, if any, should be barred or reduced proportionally under the doctrine of comparative negligence because he failed to maintain a proper lookout for his own safety and failed to follow proper procedures for opening the valve.

6.    Plaintiff assumed the risk of injury when he caused the Valve to open abruptly.

7.    Fisher adopts and incorporates by reference any affirmative defense asserted by any other defendant to the extent such affirmative defense also applies to Fisher.

8.    Fisher reserves the right to assert additional affirmative defenses disclosed through discovery or otherwise.

## CROSS-CLAIM FOR CONTRIBUTION

Should the jury find this answering defendant liable, Fisher requests that fault be apportioned among all defendants.

## PRAYER FOR RELIEF

Having fully answered the Amended Complaint and having asserted affirmative defenses, Fisher prays for the following relief:

1.    That the Court dismiss the Amended Complaint with prejudice and that they take nothing;

2.    That Fisher be awarded its attorneys fees and all costs incurred in connection with this lawsuit;

3.    That Fisher be awarded statutory costs and disbursements herein and the same be taxed against plaintiff;

4.    That the Court award such other and further relief, general and special, legal or

equitable, to which Fisher may be entitled.

CASARINO, CHRISTMAN & SHALK, P.A.

Stephen P. Casarino
CASARINO, CHRISTMAN & SHALK, P.A.
Conectiv Building
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorneys for Defendant
Fisher Controls International, Inc.

Dated: June 7th, 2002

OF COUNSEL:
Patrick D. McVey
Daniel J. Gunter
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-1065
(206) 624-3600
Attorneys for Defendant
    Fisher Controls International, Inc.

## CERTIFICATE OF SERVICE

I, Stephen P. Casarino, hereby certify that on this ⁵⁷ day of June, 2002, two true

and correct copies of the attached document were served on the following individual(s) via

first class mail:

Randall E. Robbins, Esquire
Joseph C. Handlon, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Gary W. Lipkin, Esquire
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

Gary F. Traynor, Esquire
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Paul M. Lukoff, Esquire
Pricket Jones & Elliott
1310 King Street
Wilmington, DE 19899

Patrick D. McVey, Esquire
Riddell Williams P.S.
1001 Fourth Avenue Plaza
Suite 4500
Seattle Washington 98154

F. Warren Jacoby, Esquire
Cozen and O'Connor, P.C.
1900 Market Street
Philadelphia, PA 19103

Michael K. Tighe, Esquire
Tighe Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899

Lawrence Kalban, Esquire
V.P. and General Counsel
Parsons Energy and Chemicals Group, Inc.
P.O. Box 271787
Houston, TX 77277-1787

Warren A. Voter, Esquire
Sweeney & Sheehan
19th Floor
1515 Market Street
Philadelphia, PA 19102

Jacqueline M. Carolan, Esquire
Rox Rothschild O'Brien & Frankel, LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103-3291

Stephen P. Casarino

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:   <u>N</u>   K   S          Civil Action No:02C-04-263 HLA

CIVIL CASE CODE:   <u>CPIN</u>          CIVIL CASE TYPE: <u>Personal Injury</u>

---

Caption:
Ronald W. Olson and Carol Olson his wife
                    v
Motiva Enterprises, L.L.C.; Battaglia Mechanical,
Inc.; Fisher Controls International, Inc.; Hydrochem
Industrial Services, Inc.; JJ White, Inc.; Northeast
Controls, Inc.; Parsons Energy and Chemicals
Group, Inc.; Praxair, Inc.; Texaco Aviation Products
LLC; Daikin Industries, Ltd.; Saint-Gobain
Performance Plastics; RIX Industries, Inc.; Texaco
Global Gas and Power; Texaco Development
Corporation; Gary Delgrego.

---

Name & Status of Party Filing Document:

Defendant, Fisher Controls International, Inc.

Document Type:

Answer to First Amended Complaint

Arbitration _____   Non-Arbitration   X
Jury Demand   X   Yes _____ No

Track Assignment Requested:

EXPEDITED   <u>STANDARD</u>   COMPLEX

---

ATTORNEY NAME:
    Stephen P. Casarino, Esquire
FIRM NAME:
    Casarino, Christman & Shalk
ADDRESS:
    800 North King Street, Suite 200
    P.O. Box 1276
    Wilmington, DE 19899

TELEPHONE NUMBER:
    302-594-4500
FAX NUMBER:
    302-594-4509
E-MAIL ADDRESS:
    scasarino@casarino.com

---

Identify any related cases now pending in
the Superior Court by Caption and Civil
Action No. including Judge's initials

Explain the relationship(s):

Other Unusual Issues that affect Case
Management: (if additional space is needed,
please attach pages)

---

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST
RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE
INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO
HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF
THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE
PLEADING BEING STRICKEN.

EXHIBIT 3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FILED
PROTHONOTARY

2007 JUL 19 PM 4: 59

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON and | ) | |
| CAROL OLSON, his wife | ) | C.A. No. 02C-04-263 HLA |
| | ) | |
| Plaintiffs, | ) | Non-Arbitration Case |
| | ) | |
| MOTIVA ENTERPRISES, L.L.C.; | ) | JURY TRIAL OF 12 DEMANDED |
| BATTAGLIA MECHANICAL, INC.; | ) | |
| FISHER CONTROLS INTERNATIONAL, | ) | |
| INC.; HYDROCHEM INDUSTRIAL | ) | |
| SERVICES, INC.; JJ WHITE, INC.; | ) | |
| NORTHEAST CONTROLS, INC.; | ) | |
| PARSONS ENERGY AND CHEMICALS | ) | |
| GROUP, INC.; PRAXAIR, INC.; TEXACO | ) | |
| AVIATION PRODUCTS LLC; DAIKIN | ) | |
| INDUSTRIES, LTD.; SAINT-GOBAIN | ) | |
| PERFORMANCE PLASTICS; RIX | ) | |
| INDUSTRIES, INC.; TEXACO GLOBAL | ) | |
| GAS AND POWER; TEXACO | ) | |
| DEVELOPMENT CORPORATION; | ) | |
| GARY DELGREGO, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO CROSSCLAIMS BY PRAXAIR, INC.

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, answers the crossclaims asserted by defendant Praxair, Inc. All allegations not specifically admitted are denied.

## ANSWER TO CROSSCLAIM BY PRAXAIR, INC. AGAINST ALL DEFENDANTS FOR INDEMNIFICATION AND/OR CONTRIBUTION

1.    To the extent that paragraph 1 of Praxair's Crossclaim Against All Defendants for Indemnification and/or Contribution ("Praxair's Crossclaim Against All Defendants") contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 1 of Praxair's Crossclaim Against All Defendants contains allegations concerning other

defendants, Fisher denies those allegations for lack of information and belief.

2.     To the extent that paragraph 2 of Praxair's Crossclaim Against All Defendants contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 2 of Praxair's Crossclaim Against All Defendants contains allegations concerning other defendants, Fisher denies those allegations for lack of information and belief.

3.     To the extent that paragraph 3 of Praxair's Crossclaim Against All Defendants contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 3 of Praxair's Crossclaim Against All Defendants contains allegations concerning other defendants, Fisher denies those allegations for lack of information and belief.

## ANSWER TO CROSSCLAIM BY PRAXAIR, INC., AGAINST DEFENDANTS FISHER CONTROLS INTERNATIONAL, INC. AND NORTHEAST CONTROLS, INC. FOR DEFENSE COSTS AND INDEMNIFICATION

1.     Responding to paragraph 1 of Praxair's Crossclaim Against Defendants Fisher Controls International, Inc. and Northeast Controls, Inc. for Defense Costs and Indemnification ("Praxair's Crossclaim Against Fisher and Northeast Controls"), Fisher admits that it was party to an Agreement with Praxair, but denies all further allegations set out in that paragraph.

2.     Denied.

3.     Fisher objects that paragraph 3 of the Praxair's Crossclaim Against Fisher and Northeast Controls is vague and ambiguous with respect to time. Subject to and without waiving its objection, and responding further to the first sentence of paragraph 3 of Praxair's Crossclaim Against Fisher and Northeast Controls, Fisher admits that during the order entry process for the Valve it became aware that the Valve would be utilized for oxygen service. Responding further to the second sentence of paragraph 3 of Praxair's Crossclaim Against Fisher and Northeast Controls, Fisher objects that the terms "designed" and "high pressure oxygen service" are vague and ambiguous. Subject to and without waiving its objections, Fisher denies every other allegation as to Fisher set forth in paragraph 3 of Praxair's Crossclaim Against Against Fisher and Northeast Controls. In addition, to the extent that paragraph 3 of Praxair's Crossclaim

Against Fisher and Northeast Controls sets forth allegations concerning Northeast Controls, Fisher denies those allegations for lack of information and belief.

4.    To the extent that paragraph 4 of Praxair's Crossclaim Against Fisher and Northeast Controls contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 4 of Praxair's Crossclaim Fisher and Northeast Controls contains allegations concerning Northeast Controls, Fisher denies those allegations for lack of information and belief.

5.    To the extent that paragraph 5 of Praxair's Crossclaim Against Fisher and Northeast Controls contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 5 of Praxair's Crossclaim Fisher and Northeast Controls contains allegations concerning Northeast Controls, Fisher denies those allegations for lack of information and belief.

6.    To the extent that paragraph 6 of Praxair's Crossclaim Against Fisher and Northeast Controls contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 6 of Praxair's Crossclaim Fisher and Northeast Controls contains allegations concerning Northeast Controls, Fisher denies those allegations for lack of information and belief.

7.    Responding to the allegations of paragraph 7 of Praxair's Crossclaim Against Fisher and Northeast Controls, Fisher admits that it was a merchant within the meaning of 6 Del. C. § 2-104, but denies that the Valve was defective. To the extent that paragraph 7 of Praxair's Crossclaim Fisher and Northeast Controls contains allegations concerning Northeast Controls, Fisher denies those allegations for lack of information and belief.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

## AFFIRMATIVE DEFENSES

1. Praxair's Crossclaims fail to state a claim against Fisher upon which relief may be granted and therefore those Crossclaims should be dismissed as to Fisher.

2. Praxair's damages and injuries, if any, were caused in whole or in part by the acts or omissions of third parties, both named and unnamed, for whose conduct Fisher is not responsible.

3. Praxair's damages and injuries, if any, were caused in whole or in part by a misuse of the Valve that was not reasonably foreseeable.

4. The Valve conformed to the state of the art at the time of its manufacture.

5. Praxair's damages, if any, should be barred or reduced proportionally under the doctrine of comparative negligence because of Praxair's failures to design, inspect, install, and maintain the Valve and because of its improper operating procedures.

6. Praxair assumed the risk of injury by adopting improper operating procedures.

7. The Agreement between Praxair and Fisher disclaimed all warranties not expressly set forth therein.

8. The Agreement between Praxair and Fisher limited Praxair's remedies against Fisher.

9. Because of the independent negligence of Praxair and/or its agents or employees, Praxair is not entitled to a defense and/or indemnification by Fisher.

10. Fisher reserves the right to assert additional affirmative defenses disclosed through discovery or otherwise.

## PRAYER FOR RELIEF

Having fully answered Praxair's Crossclaim Against All Defendants and Praxair's Crossclaim Against Fisher and Northeast Controls and having asserted affirmative defenses, Fisher prays for the following relief:

1. That the Court dismiss Praxair's Crossclaims with prejudice and that they take nothing;

2.    That Fisher be awarded its attorneys fees and all costs incurred in connection with its defense against the Crossclaims;

3.    That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.

                                    McCARTER & ENGLISH, LLP

                        By:    _Paul A. Bradley_____
                               Paul A. Bradley
                               919 Market Street, Suite 1800
                               P.O. Box 111
                               Wilmington, DE 19899
                               (302) 984-6333
                               Attorneys for Defendant
                               Fisher Controls International, Inc.

Dated: July 19, 2002

OF COUNSEL:
**RIDDELL WILLIAMS P.S.**
Patrick D. McVey
Daniel J. Gunter
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-1065
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON, and<br>CAROL OLSON, his wife, | ) | C.A. No. 02C-04-263 HLA |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Non-Arbitration Case |
| v. | ) | |
| | ) | |
| MOTIVA ENTERPRISES L.L.C.; BATTAGLIA | ) | |
| MECHANICAL, INC.; FISHER CONTROLS | ) | |
| INTERNATIONAL, INC.; HYDROCHEM | ) | |
| INDUSTRIAL SERVICES, INC.; JJ WHITE, | ) | |
| INC.; NORTHEAST CONTROLS, INC.; | ) | |
| PARSONS ENERGY AND CHEMICALS | ) | |
| GROUP, INC.; PRAXAIR, INC.; TEXACO | ) | |
| AVIATION PRODUCTS LLC; DAIKIN | ) | |
| INDUSTRIES, LTD.; SAINT-GOBAIN | ) | |
| PERFORMANCE PLASTICS; RIX | ) | |
| INDUSTRIES, INC.; TEXACO GLOBAL | ) | |
| GAS AND POWER; TEXACO DEVELOPMENT | ) | |
| CORPORATION; GARY DELGREGO, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2002, two copies of Defendant Fisher

Controls International, Inc.'s Answer to Crossclaims by PRAXAIR, Inc., were served on the

following individuals by first-class mail, postage prepaid:

Paul M. Lukoff, Esquire  
Prickett Jones & Elliott  
1310 King Street  
Wilmington, DE 19899  

F. Warren Jacoby, Esquire  
Cozen & O'Connor, P.C.  
1900 Market Street  
Philadelphia, PA 19103  

Gary W. Lipkin, Esquire  
Cozen & O'Connor, P.C.  
Chase Manhattan Center  
1201 North Market Street  
Suite 1400  
Wilmington, DE 19801  

Warren E. Voter, Esquire  
Sweeney & Sheehan  
1515 Market Street, 19th Floor  
Philadelphia, PA 19102

Randall E. Robbins, Esquire
Joseph C. Handlon, Esquire
Ashby & Geddes, P.A.
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Michael K. Tighe, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19801

Donald M. Davis, Esquire
Margolis Edelstein
The Curtis Center, Fourth Floor
Philadelphia, PA 19106-3304

Bradford J. Sandler, Esquire
Adelman Lavine Gold and Levin
1100 N. Market Street, Suite 1100
Wilmington, DE 19801

Kimberly L. Gattuso, Esquire
Saul Ewing, LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE 19801

Saint-Gobain Performance Plastics
7301 Orangewood Avenue
Garden Grove, CA 92841

Northeast Controls, Inc.
Michael J. Peters, Chairman
51 Timberwick Drive
Clifton Park, NY 12065

Roger D. Landon, Esquire
Murphy Spadaro & Landon
824 Market Street
P.O. Box 8989
Wilmington, DE 19899

RTX Industries
4900 Industrial Way
Benicia, CA 94510

Daikin Industries, Ltd.
Umeda Center Building
2-4-12 Nakazaki-Nishi, Kita-Ku
Osaka 530-8323
Japan

Gregory B. Williams, Esquire
Sheldon K. Rennie, Esquire
Mellon Bank Center
919 North Market Street
Suite 1400, 14th Floor
Wilmington, DE 19801-3046

Texaco Global Gas and Power
c/o Texaco
Registered Agent
Prentice Hall
2711 Centerville Road, Suite 400
Wilmington, DE 19808

McCarter & English, LLP

By: _____

Paul A. Bradley
919 Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorneys for Defendant
Fisher Controls International, Inc.

Dated: July 19, 2002

OF COUNSEL:

**RIDDELL WILLIAMS P.S.**
Patrick D. McVey
Daniel J. Gunter
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA  98154-1065
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: (N) K S

CIVIL ACTION NUMBER: 02C-04-263 HLA

Civil Case Code __CPIN__

CIVIL CASE TYPE59 __Personal Injury__

---

| | |
|---|---|
| **CAPTION:**<br><br>RONALD W. OLSON and<br>CAROL OLSON, his wife,<br><br><div align="center">Plaintiffs,</div><br>MOTIVA ENTERPRISES, L.L.C.; BATTAGLIA MECHANICAL INC.; FISHER CONTROLS INTERNATIONAL, INC.; HYDROCHEM INDUSTRIAL SERVICES, INC.; JJ WHITE, INC.; NORTHEAST CONTROLS, INC.; PARSONS ENERGY AND CHEMICALS GROUP, INC.; PRAXAIR, INC.; TEXACO AVIATION PRODUCTS, LLC; DAIKIN INDUSTRIES, LTD.; SAINT-GOBAIN PERFORMANCE PLASTICS; RIX INDUSTRIES, INC.; TEXACO GLOBAL GAS AND POWER; TEXACO DEVELOPMENT CORPORATION; GARY DELGREGO,<br><br><div align="center">Defendants.</div> | **NAME AND STATUS OF PARTY FILING DOCUMENTS:**<br><br>Defendant, Fisher Controls International, Inc.<br><br>**DOCUMENT TYPE: (E.G.; COMPLAINT; ANSWER TO COMPLAINT**<br><br>**Answer of Defendant Fisher Controls International, Inc. to Crossclaims by PRAXAIR, INC.**<br><br>**Non-Arbitration   X**<br>(Certificate of Value may be required)<br><br>Arbitration _____   Mediation _____   Neutral Assessment __<br><br>Defendant (circle one)   (ACCEPT)   REJECT<br><br>**Jury Demand**   __Yes__   No<br><br>Track Assignment Requested (circle one)<br><br>**EXPEDITED     STANDARD     (COMPLEX)** |
| **Attorney Name(s):**<br>    Paul A. Bradley, Esquire<br><br>**Attorney I.D.(s):**<br>    D.E. #2156<br><br>**Firm Name:**<br>    McCarter & English, LLP<br><br>**Firm Address:**<br>    919 N. Market Street, Suite 1800<br>    P.O. Box 111<br>    Wilmington, DE 19899<br><br>**Telephone Number:**<br>    (302) 984-6333<br><br>**Fax Number:**<br>    (302) 984-6399<br><br>**E-Mail Address:**<br>    pbradley@mccarter.com | Identify any related cases now pending in the Superior Court by caption and civil action number including Judge's initials.<br><br>**PRAXAIR, INC. v. Fisher Controls International, Inc., et al. C.A. No. 02C-05-190 (HLA)**<br><br>**GREAT AMERICAN ASSURANCE CO., v. Fisher Controls International, Inc., et al. C.A. No. 02C-05-168 (HLA)**<br><br>**EXPLAIN THE RELATIONSHIP(S):**<br><br>**Arise from the same incident.**<br><br><br><br>Other unusual issues that affect case management: |

---

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

EXHIBIT 4

117

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD W. OLSON and CAROL OLSON, his wife | ) ) ) C.A. No. 02C-04-263 JRS |
| Plaintiffs, | ) Non-Arbitration Case |
| v. | ) |
| MOTIVA ENTERPRISES, L.L.C.; BATTAGLIA MECHANICAL, INC.; FISHER CONTROLS INTERNATIONAL, INC.; HYDROCHEM INDUSTRIAL SERVICES, INC.; JJ WHITE, INC.; NORTHEAST CONTROLS, INC.; PARSONS ENERGY AND CHEMICALS GROUP, INC.; PRAXAIR, INC.; TEXACO AVIATION PRODUCTS LLC; DAIKIN INDUSTRIES, LTD.; SAINT-GOBAIN PERFORMANCE PLASTICS; RIX INDUSTRIES, INC.; TEXACO GLOBAL GAS AND POWER; TEXACO DEVELOPMENT CORPORATION; GARY DELGREGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| NORTHEAST CONTROLS, INC., | ) ) |
| Third-party Plaintiff, | ) |
| v. | ) ) |
| CONNECTIV OPERATING SYSTEMS, | ) ) |
| Third-party Defendant. | ) |

## DEFENDANT FISHER CONTROLS INTERNATIONAL, INC.'s
## ANSWER TO CROSS-CLAIMS OF DEFENDANT NORTHEAST CONTROLS, INC.

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, answers the Cross-Claims of defendant Northeast Controls, Inc. ("Northeast Controls' Cross-Claims"). All allegations not specifically admitted are denied.

## ANSWER TO CROSS-CLAIMS AGAINST DEFENDANT FISHER CONTROLS INTERNATIONAL, INC.

58.    Denied.

59.    Admitted.

60.    Denied.

## ANSWER TO CROSS CLAIMS AGAINST ALL OTHER CO-DEFENDANTS

61.    To the extent that paragraph 61 of Northeast Controls' Cross-Claims contains allegations concerning Fisher, Fisher denies all such allegations. To the extent that paragraph 61 of Northeast Controls' Cross-Claims contains allegations concerning other defendants, Fisher states that it is not required to respond to those allegations.

## PRAYER FOR RELIEF

Having fully answered Northeast Controls' Cross-Claims, Fisher prays for the following relief:

1.    That the Court dismiss Northeast Controls' Cross-Claims against Fisher with prejudice;

2.    That Fisher be awarded its attorneys fees and all costs incurred, plus interest, in connection with its defense against Northeast Controls' Cross-Claims against Fisher;

3.    That the Court award such other and further relief, general and special, legal or

equitable, to which Fisher may be entitled.

McCARTER & ENGLISH, LLP

Paul Bradley
McCARTER & ENGLISH, LLP
Mellon Bank Center
919 Market Street, Suite 1800
Wilmington, DE  19899
(302) 654-8010
Attorneys for Defendant
Fisher Controls International, Inc.

Dated: August ___, 2002

OF COUNSEL:
Patrick D. McVey
Daniel J. Gunter
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA  98154-1065
(206) 624-3600

## CERTIFICATE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that two copies of the attached Answer of Defendant Fisher Controls to Cross-Claims of Defendant Northeast Controls, Inc. were served this 9th day of August 2002, to the following parties by first-class mail prepaid:

Randall E. Robbins, Esquire
Joseph C. Handlon, Esquire
Ashby & Geddes
P.O. Box 1150
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Attorneys for Plaintiffs

Paul M. Lukoff, Esquire
Prickett, Jones & Elliott, P.A.
1310 N. King Street
P.O. Box 1328
Wilmington, DE 19899-1328
Attorney for Motiva Enterprises

Donald M. Davis, Esquire
Margolis Edelstein
The Curtis Center, 4th Floor
Independence Square West
Philadelphia, PA 19106-3304

Michael K. Tighe, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
Attorney for Battaglia Mechanical, Inc.

Gregory B. Williams, Esquire
Sheldon K. Rennie, Esquire
Fox Rothschild O'Brien & Frankel
Mellon Bank Center
919 N. Market Street
Wilmington, DE 19801
Attorneys for Parsons Energy and Chemical
Group

Roger D. Landon, Esquire
Murphy, Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989
Attorney for HydroChem Industrial Services

Jacqueline M. Carolan, Esquire
Fox Rothschild O'Brien & Frankel
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Attorney for Parsons Energy and Chemicals
Group

Brandford J. Sandler, Esquire
Adelman, Lavine Gold and Levin, P.C.
The Wilmington Trust Building
1100 N. Market Street, Suite 1100
Wilmington, DE 19801
Attorney for J.J. White, Inc.

Delia A. Clark, Esquire
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801
Attorney for Northeast Controls, Inc.

Saint-Gobain Performance Plastics
7301 Orangewood Avenue
Garden Grove, CA 92841

Warren E. Voter, Esquire
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, PA 19102

Kimberly L. Gattuso, Esquire
Saul Ewing, LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Attorney for Texaco and Gary Delgrego

RIX Industries, inc.
4900 Industrial Way
Benicia, CA 94510

Daikin Industries, LTD
Umeda Center Building
2-4-12 Nakazaki-Nishi, Kita-Ku
Osaka 530-8323
Japan

MCCARTER & ENGLISH, LLP

By: _____

Paul A. Bradley
919 Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6333
Attorneys for Defendant
Fisher Controls International, Inc.

Dated: August 9, 2002

OF COUNSEL:

RIDDELL WILLIAMS P.S.
Patrick D. McVey
Daniel J. Gunter
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-1065

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

**COUNTY:** (N) K S     **CIVIL ACTION NUMBER:** 02C-045-263 JRS

**Civil Case Code** CDBT/CPRD     **CIVIL CASE TYPE:** Breach of Contract/Property Damage

| Caption: | NAME AND STATUS OF PARTY FILING DOCUMENTS: |
|---|---|
| RONALD W. OLSON, and<br>CAROL OLSON, his wife,<br><br>       Plaintiffs,<br><br>v.<br><br>MOTIVA ENTERPRISES L.L.C.; BATTAGLIA MECHANICAL, INC.; FISHER CONTROLS INTERNATIONAL, INC.; HYDROCHEM INDUSTRIAL SERVICES, INC.; JJ WHITE, INC.; NORTHEAST CONTROLS, INC.; PARSONS ENERGY AND CHEMICALS GROUP, INC.; PRAXAIR, INC.; TEXACO AVIATION PRODUCTS LLC; DAIKIN INDUSTRIES, LTD.; SAINT-GOBAIN PERFORMANCE PLASTICS; RIX INDUSTRIES, INC.; TEXACO GLOBAL GAS AND POWER; TEXACO DEVELOPMENT CORPORATION; GARY DELGREGO,<br><br>      Defendants. | **Defendant, Fisher Controls International, Inc.**<br><br>**DOCUMENT TYPE: (E.G.; COMPLAINT; ANSWER TO COMPLAINT**<br><br>DEFENDANT FISHER CONTROLS INTERNATIONAL, INC.'s ANSWER TO CROSS-CLAIMS OF DEFENDANT NORTHEAST CONTROLS, INC.<br><br>**Non-Arbitration** X<br>(Certificate of Value may be required)<br><br>Arbitration ___ Mediation ____ Neutral Assessment __<br><br>**Defendant (circle one) ACCEPT REJECT**<br><br>**Jury Demand** Yes No<br><br>**Track Assignment Requested (circle one)**<br><br>**EXPEDITED STANDARD (COMPLEX)** |
| **Attorney Name(s):**<br>   Paul A. Bradley, Esquire<br><br>**Attorney I.D.(s):**<br>   DE #2156<br><br>**Firm Name:**<br>   McCarter & English, LLP<br><br>**Firm Address:**<br>   919 N. Market Street, Suite 1800<br>   P.O. Box 111<br>   Wilmington, DE 19899<br><br>**Telephone Number:**<br>   (302) 984-6333<br><br>**Fax Number:**<br>   (302) 984-6399<br><br>**E-Mail Address:**<br>   pbradley@mccarter.com | Identify any related cases now pending in the Superior Court by caption and civil action number including Judge's initials.<br><br>PRAXAIR. v. Fisher Controls International, Inc., et al.<br>C.A. No. 02C-05-190 (JRS)<br><br>GREAT AMERICAN ASSURANCE CO. v. Fisher Controls International, Inc., et al.<br>C.A. No. 02C-05-168 (JRS)<br><br>**EXPLAIN THE RELATIONSHIP(S):**<br><br>**Arise from the same incident.**<br><br><br>Other unusual issues that affect case management: |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT
## INSTRUCTIONS

## CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., CODE-AADM and TYPE—Administrative Agency) from the list below. Enter this information in the designated spaces on the Case Information Statement.

**APPEALS**

| | |
|---|---|
| AADM | Administrative Agency |
| ACCP | Court of Common Pleas |
| ACER | Certiorari |
| AFAM | Family Court |
| AIAB | Industrial Accident Board |
| APSC | Public Service Commission |
| AUIB | Unemployment Insurance Appeal Board |

**COMPLAINTS**

| | |
|---|---|
| CAAA | Auto Arb Appeal* |
| CASB | Asbestos |
| CATT | Foreign & Domestic Attachment |
| CCCP | Transfer from CCP* |
| CCHA | Transfer from Chancery* |
| CCON | Condemnation |
| CDBT | Debt/Breach of Contract* |
| CDEF | Defamation* |
| CDEJ | Declaratory Judgment |
| CEJM | Ejectment* |
| CFJG | Foreign Judgment* |
| CINT | Interpleader |
| CLIB | Libel* |
| CMAL | Malpractice* |
| CACT | Class Action |
| CPIA | Personal Injury Auto* |
| CPIN | Personal Injury* |
| CPRD | Property Damage* |
| CPRL | Products Liability* |
| CRPV | Replevin |
| CSBI | Silicone Breast Implant |
| CTAX | Tax Appeal |
| CFRD | Fraud Enforcement |
| CSPD | Summary Proceedings Dispute |

**INVOLUNTARY COMMITMENTS**

| | |
|---|---|
| INVC | Involuntary Commitment |

**MISCELLANEOUS**

| | |
|---|---|
| MAAT | Appointment of Attorney |
| MAFF | Application for Forfeiture |
| MCED | Cease and Desist Order |
| MCRO | Complaint Requesting Order |
| MCFO | Consent Order |
| MHAC | Habeas Corpus |
| MIND | Destruction of Indicia of Arrest |
| MISS | Issuance of Subpoena/Material Witness |
| MMAN | Mandamus |
| MOUT | Out of State Deposition |
| MPOS | Writ of Possession |
| MPRO | Writ of Prohibition |
| MROP | Petition for Return of Property |
| MROD | Road Resolution |
| MSAM | Satisfy Mortgage |
| MSOJ | Compel Satisfaction of Judgment |
| MTAX | Tax Ditches |
| MVAC | Vacate Public Road |
| MSEM | Set Aside Satisfaction of Mortgage |
| MSSS | Set Aside Sheriff's Sale |
| MSEL | Sell Real Estate for Property Tax |
| MTOX | Hazardous Substance Cleanup |
| MCVP | Civil Penalty |
| MREF | Tax Intercept |
| MGAR | Appointment of Guardianship |
| MFOR | Intercept of Forfeited Money |
| MSET | Structed Settlement |

**MORTGAGES**

| | |
|---|---|
| MORT | Mortgage |

**MECHANICS LIENS**

| | |
|---|---|
| LIEN | Mechanics Lien* |

**OTHER**

| | |
|---|---|
| OTHR | Specify Type |

*Case types subject to Arbitration Rule 16.1

## Duty of the Plaintiff

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

## Duty of the Defendant

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the answer and/or first responsive pleading.

WL1: 686750

EXHIBIT 5

*184*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) C.A. No. 02C-05-263 (JRS) |
| | ) |
| Plaintiffs, | ) Non-Arbitration Case |
| | ) |
| v. | ) CONSOLIDATED |
| | ) |
| MOTIVA ENTERPRISES L.L.C., et al., | ) Trial by Jury of 12 Demanded |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO CROSS-CLAIM AGAINST ALL CO-DEFENDANTS OF DEFENDANT MOTIVA ENTERPRISES, L.L.C.

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, answers the Cross-claim Against All Co-Defendants asserted by defendant Motiva Enterprises, L.L.C. ("Motiva's Cross-Claim"). All allegations not specifically admitted are denied.

### ANSWER TO MOTIVA'S CROSS-CLAIM

1.      To the extent that Motiva's Cross-Claim sets forth allegations concerning Fisher, Fisher denies all such allegations. To the extent that Motiva's Cross-Claim contains allegations concerning other defendants, Fisher states that it is not required to respond to those allegations. To the extent that the allegations set forth in Motiva's Cross-Claim are conclusions of law, Fisher states that it is not required to respond to those allegations.

### PRAYER FOR RELIEF

Having fully answered Motiva's Cross-Claim, Fisher prays for the following relief:

1.      That the Court dismiss Motiva's Cross-Claim against Fisher with prejudice;

2.      That Fisher be awarded its attorneys fees and all costs incurred, plus interest, in

connection with its defense against Motiva's Cross-Claim against Fisher;

    3.    That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.

Date: December **4**, 2002          **McCARTER & ENGLISH, LLP**

                          Paul A. Bradley
                          919 Market Street, Suite 1800
                          Wilmington, DE 19899
                          (302) 984 6333
                          Attorneys for Defendant
                          Fisher Controls International, Inc.

Date: December **4**, 2002          **RIDDELL WILLIAMS P.S.**

                          Patrick D. McVey
                          1001 Fourth Avenue Plaza
                          Suite 4500
                          Seattle, WA 98415
                          (206) 624-3600
                          Attorneys for Defendant
                          Fisher Controls International, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | )  C.A. No. 02C-05-263 (JRS) |
| | ) |
| | )  Non-Arbitration Case |
| Plaintiffs, | ) |
| | ) |
| v. | )  CONSOLIDATED |
| | ) |
| MOTIVA ENTERPRISES L.L.C., et al., | )  Trial by Jury of 12 Demanded |
| | ) |
| Defendants. | ) |

### NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that two true and correct copies of the attached **ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO CROSS-CLAIM AGAINST ALL CO-DEFENDANTS OF DEFENDANT MOTIVA ENTERPRISES, L.L.C.** were served this 4ᵗʰ day of December 2002, to the following counsel of record by delivery as noted:

Michael K. Tighe, Esq.
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
**FIRST CLASS MAIL**

David C. Culley, Esq.
Tybout, Redfearn & Pell
Suite 1110
300 Delaware Avenue
Wilmington, DE 19801
**FIRST CLASS MAIL**

Gregory A. Inskip, Esq.
Potter Anderson & Corroon, LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
**FIRST CLASS MAIL**

Marc S. Casarino, Esq.
White and Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
**FIRST CLASS MAIL**

Roger D. Landon, Esq.
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989
**FIRST CLASS MAIL**

Paul Lukoff, Esq.
Prickett, Jones & Elliott
1301 King Street
P.O. Box 1328
Wilmington, DE 19899
**FIRST CLASS MAIL**

Thomas P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
**FIRST CLASS MAIL**

Joseph Gula, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
**FIRST CLASS MAIL**

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**FIRST CLASS MAIL**

Jennifer, Scoliard, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE 19801
**FIRST CLASS MAIL**

Joseph H. Riches, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
**FIRST CLASS MAIL**

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806-4056
**FIRST CLASS MAIL**

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Miner Street
P.O. Box 796
West Chester, PA 19381-0796
**FIRST CLASS MAIL**

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899
**FIRST CLASS MAIL**

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY 10038
**FIRST CLASS MAIL**

Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
**FIRST CLASS MAIL**

Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE 19801
**FIRST CLASS MAIL**

Donald M. Davis
Margolis Edelstein
The Curtis Center 4th Floor
Independence Square West
Philadelphia, PA 19106-3304
**FIRST CLASS MAIL**

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801
**FIRST CLASS MAIL**

Randall E. Robbins, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**FIRST CLASS MAIL**

Richard K. Hohn, Esq.
Hohn & Scheverle
Eleven Penn Center
Suite 2901
Philadelphia, PA 19103
**FIRST CLASS MAIL**

_____
Paul A. Bradley

EXHIBIT 6

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) C.A. No. 02C-05-263 (JRS) |
| | ) |
| | ) Non-Arbitration Case |
| Plaintiffs, | ) |
| | ) |
| v. | ) CONSOLIDATED |
| | ) |
| MOTIVA ENTERPRISES L.L.C., et al., | ) Trial by Jury of 12 Demanded |
| | ) |
| Defendants. | ) |

### ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO NORTHEAST CONTROLS, INC.'S CROSS-CLAIMS AGAINST FISHER INTERNATIONAL, INC.

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, answers in correspondingly numbered paragraphs Northeast Controls, Inc.'s Cross-Claims Against Fisher International, Inc. [sic] ("Northeast Controls' Cross-Claims"). All allegations not specifically admitted are denied.

### ANSWER TO NORTHEAST CONTROLS' CROSS-CLAIMS

38.    Denied.

### PRAYER FOR RELIEF

Having fully answered Northeast Controls' Cross-Claims, Fisher prays for the following relief:

1.    That the Court dismiss Northeast Controls' Cross-Claims against Fisher with prejudice;

2.    That Fisher be awarded its attorneys fees and all costs incurred, plus interest, in connection with its defense against Northeast Controls' Cross-Claims against Fisher;

3.     That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.

Date:  December __9__, 2002                    **McCARTER & ENGLISH, LLP**


_____
Paul A. Bradley
919 Market Street, Suite 1800
Wilmington, DE 19899
(302) 984-6333
Attorneys for Defendant
Fisher Controls International, Inc.


Date: December __9__, 2002                    **RIDDELL WILLIAMS P.S.**


_____
Patrick D. McVey
1001 Fourth Avenue Plaza
Suite 4500
Seattle, WA 98415
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) | C.A. No. 02C-05-263 (JRS) |
| | ) | |
| | ) | Non-Arbitration Case |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CONSOLIDATED |
| | ) | |
| MOTIVA ENTERPRISES L.L.C., et al., | ) | Trial by Jury of 12 Demanded |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that two true and correct copies of the attached

ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO

NORTHEAST CONTROLS, INC.'S CROSS-CLAIMS AGAINST FISHER INTERNATIONAL,

INC. were served this 9th day of December 2002, to the following counsel of record by delivery as

noted:

| | |
|---|---|
| Michael K. Tighe, Esq.<br>Tighe, Cottrell & Logan, P.A.<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899<br>**FIRST CLASS MAIL** | David C. Culley, Esq.<br>Tybout, Redfearn & Pell<br>Suite 1110<br>300 Delaware Avenue<br>Wilmington, DE 19801<br>**FIRST CLASS MAIL** |
| | |
| Gregory A. Inskip, Esq.<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>**FIRST CLASS MAIL** | Marc S. Casarino, Esq.<br>White and Williams, LLP<br>824 N. Market Street, Suite 902<br>P.O. Box 709<br>Wilmington, DE 19899-0709<br>**FIRST CLASS MAIL** |

Roger D. Landon, Esq.
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989
**FIRST CLASS MAIL**

Paul Lukoff, Esq.
Prickett, Jones & Elliott
1301 King Street
P.O. Box 1328
Wilmington, DE 19899
**FIRST CLASS MAIL**

Thomas P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
**FIRST CLASS MAIL**

Joseph Gula, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
**FIRST CLASS MAIL**

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**FIRST CLASS MAIL**

Jennifer, Scoliard, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE 19801
**FIRST CLASS MAIL**

Joseph H. Riches, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
**FIRST CLASS MAIL**

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806-4056
**FIRST CLASS MAIL**

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Miner Street
P.O. Box 796
West Chester, PA 19381-0796
**FIRST CLASS MAIL**

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899
**FIRST CLASS MAIL**

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY 10038
**FIRST CLASS MAIL**

Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
**FIRST CLASS MAIL**

Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE 19801
**FIRST CLASS MAIL**

Donald M. Davis
Margolis Edelstein
The Curtis Center – 4th Floor
Independence Square West
Philadelphia, PA 19106-3304
**FIRST CLASS MAIL**

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801
**FIRST CLASS MAIL**

Randall E. Robbins, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**FIRST CLASS MAIL**

Richard K. Hohn, Esq.
Hohn & Scheverle
Eleven Penn Center
Suite 2901
Philadelphia, PA 19103
**FIRST CLASS MAIL**

Paul A. Bradley

EXHIBIT 7

194

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) | C.A. No. 02C-05-263 (JRS) |
| | ) | |
| | ) | Non-Arbitration Case |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CONSOLIDATED |
| | ) | |
| MOTIVA ENTERPRISES L.L.C., et al., | ) | Trial by Jury of 12 Demanded |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO
CROSS-CLAIM AGAINST ALL CO-DEFENDANTS OF
DEFENDANT MOTIVA ENTERPRISES, L.L.C.

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned

attorneys, answers the Cross-claim Against All Co-Defendants asserted by defendant Motiva

Enterprises, L.L.C. ("Motiva's Cross-Claim"). All allegations not specifically admitted are

denied.

ANSWER TO MOTIVA'S CROSS-CLAIM

1.     To the extent that Motiva's Cross-Claim sets forth allegations concerning Fisher,

Fisher denies all such allegations. To the extent that Motiva's Cross-Claim contains allegations

concerning other defendants, Fisher states that it is not required to respond to those allegations.

To the extent that the allegations set forth in Motiva's Cross-Claim are conclusions of law,

Fisher states that it is not required to respond to those allegations.

## PRAYER FOR RELIEF

Having fully answered Motiva's Cross-Claim, Fisher prays for the following relief:

1.    That the Court dismiss Motiva's Cross-Claim against Fisher with prejudice;

2.    That Fisher be awarded its attorneys fees and all costs incurred, plus interest, in connection with its defense against Battaglia's Cross-Claim against Fisher;

3.    That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.


Date: December 9, 2002                    McCARTER & ENGLISH, LLP

_____
Paul A. Bradley
919 Market Street, Suite 1800
Wilmington, DE 19899
(302) 984-6333
Attorneys for Defendant
Fisher Controls International, Inc.


Date: December 9, 2002                    RIDDELL WILLIAMS P.S.

_____
Patrick D. McVey
1001 Fourth Avenue Plaza
Suite 4500
Seattle, WA 98415
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) C.A. No. 02C-05-263 (JRS) |
| | ) |
| | ) Non-Arbitration Case |
| Plaintiffs, | ) |
| | ) |
| v. | ) CONSOLIDATED |
| | ) |
| MOTIVA ENTERPRISES L.L.C., et al., | ) Trial by Jury of 12 Demanded |
| | ) |
| Defendants. | ) |

## NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that two true and correct copies of the attached ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO CROSS-CLAIM AGAINST ALL CO-DEFENDANTS OF DEFENDANT MOTIVA ENTERPRISES, L.L.C., were served this 9th day of December 2002, to the following counsel of record by delivery as noted:

Michael K. Tighe, Esq.
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
**FIRST CLASS MAIL**

David C. Culley, Esq.
Tybout, Redfearn & Pell
Suite 1110
300 Delaware Avenue
Wilmington, DE 19801
**FIRST CLASS MAIL**

Gregory A. Inskip, Esq.
Potter Anderson & Corroon, LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
**FIRST CLASS MAIL**

Marc S. Casarino, Esq.
White and Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
**FIRST CLASS MAIL**

Roger D. Landon, Esq.
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989
**FIRST CLASS MAIL**

Paul Lukoff, Esq.
Prickett, Jones & Elliott
1301 King Street
P.O. Box 1328
Wilmington, DE 19899
**FIRST CLASS MAIL**

Thomas P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
**FIRST CLASS MAIL**

Joseph Gula, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
**FIRST CLASS MAIL**

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**FIRST CLASS MAIL**

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY 10038
**FIRST CLASS MAIL**

Jennifer Scoliard, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE 19801
**FIRST CLASS MAIL**

Joseph H. Riches, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
**FIRST CLASS MAIL**

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806-4056
**FIRST CLASS MAIL**

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Minor Street
P.O. Box 796
West Chester, PA 19381-0796
**FIRST CLASS MAIL**

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899
**FIRST CLASS MAIL**

Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
**FIRST CLASS MAIL**

Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE 19801
**FIRST CLASS MAIL**

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801
**FIRST CLASS MAIL**

Donald M. Davis
Margolis Edelstein
The Curtis Center – 4th Floor
Independence Square West
Philadelphia, PA 19106-3304
**FIRST CLASS MAIL**

Randall E. Robbins, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**FIRST CLASS MAIL**

Richard K. Hohn, Esq.
Hohn & Scheverle
Eleven Penn Center
Suite 2901
Philadelphia, PA 19103
**FIRST CLASS MAIL**

_____
Paul A. Bradley

EXHIBIT 8

196

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

2007 DEC -3  PM 4:22

| | |
|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) C.A. No. 02C-05-263 (JRS) |
| | ) |
| | ) Non-Arbitration Case |
| Plaintiffs, | ) |
| | ) |
| v. | ) CONSOLIDATED |
| | ) |
| MOTIVA ENTERPRISES L.L.C., et al., | ) Trial by Jury of 12 Demanded |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO NORTHEAST CONTROLS, INC.'S CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, answers in correspondingly numbered paragraphs the Cross-claims Against All Co-Defendants asserted by defendant Northeast Controls, Inc. ("Northeast Controls' Cross-Claim"). All allegations not specifically admitted are denied.

## ANSWER TO NORTHEAST CONTROLS' CROSS-CLAIM

24.    To the extent that Northeast Controls' Cross-Claim sets forth allegations concerning Fisher, Fisher denies all such allegations. To the extent that Northeast Controls' Cross-Claim contains allegations concerning other defendants or third-party defendants, Fisher states that it is not required to respond to those allegations. To the extent that the allegations set forth in Northeast Controls' Cross-Claim are conclusions of law, Fisher states that it is not required to respond to those allegations.

## PRAYER FOR RELIEF

Having fully answered Northeast Controls' Cross-Claim, Fisher prays for the following

relief:

    1.      That the Court dismiss Northeast Controls' Cross-Claim against Fisher with prejudice;

    2.      That Fisher be awarded its attorneys fees and all costs incurred, plus interest, in connection with its defense against Northeast Controls' Cross-Claim against Fisher;

    3.      That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.

Date: December 9, 2002

McCARTER & ENGLISH, LLP

Paul A. Bradley
919 Market Street, Suite 1800
Wilmington, DE 19899
(302) 984-6333
Attorneys for Defendant
Fisher Controls International, Inc.

Date: December 9, 2002

RIDDELL WILLIAMS P.S.

Patrick D. McVey
1001 Fourth Avenue Plaza
Suite 4500
Seattle, WA 98415
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) | C.A. No. 02C-05-263 (JRS) |
| | ) | |
| | ) | Non-Arbitration Case |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CONSOLIDATED |
| | ) | |
| MOTIVA ENTERPRISES L.L.C., et al., | ) | Trial by Jury of 12 Demanded |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that two true and correct copies of the attached

ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO

NORTHEAST CONTROLS, INC.'S CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS

were served this 9th day of December 2002, to the following counsel of record by delivery as

noted:

Michael K. Tighe, Esq.
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
**FIRST CLASS MAIL**

David C. Culley, Esq.
Tybout, Redfearn & Pell
Suite 1110
300 Delaware Avenue
Wilmington, DE 19801
**FIRST CLASS MAIL**

Gregory A. Inskip, Esq.
Potter Anderson & Corroon, LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
**FIRST CLASS MAIL**

Marc S. Casarino, Esq.
White and Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
**FIRST CLASS MAIL**

Roger D. Landon, Esq.
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989
**FIRST CLASS MAIL**

Paul Lukoff, Esq.
Prickett, Jones & Elliott
1301 King Street
P.O. Box 1328
Wilmington, DE 19899
**FIRST CLASS MAIL**

Thomas P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
**FIRST CLASS MAIL**

Joseph Gula, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
**FIRST CLASS MAIL**

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
**FIRST CLASS MAIL**

Jennifer, Scoliard, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE 19801
**FIRST CLASS MAIL**

Joseph H. Riches, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
**FIRST CLASS MAIL**

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806-4056
**FIRST CLASS MAIL**

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Miner Street
P.O. Box 796
West Chester, PA 19381-0796
**FIRST CLASS MAIL**

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899
**FIRST CLASS MAIL**

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY 10038
**FIRST CLASS MAIL**

Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
**FIRST CLASS MAIL**

Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE 19801
**FIRST CLASS MAIL**

Donald M. Davis
Margolis Edelstein
The Curtis Center – 4th Floor
Independence Square West
Philadelphia, PA 19106-3304
**FIRST CLASS MAIL**

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801
**FIRST CLASS MAIL**

Randall E. Robbins, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**FIRST CLASS MAIL**

Richard K. Hohn, Esq.
Hohn & Scheuerle
Eleven Penn Center
Suite 2901
Philadelphia, PA 19103
**FIRST CLASS MAIL**

_____
Paul A. Bradley

EXHIBIT 9

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD W. OLSON and<br>CAROL OLSON, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>MOTIVA ENTERPRISES, L.L.C., et al.,<br><br>Defendants. | ) C.A. No. 02C-04-263 (JRS)<br>)<br>) Non-Arbitration Case<br>)<br>) Consolidated with:<br>) C.A. No. 02C-05-168 (JRS)<br>) C.A. No. 02C-05-169 (JRS)<br>) C.A. No. 02C-05-190 (JRS)<br>) |

## DEFENDANT FISHER CONTROLS INTERNATIONAL, INC.'S ANSWER TO CROSS-CLAIMS AGAINST FISHER INTERNATIONAL, INC. ASSERTED BY NORTHEAST CONTROLS, INC. (*IN THE PRAXAIR CASE*)

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, answers in correspondingly numbered paragraphs the cross-claims asserted by Northeast Controls, Inc. ("Northeast's Cross-Claims"). All allegations not specifically admitted are denied.

## ANSWER TO NORTHEAST'S CROSS-CLAIMS AGAINST FISHER INTERNATIONAL, INC.

50.    Denied.

## ANSWER TO NORTHEAST'S CROSS-CLAIMS AGAINST CONNECTIV OPERATING SERVICES COMPANY, TEXACO DEVELOPMENT CORP. AND GARY DELGREGO

52.    Paragraph 52 of Northeast's Cross-Claims sets forth allegations concerning other defendants or third-party defendants. Fisher Controls is not required to respond.

## PRAYER FOR RELIEF

Having fully answered Northeast's Cross-Claims, Fisher prays for the following relief:

1.    That the Court dismiss Northeast's Cross-Claims against Fisher with prejudice;

2.     That Fisher be awarded its attorneys fees and all costs incurred, plus interest, in connection with its defense against Northeast's Cross-Claims against Fisher;

3.     That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.

Date: March ___, 2003

MCCARTER & ENGLISH, LLP

Paul A Bradley (DE Bar ID #2156)
McCARTER & ENGLISH
919 Market Street, Suite 1800
Wilmington, DE 19899
(302) 984-6333
Attorneys for Defendant
Fisher Controls International, Inc.

Date: March ___, 2003

RIDDELL WILLIAMS P.S.

Patrick D. McVey
1001 Fourth Avenue Plaza
Suite 4500
Seattle, WA 98415
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON, and CAROL OLSON, his wife, | ) | C.A. No. 02C-04-263 (JRS) |
| | ) | |
| | ) | Non-Arbitration Case |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CONSOLIDATED |
| | ) | |
| MOTIVA ENTERPRISES L.L.C., et al., | ) | Trial by Jury of 12 Demanded |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that one true and correct copy of the attached **DEFENDANT FISHER CONTROLS INTERNATIONAL, INC.'S ANSWER TO CROSSCLAIM ASSERTED AGAINST FISHER INTERNATIONAL, INC. ASSERTED BY NORTHEAST CONTROLS, INC.** (*IN THE PRAXAIR CASE*) was served this 19th day of March, 2003, to the following counsel of record by first class mail, postage prepaid.

Michael K. Tighe, Esq.
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899

Gregory A. Inskip, Esq.
Potter Anderson & Corroon, LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

David C. Culley, Esq.
Tybout, Redfearn & Pell
Suite 1110
300 Delaware Avenue
Wilmington, DE 19801

Marc S. Casarino, Esq.
White and Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Roger D. Landon, Esq.
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989

Paul Lukoff, Esq.
Prickett, Jones & Elliott
1301 King Street
P.O. Box 1328
Wilmington, DE 19899

Thomas P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Joseph Gula, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Jennifer, Scoliard, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE 19801

Joseph H. Riches, Esq.
F. Warren Jacoby, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806-4056

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Miner Street
P.O. Box 796
West Chester, PA 19381-0796

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY 10038


Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395


Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE 19801


Donald M. Davis
Margolis Edelstein
The Curtis Center – 4th Floor
Independence Square West
Philadelphia, PA 19106-3304

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801


Randall E. Robbins, Esq.
Joseph Handlon, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899


Richard K. Hohn, Esq.
Hohn & Scheuerle
Eleven Penn Center
Suite 2901
Philadelphia, PA 19103


_____
Paul A. Bradley

EXHIBIT 10

332

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

2003 JUL 17  PM 2: 34

| | |
|---|---|
| RONALD W. OLSON and<br>CAROL OLSON, his wife | ) C.A. No. 02C-04-263 (JRS)<br>) Non-Arbitration Case |
| | ) |
| Plaintiffs, | ) |
| v. | ) Consolidated with: |
| | ) |
| MOTIVA ENTERPRISES, L.L.C., et al. | ) C.A. No. 02C-05-169 (JRS) |
| | ) C.A. No. 02C-05-190 (JRS) |
| Defendants. | ) C.A. No. 02C-05-168 (JRS) |
| | ) |

### ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS *(IN THE MOTIVA CASE)*

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, hereby responds to any and all cross-claims and future cross-claims. All allegations not specifically admitted are denied.

### ANSWERS TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS

1.      To the extent that any cross-claim sets forth allegations concerning Fisher, Fisher denies all such allegations.  To the extent that any cross-claim contains allegations concerning other defendants or third-party defendants, Fisher states that it is not required to respond to those allegations.  To the extent that the allegations set forth in any cross-claim are conclusions of law, Fisher states that it is not required to respond to those allegations.

### PRAYER FOR RELIEF

Having fully responded to all cross-claims, Defendant Fisher prays for the following relief:

1.      That the Court dismiss any and all cross-claims against Fisher with prejudice;

2.      That Fisher be awarded its attorneys' fees and all costs incurred, plus interest, in

connection with its defense against any and all cross-claims against Fisher;

3.      That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.

McCARTER & ENGLISH, LLP

_Paul A. Bradley_

PAUL A. BRADLEY
919 Market Street, Suite 1800
Wilmington, DE 19899
(302) 984-6300
Attorneys for Defendant
Fisher Controls International, Inc.

Date: July _10_, 2003

RIDDELL WILLIAMS P.S.

_Patrick D. McVey_

PATRICK D. McVEY
1001 Fourth Avenue Plaza
Suite 4500
Seattle, WA 98415
(206) 624-3600
Attorneys for Defendant
Fisher Controls International, Inc.

Date: July _10_, 2003

2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RONALD W. OLSON and | ) | |
| CAROL OLSON, his wife | ) | C.A. No. 02C-04-263 (JRS) |
| | ) | |
| Plaintiffs, | ) | Non-Arbitration Case |
| v. | ) | |
| | ) | Consolidated with: |
| MOTIVA ENTERPRISES, L.L.C., et al. | ) | C.A. No. 02C-05-168 (JRS) |
| | ) | C.A. No. 02C-05-169 (JRS) |
| Defendants. | ) | C.A. No. 02C-05-190 (JRS) |
| | ) | |

## NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that one true and correct copy of **ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS** *(IN THE MOVTIVA CASE)* was served this 11ᵗʰ day of July, 2003, to the following counsel of record by first class mail, postage prepaid.

Michael K. Tighe, Esq.
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899

Gregory A. Inskip, Esq.
Potter Anderson & Corroon, LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

David C. Culley, Esq.
Tybout, Redfearn & Pell
Suite 1110
300 Delaware Avenue
Wilmington, DE 19801

Marc S. Casarino, Esq.
White and Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709

Roger D. Landon, Esq.
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, DE 19899-8989

Paul Lukoff, Esq.
Prickett, Jones & Elliott
1301 King Street
P.O. Box 1328
Wilmington, DE 19899

P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Joseph Guia, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Sean J. Bellew, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE 19801

Joseph H. Riches, Esq.
F. Warren Jacoby, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806-4056

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Miner Street
P.O. Box 796
West Chester, PA 19381-0796

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY 10038

Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE 19801

Donald M. Davis, Esq.
Margolis Edelstein
The Curtis Center – 4th Floor
Independence Square West
Philadelphia, PA 19106-3304

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE 19801

Randall E. Robbins, Esq.
Joseph Handlon, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Richard K. Hohn, Esq.
Hohn & Scheuerle
Eleven Penn Center
Suite 2901
Philadelphia, PA  19103

PAUL A. BRADLEY
DE Bar ID 2156

EXHIBIT 11

3 28

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY** 2003 JUL 14  PH 3: 54

| | | |
|---|---|---|
| RONALD W. OLSON and | ) | C.A. No. 02C-04-263 (JRS) |
| CAROL OLSON, his wife | ) | Non-Arbitration Case |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Consolidated with: |
| | ) | |
| MOTIVA ENTERPRISES, L.L.C., et al. | ) | C.A. No. 02C-05-169 (JRS) |
| | ) | C.A. No. 02C-05-190 (JRS) |
| Defendants. | ) | C.A. No. 02C-05-168 (JRS) |
| | ) | |

**ANSWER OF DEFENDANT
FISHER CONTROLS INTERNATIONAL, INC. TO ANY AND ALL
CROSS-CLAIMS AND FUTURE CROSS-CLAIMS (*IN THE PRAXAIR CASE*)**

Defendant Fisher Controls International, Inc. ("Fisher"), by and through its undersigned attorneys, hereby responds to any and all cross-claims and future cross-claims. All allegations not specifically admitted are denied.

**ANSWERS TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS**

1.    To the extent that any cross-claim sets forth allegations concerning Fisher, Fisher denies all such allegations. To the extent that any cross-claim contains allegations concerning other defendants or third-party defendants, Fisher states that it is not required to respond to those allegations. To the extent that the allegations set forth in any cross-claim are conclusions of law, Fisher states that it is not required to respond to those allegations.

**PRAYER FOR RELIEF**

Having fully responded to all cross-claims, Defendant Fisher prays for the following relief:

1.    That the Court dismiss any and all cross-claims against Fisher with prejudice;

2.    That Fisher be awarded its attorneys' fees and all costs incurred, plus interest, in

connection with its defense against any and all cross-claims against Fisher;

    3.      That the Court award such other and further relief, general and special, legal or equitable, to which Fisher may be entitled.


                        McCARTER & ENGLISH, LLP

                        _____

                        PAUL A. BRADLEY
                        919 Market Street, Suite 1800
                        P. O. Box 111
                        Wilmington, DE 19899
                        (302) 984-6300
                        Attorneys for Defendant
                        Fisher Controls International, Inc.

Date: July 14, 2003


                        RIDDELL WILLIAMS P.S.

                        _____

                        PATRICK D. McVEY
                        1001 Fourth Avenue Plaza
                        Suite 4500
                        Seattle, WA 98415
                        (206) 624-3600
                        Attorneys for Defendant
                        Fisher Controls International, Inc.

Date: July 14, 2003

WI 1: 80084.01

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RONALD W. OLSON and                      )
CAROL OLSON, his wife                    )   C.A. No. 02C-04-263 (JRS)
                                         )
            Plaintiffs,                  )   Non-Arbitration Case
     v.                                  )
                                         )   Consolidated with:
MOTIVA ENTERPRISES, L.L.C., et al.       )   C.A. No. 02C-05-168 (JRS)
                                         )   C.A. No. 02C-05-169 (JRS)
            Defendants.                  )   C.A. No. 02C-05-190 (JRS)
                                         )

## NOTICE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that one true and correct copy of **ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL, INC. TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS** *(IN THE PRAXAIR CASE)* was served this 14ᵗʰ day of July, 2003, to the following counsel of record by first class mail, postage prepaid.

Michael K. Tighe, Esq.                   Marc S. Casarino, Esq.
Tighe, Cottrell & Logan, P.A.            White and Williams, LLP
First Federal Plaza, Suite 500           824 N. Market Street, Suite 902
P.O. Box 1031                            P.O. Box 709
Wilmington, DE  19899                    Wilmington, DE  19899-0709

Gregory A. Inskip, Esq.                  Roger D. Landon, Esq.
Potter Anderson & Corroon, LLP           Murphy Spadaro & Landon
Hercules Plaza
P.O. Box 951                             824 N. Market Street, Suite 700
Wilmington, DE  19899                    P.O. Box 8989
                                         Wilmington, DE  19899-8989

David C. Culley, Esq.
Tybout, Redfearn & Pell                  Paul Lukoff, Esq.
Suite 1110                               Prickett, Jones & Elliott
300 Delaware Avenue                      1301 King Street
Wilmington, DE  19801                    P.O. Box 1328
                                         Wilmington, DE  19899

P. Wagner, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

Joseph Gula, Esq.
Elzufon, Austin, Reardon, Tarlov &
Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE  19899-1630

James A. Keller, Esq.
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102

Sean J. Bellew, Esq.
Cozen & O'Connor
1201 N. Market Street
Suite 1406
Wilmington, DE  19801

Joseph H. Riches, Esq.
F. Warren Jacoby, Esq.
Cozen & O'Connor
1900 Market Street
Philadelphia, PA  19103

Curtis C. Staropoli, Esq.
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE  19806-4056

Alexander Ewing, Esq.
Gollatz, Griffin & Ewing, P.C.
213 West Miner Street
P.O. Box 796
West Chester, PA  19381-0796

Kimberly Gattuso, Esq.
Saul Ewing, LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE  19899

James F. X. Hiler, Esq.
Wechsler & Cohen, LLP
116 John Street, 33rd Floor
New York, NY  10038

Christopher Konzelman, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395

Bradford Sandler, Esq.
Adelman, Lavine, Gold & Levin
The Wilmington Trust Bldg.
Wilmington, DE  19801

Donald M. Davis, Esq.
Margolis Edelstein
The Curtis Center – 4th Floor
Independence Square West
Philadelphia, PA  19106-3304

Delia Clark, Esq.
Rawle & Henderson, LLP
One Commerce Center
1201 N. Orange Street, Suite 786
Wilmington, DE  19801

Randall E. Robbins, Esq.
Joseph Handlon, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

Richard K. Hohn, Esq.
Hohn & Scheuerle
Eleven Penn Center
Suite 2901
Philadelphia, PA  19103

PAUL A. BRADLEY
DE Bar ID 2156

EXHIBIT 12

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE      1

02C-04-263
FILED  April 24,2002                  PERSONAL INJURY
JUDGE:  JRS                           ARBITRATION:
STATUS:  CLO    E-FILED: YES          JURY TRIAL

ROBBINS RANDALL E.          RONALD W. OLSON, ET UX
ROBBINS RANDALL E.          CAROL OLSON
                                 -- VS --
LUKOFF PAUL M.              MOTIVA ENTERPRISES,L.L.P.;
                            BATTAGLIA MECHANICAL,INC.;
                            FISHER CONTROLS INTERNATIONAL,
                            INC.;
                            HYDROCHEM INDUSTRIAL SERVICES,
                            INC.;
                            JJ WHITE,INC.;
CLARK DELIA ANN             NORTHEAST CONTROLS,INC.
                            PARSONS ENERGY AND CHEMICALS
                            GROUP,INC.;
SCOLIARD JENNIFER L.        PRAXAIR,INC.;
                            TEXACO AVIATION PRODUCTS LLC,
                            DAIKIN INDUSTRIES,LTD.;
                            SAINT-GOBAIN PERFORMANCE
                            PLASTICS;
                            RIX INDUSTRIES,INC.;_____DISMISSED SEE #485
ABER GARY W.                TEXACO DEVELOPMENT
                            CORPORATION;
ABER GARY W.                TEXACO, INC.
                                 -- VS --
SCOLIARD JENNIFER L.        CONNECTIV OPERATING SYSTEMS
                            THIRD-PARTY DEFENDANT

    04/24/2002      1   INITIAL COMPLAINT - PERSONAL INJURY
                        CERTIFICATE OF VALUE,FORM 30 INTERROGATORIES,RULE 3(h)
                        RANDALL, ROBBINS, ESQ._____KDC

    04/30/2002      2   PLAINTIFF'S MOTION TO EXPEDITED DISCOVERY IS TO BE
                        HEARD BY THE COURT BY TELECONFERENCE AT 2:30 P.M. ON
                        05/06/02.                                          NR

    04/30/2002      3   NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF
                        INTERROGATORIES DIRECTED TO DEFENDANTS MOTIVA
                        ENTERPRISES LLC, FISHER CONTROLS INTERNATIONAL,INC.,
                        PARSONS ENERGY AND CHEMICALS GROUP,INC., AND PRAXAIR,
                        INC.                                               NR

    04/30/2002      4   NOTICE OF SERVICE OF PLAINTIFFS' FIRST REQUEST FOR THE
                        PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS MOTIVA
                        ENTERPRISES LLC, FISHER CONTROLS INTERNATIONAL,INC.,
                        PARSONS ENERGY AND CHEMICALS GROUP,INC., AND PRAXAIR,
                        INC.                                               NR

    05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                        MOTIVA ENTERPRISES L.L.P. ON 05/01/02.             NR

    05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    2

02C-04-263

                    BATTAGLIA MECHANICAL, INC. ON 05/01/02.                    NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    FISHER CONTROLS INTERNATIONAL, INC., ON 05/01/02.         NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    HYDRO CLEAN CO., INC., ON 05/01/02.                        NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    JJ WHITE, INC., ON 05/01/02.                               NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    NORTHEAST CONTROLS, INC. ON 05/01/02.                      NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    PARSONS ENERGY AND CHEMICALS GROUP, INC. ON 05/01/02. NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    PRAXAIR, INC,; ON 05/01/02.                                NR

05/01/2002          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    TEXACO AVIATION PRODUCTS LLC, ON 05/01/02.                 NR

05/06/2002     5    HEARING BEFORE ALFORD, J. BY TELECONFERENCE ON
                    MONDAY, 05/06/02 AT 2:30 P.M. PLAINTIFF'S MOTION
                    FOR EXPEDITED DISCOVERY DECISION: GRANTED. FORM OF
                    ORDER TO BE SUBMITTED TO THE COURT.              NR

05/06/2002     6    ENTRY OF APPEARANCE OF GARY W. LIPKIN, ESQ. FOR
                    DEFENDANT, PRAXAIR, INC. IN THE ABOVE-CAPITONED
                    MATTER.                                          NR

05/09/2002     7    LETTER DATED 05/09/2002 FROM RANDALL E. ROBBINS TO
                    JUDGE ALFORD: PURSUANT TO INSTRUCTIONS FORM YOUR HONORS
                    OFFICE, WE ARE SUBMITTING A PROPOSED FORM OF ORDER
                    TOGETHER WITH THIS LETTER. DEFENSE COUNSEL HAVE BEEN
                    INFORMED THAT THEY MAY ALSO SUBMIT A FORM OF ORDER.  NR
                    (PROPOSED ORDER ATTACHED)

05/09/2002     8    DEFENDANT'S MOTION FOR PRO HAC VICE OF JOSEPH H.
                    RICHES, ESQ., (NJ, NY, PA) ; GARY W. LIPKIN ESQ.,
                    LOCAL (HLA - 05/17/02).                          ALK

05/14/2002     9    LETTER DATED 05/10/2002 FROM GARY F. TRAYNOR, ESQ. TO
                    JUDGE ALFORD: ON BEHALF OF MOTIVA ENTERPRISES, L.L.C.
                    AND WITH THE CONCURRENCE AS TO FORM OF PRAXAIR, INC. AND
                    PARSONS ENERGY AND CHEMICAL GROUPS, INC., I AM
                    SUBMITTINGS HEREWITH A PROPOSED FORM OF ORDER WHICH WE
                    BELIEVE IS CONSISTENT WITH YOUR HONOR'S RULING DURING
                    THE MAY 6 TELECONFERENCE IN THE ABOVE-REFERENCED
                    CASE.                                            NR

05/14/2002          #7    SO ORDER, ON 05/14/2002 BY ALFORD, J. IT IS
                    HEREBY ORDERED THAT THE EXPEDITED DISCOVERY DEFENDANTS

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE      3

02C-04-263

        SHALL SERVE ON PLAINTIFFS' COUNSEL ON OR BEFORE
        05/15/02 AN ANSWER TO THE FOLLOWING INTERROGATORY:
        "IDENTIFY EVERY POSSIBLE PERSON (OTHER THAN INDIVIDUALS
        EMPLOYED BY THE DEFENDANTS OR INDIVIDUALS EMPLOYED BY
        ENTITIES BY THE DEFENDANTS) OR ENTITY, NOT PRESENTLY
        NAMED AS A DEFENDANT, THAT MAY BE LIABLE AND/OR
        RESPONSIBLE FOR THE MAY 20,2002 OXYGEN EXPLOSION AT THE
        DELAWARE CITY POWER PLANT."                            NR

05/15/2002   10  NOTICE OF SERVICE OF MOTIVA ENTERPRISES L.L.C'S
                 OBJECTIONS AND ANSWER TO PLAINTIFFS' EXPEDITED
                 INTERROGATORY DIRECTED TO EXPEDITED DISCOVERY
                 DEFENDANTS.                                   NR

05/15/2002   11  NOTICE OF SERVICE OF DEFENDANT PRAXAIR,INC.'S
                 OBJECTIONS AND RESPONSE TO COURT-ORDERED
                 INTERROGATORY                                 NR

05/16/2002   12  DEFENDANT FISHER CONTROL INTERNATIONAL,INC.'S ANSWER TO
                 EXPEDITED DISCOVERY                           NR

05/16/2002   13  NOTICE OF DEPOSITION (DUCES TECUM) OF THE RECORDS
                 CUSTODIAN OF PMA MANAGEMENT CORP., ON WEDNESDAY,
                 05/05/02.                                     NR

05/16/2002   14  DEFENDANT'S MOTION FOR PRO HAC VICE OF F. WARREN
                 JACOBY, ESQ., (PA) ; GARY W. LIPKIN, ESQ., LOCAL
                 (HLA - 05/22/02).                             ALK

05/17/2002   15  NOTICE OF SERVICE OF INTERROGATORIES DIRECTED TO
                 PLAINTIFFS BY DEFENDANT BATTAGLIA MECHANICAL,INC., AND
                 REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFFS BY
                 DEFENDANT BATTAGLIA MECHANICAL,INC.           NR

05/20/2002   16  FIRST AMENDED COMPLAINT FILED ON 05/20/2002 ADDING
                 ADDITIONAL DEFENDANTS.

05/22/2002   17  WRIT RETURNED
                 SERVED NORTHEAST CONTROLS,INC.
                 BY SERVING SECRETARY OF STATE ON 05/22/02
                 10 DEL. C. 3104.                              NR

05/23/2002       #9 SIGNED BY ALFORD, J. ON 05/22/02, SO ORDERED.   ALK

05/23/2002   18  WRIT RETURNED
                 NON EST AS TO MOTIVA ENTERPRISES LLP
                 ON MAY 22, 2002.                              DME

05/23/2002   18  WRIT RETURNED
                 SERVED BATTAGLIA MECHANICAL, INC., BY SERVING
                 REGISTERED AGENT ON MAY 7, 2002.              DME

05/23/2002   18  WRIT RETURNED
                 SERVED FISHER CONTROLS INTERNATIONAL BY SERVING

```
                    SUPERIOR COURT - NEW CASTLE COUNTY
                          AS OF 08/27/2007                    PAGE      4

02C-04-263
                    REGISTERED AGENT ON MAY 3, 2002.                    DME

05/23/2002    18    WRIT RETURNED
                    SERVED HYDRO CLEAN CO., INC., BY SERVING
                    REGISTERED AGENT ON MAY 7, 2002.                    DME

05/23/2002    18    WRIT RETURNED
                    SERVED JJ WHITE INC BY SERVING
                    REGISTERED AGENT ON MAY 7, 2002.                    DME

05/23/2002    18    WRIT RETURNED
                    SERVED PARSONS ENERGY AND CHEMICALS GROUP BY SERVING
                    REGISTERED AGENT ON MAY 3, 2002.                    DME

05/23/2002    18    WRIT RETURNED
                    SERVED PRAXAIR INC BY SERVING
                    REGISTERED AGENT ON MAY 3, 2002.                    DME

05/23/2002    18    WRIT RETURNED
                    SERVED TEXACO AVIATION PRODUCTS LLC BY SERVING
                    REGISTERED AGENT ON MAY 7, 2002.                    DME

05/23/2002          #14 SIGNED BY ALFORD, J. ON 05/22/02, SO ORDERED.   ALK

05/31/2002    19    BATTAGLIA MECHANICAL, INC.'S ANSWER TO COMPLAINT     NR

05/31/2002    20    BATTAGLIA MECHANICAL,INC.'S ANSWER TO FORM 30
                    INTERROGATORIES                                     NR

05/31/2002    21    BATTAGLIA MECHANICAL,INC.'S ANSWER TO FIRST AMENDED
                    COMPLAINT                                           NR

06/04/2002    22    NOTICE OF RECORDS DEPOSITION ONLY OF THE RECORDS
                    CUSTODIAN, CONECTIVE OPERATING SERVICES COMPANY,INC.,
                    C/O CONECTIVE RESOURCE PARTNERS,INC., ON TUESDAY,
                    06/25/02 AT 10:00 A.M.                              NR

06/05/2002    23    FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    JJ WHITE,INC. ON 06/05/02                           NR

06/05/2002    23    FIRST AMENDED - (2) SUMMONS SENT TO SHERIFF FOR
                    SERVICE ON NORTHEAST CONTROLS,INC. ON 06/05/02.

06/05/2002    23    FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    TEXACO AVIATION PRODUCTIONS LLC ON 06/05/02.        NR

06/05/2002    23    FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    DAIKIN INDUSTRIES,LTD ON 06/05/02.                  NR

06/05/2002    23    FIRST- AMENDED SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    SAINT-GOBAIN PERFORMANCE PLASTICS ON 06/05/02.      NR

06/05/2002    23    FIRST AMENDED - SUMMONS SENT OT SHERIFF FOR SERVICE ON
                    RLX INDUSTRIES ON 06/05/02                          NR
```

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                        PAGE      5

02C-04-263
06/05/2002     23   FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    TEXACO GLOBAL GAS AND POWER ON 06/05/02               NR

06/05/2002     23   FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    TEXACO DEVELOPMENT CORPORATION ON 06/05/02            NR

06/05/2002     23   FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    GARY DELGREGO ON 06/05/02                             NR

06/05/2002     23   FIRST AMENDED - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    HYDROCHEM INDUSTRIAL SERVICES ON 06/05/02.            NR

06/06/2002     24   AMENDMENT TO THE COMPLAINT PURSUANT TO 10 DEL.C. 3104
                    AS TO DEFT. NORTHEAST CONTROLS,INC. REGISTERED MAIL
                    SENT ON 05/29/02 BY ATTORNEY RANDALL E. ROBBINS,ESQ. NR

06/07/2002     25   ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL,INC.
                    TO FIRST AMENDED COMPLAINT                            NR

06/11/2002     26   FISHER CONTROLS INTERNATIONAL,INC.'S ANSWER TO FORM 30
                    INTERROGATORIES                                       NR

06/11/2002     27   ENTRY OF APPEARANCE OF GREGORY B. WILLIAMS AND SHELDON
                    K. RENNIE AS COUNSEL FOR DEFT. PARSONS ENERGY AND
                    CHEMICAL GROUP,INC. IN THE ABOVE-CAPTIONED MATTER.    NR

06/12/2002     28   DEFENDANT'S MOTION FOR PRO HAC VICE OF JACQUELINE M.
                    CAROLAN, ESQ. (NJ, PA) ; GREGORY WILLIAMS, ESQ.
                    LOCAL (HLA - 06/18/02)                                ALK

06/13/2002     29   ANSWER OF MOTIVA ENTERPRISES LLC TO CROSSCLAIM OF
                    FISHER CONTROLS INTERNATIONAL,INC.                    NR

06/13/2002     30   BATTAGLIA MECHANICAL,INC'S ANSWER TO ANY AND ALL FUTURE
                    CROSSCLAIMS                                           NR

06/17/2002     31   ANSWER AND CROSSCLAIM OF PRAXIR,INC. TO PLAINTIFF'S
                    FIRST AMENDED COMPLAINT                               NR

06/17/2002     32   ANSWER OF DEFENDANT PRAXAIR,INC. TO CROSSCLAIM OF
                    BATTAGLIA MECHANICAL,INC.                             NR

06/17/2002     33   DEFENDANT PRAXAIR INC'S ANSWERS TO FORM 30
                    INTERROGATORIES                                       NR

06/17/2002     34   ANSWER OF DEFT. PRAXAIR,INC. TO THE CROSSCLAIM FOR
                    CONTRIBUTION OF DEFT,FISHER CONTROLS,INTERNATIONAL,
                    INC.                                                  NR

06/17/2002     35   NOTICE OF SERVICE OF PLTF'S RESPONSES TO REQUEST FOR
                    PRODUCTION DIRECTED TO PLTF BY DEFT BATTAGLIA
                    MECHANICAL,INC.                                       NR

06/17/2002     36   NOTICE OF SERVICE OF PLTF'S ANSWERS TO INTERROGATORIES

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE      6

02C-04-263

BY DEFT BATTAGLIA MECHANICAL,INC.                              NR

06/19/2002    37   NOTICE OF DEPOSITION (DUCES TECUM) OF THE RECORDS
                   CUSTODIAN OF PMA MANAGEMENT CORP., ON TUESDAY, 07/16/02
                   AT 10:00 A.M.                                     NR

06/19/2002    38   COSC'S RESPONSE TO PLAINTIFFS' NOTICE OF RECORDS
                   DEPOSITION AND SUPOENA                            NR

06/19/2002    39   ENTRY OF APPEARANCE OF ROGER D. LANDON,ESQ. AS ATTORNEY
                   ON BEHALF OF THE DEFT, HYDROCHEM INDUSTRIAL SERVICES,
                   INC.                                              NR

06/20/2002    40   ALIAS - SUMMONS SENT TO SHERIFF FOR SERVICE ON
                   MOTIVA ENTERPRISES,LLC. ON 06/20/02.               NR

06/21/2002         #28 SIGNED BY COOCH, J. FOR ALFORD, J. ON 06/21/02
                   SO ORDERED.                                      ALK

06/24/2002    41   ANSWER OF DEFENDANT PARSONS ENERGY AND CHEMICALS
                   GROUP,INC. TO CROSS-CLAIM OF FISHER CONTROLS
                   INTERNATIONAL,INC. AGAINST ALL DEFENDANTS FOR
                   CONTRIBUTION                                      NR

06/24/2002    42   ANSWER OF DEFENDANT PARSONS ENERGY AND CHEMICALS
                   GROUP,INC. TO CROSS-CLAIM OF PRAXAIR,INC. AGAINST ALL
                   DEFENDANTS FOR INDEMNIFICATION AND/OR CONTRIBUTION   NR

06/24/2002    43   ANSWER OF DEFENDANT PARSONS ENERGY AND CHEMICALS
                   GROUP,INC. TO CROSS-CLAIM OF DEFENDANT BATTAGLIA,INC.
                   FOR CONTRIBUTION AND INDEMNIFICATION                NR

06/25/2002    44   ENTRY OF APPEARANCE OF BRADFORD J. SANDLER,ESQ. AS
                   COUNSEL FOR J.J. WHITE,INC.                        NR

06/25/2002    45   ANSWER AND CROSSCLAIM OF DEFENDANT J.J. WHITE,INC. TO
                   PLAINTIFFS' FIRST AMENDED COMPLAINT                NR

06/26/2002    46   ANSWER OF MOTIVA ENTERPRISES L.L.P. TO CROSSCLAIM OF
                   PRAXAIR,INC.                                       NR

06/26/2002    47   WRIT RETURNED - FIRST AMENDED
                   SERVED DIKIN INDUSTRIES,LTD.
                   BY SERVING SECRETARY OF STATE ON 06/10/02
                   10 DEL. C. 3104.                                   NR

06/26/2002    47   WRIT RETURNED - FRIST AMENDED
                   SERVED SAINT-GOBAIN PERFORMANCE PLASTICS
                   BY SERVING SECRETARY OF STATE ON 06/10/02
                   10 DEL. C. 3104.                                   NR

06/26/2002    47   WRIT RETURNED - FRIST AMENDED
                   SERVED RIX INDUSTRIS
                   BY SERVING SECRETARY OF STATE ON 06/10/02

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                     PAGE        7

02C-04-263
                    10 DEL. C. 3104.                                          NR

06/26/2002     47   WRIT RETURNED - FIRST AMENDED
                    SERVED GARY DELGRECO
                    BY SERVING SECRETARY OF STATE ON 06/10/02
                    10 DEL. C. 3104.                                          NR

06/26/2002     47   WRIT RETURNED - FRIST AMENDED
                    SERVED NORTHEAST CONTROLS, INC., AT 3 ENTERPRISE AVE.
                    CLIFTON PARK, NY 12065 AND NORTHEAST CONTROLS, INC.,
                    BY SERVING MICHALE J. PETERS, CHAIRMAN, 51 TIMBERWICK
                    DR., CLIFTON PARK, NY 12065, BY SERVING THE
                    SECRETARY OF STATE ON 6/10/2002
                    10 DEL. C. 3104.

06/25/2002     48   WRIT RETURNED - ALIAS
                    SERVED MOTIVA ENTERPRISES L.L.C. BY SERVING THEIR
                    REGISTERED AGENT, ALLAN STACHURA, TEAM LEADER ON
                    06/25/02.                                                 NR

06/26/2002     49   NOTICE OF DEPOSITION (DUCES TECUM) OF THE RECORDS
                    CUSTODIAN OF GREGORY ADAMS,M.D., ON FRIDAY, 07/19/02
                    AT 10:00 A.M.                                             NR

06/27/2002     50   SUBSTITUTION OF COUNSEL; PLEASE WITHDRAW THE APPEARANCE
                    OF STEPHEN P. CASARINO,ESQ. AND ENTER THE APPEARANCE OF
                    PAUL A. BRADLEY,ESQ AS COUNSEL FOR FISHER CONTROLS
                    INTERNATIONAL,INC.                                        NR

06/27/2002     51   NOTICE OF SERVICE OF INTERROGATORIES OF DEFT PRAXAIR,
                    INC., EXPERT INTERROGATORIES OF DEFT PRAXAIR,INC., AND
                    REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS OF DEFT
                    PRAXAIR,INC. ADDRESSED TO PLAINTIFF'S                      NR

06/27/2002     52   ENTRY OF APPEARANCE OF KIMBERLY L. GATTUSO,ESQ. ON
                    BEHALF OF DEFENDANT'S TEXACO AVIATION PRODUCTS,LLC,
                    TEXACO DEVELOPMENT CORP. AND GARY DELGRECO             NR

06/28/2002     53   WRIT RETURNED - FRIST AMENDED
                    SERVED JJ WHITE,INC BY SERVING MRS.PARNELL,SECRETARY
                    OF SAID REGISTERED AGENT ON 06/11/02.                     NR

06/28/2002     53   WRIT RETURNED_ - FIRST AMENDED
                    SERVED HYDROCHEM INDUSTRIAL BY SERVING JOANNE MAYM1,
                    REGISTERED AGENT ON 06/11/02.                             NR

06/28/2002     53   WRIT RETURNED - FIRST AMENDED
                    SERVED TEXACO AVIATION PRODUCTS LLC., BY SERVING
                    REGISTERED AGENT ON 5/14/2002.

06/28/2002     53   WRIT RETURNED - FIRST AMENDED
                    SERVED TEXACO DEVELOPMENT CORPORATION, BY SERVING
                    REGISTERED AGENT ON 6/12/2002.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE        8

02C-04-263

06/28/2002    53   WRIT RETURNED - FIRST AMENDED
                   SERVED TEXACO GLOBAL GAS AND POWER,  BY SERVING
                   REGISTERED AGENT ON 6/12/2002.

07/01/2002    54   DEFENDANT PRAXAIR INC'S AMENDED ANSWERS TO FORM 30
                   INTERROGATORIES                                    NR

07/02/2002    55   DEFENDANT MOTIVA ENTERPRISES LLC'S ANSWERS TO FORM 30
                   INTERROGATORIES                                    NR

07/02/2002    56   MOTIVA ENTERPRISES L.L.C., ANSWER TO COMPLAINT.

07/02/2002    57   ENTRY OF APPEARANCE OF PAUL M. LUKOFF,ESQ. ON BEHALF OF
                   THE DEFENDANT, MOTIVA ENTERPRISES LLC               NR

07/02/2002    58   NOTICE OF SERVICE OF MOTIVA ENTERPRISES LLC'S REQUEST
                   FOR PRODUCTION DIRECTED TO PLAINTIFFS, REQUEST UNDER
                   RULE 9(G) AND INTERROGATORIES DIRECTED TO PLAINTIFFS NR

07/02/2002    59   ANSWER OF MOTIVA ENTERPRISES LLC TO CROSSCLAIM OF
                   J.J. WHITE,INC.                                    NR

07/03/2002    60   DEFENDANT'S MOTION FOR PRO HAC VICE OF MARK C. LEVY,
                   ESQ., (MA PA) ; KIMBERLY L. GATTUSO ESQ. LOCAL
                   (HLA - 07/18/02).                                 ALK

07/03/2002    61   DEFENDANT'S MOTION FOR PRO HAC VICE OF JAMES A. KELLER,
                   ESQ., (NJ PA) ; KIMBERLY GATTUSO, ESQ., LOCAL
                   (HLA - 07/18/02).                                 ALK

07/03/2002    62   DEFENDANT'S MOTION FOR PRO HAC VICE OF DONALD DAVIS
                   ESQ. (PA) ; BRANDFORD J. SANDLER, ESQ. LOCAL
                   (HLA - 07/18/02).                                 ALK

07/09/2002    63   NOTICE OF DEPOSITION (DUCES TECUM) OF THE FOLLOWING
                   RECORDS CUSTODIANS ON TUESDAY,08/06/02 AT 10:00 A.M.;
                   BLUE HEN PHYSICAL THERAPY, VICTOR R. KALMAN,D.O.    NR

07/12/2002    64   ANSWER OF DEFENDANT,PRAXAIR,INC. TO THE CROSSCLAIM FOR
                   INDEMNIFICATION AND/OR CONTRIBUTION OF DEFENDANTS,
                   J.J. WHITE,INC.                                    NR

07/12/2002    65   DEFENDANT PARSONS ENERGY AND CHEMICALS GROUP,INC.'S
                   ANSWERS TO FORM 30 INTERROGATORIES                 NR

07/12/2002    66   ANSWER OF DEFENDANT PARSONS ENERGY AND CHEMICALS
                   GROUP,INC. TO DEFENDANT J.J. WHITE,INC.'S CROSS-CLAIM
                   FOR INDEMNIFICATION AND/OR CONTRIBUTION            NR

07/12/2002    67   ANSWER,AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF
                   DEFENDANT PARSONS ENERGY AND CHEMICALS GROUP,INC. TO
                   PLAINTIFFS' FIRST AMENDED COMPLAINT                NR

07/12/2002    68   ANSWER OF DEFENDANT PARSONS ENERGY AND CHEMICALS

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE      9

02C-04-263

          GROUP,INC. TO CROSS-CLAIM OF DEFENDANT MOTIVA
          ENTERPRISES,LLC.                                    NR

07/16/2002    69   AMENDMENT TO THE COMPLAINT PURSUANT TO 10 DEL.C.3104
                   AS TO DEFT RIX INDUSTRIES REGISTERED MAIL SENT ON
                   06/27/02 BY ATTORNEY RANDALL E. ROBBINS,ESQ.         NR

07/16/2002    70   AMENDMENT TO THE COMPLAINT PURSUANT TO 10 DEL.C. 3104
                   AS TO DEFT, SAINT-GOBAIN PERFORMANCE REGISTERED MAIL
                   SENT ON 06/27/02 BY ATTORNEY RANDALL E. ROBBINS,ESQ. NR

07/16/2002    71   NORTHEAST CONTROLS,INC.'S ANSWER TO PLAINTIFFS' FIRST
                   AMENDED COMPLAINT,CROSSCLAIMS AND THIRD-PARTY
                   COMPLAINT FILED ON 07/16/02.                         NR

07/16/2002    72   DEFENDANT NORTHEAST CONTROLS,INC'S ANSWER TO FORM 30
                   INTERROGATORIES                                      NR

07/17/2002    73   NOTICE OF SERVICE OF INTERROGATORIES OF DEFT PARSONS
                   ENERY AND CHEMICALS GROUP,INC. ADDRESSED TO PLAINTIFFS;
                   REQUEST UNDER RULE 9(G) AND REQUEST FOR PRODUCTION OF
                   DOCUMENTS OF DEFT PARSONS ENERGY AND CHEMICALS GROUP,
                   INC. ADDRESSED TO PLTFS                              NR

07/19/2002    74   ANSWER OF DEFENDANT FISHER CONTROLS INTERNATIONAL,INC.
                   TO CROSSCLAIMS BY PRAXAIR,INC.                       NR

07/19/2002    75   THIRD-PARTY SUMMONS SENT TO SHERIFF FOR SERVICE ON
                   CONECTIV OPERATING SYSTEMS CN 07/19/02.              NR

07/23/2002         #61 SIGNED BY ALFORD, J. ON 07/23/02, SO ORDERED.    ALK

07/23/2002         #62 SIGNED BY ALFORD, J. ON 07/23/02, SO ORDERED.    ALK

07/23/2002         #60 SIGNED BY ALFORD, J. ON 07/23/02, SO ORDERED.    ALK

07/23/2002    76   LETTER DATED 07/23/02 FROM PROTHONOTARY TO COUNSEL:
                   THE ABOVE CAPTIONED CASE HAS BEEN REASSIGNED TO JUDGE
                   SLIGHTS.                (WAS HLA)                    ED

07/23/2002    77   AMENDMENT TO THE COMPLAINT PURSUANT TO 10 DEL.C. 3104
                   AS TO DEFENDANT GRAY DELGRECO REGISTERED MAIL SENT ON
                   06/27/02 BY ATTORNEY RANDALL E. ROBBINS,ESQ.         NR

07/24/2002    78   WRIT RETURNED - THIRD-PARTY
                   SERVED CONNECTIV OPERATING SYSTEMS BY SERVING JUDITH,
                   SECRETARY ON 07/23/02.                               NR

07/25/2002    79   J.J. WHITE,INC.'S ANSWER TO CROSSCLAIM OF PRAXAIR,INC.
                   AGAINST ALL DEFENDANTS FOR INDEMNIFICATION AND/OR
                   CONTRIBUTION                                         NR

07/25/2002    80   ANSWER OF DEFENDANT J.J. WHITE,INC. TO NEW MATTER
                   CROSSCLAIMS OF DEFENDANT PARSONS ENERGY              NR

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE     10

02C-04-263

| 07/25/2002 | 81 | ANSWER OF DEFENDANT J.J. WHITE,INC. TO CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION OF DEFENDANT NORTHEAST CONTROLS,INC. | NR |
| 07/25/2002 | 82 | ANSWER OF DEFENDANT J.J. WHITE,INC. TO CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION OF DEFENDANT BATTAGLIA MECHANICAL,INC. | NR |
| 07/25/2002 | 83 | ANSWER OF DEFENDANT J.J. WHITE,INC. TO CROSSCLAIM FOR CONTRIBUTION OF DEFENDANT FISHER CONTROLS,INC. | NR |
| 07/25/2002 | 84 | ANSWER OF DEFENDANT J.J. WHITE,INC. TO CROSSCLAIM OF DEFENDANT MOTIVA ENTERPRISES,L.L.C. | NR |
| 07/25/2002 | 85 | ANSWER OF DEFT. FISHER CONTROLS INT'L TO CROSSCLAIMS OF DEFT. PARSONS ENGERGY AND CHEMICALS GROUP, INC. | DD |
| 07/25/2002 | 86 | ANSWER OF DEFT. FISHER CONTROLS INT'L TO CROSSCLAIM OF DEFT. J.J. WHITE, INC. | DD |
| 07/25/2002 | 87 | ANSWER OF DEFT. GARY DELGREGO TO CROSSCLAIM OF PRAXAIR, INC. | DD |
| 07/26/2002 | 88 | ANSWER OF DEFT. TEXACO AVIATION PRODUCTS TO CROSSCLAIM OF J.J. WHITE, INC. | DD |
| 07/26/2002 | 89 | ANSWER OF TEXACO DEVELOPMENT CORP. TO CROSSCLAIM OF J.J. WHITE, INC. | DD |
| 07/26/2002 | 90 | ANSWER OF GARY DELGREGO TO CROSSCLAIM OF J.J. WHITE, INC. | DD |
| 07/26/2002 | 91 | ANSWER OF DEFT. TEXACO DEVELOPMENT CORPORATION TO CROSSCLAIM OF PRAXAIR, INC. | DD |
| 07/26/2002 | 92 | ANSWER OF DEFT. TEXACO AVIATION PRODUCTS TO CROSSCLAIM OF PRAXAIR, INC. | DD |
| 07/29/2002 | 93 | NORTHEAST CONTROLS, INC'S AMENDED ANSWER, CROSSCLAIMS AND THIRD-PARTY COMPLAINT. | DD |
| 07/29/2002 | 94 | SUMMONS SENT TO SHERIFF FOR SERVICE ON CONNECTIV OPERATING SERVICES OF NORTHEAST CONTROLS, INC'S AMENDED ANSWER, CROSSCLAIMS AND THIRD-PARTY COMPLAINT. | DD |
| 07/30/2002 | 95 | ANSWER TO MOTIVA ENTERPRISES LLC TO CROSSCLAIM OF NORTHEAST CONTROLS,INC. | NR |
| 07/30/2002 | 96 | ANSWER OF MOTIVA ENTERPRISES LLC TO CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP,INC. | NR |
| 07/30/2002 | 97 | JJ WHITE INC'S ANSWER TO FORM 30 INTERROGATORIES. | |

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE    11

02C-04-263

| 07/31/2002 | 98 | DEFT. FISHER CONTROLS' MOTION FOR ADMISSION PRO HAV VICE OF PATRICK D. MCVEY, ESQ. (WA), LOCAL COUNSEL PAUL A. BRADLEY, ESQ., TO BE PRESENTED AT THE CONVENIENCE OF THE COURT. | DD |

| 08/05/2002 | 99 | ANSWER OF DEFT. PRAXAIR, INC. TO THE CROSSCLAIM FOR CONTRIBUTION OF DEFT. NORTHEAST CONTROLS, INC. | DD |

| 08/05/2002 | 100 | ANSWER OF DEFT. PRAXAIR, INC. TO THE CROSSCLAIM OF DEFT. MOTIVA ENTERPRISES, LLC | DD |

| 08/05/2002 | 101 | ANSWER OF DEFT. PRAXAIR, INC. TO THE CROSSCLAIMS OF DEFT., PARSONS ENERGY & CHEMICAL GROUP, INC. | DD |

| 08/05/2002 | 102 | ANSWER OF DEFT TEXACO DEVELOPMENT CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSSCLAIM AGAINST MOTIVA ENTERPRISES LLC., BATTAGLIA MECHANICAL, INC., FISHER CONTROLS INTERNATIONAL, INC., JJ WHITE, INC., NORTHEAST CONTROLS, INC., PARSONS ENERGY & CHEMICALS GROUP, INC., AND PRAXAIR, INC. | DD |

| 08/05/2002 | 103 | ANSWER OF DEFT. TEXACO AVIATION PRODUCTS LLC TO PLTF'S FIRST AMENDED COMPLAINT AND CROSSCLAIM AGAINST MOTIVA ENTERPRISES LLC, BATTAGLIA MECHANICAL, INC., FISHER CONTROLS INTERNATIONAL, INC., JJ WHITE, INC., NORTHEAST CONTROLS, INC., PARSONS ENERGY AND CHEMICALS GROUP, INC. AND PRAXAIR, INC. | DD |

| 08/06/2002 | 104 | DEFT TEXACO DEVELOPMENT CORPORATION'S ANSWERS TO FORM 30 INTERROGATORIES. | DD |

| 08/06/2002 | 105 | DEFT TEXACO AVIATION PRODUCTS LLC'S ANSWERS TO FORM 30 INTERROGATORIES. | DD |

| 08/06/2002 | 106 | DEFT. GARY DELGREGO'S MOTION TO DISMISS TO BE PRESENTED 10/09/02 AT 9:15 A.M. | DD |

| 08/07/2002 | 107 | ANSWER OF DEFT. NORTHEAST CONTROLS, INC. TO DEFT. JJ WHITE, INC'S CROSSCLAIM. | DD |

| 08/07/2002 | 108 | ANSWER OF DEFT. NORTHEAST CONTROLS, INC' TO DEFT. PRAXAIR'S CROSSCLAIM. | DD |

| 08/07/2002 | 109 | ANSWER OF DEFT NORTHEAST CONTROLS INC. TO PARSONS ENERGY & CHEMICAL GROUP, INC'S CROSSCLAIM. | DD |

| 08/07/2002 | 110 | ANSWER OF DEFT. NORTHEAST CONTROLS, INC. TO DEFT. MOTIVA ENTERPRISES, LLC'S CROSSCLAIM. | DD |

| 08/08/2002 | 111 | ANSWER OF DEFT. TEXACO AVIATION PRODUCTS LLC TO CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP, INC. | |

| 08/08/2002 | 112 | ANSWER OF DEFT. TEXACO AVIATION PRODUCTS LLC TO CROSSCLAIM OF NORTHEAST CONTROLS, INC. | DD |

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                           PAGE    12

02C-04-263

08/08/2002    113    ANSWER OF DEFT TEXACO DEVELOPMENT CORPORATION TO
                     CROSSCLAIM OF NORTHEAST CONTROLS, INC.                  DD

08/08/2002    114    ANSWER OF DEFT TEXACO AVIATION PRODUCTS LLC TO
                     CROSSCLAIM OF MOTIVA ENTERPRISES LLC.                   DD

08/08/2002    115    ANSWER OF DEFT. TEXACO DEVELOPMENT CORPORATION TO
                     CROSSCLAIM OF MOTIVA ENTERPRISES LLC.                   DD

08/08/2002    116    ANSWER OF DEFT TEXACO DEVELOPMENT CORPORATION TO____ DD
                     CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP, INC.

08/09/2002    117    DEFT FISHER CONTROLS INTERNATIONAL, INC'S ANSWER TO
                     CROSSCLAIMS OF DEFT. NORTHEAST CONTROLS, INC.          DD

08/09/2002    118    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
                     CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION OF
                     BATTAGLIA MECHANICAL, INC.                             DD

08/12/2002    120    NOTICE OF DEPOSITION (DUCES TECUM) OF THE INDUSTRIAL
                     ACCIDENT BOARD ON FRIDAY, 08/30/02 AT 10:00 A.M.       NR

08/13/2002    119    LETTER DATED 08/08/02 FROM MICHAEL TIGHE TO
                     SLIGHTS, J.  DEFT. BATTAGLIA MECHANICAL TAKES NO
                     POSITION WITH REGARD TO DEFT. GARY DELGREGO'S MOTION
                     TO DISMISS SCHEDULED FOR 10/09/02.                     DD

08/19/2002           #98 SIGNED BY SLIGHTS, J. ON 08/19/02, SO ORDERED. ALK

08/20/2002    121    PRAXAIR INC'S ANSWER TO CROSSCLAIM OF DEFT. TEXACO
                     DEVELOPMENT CORPORATION.                               DD

08/20/2002    122    PRAXAIR INC'S ANSWER TO CROSSCLAIM OF DEFT. TEXACO
                     AVIATION PRODUCTS, LLC.                                DD

08/21/2002    123    ANSWER OF MOTIVA ENTERPRISES LLC TO FIRST AMENDED
                     COMPLAINT                                              NR

08/21/2002    124    THIRD-PARTY DEFT CONECTIVE OPERATING SERVICES COMPANY,
                     INC'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT OF
                     NORTHEAST CONTROLS, INC. TO BE PRESENTED 10/04/02 AT
                     11:00 A.M.                                             DD

08/22/2002    125    WRIT RETURNED - THIRD PARTY
                     SERVED OPERATING CONNECTIV BY SERVING
                     REGISTERED AGENT ON 08/14/02.                          DD

08/27/2002    126    LETTER DATED 08/23/02 FROM MICHAEL TIGHE TO
                     SLIGHTS, J.  DEFT BATTAGLIA MECHANICAL TAKES NO
                     POSITION WITH REGARD TO THE MOTION TO DISMISSED
                     FILED BY CONECTIV OPERATING SYSTEMS CO. TO BE
                     PRESENTED 10/04/02.                                    DD

09/04/2002    127    ANSWER OF NORTHEAST CONTROLS, INC. TO TEXACO AVIATION

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE     13

02C-04-263

PRODUCTS CROSSCLAIM.                                          DD

09/10/2002    128    DAIKIN INDUSTRIES, LTD'S ANSWER TO FORM 30
                     INTERROGATORIES.                                   DD

09/10/2002    129    ANSWER TO PLTFS' FIRST AMENDED COMPLAINT & CROSSCLAIMS
                     OF DEFT. DAIKIN INDUSTRIES.                        DD

09/10/2002    130    DEFT. FISHER CONTROLS INT'L, INC'S ANSWER TO DEFT.
                     TEXACO AVIATION PRODUCTS CROSSCLAIM AGAINST MOTIVA,
                     BATTAGLIA MECH., FISHER CONTROLS., JJ WHITE, NORTHEAST
                     CONTROLS, PARSONS ENERGY AND PRAXAIR.              DD

09/10/2002    131    DEFT FISHER CONTROLS INT'L, INC'S ANSWER TO DEFT.
                     TEXACO DEVELOPMENT CORPORATION'S CROSSCLAIM AGAINST
                     MOTIVA, BATTAGLIA MECH., FISHER CONTROLS., JJ WHITE,
                     NORTHEAST CONTROLS, PARSONS ENERGY AND PRAXAIR.    DD

09/10/2002    132    DEFENDANT'S MOTION FOR PRO HAC VICE OF JAMES F.X. HILER
                     ESQ., (NY) ; DAVID CULLEY, ESQ. LOCAL
                     (JRS - 10/01/02).                                  ALK

09/13/2002    133    LETTER DATED 09/13/02 FROM SLIGHTS, J. TO ALL COUNSEL.
                     PLEASE BE ADVISED THAT THE MOTION TO DISMISS THE
                     THIRD-PARTY COMPLAINT OF NORTHEAST CONTROLS, INC.,
                     SCHEDULED TO BE PRESENTED ON 10/04/02 AT 11:00 A.M. IN
                     OLSON VS. MOTIVA, 02C-04-263 WILL NOW BE HEARD ON
                     FRIDAY, 10/25/02 AT 10:00 A.M.  THE COURT HAS SET
                     ASIDE THE MORNING TO HEAR MOTIONS.  THE SCHEDULE FOR
                     PRESENTATION FOLLOWS:
                     10:00 A.M., OLSON VS. MOTIVA, 02C-04-263
                     10:30 A.M., MOTIVA ENTERPRISES VS. FISHER CONTROLS,
                     02C-05-169;
                     11:00 A.M., GREAT AMERICAN ASSURANCE VS. FISHER
                     CONTROLS INT'L, 02C-05-168.                        DD

09/18/2002    134    PRAXAIR INC'S ANSWER TO CROSSCLAIM OF DEFT DAIKIN
                     INDUSTRIES, LTD.                                   DD

09/24/2002    135    NOTICE OF SERVICE OF PLTFS (I) FIRST SET OF
                     INTERROGATORIES;(II) FIRST SET OF DOCUMENT REQUESTS;
                     AND (III) FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED
                     TO DEFT GARY DELGREGO                              NR

10/01/2002    136    LETTER DATED 10/01/02 FROM GREGORY INSKIP TO
                     SLIGHTS, J.  I WRITE TO ADVISE THE COURT THAT CONECTIV
                     OPERATING SERVICES CO'S MOTION TO DISMISS THE
                     THIRD-PARTY COMPANY OF FISHER CONTROLS IN THE GREAT
                     AMERICAN CASE NOW SCHEDULED FOR 10/25/02 AT 10:00 A.M.
                     WILL BE DEFERRED AND CAN BE TAKEN OFF YOUR HONOR'S
                     SCHEDULE.  TWO OTHER MOTIONS REMAIN SCHEDULED.     DD

10/01/2002    137    ENTRY OF APPEARANCE OF C. CURTIS STAROPOLI AS
                     ATTORNEYS FOR DEFENDANT SAINT-GOBAIN PERFORMANCE

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE    14

02C-04-263

                   PLASTICS.                                              NR

10/02/2002   138   ANSWER OF DEFT. PARSONS ENERGY AND CHEMICALS GROUP,
                   INC. TO CROSS-CLAIM OF DEFT. TEXACO AVIATION PRODUCTS.

10/02/2002   139   ANSWER OF DEFT. PARSONS ENERGY AND CHEMICALS GROUP,
                   INC. TO CROSS-CLAIM OF DEFT. TEXACO DEVELOPMENT
                   CORPORATION.                                           DD

10/02/2002   140   ANSWER OF DEFT. PARSONS ENERGY AND CHEMICALS GROUP,
                   INC. TO DEFT. NORTHEAST CONTROLS, INC'S. AMENDED
                   CROSSCLAIM.                                            DD

10/03/2002         #132 SIGNED BY SLIGHTS, J.  SO ORDERED.               ALK

10/03/2002   141   ANSWER OF DEFT. TEXACO AVIATION PRODUCTS, LLC TO
                   CROSSCLAIM OF DAIKIN INDUSTRIES, LTD.                  DD

10/03/2002   142   ANSWER OF DEFT. TEXACO DEVELOPMENT CORPORATION TO
                   CROSSCLAIM OF DAIKIN INDUSTRIES, LTD.                  DD

10/04/2002   143   ANSWER OF DEFT. FISHER CONTROLS INTERNATIONAL, INC.
                   TO CROSSCLAIMS BY DAIKIN INDUSTRIES, LTD., AND ANSWER
                   TO CROSSCLAIM BY DAIKIN INDUSTRIES, LTD., AGAINST ALL
                   CO-DEFENDANTS FOR INDEMNIFICATION AND/OR CONTRIBUTION.

10/07/2002   144   ANSWER OF DEFT. PARSONS ENERGY AND CHEMICALS GROUP,
                   INC. TO DEFT. DAIKIN INDUSTRIES LTD. CROSSCLAIM.       DD

10/10/2002   145   SUBSTITUTION OF COUNSEL WITHDRAWING THE APPEARANCE OF
                   GARY W. LIPKIN AND ENTERING THE APPEARANCE OF
                   JENNIFER L. SCOLIARD AS COUNSEL FOR DEFT. PRAXAIR.     DD

10/16/2002   146   PARTIAL STIPULATION OF DISMISSAL - IT IS HEREBY
                   STIPULATED BE AND BETWEEN THE THIRD-PARTY PLTF.
                   NORTHEAST CONTROLS, INC. AND THIRD-PARTY DEFT.,
                   CONECTIV OPERATING SERVICES (INCORRECTLY DESIGNATED AS
                   CONNECTIV OPERATING SYSTEMS) THAT THE AFORESAID ACTION
                   AGAINST THIRD-PARTY DEFT. CONECTIV OPERATING SERVICES,
                   BE DISMISSED WITH PREJUDICE, WITH COSTS TO BE
                   ASSESSED AGAINST EACH PARTY.                           DD

10/16/2002         #146  SO ORDER, ON 10/16/2002 BY SLIGHTS, J.          DD

10/16/2002   147   ANSWER OF DAIKIN INDUSTRIES, LTD. TO PARSONS ENERGY
                   AND CHEMICALS GROUP, INC'S NEW MATTER CROSSCLAIMS.     DD

10/16/2002   148   ANSWER OF DAIKIN INDUSTRIES, LTD., TO BATTAGLIA
                   MECHANICAL INC'S CROSSCLAIM FOR CONTRIBUTION AND
                   INDEMNIFICATION.

10/16/2002   149   ANSWER OF DEFT. DAIKIN INDUSTRIES, LTD., TO FISHER
                   CONTROLS, INC. CROSSCLAIM FOR CONTRIBUTION.            DD

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    15

02C-04-263
10/15/2002   150   ANSWER OF DEFT. DAIKIN INDUSTRIES, LTD. TO J.J. WHITE,
                   INC'S. CROSSCLAIM AGAINST ALL DEFTS FOR INDEMNIFICATION
                   AND/OR CONTRIBUTION.

10/15/2002   151   ANSWER OF DEFT. DAIKIN INDUSTRIES, LTD., TO MOTIVA
                   ENTERPRISES, LLC'S CROSSCLAIM AGAINST CO-DEFTS.      DD

10/15/2002   152   ANSWER OF DEFT. DAIKIN INDUSTRIES, LTD. TO NORTHEAST
                   CONTROLS, INC'S CROSSCLAIM AGAINST ALL OTHER DEFTS.  DD

10/15/2002   153   ANSWER OF DEFT. DAIKIN INDUSTRIES, LTD TO PRAXAIR,
                   INC'S CROSSCLAIM AGAINST ALL DEFTS.                  DD

10/17/2002   154   RENOTICE OF DEFT. GARY DELGRECO'S MOTION TO DISMISS TO
                   BE PRESENTED 11/15/02 AT 1:30 P.M.                   DD

10/22/2002   155   HYDROCHEM INDUSTRIAL'S ANSWER TO FORM 30
                   INTERROGATORIES.                                    DD

10/22/2002   156   HYDROCHEM INDUSTRIAL SERVICES' ANSWER TO FIRST AMENDED
                   COMPLAINT AND CROSSCLAIMS FOR INDEMNIFICATION AND/OR
                   CONTRIBUTION AGAINST CO-DEFENDANTS.

10/30/2002   157   ANSWER OF MOTIVA ENTERPRISES TO CROSSCLAIM OF
                   HYDROCHEM INDUSTRIAL SERVICES, INC.                  DD

10/31/2002   158   DEFT. PARSONS ENERGY AND CHEMICALS GROUP'S ANSWER TO
                   CROSSCLAIM OF DEFT. HYDROCHEM INDUSTRIAL SVCS.       DD

11/04/2002   159   ANSWER AND AFFIRMATIVE DEFENSES OF DEFT. SAINT-GOBAIN
                   PERFORMANCE PLASTICS CORP. TO PLTFS' FIRST AMENDED
                   COMPLAINT WITH CROSSCLAIMS AGAINST ALL CO-DEFTS.     DD

11/04/2002   160   DEFENDANT SAINT-GOBAIN PERFORMANCE PLASTICS
                   CORPORATION'S ANSWERS TO FORM 30 INTERROGATORIES     NR

11/06/2002   161   ANSWER OF DEFT. PRAXIAR, INC. TO THE CROSSCLAIM OF
                   DEFT. HYDROCHEM INDUSTRIAL SERVICES, INC.            DD

11/06/2002   162   DEFT. BATTAGLIA MECHANICAL'S MOTION TO CONSOLIDATE WITH
                   02C-05-168-JRS TO BE PRESENTED 11/25/02 AT 9:00 A.M. DD

11/08/2002   163   FISHER CONTROLS INTERNATIONAL, INC'S RESPONSE TO
                   DEFT. GARY DELGRECO'S MOTION TO DISMISS TO BE HEARD
                   11/15/02 AT 1:30 P.M.                                DD

11/08/2002   164   NOTICE OF DISMISSAL - PLTFS HEREBY VOLUNTARILY DISMISS,
                   WITHOUT PREJUDICE, THE AMENDED COMPLAINT AGAINST DEFT.
                   GARY DELGRECO.                                       DD

11/12/2002   165   ANSWER OF MOTIVA ENTERPRISES TO CROSSCLAIM OF
                   SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION.       DD

11/12/2002   166   DEFENDANT'S MOTION FOR PRO HAC VICE OF JOSEPH H, RICHES

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    16

02C-04-263

                    ESQ. (NJ NY PA) ; JENNIFER SCOLIARD ESQ. LOCAL
                    (JRS - 11/15/02).                                ALK

11/12/2002    167   DEFENDANT'S MOTION FOR PRO HAC VICE OF F. WARREN JACOBY
                    ESQ. (PA) ; JENNIFER SCOLIARD, ESQ. LOCAL
                    (JRS - 11/15/02).                                ALK

11/13/2002    168   ANSWER OF DEFT. PRAXAIR, INC. TO THE CROSSCLAIM OF
                    DEFT. ST. GOBAIN PERFORMANCE PLASTICS CORP.      DD

11/18/2002    169   LETTER DATED 11/15/02 FROM KIMBERLY GATTUSO TO
                    SLIGHTS, J. ON 11/08/02, PLTF'S FILED A NOTICE OF
                    DISMISSAL DISMISSING MR. DELGREGO.  AS A RESULT,
                    MR. DELGREGO'S MOTION TO DISMISS IS HEREBY
                    WITHDRAWN.                                       DD

11/18/2002          #166 SIGNED BY SLIGHTS, J. ON 11/18/02, SO ORDERED. ALK

11/18/2002    170   ANSWER OF SAINT-GOBAIN PERFORMANCE PLASTICS CORP. TO
                    THE CROSSCLAIM OF NORTHEAST CONTROLS, INC.       DD

11/18/2002    171   ANSWER OF SAINT-GOBAIN PERFORMANCE PLASTICS CORP TO
                    THE CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP,
                    INC.                                             DD

11/18/2002    172   ANSWER OF SAINT GOBAIN PERFORMANCE PLASTICS TO THE
                    CROSSCLAIM OF BATTAGLIA MECHANICAL, INC.         DD

11/18/2002    173   ANSWER OF SAINT-GOBAIN PERFORMANCE PLASTICS TO THE
                    CROSSCLAIM OF C.J. WHITE, INC.                   DD

11/18/2002    174   ANSWER OF SAINT-GOBAIN PERFORMANCE PLASTICS TO THE
                    CROSSCLAIM OF FISHER CONTROLS INT'L., INC.       DD

11/19/2002    175   LETTER DATED 11/15/2002 FROM PAUL BRADLEY TO JUDGE
                    SLIGHTS, RE: A HEARING IS SET FOR TODAY REGARDING
                    MTNS IN THE CASES AND I UNDERSTAND THE COURT MAY WANT
                    TO DISCUSS THE STATUS.                           JL

11/19/2002    176   DEFT. BATTAGLIA MECHANICAL'S RENOTICE OF MOTION TO
                    CONSOLIDATE TO BE PRESENTED 11/25/02 AT 1:00 P.M.    DD

11/19/2002    177   DEFT. FISHER CONTROLS INTERNATIONAL'S RESPONSE TO DEFT.
                    BATTAGLIA MECHANICAL, INC'S MOTION TO CONSOLIDATE TO BE
                    PRESENTED 11/25/02 AT 1:00 P.M.                  DD

11/19/2002    178   DEFT. PARSONS ENERGY AND CHECMIALS GROUP, INC'S ANSWER
                    TO DEFT. SAINT-GOBAIN PERFORMANCE PLASTICS CORP.'S
                    CROSSCLAIM AGAINST ALL CO-DEFTS.                 DD

11/21/2002    179   ANSWER OF DEFT. SAINT-GOBAIN PERFORMANCE PLASTICS
                    CORPORATION TO THE CROSSCLAIM OF DEFT. DAIKIN
                    INDUSTRIES.                                      DD

SUPERIOR COURT – NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE    17

02C-04-263

11/21/2002    180    ANSWER OF DEFT. SAINT-GOBAIN PERFORMANCE PLASTICS
                     CORPORATION TO THE CROSSCLAIM OF DEFT. HYDROCHEM
                     INDUSTRIAL SERVICES, INC.                          DD

11/21/2002    181    ANSWER OF DEFT. SAINT-GOBAIN PERFORMANCE PLASTICS
                     CORPORATION TO THE CROSSCLAIM OF DEFT. PRAXAIR, INC. DD

11/26/2002    182    NOTICE OF SERVICE OF THIRD PARTY DEFT., BATTAGLIA
                     MECHANICAL, INC.'S SECOND SET OF INTERROGATORIES AND
                     REQUESTS FOR PRODUCTION DIRECTED TO FISHER CONTROLS
                     INTERNATIONAL AND FISHER'S RESPONSES._____ .. KDC

12/02/2002    183    DEFENDANT'S MOTION FOR PRO HAC VICE OF THOMAS WAGNER,
                     ESQ., (NY PA) ; DELIA CLARK, ESQ. LOCAL
                     (JRS - 12/17/02).                                  ALK

12/04/2002    184    FISHER CONTROLS INTERNATIONAL'S ANSWER TO CROSSCLAIMS
                     AGAINST ALL CO-DEFTS OF DEFT MOTIVA ENTERPRISES.    COL

12/04/2002    185    FISHER CONTROLS INTERNATIONAL'S ANSWER TO CROSSCLAIM
                     BY DEFT SAINT-GOBAIN PERFORMANCE PLASTICS CORP.     COL

12/09/2002    186    FISHER CONTROLS INTERNATIONAL'S ANSWER TO 3RD PARTY
                     HYDROCHEM INDUSTRIAL SERVICES'S CROSSCLAIM FOR
                     INDEMNIFICATION AND/OR CONTRIBUTION AGAINST DEFTS
                     AND 3RD PARTY CO-DEFTS.                             COL

12/09/2002    187    FISHER CONTROLS INTERNATIONAL'S ANSWER TO CROSSCLAIM
                     OF 3RD OARTY DEFTS DAIKIN AMERICA AND DAIKIN
                     INDUSTRIES AGAINST ALL CO-DEFTS FOR INDEMNIFICATION
                     AND/OR CONTRIBUTION.                                COL

12/09/2002    188    FISHER INTERNATIONAL'S ANSWER TO CROSSCLAIMS FOR
                     CONTRIBUTION OF 3RD PARTY DEFT BATTAGLIA MECHANICAL.COL

12/09/2002    189    FISHER INTERNATIONAL'S ANSWER TO CROSSCLAIM BY
                     PRAXAIR AGAINST ALL DEFTS FOR INDEMNIFICATION AND/OR
                     CONTRIBUTION.                                       COL

12/09/2002    190    FISHER CONTROLS INTERNATIONAL'S ANSWER TO NORTHEAST
                     CONTROL'S CROSSCLAIMS AGAINST FISHER INTERNATIONAL. COL

12/09/2002    191    FISHER CONTROLS INTERNATIONAL'S ANSWER TO CROSSCLAIM
                     OF DAIKIN AMERICA, INC. AND DAIKIN INDUSTRIES, LTD.
                     AGAINST ALL CO-DEFTS FOR INDEMNIFICATION AND/OR
                     CONTRIBUTION.                                       COL

12/09/2002    192    FISHER CONTROL INTERNATIONALS'S ANSWER TO CROSSCLAIM
                     OF J.J. WHITE, INC AGAINST ALL DEFTS AND 3RD PARTY
                     DEFTS FOR INDEMNIFICATION AND/OR CONTRIBUTION.      COL

12/09/2002    193    FISHER CONTROLS INTERNATIONAL'S ANSWER TO HYDROCHEM
                     INDUSTRIAL SERVICES'S CROSSCLAIMS FOR INDEMNIFICATION
                     AND/OR CONTRIBUTION AGAINST DEFTS AND 3RD PARTY

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 09/27/2007                          PAGE    18

02C-04-263

CO-DEFTS.                                                      COL

| 12/09/2002 | 194 | FISHER CONTROL INTERNATIONALS'S ANSWER TO CROSSCLAIM AGAINST ALL CO-DEFTS OF DEFT MOTIVA ENTERPRISES.    COL |

| 12/09/2002 | 195 | FISHER CONTROLS INTERNATIONAL'S ANSWER TO CROSSCLAIMS FOR CONTRIBUTION OF 3RD PARTY DEFT BATTAGLIA MECHANICAL, INC.    COL |

| 12/09/2002 | 196 | FISHER CONTROLS INTERNATIONAL'S ANSWER TO NORTHEAST CONTROLS, INC'S CROSSCLAIMS AGAINST ALL CO-DEFTS.    COL |

| 12/10/2002 | 197 | PRAXAIR INC'S ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF THIRD PARTY DEFT., PRAXAIR, INC. TO THE THIRD PARTY COMPLAINT OF DEFT., NORTHEAST CONTROLS, INC. IN THE GREAT AMERICAN ASSURANCE COMPANY ACTION.    KDC |

| 12/12/2002 | 198 | NOTICE OF SERVICE DEFT'S INTERROG'S DIRECTED TO PLTF'S REQUEST FOR PRODUCTION DIRECTED TO THE PLTF, SERVED TO DEFENSE ATTORNEYS.    JW |

| 12/16/2002 | 199 | DEFT.'S MOTION FOR COMMISSION SCHEDULED FOR JANUARY 6, 2003 AT 9:00 A.M.    KDC |

| 12/16/2002 | 200 | MOTIVA ENTERPRISES ANSWER TO CROSSCLAIM OF PRAXAIR, INC.    KDC |

| 12/17/2002 | 201 | DAIKIN INDUSTRIES, LTD'S ANSWER TO CROSSCLAIM OF TEXACO DEVELOPMENT CORPORATION.    KDC |

| 12/17/2002 | 202 | DAIKIN INDUSTRIES, LTD ANSWER TO CROSSCLAIM OF TEXACO AVIATION PRODUCTS, LLC.    KDC |

| 12/17/2002 | 203 | DAIKIN INDUSTRIES, LTD ANSWER TO CROSSCLAIM OF TEXACO, INC.    KDC |

| 12/17/2002 | 204 | DAIKIN INDUSTRIES, LTD. ANSWER TO CROSSCLAIM OF CONECTIV OPERATING SERVICES COMPANY.    KDC |

| 12/17/2002 | 205 | DAIKIN INDUSTRIES, LTD ANSWER TO CROSSCLAIM OF PRAXAIR, INC.    KDC |

| 12/17/2002 | 206 | DAIKIN INDUSTRIES, LTD. ANSWER TO CROSSCLAIM OF HYDROCHEM INDUSTRIAL SERVICES, INC. IN THE GREAT AMERICAN ASSURANCE COMPANY ACTION.    KDC |

| 12/17/2002 | 207 | DAIKIN INDUSTRIES, LTD. ANSWER TO CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP, INC. |

| 12/17/2002 | 208 | DAIKIN INDUSTRIES, LTD. ANSWER TO CROSSCLAIM OF HYDROCHEM INDUSTRIAL SERVICES, INC. IN THE MOTIVA ENTERPRISES, LLC ACTION.    KDC |

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                      PAGE    19

02C-04-263

12/17/2002    209    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF TEXACO AVIATION PRODUCTS, LLC. IN THE
GREAT AMERICAN ASSURANCE ACTION._____KDC

12/17/2002    210    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF HYDROCHEM INDUSTRIAL SERVICES IN THE
PRAXAIR INC. ACTION._____KDC

12/17/2002    211    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF MOTIVA ENTERPRISES, LLC IN THE PRAXAIR
ACTION._____KDC

12/17/2002    212    DAIKIN UNDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF TEXACO INC. IN THE GREAT AMERICAN
ASSURANCE COMPANY ACTION._____KDC

12/17/2002    213    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP,
INC. IN THE GREAT AMERICAN ASSURANCE COMPANY ACTION.

12/17/2002    214    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF PRAXAIR INC. IN THE GREAT AMERICAN
ASSURANCE COMPANY ACTION._____KDC

12/17/2002    215    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF CONECTIV OPERATING SERVICES COMPANY
IN THE PRAXAIR INC. ACTION._____KDC

12/17/2002    216    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF TEXACO INC. IN THE MOTIVA ENTERPRISES,
LLC ACTION._____KDC

12/17/2002    217    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION IN THE OLSON ACTION._____KDC

12/17/2002    218    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF TEXACO AVIATION PRODUCTS, LLC IN THE
PRAXAIR, INC. ACTION._____KDC

12/17/2002    219    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF MOTIVA ENTERPROSES, LLC IN THE GREAT
AMERICAN ASSURANCE COMPANY ACTION._____KDC

12/17/2002    220    DAIKIN INDUSTRIES, LTD. ANSWER TO
CROSSCLAIM OF PARSONS ENERGY AND CHEMICALS GROUP
IN THE PRAXAIR, INC. ACTION._____KDC

12/18/2002           #183 SIGNED BY SLIGHTS, J. ON 12/18/02, SO ORDERED. ALK

12/19/2002           #195  SO ORDER, ON 12/19/2002 BY SLIGHTS, J._____KDC

12/20/2002    221    PLAINTIFF'S MOTION TO CONSOLIDATE
SCHEDULED FOR 01/27/2003 @ 9:00 A.M.                      JW

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE    20

02C-04-263
12/30/2002    222   OPERATING CONNECTIV'S ANSWER TO CROSSCLAIM.

12/30/2002    223   ANSWER OF THIRD PARTY DEFT, PRAXAIR, INC. TO THE
                    CROSS CLAIM OF THIRD PARTY DEFT, BATTAGLIA MECHANICAL,
                    INC., IN THE GREAT AMERICAN ACTION.              MJM

01/06/2003    224   ENTRY OF APPEARANCE OF JOSEPH GULHA, ESQ
                    ON BEHALF OF PARSONS ENERGY AND CHEMICAL.        MJM

01/07/2003    225   NOTICE OF SERVICE THAT TWO TRUE AND CORRECT COPIES OF
                    FISHER CONTROLS INTERNATIONAL, INC'S REQUEST PURSUANT
                    TO SUPERIOR COURT RULE 9(G) DIRECTED TO MOTIVA
                    ENTERPRISES, LLC, WERE SERVED ON JANUARY 7, 2003.  MJM

01/07/2003    226   NOTICE OF SERVICE THAT TWO TRUE AND CORRECT COPIES OF
                    FISHER CONTROLS INTERNATIONAL, INC.'S REQUEST PURSUANT
                    TO SUPERIOT COURT RULE 9(G) DIRECTED TO GREAT AMERICAN
                    ASSURANCE COMPANY ON JANUARY 7, 2003.            MJM

01/07/2003    227   NOTICE OF SERVICE THAT TWO TRUE AND CORRECT COPIES OF
                    FISHER CONTROLS INTERNATIONAL, INC'S REQUEST PURSUANT
                    TO SUPERIOR COURT RULE 9(G) DIRECTED TO PRAXAIR, INC.
                    WERE SERVED ON JANUARY 7, 2003.                  MJM

01/10/2003    228   SCHEDULED FOR 01/27/2003 DEFENDENT FISHER CONTROLS
                    INTERNATIONAL, INC. WILL PRESENT A MOTION FOR ENTRY
                    OF A PROTECTIVE ORDER ON THIS DATE.              MJM

01/10/2003    229   TRANSCRIPT FROM STATUS CONFERENCE HEARING HELD NOVEMBER
                    25, 2002.***ORIGINAL TRANSCRIPT CAN BE FOUND IN FILE
                    02C-05-168***_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _MJM

01/10/2003    230   ANSWER OF THIRD PARTY DEFENDANTS DAIKIN AMERICAN, INC.
                    AND DAIKIN INDUSTRIES, LTD. TO CROSS-CLAIM OF SAINT
                    GOBAIN PERFORMANCE PLASTICS CORPORATION IN THE GREAT
                    AMERICAN ASSURANCE COMPANY ACTION.               MJM

01/14/2003    231   LETTER DATED 01/14/2003 FROM GREGORY A. INSKIP, ESQ.
                    DEAR JUDGE SLIGHTS, I REPRESENT CONECTIV OPERATING
                    SERVICES COMPANY, INC. IN THIS MATTER WHICH ARISES OUT
                    OF AN INCIDENT AT THE DELAWARE CITY POWER PLANT ON MAY
                    20, 2000.  I WRITE TO ADVISE THE COURT THAT COSC'S
                    MOTION TO DISMISS THE THRID-PARTY COMPANY OF FISHER
                    CONTORLS IN THE GREAT AMERICAN CASE NOW SCHEDULED TO BE
                    HEARD ON FRIDAY OCTOBER 25, 2002, AT 10:00AM WILL BE
                    DEFERRED AND CAN BE TAKEN OFF YOUR HONOR'S SCHEDULE.MJM

01/16/2003    232   JJ WHITE INC'S ANSWER TO 3RD PARTY COMPLAINT OF DEFTS'
                    NORTHEAST CONTROLS, INC. AND CROSSCLAIMS IN THE MOTIVA
                    ETERPRISES, LLC, ACTION.

01/16/2003    233   ANSWER OF THIRD PARTY DEFENDANT J.J. WHITE, INC. TO THE
                    THIRD-PARTY VOMPLAINT OF DEFT NORTHEAST CONTROLS, INC.
                    AND CROSSCLAIMS IN THE GREAT AMERICAN ASSURANCE COMPANY

```
                    SUPERIOR COURT - NEW CASTLE COUNTY
                          AS OF 08/27/2007                    PAGE    21

02C-04-263
                    ACTION._____MJM

01/21/2003    234   ENTERPRISES LLP MOTIVA'S ANSWER TO
                    CROSSCLAIM OF J.J. WHITE, INC. IN GREAT AMERICAN
                    ASSURANCE COMPANY ACTION.                     MJM

01/21/2003    235   ENTERPRISES LLP MOTIVA'S ANSWER TO
                    CROSSCLAIM OF J.J. WHITE, INC. IN MOTIVA ENTERPRISES
                    LLC ACTION.          _____MJM

01/21/2003    246   NOTICE OF RESPONSE TO MOTION,
                    DEFT RESPONSE TO THE PLTF'S MOTION TO CONSOLIDATE.  MJM

01/22/2003    232   NOTICE OF DEPOSITION OF THE DESIGNATED CUSTODIAN OF
                    RECORDS OF EDEN PARK INSURANCE BROKERS ON 1/29/03.  MJM

01/22/2003    238   LTD DAIKIN INDUSTRIES'S ANSWER TO
                    CROSSCLAIM OF J.J. WHITE IN THE GREAT AMERICAN
                    ASSURANCE COMPANY ACTION._____MJM

01/22/2003    239   LTD DAIKIN INDUSTRIES'S ANSWER TO
                    CROSSCLAIM OF J.J.WHITE IN THE MOTIVA ENTERPRISES, LLC
                    ACTION._____MJM

01/22/2003    240   REPSONSE OF THIRD PARTY DEFENDANT, PRAXAIR, INC. TO THE
                    CROSS-CLAIM OF THIRD PARTY DEFENDANT J.J.WHITE, INC.
                    ASSERTED IN THE ANSWER OF J.J. WHITE, INC. TO THE THIRD
                    PARTY COMPAINT OF DEFENDANT, NORTHEAST CONTROLS, INC.
                    IN THE GREAT AMERICAN ASSURANCE COMPANY ACTION.    MJM

01/23/2003    233   DEFENDANT'S MOTION FOR PRO HAC VICE OF ALEXANDER
                    EWING, JR. ESQ. (PA) ; C. CURTIS STAROPOLI, ESQ. LOCAL'
                    (HLA - 01/23/03).                                 ALK

01/23/2003    243   LETTER DATED 01/23/2003 FROM JOSEPH C. HANDLON TO
                    JUDGE SLIGHTS.
                    RE: PLTF WISHES THAT THE COURT PROPOSE THAT THE ANY
                    OPPOSITION PAPERS TO THE CONSOLIDATION BE FILED ON
                    FEBRUARY 5, 2003 AND THE PLTF WILL FILE THEIR REPLY ON
                    MARCH 7, 2003. LASTLY, THE PLTF'S DO NOT OBJECT TO THE
                    DEFENDANT'S REQUEST FOR RELIEF FROM THE FOUR-PAGE LIMIT
                    BUT REQUEST THAT THE FOUR-PAGE LIMIT ALSO NOT APPLY TO
                    THE PLTF.                                         MJM

01/23/2003    248   SCHEDULED FOR 02/17/2003.  DEFT. FISHER CONTROLS
                    INTERNATIONAL, INC.'S MOTION FOR ENTRY OF A PROTECTIVE
                    ORDER IS HEREBY RE-NOTICED TO FEBRUARY 17, 2003.  MJM

01/23/2003    249   NOTICE OF DISMISSAL OF GARY DELGREGO WITHOUT PREJUDICE.
                    _____MJM

01/24/2003    237   LETTER DATED 01/22/2003 FROM KIMBERLY L. GATUSO, ESQ.
                    MS. GATTUSO WROTE THE COURT TO PROPOSE THE FOLLOWING
                    DATES:
```

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE     22

02C-04-263

OPENING BRIEFS IN SUPPORT OF THE MTN. TO CONSOLIDATE
2/5/03
ANSWER BRIEFS IN OPPOSITION TO THE MTN TO CONSOLIDATE
3/7/03
REPLY BRIEFS IN SUPPORT OF THE MTN TO CONSOLIDATE
3/21/03
ORAL ARGUMENTS
4/11/03 @ 1:30 P.M._____  MJM

01/24/2003   251   RENOTICE OF MOTION.  DEFT FISHER CONTROLS INTERNATIONAL
                   INC.'S MOTION FOR ENTRY OF A PROTECTIVE ORDER
                   RESCHEDULED FOR FEBRUARY 24, 2003.                MJM

01/24/2003         #233  SO ORDER, ON 01/24/2003 BY ALFORD, J.

01/27/2003   236   LETTER DATED 01/23/2003 FROM JOSEPH C. HANDLON, ESQ.
                   TO JUDGE SLIGHTS IN REGARDS TO THE FILING DATE OF
                   RESPONSES TO MOTION TO CONSOLIDATE FILED BY THE PLTF'S.
                   MR. HANDOLON WOULD LIKE THAT ALL RESPONSES BE FILED BY
                   FEBRUARY 10, 2003. AND THAT ARGUEMENT ON THE MOTION
                   SHALL BE HEARD ON 3/13/03 AT 2:00PM._____  MJM

01/27/2003         #236  SO ORDER, ON 01/27/2003 BY SLIGHTS, J.
                   IT IS HEREBY ORDERED THAT ALL RESPONSES TO THE MOTION
                   TO CONSOLIDATE FILED BY RONALD AND CAROL OLSON SHALL
                   BE FILED NO LATER THEN 2/10/03 WITH ANY REPLY TO BE
                   FILED NO LATER THAN MARCH 7, 2003. ARGUMENTS ON THE
                   MOTION SHALL BE ON MARCH 13, 2003 AT 2:00PM. BRIEFING
                   IS TO BE GOVERENED BY CIVIL RULE 107._____  MJM

01/27/2003   241   DEFENDANTS TEXACO DEVELOPMENT CORPORATION AND TEXACO
                   AVIATION PRODUCTS, LLC'S ANSWER TO DEFENDANT
                   SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION'S
                   CROSS-CLAIM AGAINST ALL CO-DEFENDANTS.            MJM

01/27/2003   242   DEFENDANTS TEXACO DEVELOPMENT CORPORATION AND TEXACO
                   AVIATION PRODUCTS, LLC'S ANSWER TO DEFENDANT HYDROCHEM
                   INDUSTRIAL SERVICES, INC.'S CROSSCLAIM FOR
                   INDEMNIFICATION AND/OR CONTRIBUTION AGAINST
                   CO-DEFENDANTS.                                    MJM

01/27/2003   247   NOTICE OF OPPOSITION OF MOTIVA ENTERPRISES LLC TO
                   PLTF'S MOTION TO CONSOLIDATE.                     MJM

01/27/2003   250   LETTER DATED 01/27/2003 FROM MICHAEL K. TIGHE, ESQ.
                   TO JUDGE SLIGHTS.  DEFT BATTAGLIA MECHANICA, INC.
                   DOES NOT OPPOSE THE OLSON MOTION TO CONSOLIDATE.  MJM

02/10/2003   253   NOTICE OF OPPOSITION OF TEXACO AVIATION PRODUCTS,
                   LLC, TEXACO DEVELOPMENT CORP., AND TEXACO, INC. TO
                   PLTF'S MOTION TO CONSOLIDATE TO BE HEARD ON MARCH 13,
                   2003.                                             MJM

02/10/2003   254   DEFENDANT CONECTIVE OPERATING SERVICES COMPANY

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                PAGE    23

02C-04-263

              RESPONSE TO THE MOTION OF RONALD W. OLSON TO
              CONSOLIDATE. _____  MJM

02/12/2003    252   NOTICE OF SERVICE OF PLTF'S SUPPLEMENTAL ANSWERS TO
                    INTERROGATORIES BY DEFT BATTAGLIA MECHANICAL, INC.  MJM

02/12/2003    270   DEFENDANT'S MOTION FOR PRO HAC VICE OF RICHARD HOLM,
                    ESQ. (PA) ; JOSEPH GULA ESQ., LOCAL
                    (JRS - 03/06/03).                             ALK

02/14/2003    265   NOTICE OF OPPOSITION OF FISHER CONTROLS INTERNATIONAL,
                    INC., TO THE PLTF'S MOTION TO CONSOLIDATE SHALL.  MJM

02/20/2003    264   OPPOSITION OF NORTHEAST CONTROLS, INC. TO PLTFS' MOTION
                    TO CONSOLIDATE.                               MJM

02/21/2003    255   NOTICE OF SUPPLEMENTAL STATEMENT AND EXHIBIT IN SUPPORT
                    OF MOTION FOR ENTRY OF A PROTECTIVE ORDER FILED BY THE
                    DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
                    A PORTECTIVE ORDER AND SUPPLEMENT TO ITS MOTION FOR
                    ENTRY OF A PROTECTIVE ORDER WILL BE HEARD ON FEBRUARY
                    24, 2003.                                     MJM

02/21/2003    256   NOTICE OF SERVICE THAT ON FEBRUARY 21, 2003 COPIES OF
                    THE PLTF'S RESPONSE TO DAIKIN INDUSTRIES, LTD.'S
                    REQUEST FOR PRODUCTION WERE SERVED TO ALL THE PARTIES'
                    COUNSEL IN THIS CASE. _____  MJM

02/21/2003    257   NOTICE OF SERVICE THAT PLTF'S RESPONSE TO PRAXAIR, INC.
                    REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS SENT
                    TO ALL DEFT'S COUNSEL ON FEBRUARY 21, 2003.   MJM

02/21/2003    258   NOTICE OF SERVICE TO PLTF'S RESPONSE TO DEFT, PARSON
                    ENERGY AND CHEMICALS GROUP, INC. REQUEST FOR PRODUCTION
                    OF DOCUMENTS WERE SERVED TO THE COUSEL OF ALL THE DEFTS
                    ON FEBRUARY 21, 2003.                         MJM

02/21/2003    259   NOTICE OF SERVICE OF PLTF'S ANSWERS TO MOTIVA
                    ENTERPRISES, LLC'S INTERROGATORIES WERE SENT TO ALL
                    COUNSEL IN THIS MATTER ON FEBRUARY 21, 2003.   MJM

02/21/2003    260   NOTICE OF SERVICE OF PLTF'S RESPONSES TO MOTIVA
                    ENTERPRISES, LLC'S REQUEST FOR PRODUCTION WERE SERVED
                    TO ALL COUNSEL IN THIS MATTER ON FEBRUARY 21, 2003. MJM

02/21/2003    261   NOTICE OF SERVICE OF PLTF'S ANSWER TO EXPERT
                    INTERROGATORIES OF DEFT PRAXAIR, INC. TO ALL COUNSEL IN
                    THIS MATTER WERE SENT ON FEBRUARY 21, 2003.   MJM

02/21/2003    262   NOTICE OF SERVICE OF PLTF'S ANSWERS TO INTERROGATORIES
                    OF DEFENDANT, PARSON ENERGY AND CHEMICAL GROUP, INC.
                    WERE SERVED TO ALL COUNSEL IN THIS MATTER ON FEBRUARY
                    21, 2003.                                     MJM

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    24

02C-04-263
02/21/2003    263    NOTICE OF SERVICE OF PLTF'S RONALD W. OLSON AND CAROL
                     OLSON'S FIRST SET OF INTERROGATORIES DIRECTED TO
                     DEFT PRAXAIR, INC. WERE SENT TO ALL THE COUNSEL IN THIS
                     MATTER.                                          MJM

02/24/2003    266    CIVIL MOTION HEARD.
                     DEFT.'S MOTION FOR A ENTRY OF A PROTECTIVE ORDER
                     DECISION: GRANTED.                               MJM

02/24/2003    248    SO ORDER, ON 02/24/2003 BY SLIGHTS, J.          MJM

02/28/2003    267    NOTICE OF OPPOSITION OF NORTHEAST CONTROLS, INC. TO
                     CONECTIV'S MOTION TO DISMISS.                    MJM

02/28/2003    268    NOTICE OF RESPONSE TO CONECTIV OPERATING SERVICES,
                     INC.'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT OF
                     NORTHEAST CONTROLS, INC. IN GREAT AMERICAN ASSURANCE
                     COMPANY.                                         MJM

03/05/2003    269    LETTER DATED 03/05/2003 FROM GREGORY INSKIP, ESQ.
                     PROPOSING THE FOLLOWING SCHEDULE FOR DETERMINATION OF
                     THE MOTION, TO DISMISS THE THIRD-PARTY COMPLAINT OF
                     NORTHEAST CONTROLS, INC., BE MODIFIED:
                     GREAT AMERICAN SUBMISSION - FRIDAY, MARCH 28, 2003
                     NORTHEAST AND FISHER RESPONSES - FRIDAY, APRIL 11, 2003
                     ORAL ARGUMENT - WEEK OF APRIL 21, 2003 OR AT THE COURTS
                     DIRECTION.                                       MJM

03/06/2003    271    TRANSCRIPT FROM MOTION HEARING ON FEBRUARY 24, 2004.MJM

03/07/2003    272    REPLY BRIEF OF RONALD W. OLSON AND CAROL OLSON TO THE
                     OPPOSITION TO THE OLSONS' MOTION TO CONSOLIDATE.   MJM

03/07/2003           #270 SIGNED BY SLIGHTS, J. ON 03/06/03, SO ORDERED. ALK

03/13/2003    275    PLTFS MOTION TO CONSOLIDATE TO BE HEARD.
                     DECISION: PLTF ARE TO FIND A WAY TRY BOTH MATTERS
                     WITH ONE FAULT ALLOCATION. THE DEFENSE ARE TO
                     CONSULT WITH THEIR CLIENTS AND SEE HOW ESTOPPLE
                     WILL AFFECT A SECOND TRIAL. IN TWO WEEKS PARTIES
                     WILL RESPONDE TO THE COURT INQUIRY.              MJM

03/13/2003    273    SCHEDULING ORDER SIGNED BY SLIGHTS, J. MARCH 13, 2003
                     FILING MOTIONS ADD OR AMNED: JULY 15, 2003
                     DISCOVERY CUT-OFF: AUGUST 30, 2004
                     PLTF'S EXPERT REPORT: MARCH 1, 2004
                     DEFT'S EXPERT REPORT: JUNE 28, 2004
                     SUPPLEMENTAL EXPERT REPORTS: JULY 30, 2004
                     DISPOSITIVE MOTIONS: SEPTEMBER 13, 2004
                     RESPONSE BRIEFS: 30 DAYS
                     REPLY BRIEFS: 14 DAYS
                     DAUBERT HEARING AND ORAL ARGUMENT ON DISPOS: MAY NOT
                     EXCEED TEN PAGES, EXCEPT UPON MOTION FOR CAUSE.
                     MEDIATION: TO BE CONDUCTED BY JULY 30, 2003 AND ADVISE

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 06/27/2007                           PAGE      25

02C-04-263

THE COURT BY AUGUST 4,2003.
INTERIM STATUS REPORT: AUGUST 16, 2003
MOTIONS IN LIMINE(PARTIES MAY EXCEED THE FOUR PAGE
LIMIT)
    1.)OPENING BRIEF: JANUARY 12,2005
    2.)RESPONSE BRIEF: JANUARY 26, 2005
    3.)REPLY BRIEF: FEBRUARY 2, 2003
PRETRIAL CONFERENCE: MARCH 2, 2003 AT 9:30 AM
PRETRIAL STP: FEBRUARY 25, 2003
JURY INSTRUCTIONS:  APRIL 4, 2005
VOIR DIRE: APRIL 4, 2005
CALENDER CALL: APRIL 6, 2003
TRIAL: APRIL 11, 2005 - 30 DAYS                          MJM

03/13/2003   274   STIPULATION TO THE FOLLOWING REVISED SCHEDULE FOR THE
SUBMISSION OF BRIEFS(NOT TO EXCEED 15 PAGES) ON COSC'S
AMENDED MOTION TO DISMISS THE THIRD-PARTY COMPLAINT OF
NORTHEAST CONTROLS, INC.:
GREAT AMERICAN SUBMISSION - FRIDAY, MARCH 28, 2003
NORTHEAST AND FISHER RESPONSES - FRIDAY, APRIL 11, 2003
COSC AND GREAT AMERICAN REPLIES - WEDNESDAY, APRIL 16,
2003
ORAL ARGUMENT - THURSDAY, APRIL 24, 2003 AT 2:00 PM.MJM

03/13/2003         #274  SO ORDER, ON 03/13/2003 BY SLIGHTS, J.      MJM

03/19/2003   276   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
CROSSCLAIM AGAINST OTHER DEFT'S AND THIRD-PARTY DEFT'S
ASSERTED BY TEXACO AVIATION PRODUCTS LLC (IN THE
MOTIVA CASE).                                            MJM

03/19/2003   277   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
CROSSCLAIM ASSERTED BY PARSONS ENERGY AND CHEMICAL
GROUP, INC.(IN THE GREAT AMERICAN CASE).                 MJM

03/19/2003   278   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
CROSSCLAIM AGAINST OTHER DEFT'S AND THRID-PARTY DEFT'S
ASSERTED BY TEXACO, INC.(IN THE GREAT AMERICAN CASE).
                                                         MJM

03/19/2003   279   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
CROSSCLAIM AGAINST ALL CO-DEFT'S AND ORIGINAL DEFT'S
ASSERTED BY MOTIVA ENTERPRISES, LLC(IN THE GREAT
AMERICAN CASE).                                          MJM

03/19/2003   280   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
CROSSCLAIM OF J.J. WHITE, INC. AGAINST ALL DEFT'S AND
THIRD-PARTY DEFT'S FOR INDEMNIFICATION AND/OR
CONTRIBUTION(IN THE GREAT AMERICAN CASE).                MJM

03/19/2003   281   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
CROSSCLAIM FOR INDEMNIFICATION AND/OR CONTRIBUTION
AGAINST DEFT'S AND THIRD-PARTY CO-DEFT'S ASSERTED BY
HYDROCHEM INDUSTRIAL SERVICES, INC.(IN THE PRAXAIR

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE    26

02C-04-263

                    CASE).                                                    MJM

03/19/2003    282   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIM OF DAIKIN AMERICA, INC. AND DAIKIN
                    INDUSTRIES, LTD. FOR INDEMNIFICATION AND/OR
                    CONTRIBUTION(IN THE PRAXAIR CASE).                        MJM

03/19/2003    283   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIM FOR CONTRIBUTION ASSERTED BY BATTAGLIA
                    MECHANICAL, INC.(IN THE PRAXIAR CASE).                    MJM

03/19/2003    284   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIMS AGAINST FISHER INTERNATIONAL, INC. ASSERTED
                    BY NORTHEAST CONTROLS, INC.(IN THE PRAXAIR CASE).   MJM

03/19/2003    285   INTERNATIONAL FISHER CONTROLS'S ANSWER TO NEW MATTER
                    CROSSCLAIMS ASSERTED BY PARSONS ENERGY AND CHEMICALS
                    GROUP, INC (IN THE MOTIVA CASE).                          MJM

03/19/2003    286   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIM BY CONECTIVE OPERATING SERVICES COMPANY
                    AGAINST ALL DEFT'S FOR INDEMNIFICATION AND/OR
                    CONTRIBUTION(IN THE MOTIVA CASE).                         MJM

03/19/2003    287   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIMS FOR CONTRIBUTION ASSERTED BY BATTAGLIA
                    MECHANICAL, INC.(IN THE MOTIVA CASE).                     MJM

03/19/2003    288   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIM AGAINST OTHER DEFT'S AND THIRD-PARTY DEFT'S
                    ASSERTED BY TEXACO AVIATION PRODUCTS LLC(IN THE GREAT
                    AMERICAN CASE).                                           MJM

03/19/2003    289   INTERNATIONAL FISHER CONTROLS'S ANSWER TO
                    CROSSCLAIM BY PRAXAIR, INC. AGAINST ALL DEFT'S AND
                    THIRD PARTY DEFT'S FOR INDEMNIFICATION AND/OR
                    CONTRIBUTION(IN THE GREAT AMERICAN CASE).                 MJM

03/27/2003    290   NOTICE OF SERVICE THAT ON MARCH 27, 2003 COPIES OF THE
                    PLTF'S ANSWERS TO INTERROGATORIES OF DEFT'S PRAXAIR,
                    INC. WERE SENT TO ALL PARTIES IN THIS CASE.       MJM

03/27/2003    291   NOTICE OF SERVICE OF COPIES OF PLTF'S ANSWERS TO DAIKIN
                    INDUSTRIES, LTD.'S INTERROGATORIES DIRECTED TO THE
                    PLTFS WERE SENT TO ALL PARTIES IN THIS MATTER.      MJM

03/27/2003    292   NOTICE OF SERVICE THAT ON MARCH 27, 2003 COPIES OF THE
                    RESPONSE OF MOTIVA ENTERPRISES LLC TO FISHER CONTROLS
                    INTERNATIONAL, INC.'S REQUEST FOR PRODUCTION WERE SENT
                    TO PAUL A. BRADLEY, ESQ.                                  MJM

04/04/2003    293   LETTER DATED 04/04/2003 FROM JOSEPH HANDLON, ESQ.
                    DEAR JUDGE SLIGHTS: ENCLOSED ARE A COPY OF PROPOSED
                    JURY INSTRUCTIONS TO ACT AS A ROAD MAP FOR THE JURY

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE    27

02C-04-263

TO RESOLVE THIS CASE.                                           MJM

04/07/2003   294   LETTER DATED 04/07/2003 FROM PAUL BRADLEY, ESQ.
                   WROTE SLIGHTS, J. IN RESPONSE TO THE PLTF'S LETTER
                   FROM APRIL 4, 2003 WHICH WAS IN REGARDS TO JURY
                   INSTRUCTIONS.                                 MJM

04/08/2003   295   SUBSTITUTION OF COUNSEL; PLEASE ENTER THE APPEARANCE
                   OF SEAN J. BELLEW ON BEHALF OF JENNIFER SCOLIARD AS
                   LOCAL COUNSEL FOR PRAXAIR, INC.               MJM

04/11/2003   296   FISHER CONTROLS INTERNATIONAL, INC.'S REPLY TO GREAT
                   AMERICAN ASSURANCE COMPANY'S RESPONSE TO CONECTIV
                   OPERATING SERVICE COMPANY'S MOTION TO DISMISS THRID-
                   PARTY CLAIMS IN TEH GREAT AMERICAN ASSURANCE COMPANY
                   MATTER.                                       MJM

04/11/2003   297   DEFENDANT NORTHEAST CONTROLS, INC.'S REPLY TO GREAT
                   AMERICAN'S RESP. TO CONECTIV OPERATING SERVICE
                   COMPANY'S MOTION TO DISMISS.                  MJM

04/16/2003   298   PLAINTIFF'S RESPONSE (LETTER) TO THE APRIL 1, 2003
                   LETTER SENT ON BEHALF OF PRAXAIR.             MJM

04/16/2003   299   REPLY BRIEF OF CONECTIV OPERATING SERVICES COMPANY IN
                   SUPPORT OF ITS MOTIONS TO DISMISS THRID-PARTY
                   COMPLAINTS OF NORTHEAST CONTROLS, INC. AND FISHER
                   CONTROLS INTERNATIONAL, INC. IN THE GREAT AMERICAN
                   INSURANCE COMPANY MATTER.                     MJM

04/29/2003   300   THRID PARTY DEFT, DAIKIN AMERICA, INC. AND DAIKIN
                   INDUSTRIES, LTD. TO CROSSCLAIMS OF TEXACO INC. IN THE
                   MOTIVA ACTION.

04/29/2003   301   ANSWER OF THIRD PARTY DEFT. DAIKIN INDUSTRIES, LTD. TO
                   CROSSCLAIMS OF TEXACO DEVELOPMENT CORPORATION IN THE
                   PRAXAIR ACTION.                               MJM

04/29/2003   302   ANSWER OF THRID PARTY DEFT, DAIKIN AMERICA, INC. AND
                   DAIKIN INDUSTRIES,LTD. TO CROSSCLAIMS OF TEXACO
                   DEVELOPMENT CORPORATION IN THE GREAT AMERICAN ACTION.
                                                                MJM

04/29/2003   304   ANSWER OF THIRD PARTY DEFTS., DAIKIN AMERICA, INC. AND
                   SAIKIN INDUSTRIES, LTD. TO CROSSCLAIMS OF TEXACO
                   DEVELOPMENT CORP IN THE MOTIVA ACTION.        MJM

04/30/2003   303   ANSWER OF THIRD PARTY DEFTS., DAIKIN AMERICAN, INC. AND
                   DAIKIN INDUSTRIES, LTD. TO CROSSCLAIMS OF TEXACO
                   AVIATION PRODUCTS LLC IN THE MOTIVA ACTION.   MJM

05/05/2003   305   NOTICE OF DEPOSITION OF THE PLTF'S RONALD OLSON AND
                   CAROL OLSON WILL TAKE PLACE ON WEDNESDAY, JUNE 4, 2003
                   AND THURSDAY JUNE 5, 2003 BEGINGING AT 9:00 AM.  MJM

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE     28

02C-04-263
06/06/2003   306   NOTICE OF SERVICE THAT ON JUNE 6, 2003 COPIES OF THE
                   PLTF'S RESP. TO DEFTS MOTIVA ENTERPRISES LLC AND
                   PARSONS ENERGY AND CHEMICALS GROUP, INC.'S REQ. WERE
                   SENT TO ALL PARTIES IN THIS CASE.              MJM

06/09/2003   307   ANSWER OF DEFT, PRAXAIR, INC. TO THE CROSSCLAIM OF
                   THIRD PARTY DEFT TEXACO DEVELOPMENT CORP. ASSERTED IN
                   THE ANSWER OF THIRD PARTY DEFT, TEXACO DEVELOPMENT
                   CORP. TO THE THIRD PARTY COMPLAINT OF NORTHEAST
                   CONTROLS, INC. IN THE MOTIVA ENTERPRISES, LLC ACTION.
                                                                 MJM

06/19/2003   308   NOTICE OF SERVICE OF DEFT TEXACO DEVELOPMENT
                   CORPORATION'S FIRST SET OF INTERROGATORIES AFFRESSED TO
                   FISHER CONTROLS INTERNATIONAL, INC. WERE SENT TO ALL
                   COUNSEL OF RECORD.                            MJM

06/19/2003   309   NOTICE OF SERVICE THAT ON JUNE 19, 2003 COPIES OF THE
                   DEFT TEXACO DEVELOPMENT CORPORATION'S FIRST SET OF
                   REQ. FOR PRODUCTION OF DOCUMENTS ADDRESSED TO FISHER
                   CONTROLS INTERNATIONAL, INC. WERE SENT TO ALL COUNSEL
                   OF THIS MATTER.                               MJM

06/26/2003   321   DEFENDANT'S MOTION FOR PRO HAC VICE OF MATTHEW MCLEES,
                   ESQ. (PA) ; DELIA CLARK ESQ. LOCAL
                   (JRS - 07/17/03)

06/28/2003    53   WRIT RETURNED - FIRST AMENDED
                   SERVED TEXACO GLOBAL GAS AND POWER BY SERVING
                   REGISTERED AGENT ON 6/12/2002.

07/01/2003   310   NOTICE OF SERVICE THAT ON JULY 1, 2003 COPIES OF THE
                   PLTF'S RESPS. TO FIRST REQ. FOR PRODUCTION OF DOCUMENTS
                   AND THINGS OF DEFT SAINT GOBAIN PERFORMANCE PLASTICS
                   CORPORATION ADDRESSED TO ALL PARTIES; PLTF'S RESPS.
                   TO CONTENTION INTERROG. AND REQ. FOR PRODUCTION OF
                   DOCUMENTS AND THINGS OF DEFT SAINT GOBAIN PERFORMANCE
                   PLASTICS CORPORATION ADDRESSED TO RONALD AND CAROL
                   OLSON AND PLTF'S RESPS TO THE FIRST REQ. FOR PRODUCTION
                   OF DOCUMENTS AND THINGS OF DEFT SAINT GOBAIN
                   PERFORMANCE PLASTICS CORPORATION WERE SENT TO ALL
                   COUNSELS OF RECORD.                           MJM

07/02/2003   311   NOTICE OF SERVICE THAT ON JULY 2, 2003 COPIES OF THE
                   DEFT TEXACO DEVELOPMENT CORPORATION'S DOCUMENT FIRST
                   SET OF REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO
                   PARSONS CORPORATION WERE SENT TO ALL COUNSEL OF RECORD.

07/02/2003   312   NOTICE OF SERVICE THAT ON JULY 2, 2003 COPIES OF THE
                   DEFT TEXACO DEVELOPMENT CORPORATION'S DOCUMENTS FIRST
                   SET OF INTERROGATORIES ADDRESSED TO PARSONS CORPORATION

07/10/2003   313   NOTICE OF SERVICE THAT ON JULY 10, 2003 COPIES OF THE
                   PLTFS, RONALD OLSON AND CAROL OLSON'S, FIRST SET OF

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE     29

02C-04-263

REQ. FOR PRODUCTION OF DOCUMENTS ADDRESSED TO FISHER
CONTROLS INTERNATIONAL, INC. WERE SENT TO COUNSEL OF
RECORD.

07/10/2003    314    NOTICE OF SERVICE THAT ON JULY 10, 2003 COPIES OF THE
PLTF'S  FIRST SET OF INTERROG., FIRST SET OF DOCUMENT
REQ., AND FIRST SET OF REQ.FOR ADMISSIONS DIRECTED TO
DEFT TEXACO DEVELOPMENT CORPORATION.

07/10/2003    322    NOTICE OF SERVICE THAT ON JULY 10, 2003 COPIES OF THE
PLTF'S FIRST SET OF REQ. FOR PRODUCTION OF DOCUMENTS
ADDRESSED TO NORTHEAST CONTROLS, INC. WERE SENT TO
ALL COUNSEL OF RECORD.

07/10/2003    323    NOTICE OF SERVICE THAT ON JULY 10, 2003 COPIES OF THE
PLTF'S FIRST SET OF INTERROG. ADDRESSED TO FISHER
CONTROLS INTERNATIONAL, INC. WERE SENT TO ALL COUNSEL
OF RECORD.

07/11/2003    316    NOTICE OF DEPOSITION OF PRAXAIR, INC. ON AUGUST 21,
2003 AT 10:00 AM.

07/11/2003    317    NOTICE OF DEPOSITION OF TEXACO DEVELOPMENT CORP.
ON AUGUST 18, 2003 AT 10:00 AM.

07/11/2003    318    NOTICE OF DEPOSITION OF MOTIVA ENTERPRISES LLC ON
AUGUST 19, 2003.

07/11/2003    319    NOTICE OF DEPOSITION OF CONECTIV OPERATING SERVICES
COMPANY ("COSC") ON AUGUST 20, 2003 AT 10:00 AM.

07/11/2003    320    NOTICE OF DEPOSITION OF PARSONS ENERGY AND CHEMICALS,
INC.("PARSONS") ON AUG. 22, 2003 AT 10:00 AM

07/11/2003    329    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS
(IN THE GREAT AMERICAN ASSURANCE COMPANY MATTER)

07/11/2003    330    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
TEXACO DEVELOPMENT CORPORATION'S CROSSCLAIM AGAINST
OTHER DEFTS AND THIRD-PARTY DEFTS(IN THE GREAT AMERICAN
ASSURANCE COMPANY MATTER)

07/11/2003    331    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
TEXACO INC.'S CROSSCLAIM AGAINST OTHER DEFTS AND
THIRD PARTY DEFTS (IN THE MOTIVA CASE)

07/11/2003    332    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC.
TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS
(IN THE MOTIVA CASE)

07/11/2003    333    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
TEXACO DEVELOPMENT CORPORATION'S CROSSCLAIM AGAINST
OTHER DEFTS AND THIRD-PARTY DEFTS (IN THE MOTIVA CASE)

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE      30

02C-04-263

07/11/2003    334    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
                     TEXACO INC.'S CROSSCLAIM AGAINST OTHER DEFTS AND THIRD
                     PARTY DEFTS (IN THE MOTIVA CASE)

07/11/2003    335    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
                     TEXACO DEVELOPMENT CORPORATION'S CROSSCLAIM AGAINST
                     OTHER DEFT AND THIRD-PARTY DEFTS (IN THE MOTIVA CASE)

07/14/2003    315    INTERNATIONAL FISHER CONTROLS'S ANSWER TO TEXACO
                     DEVELOPMENT CORPORATION'S CROSSCLAIM AGAINST OTHER
                     DEFTS AND THIRD-PARTY DEFTS (IN THE PRAXAIR CASE)

07/14/2003    325    ANSWER OF DEFT FISCHER CONTROLS INTERNATIONAL, INC.
                     TO CROSS CLAIM OF J.J. WHITE, INC. AGAINST ALL DEFTS
                     AND THIRD-PARTY DEFTS FOR INDEMNIFICATION AND/OR
                     CONTRIBUTION (IN THE PRAXAIR CASE).

07/14/2003    326    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
                     TEXACO AVIATION PRODUCTES LLC'S CROSSCLAIM AGAINST
                     OTHER DEFT'S AND THIRD-PARTY DEFT'S (IN THE PRAXAIR
                     CASE)

07/14/2003    327    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
                     TEXACO INC.'S CROSSCLAIM AGAINST OTHER DEFTS AND
                     THIRD-PARTY DEFTS(IN THE PRAXAIR CASE)

07/14/2003    328    ANSWER OF DEFT FISHER CONTROLS INTERNATIONAL, INC. TO
                     ANY AND ALL CROSSCLAIMS AND FUTURE CROSSCLAIMS (IN THE
                     PRAXAIR CASE)

07/14/2003           LETTER DATED 07/14/2003 FROM PAUL BRADLEY, ESQ. TO
                     SLIGHTS, J., ON BEHALF OF FISHER CONTROLS TO RENEW
                     FISHER'S REQUEST THAT THE COURT DENY CONECTIV'S PENDING
                     MOTON TO DISMISS THE THIRD-PARTY COMPLAINTS OF FISHER
                     AND NORTHEAST CONTROLS, INC. AGAINST CONECTIV IN THE
                     GREAT AMERICAN MATTER...

07/21/2003           #321 SIGNED BY SLIGHTS, J. ON 07/18/03, SO ORDERED.

07/22/2003    324    MEMORANDUM OF OPINION FROM JUDGE SLIGHTS.
                     PLTF'S MOTION FOR CONSOLIDATION IS HEREBY DENIED.
                     JUSTICE CANNOT BE ADMINISTERED FAIRLY BETWEEN THE
                     PARTIES WITHOUT A MULTIPLICITY OF SUITS. THE OLSON
                     ACTION WILL BE TRIED FIRST, THEN THE MOTIVA ACTION,
                     THE PRAXAIR ACTION, AND THE GREAT AMERICAN ACTION IN
                     A CONSOLIDATED TRIAL. A SCHEDULING CONFERENCE WILL BE
                     CONVENED IN DUE COURSE TO FIX THE TRIAL SCHEDULES AND
                     TRIAL RELATED DEADLINES.

07/25/2003    336    LETTER DATED 07/25/2003 FROM SLIGHTS, J.
                     DEAR COUNSEL: PLS. TAKE NOTICE THAT A SCHEDULING CONF.
                     HAS BEEN SCHEDULED IN THE ABOVE MATTER ON MONDAY,
                     SEPTEMBER 8, 2003 AT 10:00 AM. THE PURPOSE OF THIS
                     CONF. IS TO FIX TRIAL SCHEDULES AND TRIAL RELATED

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE    31

02C-04-263

DEADLINES.

08/01/2003   337   NOTICE OF SERVICE THAT ON AUG. 1, 2003 COPIES OF THE
                   PLTFS RONALD W. OLSON AND CAROL OLSON'S FIRST SET OF
                   REQ. FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PARSONS
                   ENERGY & CHEMICAL GROUP, INC. WERE SENT TO COUNSEL OF
                   RECORD.

08/01/2003   338   NOTICE OF SERVICE THAT ON AUGUST 1, 2003 COPIES OF THE
                   PLTFS RONALD W. OLSON AND CAROL OLSON'S FIRST SET OF
                   INTERROG. ADDRESSED TO PARSONS ENERGY & CHEMICALS
                   GROUP, INC. WERE SENT TO ALL COUNSEL OF RECORD.

08/05/2003   339   LETTER DATED 08/05/2003 FROM JOSEPH HANDLON, ESQ.
                   MEDIATION HAS BEEN DELAYED SO THE PARTIES CAN COMPLETE
                   DISCOVERY.

08/08/2003   343   DEFENDANT FISHER CONTROLS' MOTION FOR SUMMARY JUDGMENT
                   SCHEDULED FOR 09/08/2003 AT 10:00 A.M.

08/11/2003   340   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
                   SCHEDULED FOR 09/08/2003.
                   ***THIS WILL NOT BE HELD ON THIS DATE PER SHELLY BEANS
                   ON BEHALF OF SLIGHTS, J. THE ATTY.'S WERE CALLED AND
                   TOLD TO RENOTICE FOR ANOTHER DATE AND TIME.

08/11/2003   341   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
                   SCHEDULED FOR 09/26/2003 AT 1:30 PM.

08/12/2003   342   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
                   SCHEDULED FOR 09/26/2003 AT 1:30 PM
                   DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION.

08/12/2003   346   NOTICE OF SERVICE OF RESPONSES TO THIRD-PARTY PLTF
                   FISHER CONTROLS INTERNATIONAL, INC.'S FIRST SET OF
                   INTERROGS AND REQUESTS FOR PRODUCTION TO THIRD-PARTY
                   DEFT HYDROCHEM INDUSTRIAL SERVICES, INC.

08/13/2003   344   LETTER DATED 08/13/2003 FROM SLIGHTS, J.
                   RE: MS. GATTUSO'S CLIENTS CONCERNS.

08/13/2003   345   VACTION OF NOTICE OF DEPOSITION OF THE FOLLOWING
                   TEXACO DEVELOPMENT CORP.; MOTIVA ENTERPRISES, LLC.;
                   CONECTIV OPERATING SERVICES COMPANY; PRAXAIR, INC.;
                   PARRSONS ENERGY AND CHEMICALS, INC.

08/21/2003   347   ANSWER OF DAIKIN INDUSTRIES LIMITED AND DAIKIN AMERICA
                   INC. TO CROSSCLAIM OF CONECTIV OPERATING SERVICES
                   COMPANY IN THE GREAT AMERICAN CASE.

08/21/2003   348   ANSWER OF MOTIVA ENTERPRISES LLC TO CONECTIVE
                   OPERATIN SERVICES COMPANY'S CROSSCLAIM TO FISHER
                   CONTROLS INTERNATIONAL, INC.'S AMENDED THIRD-PARTY
                   COMPLAINT(IN THE GREAT AMERICAN CASE).

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                PAGE    32

02C-04-263

08/22/2003    349    ANSWER OF MOTIVA ENTERPRISES LLC TO CONECTIV OPERATING
                     SERVICES COMPANY'S CROSSCLAIM TO NORTHEAST CONTROLS
                     INTERATIONAL, INC'S AMENDED THIRD-PARTY COMPLAINT
                     (IN THE GREAT AMERICAN CASE)

08/29/2003    350    NOTICE OF SERVICE OF DEFT TEXACO DEVELOPMENT CORP'S
                     FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
                     ADDRESSED TO PRAXAIR, INC.

08/29/2003    351    NOTICE OF SERVICE OF DEFT TEXACO DEVELOPMENT CORP'S
                     FIRST SET OF INTERROGS ADDRESSED TO PRAXAIR, INC.

09/05/2003    352    ENTRY OF APPEARANCE OF JOANNA REIVER ON BEHALF ON THE D
                     DEFT SAINT-GOBAIN PERFORMANCE PLASTICS CORP.

09/08/2003    357    SCHEDULING CONFERENCE

09/08/2003    358    ANSWRE OF DEFT SAINT GOBAIN PLASTICS CORPORATION TO ANY
                     AND ALL PENDING AND FUTURE CROSSCLAIMS

09/10/2003    353    SCHEDULING ORDER SIGNED BY SLIGHTS, J.
                     FILING OF MOTIONS TO ADD OR AMEND: 9/30/03
                     DISCOV. CUT-OFF: 12/20/04
                     PLTF'S EXPERT REPORTS: 7/1/04
                     DEFT'S AND THIRD PARTY EXPERT REPORTS: 10/28/04
                     SUPPLEMENTAL EXPERT REPORTS:11/30/04
                     FILING OF DISPOSITIVE MOTIONS: 1/13/05
                     RESP BRIEFS: 30 DAYS
                     REPLY BRIEFS: 14 DAYS
                     DAUBERT HERAING: 3/10/05 @ 9:30 A.M.
                     MEDIATION: 12/31/03           STATUS REPORT: 1/15/04
                     MOTION IN LIMINE:
                     (1)        OPENING BRIEF 5/12/05
                     (2)        RESP. BRIEF: 5/26/05
                     (3)        REPLY BRIEF: 6/2/05
                     (4)        ORAL ARGUMENT: TBA
                     PRETRIAL CONF.: 7/12/05 AT 9:30
                     PRETRIAL STIP: 7/705
                     JURY INST/VOIR DIRE: 8/8/05
                     CALENDAR CALL: 8/10/05
                     TRIAL: 8/15/05 - 30 (THIRTY) DAY JURY TRIAL

09/10/2003    355    ANSWER TO CONECTIV OPERATING SERVICES COMPANY'S
                     CROSS-CLAIMS AGAINST GREAT AMERICAN ASSURANCE COMPANY
                     AS RELATED TO THE THIRD-PARTY COMPLAINT OF FISHER
                     CONTROLS INTERNATIONAL, INC.

09/10/2003    356    ANSWER TO CONECTIV OPERATING SERVICES COMPANY'S
                     CROSS-CLAIMS AGAINST GREAT AMERICAN ASSURANCE COMPANY
                     AS RELATED TO THE THRID-PARTY COMPLAINT OF NORTHEAST
                     CONTROLS, INC.

09/15/2003    354    NOTICE OF SERVICE THAT ON COPIES OF THE DEFT TEXACO
                     DEVELOPMENT CORPORATION'S OBJECTIONS AND RESPS TO

EXHIBIT 12
(part 2)

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    33

02C-04-263
                    PLTF'S FIRST SET OF INTERROG., FIRST SET OF DOCUMENT
                    REQ., AND FIRST SET OF REQ. FOR ADMISSION WERE SENT TO
                    ALL COUNSEL OF RECORD.

09/15/2003    390   DEFENDANT'S MOTION FOR PRO HAC VICE OF DANIEL GUNTER,
                    ESQ. (WA) ; PAUL BRADLEY ESQ. LOCAL
                    (JRS - 10/23/03).

09/16/2003    359   ANSWER OF THIRD PARTY DEFTS DAIKIN AMERICAN, INC. AND
                    DAIKIN INDUSTRIES, LTD. TO THE CROSSCLAIMS OF SAINT
                    GOBAIN PERFORMANCE PLASTIC CORPORATION IN THE GREAT
                    AMERICAN ACTION.

09/16/2003    360   ANSWER OF THIRD PARTY DEFTS DAIKIN AMERICAN, INC. AND
                    DAIKIN INDUSTRIES, LTD. TO THE CROSSCLAIMS OF SAINT
                    GOBAIN PERFORMANCE PLASTIC CORPORATION IN THE MOTIVA
                    ACTION.

09/17/2003    361   LETTER DATED 09/17/2003 FROM PAUL A. BRADLEY
                    TO JUDGE SLIGHTS.
                    RE: THE BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS.

09/17/2003    362   ANSWER OF DEFT TEXACO DEVELOPMENT CORPORATION AND
                    THIRD-PARTY DEFTS TEXACO INC. AND TEXACO AVIATION
                    PRODUCTS, LLC. TO CROSS-CLAIMS OF DEFT CONECTIV
                    OPERATING SERVICES COMPANY BASED UPON THE AMENDED
                    THIRD PARTY COMPLAINT OF FISHER CONTROLS INTERANTIONAL
                    INC. IN THE GREAT AMERICAN MATTER.

09/17/2003    363   ANSWER OF MOTIVA ENTERPRISES LLC TO CROSSCLAIM OF
                    SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION
                    RELATING TO THE THIRD-PARTY COMPLAINT OF NORTHEAST
                    CONTROLS, INC.

09/17/2003    364   ANSWER OF MOTIVA ENTERPRISES LLC TO CROSSCLAIM OF
                    SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION
                    RELATING TO THE SECOND AMENDED THRID-PARTY COMPLAINT OF
                    FISHER CONTROLS INTERNATIONAL, INC.

09/22/2003    365   RESPONSE OF PRAXAIR, INC. TO THE MOTION OF DEPT
                    FISHER CONTROLS INTERATIONAL, INC. FOR PARTIAL SUMMARY
                    JUDGMENT.

09/22/2003    366   GREAT AMERICAN ASSURANCE COMPANY AS SUBROGEE OF
                    PRAXAIR, INC.'S OPPOSITION TO FISHER CONTROLS
                    INTERATIONAL, INC.'S MOTION FOR PARTIAL SUMMARY
                    JUDGMENT ON NEGLIGENCE CLAIM.

09/22/2003    367   GREAT AMERICAN ASSURANCE COMPANY AS SUBROGEE OF MOTIVA
                    ENTERPRISES LLC'S OPPOSITION TO FISHER CONTROLS
                    INTERATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT
                    ON CONTRACT AND NEGLIGENCE CLAIM.

09/24/2003    368   LETTER DATED 09/24/2003 FROM SLIGHTS, J.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    34

02C-04-263

TO ALL COUNSEL.
RE:MOTION FOR SUMMARY JUDGMENT ORIG. SCHEDULED FOR
SEPT. 25, 2003.  THE NEW DATE AND TIME IS 12/9/03 AT
2:00 P.M.

09/25/2003    369    ANSWER OF DEFT AND THRID-PARETY DEFT CONECTIV OPERATING
SERVICES COMPANY TO CROSS-CLAIMS OF SAINT-GOBAIN
PERFORMANCE PLASTICS CORPORATION.

09/26/2003    371    NOTICE OF SERVICE, PRAXAIR, INC.'S RESPONSE TO PLTF'S
RONALD W. OLSON AND CAROL OLSON'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND INTERRGA DIRECTED TO DEFT'S
PRAXAIR, INC.

09/30/2003    376    ANSWRE OF DEFT PRAXAIR, INC., TO THE CROSSCLAIMS OF
THRID PARTY DEFT ST. GOBAIN PERFORMANCE PLASITCS
CORPORATION ASSERTED IN RESP. TO NORTHEAST CONTROL'S
THIRD PARTY COMPLAINT IN THE MOTIVA ENTERPRISES ACTION.

09/30/2003    377    ANSWER OF THIRD-PARTY DEFT, PRAXAIR, INC., TO THE
CROSSCLAIMS OF THIRD PARTY DEFT ST. GOBAIN PERFORMANCE
PLASTICS CORPORATION ASSERTED IN RESP TO NORTHEAST
CONTROL, INC.'S THIRD PARTY COMPLAINT IN THE GREAT
AMERICAN ACTION.

09/30/2003    378    ANSWER OF DEFT, PRAXAIR, INC., TO THE CROSSCLAIMS OF
THRID PARTY DEFT ST. GOBAIN PERFORMANCE PLASTICS
CORPORATION ASSERTED IN RESPONSE TO FISHER CONTROLS
INTERNATIONAL, INC.'S THIRD PARTY COMPLAINT IN THE
MOTIVA ENTERPISES ACTION.

10/01/2003    370    MOTION OF MOTIVA ENTERPRISES LLC TO AMENDED ITS ANSWER.
SCHEDULED FOR OCT. 20, 2003, AT 9:00 AM.

10/01/2003    380    NOTICE OF DEPOSITION OF BHIM BAKHOO ON 11/19/03 AT
9:30 AM; DAVID GOOD ON 11/20/03 AT 9:30 AM; ROGER
HAWLEY ON 11/21/03 AT 9:30 AM; AND LEN SWITILSKI ON
DEC. 8, 2003, AT 9:30 AM.

10/01/2003    381    FISHER CONTROLS INTERNATIONAL, INC.'S MOTION TO
COMPEL DISCOVERY RESPONSES FROM PRAXAIR, INC.
SCHEDULED FOR OCT. 20, 2003 AT 9:0 AM.

10/02/2003    379    NOTICE OF DEPOSITION OF RONALD W. OLSON ON OCT. 27,
2003 AT 9:30 AM.

10/03/2003    372    AMENDED NOTICE OF DEPOSITION OF RONALD W. OLSON AS TO
LOCATION ONLY.

10/06/2003    374    REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFT FISHER
CONTROLS INTERNATIONAL, INC., FOR SUMMARY JUDGMENT
OF DISMISSAL OF NEGLIGENCE CLAIM ASSERTED BY PLTF
PRAXAIR, INC.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                      PAGE    35

02C-04-263

10/06/2003    375   REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEF FISHER
                    CONTROLS INTERANTIONAL, INC., FOR SUMMARY JUDGMENT
                    ON CLAIMS ASSERTED BY PLTF MOTIVA ENTERPRISES, LLC.

10/07/2003    373   LETTER DATED 10/07/2003 FROM SLIGHTS, J.
                    TO ALL COUNSEL OF RECORD.
                    PLS. TAKE NOTICE THAT A STATUS CONFERANCE HAS BEEN
                    SCHEDULED IN THE ABOVE MATTER FOR TUESDAY, OCTOBER
                    28, 2003 AT 9:30 AM.

10/10/2003    383   DEFENDANT'S MOTION TO COMPEL
                    SCHEDULED FOR 10/28/2003

10/14/2003    382   ANSWER OF FISHER CONTROLS INTERATIONAL, INC. TO
                    SAINT GOBAIN'S CROSS-CLAIMS AGAINST ALL CO-DEFT'S IN
                    THE PRAXAIR CASE.

10/16/2003    391   NOTICE OF SERVICE THAT ON OCT. 16, 2003 COPIES OF THE
                    DEFT TEXACO DEVELOPMENT CORPORATION'S FIRST SET OF
                    INTERROG. ADDRESSED TO SAINT-GOBAIN PERFORMANCE
                    PLASTICS CORPORATION WERE SENT TO ALL COUNSEL OF THE
                    RECORD.

10/16/2003    392   NOTICE OF SERVICE THAT THE DEFT TEXACO DEVELOPMENT
                    CORPORATION'S FIRST SET OF INTERROG. ADDERSSED TO
                    DAIKIN INDUSTRIES, LTD WERE SENT TO CALL COUNSEL OF THE
                    RECORD ON OCR 16, 2003.

10/16/2003    393   NOTICE OF SERVICE THAT ON OCTOBER 16, 2003 COPIES OF
                    THE DEFT TEXACO DEVELOPMENT CORPORATION'S FIRST SET
                    OF REQ. FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DAIKIN
                    INDUSTRIES, LTD. WERE SENT TO ALL COUNSEL OF RECORD.

10/16/2003    394   NOTICE OF SERVICE THAT ON OCTOBER 16, 2003 COPIES OF
                    THE DEFT TEXACO DEVELOPMENT CORPORATION'S FIRST SET OF
                    REQ. FOR PRODUCTION OF DOCUMENTS ADDRESSED TO SAINT
                    GOBAIN PERFORMANCE PLASTICS CORPORATION WERE SENT TO
                    ALL COUNSEL OF RECORD.

10/17/2003    389   LETTER DATED 10/17/2003 FROM JOSEPH HANDLON
                    DEAR JUDGE SLIGHTS:
                    PURSUANT TO YOUR HONOR'S INSTRUCTIONS AT THE LAST
                    STATUS CONFERENCE IN THE ABOVE MATTER, WE
                    RESPECTFULLY SUBMIT THE AGENDA BELOW FOR THE
                    UPCOMING STATUS CONFERENCE IN THIS MATTER SCHEDULED FOR
                    OCTOBER 28, 2300.
                    1.DOCUMENT PRODUCTION -- A DISCUSSION OF PARTIES
                    REGARDING PRODUCTION OF DOCUMENTS PRODUCED BY MR. OLSON
                    AND CONECTIV TO TEXACO AND MOTIVA.
                    2. DEPOSITIONS -- IDENTITY OF WITNESSES TO BE DEPOSED
                    DURING THE DESIGNATED TIME SLOTS; DISPUTES, IF ANY ARE
                    REMAINING, OVER THE AVAILABLTIY OF WITNESSES.
                    3. THE ISSUES RAISED IN FISHER'S SEPT. 17, 2003, LETTER
                    TO THE COURT.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    36

02C-04-263

> 4. SUBSTITUTION OF TEXACO, INC. FOR TEXACO GLOBAL GAS
> AND POWER -- THE OLSONS AND TEXACO HAVE REACHED AN
> AGREEMENT REGARDING SUBSTITUTION AND HAVE CIRCULATED
> THE STIPULATION FOR SIGNATURE BY THE PARTIES. ALTHOUGH
> SEVERAL PARTIES HAVE SIGNED THE STIPULATION, WE STILL
> HAVE NOT RECIEVED SIGNED COPIES FROM THE PARTIES
> 5. STATUS OF THE MOTIVA ACTION.
> 6. MOTIVA'S MOTION TO AMEND AND FISHER'S MOTION
> TO COMPEL PRAXAIR.

10/20/2003    384    DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WARRANTY CLAIMS ASSERTED
BY GREAT AMERICAN ASSURANCE COMPANY SCHEDULED FOR
DECEMBER 9, 2003, AT 2:00 P.M.

10/20/2003    385    DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON NEGLIGENCE CLAIM ASSERTED
BY PLTF GREAT AMERICAN ASSURANCE COMPANY SCHEDULED FOR
DEC. 9, 2003, AT 2:00 PM.

10/20/2003    386    FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED BY PLTF GREAT
AMERICAN ASSURANCE COMPANY SCHEDULED FOR DEC. 9, 2003,
AT 2:00 PM.

10/20/2003    387    FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WARRANTY AND CONTRACT
CLAIMS ASSERTED BY PLTF PRAXAIR, INC. SCHEDULED FOR
DEC. 9, 2003, AT 2:00 PM.

10/20/2003    389    EXHIBITS REFERENCED IN MOTION FOR SUMMARY JUDGMENT
FILED BY FISHER CONTROLS INTERNATIONAL, INC., ON
OCTOBER 20, 2003.

10/24/2003    395    RESPONSE OF PRAXAIR, INC. TO THE MOTION TO COMPEL
DISCOVERY RESPONSES OF DEFT, FISHER CONTROLS
INTERNATIONAL, INC.

10/27/2003    396    BENCH MEMORANDUM.
SETTING FORTH A BRIEF OVERVIEW OF THE FACTUAL
BACKGROUND TO THIS CASE.

10/27/2003           #390 SIGNED BY SLIGHTS, J. ON 10/27/03, SO ORDERED.

10/28/2003    397    CIVIL MOTION HEARD.
DEFT/3RD PARTY PLTF FISHER CONTROLS INTERNATIONAL,
INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM
PRAXAIR, INC.
DECISION: GRANTED DOCUMENTS RELATIVE TO PRIOR
FIRES ARE TO BE PRODUCED WITH IN 2 WEEKS, OR BY
11/11/03.
DEFT MOTIVA'S MOTION TO AMENDED THEIR ANSWER
DECISION: GRANTED, UNOPPOSED.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE     37

02C-04-263

10/28/2003    398    SO ORDER, ON 10/28/2003 BY SLIGHTS, J. THAT THE
FOREGOING MOTION OF MOTIVA ENTERPRISES LLC TO AMEND ITS
ANSWER TO PLTF'S COMPLAINT HAVING BEEN HEARD AND
CONSIDERED. NOW, THEREFORE, IT IS SO ORDERED THAT
MOTIVA ENTERPRISES LLC IS GRANTED LEAVE TO AMEND ITS
ANSWER, AS SET FORTH IN EXHIBIT A ATTACHED TO THE
FOREGOING MOTION, AND IT IS FURTHER ORDERED THAT THE
AMENDED ANSWER OF MOTIVA ENTERPRISES LLC IS DEEMED TO
HAVE BEEN SERVED ON ALL PARTIES ON THE DATE OF THIS
ORDER.

10/28/2003    397    OFFICE CONFERENCE VARIOUS COUNSEL ATTENDED A LIST OF
THE COUNSEL WHO APPEARED IS ATTACHED TO THIS DOCKET
ENTRY.
DEPOSITION OF MR. OLSON - IS GOING INTO ITS FIFTH DAY
MY. ROBBINS DOES NOT LIKE THE QUESTIONS BEING ASKED AS
THEY ARE TOO SPECIFIC AND ARE ONES THAT SHOULD BE ASKED
TO AN EXPERT.  HE DOES NOT LIKE WHERE THIS DEPOSITION
IS GOING. MR. ROBBINS ALSO FEELS THAT HIS CLIENT IS
BEING BADGERED.
DEPOSITION WILL GO TODAY UNTIL 4:30 PM AND IF NEED
BE TOMORROW UNTIL 12:00 NN.
IF FURTHER DEPOSITION OF MR. OLSON NEEDS TO BE TAKEN
A MOTIN NEEDS TO BE FILED.
S/C - NOTICE ALL NON DISPSITIVE MOTIONS FOR ROUTINE
MOTION DAYS.  AND JUDGE SLIGHTS WILL DECIDED IF THEY
NEED TO BE RE-SCHEDULED FOR ANOTHER DATE AND TIME
COUNSEL MIGHT BE ABLE TO START FILING UNDER THE NEW
E-FILING SYSTEM.

10/28/2003    400    NOTICE:  A STATUS CONFERENCE HAS BEEN SCHEDULED IN THE
ABOVE MATTER ON TUES., 1/20/2004 AT 9:30 A.M.   THE
PARTIES SHOULD AGENDA ITEMS AND SUBMIT TO THE COURT ON
OR BEFORE 1/16/04.  ANY PROPOSED ORDERS GENERATED AS A
RESULT OF THE LAST STATUS CONFERENCE SHOULD BE SUB-
MITTED TO THE COURT WITHIN 2 WEEKS UNLESS OTHERWISE
SPECIFIED AT THE CONFERENCE.

10/30/2003    399    LETTER DATED 10/29/2003 FROM PAUL BRADLEY, ESQ. TO
SLIGHTS, J., ENCLOSED IS AN ORDER REFLECTING YOUR
DECISION ON FISHER CONTROLS INTERNATIONAL, INC.'S
MOTION TO COMPEL.  IT WAS APPROVED AS TO FORM BY
PRAXAIR COUNSEL.              (JRS, 10/30/03)

10/30/2003    401    NOTICE OF SERVICE THAT ON OCT. 30, 2003 COPIES
OF THE DEFT TEXACO DEVELOPMENT CORPORATION'S FIRST SET
OF INTERROG. ADDRESSED TO DAIKIN AMERICA, INC. WERE
SENT TO ALL COUNSEL OF THE RECORD.

10/30/2003    402    NOTICE OF SERVICE THAT ON OCT. 30, 2003 COPIES OF THE
DEFT TEXACO DEVELOPMENT CORPORATION'S FIRST SET OF
REQ. FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DAIKIN
AMERICA, INC. WERE SENT TO ALL COUNSEL OF THE RECORD.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE      38

02C-04-263

10/30/2003    408    SO ORDER, ON 10/30/2003 BY SLIGETS, J., THAT THE
                     FOREGOING MOTION OF FISHER CONTROLS INTERNATIONAL, INC.
                     TO COMPEL DISCOVERY RESPONSES FROM PRAXAIR, INC. AND
                     PRAXAIR, INC.'S RESPONSE AND ORAL ARGUMENT HAVING BEEN
                     HEARD AND CONSIDERED, IS GRANTED AND PRAXAIR, INC.
                     SHALL: A).  PRODUCE ANY AND ALL DOCUMENTS REQUESTED IN
                     FISHER CONTROLS INTERNATIONAL, INC.'S REQUEST FOR
                     PRODUCTION NOS. 11,12,47,64,76 AND 77 NO LATER THAN
                     11/11/2003, OR
                     B).  SHALL CERTIFY IN A PLEADING THAT IT DOES NOT HAVE
                     IN ITS POSSESSION, CUSTODY, OR CONTROL ANY OF THE
                     DOCUMENTS REQUESTED IN REQUEST FOR PRODUCTION NOS. 11,
                     12,47,64,76 AND 77.

10/31/2003    416    STIPULATION OF SUBSTITUTION AND DISMISSAL WITH
                     PREJUDICE, ANY AND ALL CLAIMS AGAINST DEFT TEXACO
                     AVIATION PRODUCTS, LLC.  THE PARTIES FURTHER STIPULATE
                     AND AGREE THAT THE DEFT NAMED AS TEXACO GLOBAL GAS AND
                     POWER SHALL BE DISMISSED FROM THIS ACTION, WITH PRE-
                     JUDICE, AND THAT TEXACO INC SHALL BE SUBSTITUTED AS A
                     DEFT IN THIS MATTER FOR TEXACO GLOBAL GAS AND POWER..
                     TEXACO INC. SHALL ANSWER ALLEGATIONS NO LATER THAN 30
                     DAYS AFTER THE DATE THE LAST PARTY SIGNS THIS STIP.

11/07/2003    407    NOTICE OF WITHDRAWAL OF COUNSEL C. CURTIS STAROPOLI,
                     ESQ. AS COUNSEL FOR SAINT-GOBAIN PERFORMANCE PLASTICS
                     CORPORATION.

11/10/2003    403    NOTICE OF DEPOSITION OF CORP REPRESENTATIVE OF FISHER
                     CONTROLS INTERNATIONAL DUCES TECUM ON 12/13/03.

11/12/2003    404    NOTICE OF SERVICE- PRAXAIR INC'S RESPONSE TO DEFT
                     TEXACO DEVLOPMENT CORP'S FIRST SET OF REQUESTS FOR
                     PRODUCTION OF DOCUMENTS AND PRAXAIR, INC'S OBJECTIONS
                     AND ANSWERS TO DEFT TEXACO DEVELOPMENT CORP'S FIRST SET
                     OF INTERROGATORIES.

11/12/2003    405    DEFENDANT'S MOTION FOR PRO HAC VICE OF SHERIDAN BLACK,
                     ESQ. (PA) ; JOANNA REIVER, ESQ. LOCAL
                     (JRS - 11/19/03).

11/17/2003    406    LETTER DATED 11/13/2003 FROM PAUL BRADLEY, ESQ. TO
                     PROTHONOTARY, WITH ORDER ATTACHED TO PLACE THE ABOVE
                     REFRENCED CASES (02C-04-263, 02C-05-168, 02C-05-169 AND
                     02C-05-190) ON LEXIS-NEXIS FILE AND SERVE.

11/18/2003    409    RENOTICE OF DEPOSITION OF ROGER HAWLEY, 11/20/03.

11/18/2003    410    RENOTICE OF DEPOSITION OF ROGER HAWLEY ON 11/20/2003
                     AT 9:30AM

11/18/2003    417    OBJECTION TO SCOPE OF NOTICE OF DEPOSITION OF ROGER
                     HAWLEY.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    39

02C-04-263

11/20/2003          #405 SIGNED BY SLIGHTS, J. ON 11/20/03, SO ORDERED.

11/21/2003    411   PLAINTIFF'S RESPONSE IN OPPOSITION TO FISHER CONTROLS
                    INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT
                    SEEKING DISMISSAL OF PRAXAIR CONTRACT CLAIMS.

11/21/2003    412   DEFENDANT PRAXAIR, INC. RESPONSE TO THE MOTION OF DEFT.
                    FISHER CONTROLS INTERNATIONAL, INC. FOR PARTIAL SUMMARY
                    JUDGMENT ON WARRANTY AND CONTRACT CLAIMS ASSERTED BY
                    PLTF., PRAXAIR, INC.

11/24/2003    413   PLAINTIFF GREAT AMERICAN ASSURANCE COMPANY'S RESPONSE
                    IN OPPOSITION TO FISHER CONTROL'S INTERNATIONAL, INC.'S
                    MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENCE
                    CLAIM.

11/24/2003    414   PLAINTIFF, GREAT AMERICAN ASSURANCE COMPANY RESPONSE
                    IN OPPOSITION TO FISHER CONTROLS INTERNATIONAL, INC.'S
                    MOTION FOR SUMMARY JUDGMENT BASED ON ALLEGED ADDITIONAL
                    INSURED STATUS.

11/26/2003    415   NOTICE OF DEPOSITION DUCES TECUM PURSUANT TO SUPERIOR
                    COURT RULE 30(B)(6) OF FISHER CONTROLS INTERNATIONAL
                    ON 12/13/03.

11/26/2003    418       SO ORDER, ON 11/25/03 BY RIDGELY, PJ., THAT
                    EFFECTIVE 12/1/2003, ALL PARTIES SHALL SERVE AND FILE
                    ALL PLEADINGS AND OTHER PAPERS WITH THE COURT IN
                    COMPLIANCE WITH SUPERIOR COURT 79.1.  PLEADINGS FILED
                    THROUGH 11/30/2003 WILL NOT BE PLACED ON THE FILE AND
                    SERVE SYSTEM.

12/02/2003    419   NOTICE TO ALL COUNSEL OF RECORD FROM SLIGHTS, J.
                    PLEASE TAKE NOTICE THAT THE COURT IS RESCHEDULING ALL
                    MOTIONS FOR SUMMARY JUDGMENT FROM DECEMBER 9, 2003 TO
                    TUESDAY, JANUARY 20, 2004 AT 9:30AM.

12/03/2003    420   PLTFS' RESPONSE TO THE MOTIONS FOR PARTIAL SUMMARY
                    JUDGMENT ON WARRANTY AND CONTRACT CLAIMS ASSERTED BY
                    PLTF. PRAXAIR, INC.

12/04/2003    421   RE-NOTICE OF DEPOSITION *DUCES TECUM* OF FISHER
                    CONTROLS INTERNATIONAL ON DECEMBER 15, 2003 BY DEFT.
                    BATTAGLIA MECHANICAL, INC.

12/10/2003    422   DEFT. PRAXAIR INC'S MOTION FOR PRO HAC VICE OF
                    JAMES D. GOLKOW, ESQ.

12/11/2003    423   RE-NOTICE OF DEPOSITION OF FISHER CONTROLS INT'L ON
                    DECEMBER 15, 2003 BY DEFT. TEXACO DEVELOPMENT CORP.

12/11/2003    424   NOTICE OF DEPOSITION OF THE FOLLOWING INDIVIDUALS ON
                    DECEMBER 12, 2003 BY DEFT. TEXACO DEVELOPMENT CORP:
                    - MARK PAOLUCCI, NORTHEAST CONTROLS

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE    40

02C-04-263

- DERT CAPPELLINI, NORTHEAST CONTROLS

12/11/2003    425    RE-NOTICE OF DEPOSITION *DUCES TECUM* OF FISHER
                     CONTROLS INTERNATIONAL ON DECEMBER 15, 2003 BY DEFT.
                     BATTAGLIA MECHANICAL, INC.

12/22/2003    426    REPLY MEMORANDUM IN SUPPORT OF DEFT. FISHER CONTROLS
                     INTERNATIONAL, INC., MOTION FOR PARTIAL SUMMARY
                     JUDGMENT ON WARRANTY AND CONTRACT CLAIMS ASSERTED BY
                     PLTF. PRAXAIR, INC.  (FISHER REPLY TO OLSONS' RESPONSE
                     ON THE "PRAXAIR WARRANTY" MOTION)

12/22/2003    427    REPLY MEMORANDUM IN SUPPORT OF DEFT. FISHER CONTROLS
                     INTERNATIONAL, INC., MOTION FOR PARTIAL SUMMARY
                     JUDGMENT ON WARRANTY AND CONTRACT CLAIMS ASSERTED BY
                     PLTF. PRAXAIR, INC.  (THE "GREAT AMERICAN WARRANTY"
                     REPLY)

12/22/2003    428    REPLY MEMORANDUM IN SUPPORT OF DEFT. FISHER CONTROLS
                     INTERNATIONAL, INC., MOTION FOR PARTIAL SUMMARY
                     JUDGMENT ON WARRANTY AND CONTRACT CLAIMS ASSERTED BY
                     PLTF. PRAXAIR, INC. (THE "PRAXAIR WARRANTY" REPLY)

12/22/2003    429    REPLY MEMORANDUM IN SUPPORT OF FISHER CONTROLS
                     INTERNATIONAL, INC., MOTION FOR SUMMARY JUDGMENT AS TO
                     NEGLIGENCE CLAIM ASSERTED BY PLTF. GREAT AMERICAN
                     ASSURANCE COMPANY, INC. (THE "GREAT AMERICAN
                     NEGLIGENCE" REPLY)

12/22/2003    430    REPLY MEMORANDUM IN SUPPORT OF DEFT. FISHER CONTROLS
                     INTERNATIONAL, INC., MOTION FOR SUMMARY JUDGMENT ON
                     ALL CLAIMS ASSERTED BY PLTF. GREAT AMERICAN ASSURANCE
                     COMPANY (FISHER'S "ADDITIONAL INSURED" REPLY)

12/29/2003    431    NOTICE OF SERVICE OF SUPPLEMENTAL EXHIBITS REFERENCED
                     IN REPLY MEMORANDA FILED BY FISHER CONTROLS INT'L, INC.
                     IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT.

01/09/2004    432    FISHER CONTROLS INT'L, INC.'S MOTION TO STRIKE
                     AFFIDAVIT OF BHIM BHAKOO IN SUPPORT OF PRAXAIR'S
                     RESPONSE TO FISHER'S MOTION FOR SUMMARY JUDGMENT
                     SCHEDULED JANUARY 20 AT 9:30AM.

01/09/2004    433    NOTICE OF DEFT. FISHER CONTROLS INT'L, INC.'S MOTION
                     TO STRIKE AFFIDAVIT OF BHIM BHAKOO WILL BE PRESENTED
                     ON JANUARY 20, 2004 AT 9:30AM.

01/13/2004    434    ANSWER OF DEFT. CONECTIV OPERATING SERVICES COMPANY
                     TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS
                     (IN THE GREAT AMERICAN ASSURANCE COMPANY CASE).

01/13/2004    434    ANSWER TO DEFT. CONECTIV OPERATING SERVICES COMPANY
                     TO ANY AND ALL CROSS-CLAIMS AND FUTURE CROSS-CLAIMS
                     (IN THE PRAXAIR CASE).

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    41

02C-04-263

01/16/2004    435    LETTER DATED 01/16/2004 FROM PAUL A. BRADLEY, ESQ. TO
                     SLIGHTS, J.  ENCLOSED IS THE AGENDA FOR THE 1/20/04
                     STATUS CONFERENCE.

01/16/2004    436    SUBSTITUTION OF COUNSEL - PLEASE WITHDRAW THE
                     APPEARANCE OF JOANNA REIVER, ESQ., AND ENTER THE
                     APPEARANCE OF SHERIDEN T. BLACK, ESQ. FOR SAINT GOBAIN
                     PERFORMANCE PLASTICS.

01/16/2004    437    LETTER DATED 01/16/2004 FROM SEAN J. BELLEW, ESQ. TO
                     SLIGHTS, J.  WE REPRESENT PRAXAIR, INC...RE 1/20/04
                     MOTIONS AND STATUS CONFERENCE.

01/20/2004    438    STATUS CONFERENCE AND SIX CIVIL MOTIONS FILED BY
                     FISHER CONTROLS INTERNATIONAL, INC.
                     1. MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRAXAIR,
                        INC.'S NEGLIGENCE CLAIM.
                     2. MOTION FOR PARTIAL SUMMARY JUDGMENT ON NEGLIGENCE
                        CLAIM ASSERTED BY GREAT AMERICAN ASSURANCE COMPANY.
                     3. MOTION FOR PARTIAL SUMMARY JUDGMENT ON WARRANTY
                        CLAIMS ASSERTED BY GREAT AMERICAN ASSURANCE COMPANY.
                     4. MOTION FOR PARTIAL SUMMARY JUDGMENT ON WARRANTY AND
                        CONTRACT CLAIMS ASSERTED BY PLTF. PRAXAIR, INC.
                     5. MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ASSERTED
                        BY PLTF. GREAT AMERICAN ASSURANCE COMPANY.
                     6. MOTION TO STRIKE BHIM BHAKOO AFFIDAVIT
                     DECISION:
                     - MOTIONS 1 AND 4 ARE TAKEN UNDER ADVISEMENT.
                     - MOTIONS 2, 3 AND 5 ARE WITHDRAWN AS GREAT AMERICAN
                       ASSURANCE COMPANY WILL BE DISMISSING THE LAWSUIT
                       AGAINST FISHER.
                     - MOTION 6 WILL BE RESCHEDULED, IF NECESSARY.
                     (SEE PROCEEDING SHEET FOR MORE DETAILS ON STATUS CONF.)

01/20/2004    439    SUBSTITUTION OF COUNSEL BY WITHDRAWING THE APPEARANCE
                     OF MARC S. CASARINO, ESQ., AND ENTERING THE APPEARANCE
                     OF JONATHAN LAYTON, ESQ., FOR PLTF. GREAT AMERICAN
                     ASSURANCE COMPANY.

01/23/2004    440    SUBSTITUTION OF COUNSEL BY WITHDRAWING THE APPEARANCE
                     OF SOMERS S. PRICE, JR., AND GREGORY A. INSKIP, AND
                     ENTERING R. STOKES NOLTE, ESQ. FOR CONECTIV OPERATING
                     SERVICES COMPANY.

01/23/2004    441    DEFT. FISHER CONTROLS INTERNATIONAL, INC.'S SECOND
                     MOTION TO COMPEL DISCOVERY RESPONSES FROM PRAXAIR, INC.
                     ON FEBRUARY 9, 2004 AT 9:00AM.

01/30/2004    442    DEFT. TEXACO DEVELOPMENT CORPORATION'S MOTION TO COMPEL
                     DISCOVERY RESPONSES FROM DEFT. PRAXAIR ON 2/9/04 AT
                     9:00AM.

02/02/2004    443    RE-NOTICE OF DEFT. TEXACO DEVELOPMENT CORPORATION'S
                     MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFT. PRAXAIR

SUPERIOR COURT – NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE    42

02C-04-263

ON FEBRUARY 23, 2004 AT 9:00AM.

02/02/2004    444    LETTER DATED 02/02/2004 FROM PAUL A. BRADLEY, ESQ. TO
SLIGHTS, J.  FISHER CONTROLS INTERNATIONAL, INC'S
MOTION TO COMPEL PRAXAIR ON FEBRUARY 9, 2004 IS
UNNECESSARY AT THIS TIME.

02/03/2004    445    FISHER CONTROLS' VACATION OF NOTICE OF MOTION TO
COMPEL PRAXAIR ON FEBRUARY 9, 2004.

02/19/2004    446    LETTER DATED 02/19/2004 FROM CHAD J. TOMS, ESQ. TO
SLIGHTS, J.  DEFTS. TEXACO DEVELOPMENT CORPORATION AND
TEXACO INC.'S MOTION TO COMPEL PRAXAIR SCHEDULED
FEBRUARY 23, 2004 AT 9:00AM IS UNNECESSARY AT THIS
TIME.

03/04/2004    447    NOTICE OF DEPOSITION OF J.J. WHITE, INC., BY AND
THROUGH ITS DESIGNATED CORPORATE REPRESENTATIVE OR
REPRESENTATIVES, PURSUANT TO SUPERIOR COURT RULES 26
AND 30(B)(6) ON MARCH 24, 2004 BY DEFT. FISHER CONTROLS
INTERNATIONAL, INC.

03/05/2004    448    NOTICE OF CHANGE OF ADDRESS OF MURPHY SPADARO & LANDON
– COUNSEL FOR THIRD-PARTY DEFT. HYDROCHEM INDUSTRIAL
SERVICES, INC.

03/11/2004    449    NOTICE OF CONTINUATION OF DEPOSITION OF BHIM BAKHOO ON
APRIL 1, 2004 BY DEFT. FISHER CONTROLS INTERNATIONAL,
INC.

03/11/2004    450    NOTICE OF DEPOSITION OF NEIL WILSON ON APRIL 2, 2004
BY DEFT. FISHER CONTROLS INTERNATIONAL, INC.

03/11/2004    451    NOTICE OF CONTINUATION OF DEPOSITION OF DAVID GOOD ON
MARCH 29 AND MARCH 30, 2004, COMMENCING AT 9:30AM BY
DEFT. FISHER CONTROLS INTERNATIONAL, INC.

03/11/2004    452    NOTICE OF DEPOSITION OF THOMAS WHITACRE ON MARCH 25,
2004 BY DEFT. FISHER CONTROLS INTERNATIONAL, INC.

03/11/2004    453    RENOTICE OF CONTINUATION OF DEPOSITION OF DAVID GOOD
ON MARCH 30 AND MARCH 31, 2004 COMMENCING AT 9:30AM
BY DEFT. FISHER CONTROLS INTERNATIONAL, INC.

03/12/2004    454    NOTICE OF DEPOSITION OF JAY PATEL ON MARCH 22, 2004
BY THE PLTFS.

03/12/2004    455    NOTICE OF DEPOSITION OF ROGER HAWLEY ON MARCH 26, 2004
BY THE PLTFS.

03/12/2004    456    NOTICE OF DEPOSITION OF DEFT. PRAXAIR, INC. EMPLOYEE
GERALD PAOLINO ON MARCH 29, 2004 BY DEFT. TEXACO
DEVELOPMENT CORPORATION.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE    43

02C-04-263
03/15/2004   457   NOTICE OF DEPOSITION OF OF CONECTIV OPERATING SERVICES
                   COMPANY EMPLOYEE LEONARD SWITLISKI ON MARCH 23, 2004 BY
                   DEFT. TEXACO DEVELOPMENT CORPORATION.

03/17/2004   458   LETTER DATED 03/17/2004 FROM PAUL A. BRADLEY, ESQ. TO
                   SLIGHTS, J.  THIS LETTER CONFIRMS CONVERSATIONS WITH
                   CHAMBERS THAT THE STATUS CONFERENCE CURRENTLY SCHEDULED
                   FOR APRIL 19, 2004 IN THE ABOVE-REFERENCED MATTER HAS
                   BEEN RESCHEDULED TO APRIL 26, 2004 AT 2:00PM.

03/24/2004   459   NOTICE OF DEPOSITION OF GARY CALLOWAY ON APRIL 28, 2004
                   BY THE PLTFS.

04/01/2004         #422 SO ORDER, ON 04/01/2004 BY SLIGHTS, J.
                   ********************E FILED************************

04/01/2004         #422 SIGNED BY SLIGHTS, J. ON 04/01/04, SO ORDERED.
                   ************************E-FILED************************

04/07/2004   460   NOTICE OF SERVICE OF PLTFS'COMBINED REQUEST FOR
                   PRODUCTION OF DOCUMENTS AND REQUEST FOR ANSWERS TO
                   INTERROGATORIES PROPOUNDED ON ALL PARTIES.

04/10/2004   462   DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION TO
                   COMPEL DISCOVERY RESPONSES FROM PARSONS, INC.,
                   SCHEDULED FOR MON., 4/26/04 AT 2:00 P.M.

04/10/2004   463   DEFT FISHER CONTROLS INTERNATIONAL, INC.'S THIRD MOTION
                   TO COMPEL DISCOVERY RESPNSES FROM PRAXAIR, INC.,
                   SCHEDULED FOR MON., 4/26/04 AT 2:00 P.M.

04/13/2004   461   TRANSCRIPT FROM JANUARY 20, 2004 HEARING ON MOTIONS AND
                   STATUS CONFERENCE BEFORE SLIGHTS, J.

04/21/2004   464   RESPONSE OF PRAXAIR, INC. TO FISHER CONTROLS
                   INTERNATIONAL CONTROLS, INC.'S THIRD MOTION TO COMPEL.

04/21/2004   465   NOTICE OF DEPOSITION OF ANDREW ENGELS PURSUANT TO
                   SUPERIOR COURT RULE 26 ON APRIL 27, 2004 BY DEFT.
                   FISHER CONTROLS INTERNATIONAL, INC.

04/22/2004   466   LETTER DATED 04/22/2004 FROM CHRISTOPHER KONZELMANN,
                   ESQ. TO SLIGHTS. J.  I REPRESENT PLTF. GREAT AMERICAN
                   ASSURANCE COMPANY...GREAT AMERICAN HAS NOW SETTLED ITS
                   CLAIMS AGAINST THE REMAINING DEFT IN THAT LITIGATION,
                   NORTHEAST CONTROLS, INC. SETTLEMENT OF THE GREAT
                   AMERICAN LITIGATION WILL ALSO RESULT IN THE VOLUNTARY
                   DISMISSAL OF THE PRAXAIR AFFIRMATIVE CLAIMS....

04/26/2004   467   MEMORANDUM OF OPINION FROM JUDGE SLIGHTS.
                   UPON CONSIDERATION OF DEFT FISHER CONTROLS
                   INTERNATIONAL'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT.
                   DECISION:  GRANTED.
                   DATED SUBMITTED:  JANUARY 20, 2003.

SUPERIOR COURT – NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    44

02C-04-263

DATED DECIDED:  APRIL 26, 2004.

04/26/2004    468    NOTICE OF DEPOSITION OF BERT CAPPELLINI, PURSUANT TO
                     SUPERIOR COURT RULE 26 ON APRIL 29, 2004 BY DEFT.
                     PRAXAIR, INC.

04/26/2004    469    LETTER DATED 04/26/2004 FROM JOSEPH RICHES, ESQ.
                     FOLLOWING OUR LETTER OF APRIL 23, 2004, AND OUR EMAIL
                     OF THIS MORNING, THIS LETTER CONFIRMS THAT PRAXAIR
                     WILL DISMISS ITS AFFIRMATIVE CLAIMS WITHOUT PREJUDICE
                     UPON THE SETTLEMENT AND DISMISSAL OF THE GREAT
                     AMERICAN CLAIMS, WHICH WE UNDERSTAND ARE IMMINENT.

05/05/2004           #462  SO ORDERED, ON 05/05/2004 BY SLIGHTS, J.
                     GRANTED WITH AMENDMENTS (SEE EFILING ID #3527116)
                     DEFT/THIRD-PARTY PLTF FISHER CONTROLS INTERNATIONAL
                     INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM
                     PARSON, INC.

05/06/2004    470    NOTICE OF SERVICE OF THE ANSWERS AND RESPONSES OF
                     MOTIVA ENTERPRISES LLC TO COMBINED REQUEST FOR
                     PRODUCTION TO INTERROGATORIES PROPOUNDED ON ALL PARTIES

05/07/2004    471    LETTER DATED 05/07/2004 FROM SEAN BELLEW, ESQ. TO
                     SLIGHTS, J., IN RESPONSE TO MR. HANDLON'S LETTER OF
                     5/6/04.  WE OBJECT TO THE ENTRY OF THE ORDER SUBMITTED
                     BY MR. OLSEN'S COUNSEL...

05/07/2004    472    NOTICE OF SERVICE OF TEXACO DEVELOPMENT CORPORATION AND
                     TEXACO INC. RESPONSES AND OBJECTIONS TO PLTF'S COMBINED
                     REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR
                     ANSWERS TO INTERROGATORIES PROPOUNDED ON ALL PARTIES.

05/10/2004    473    DEFENDANT PRAXAIR'S MOTION FOR PROTECTIVE ORDER TO BAR
                     OR LIMIT THE PRODUCTION OF RESULTS ANALYSES, TESTS,
                     EVALUATIONS AND RECREATIONS OF THE HV0629 VALVE,
                     SCHEDULED AT THE CONVENIENCE OF THE COURT.

05/10/2004    474    LETTER DATED 05/10/2004 FROM SEAN BELLEW, ESQ. TO
                     SLIGHTS, J., REQUESTING THAT THE MOTION FOR PROTECTIVE
                     ORDER BE HEARD AT THE MAY 20TH STATUS CONFERENCE...

05/11/2004    475    LETTER DATED 05/11/2004 FROM SLIGHTS, J. TO COUNSEL:
                     THE COURT HAS SIGNED THE PROPOSED FORM OF ORDER SUB-
                     MITTED BY FISHER CONTROLS INTERNATIONAL, INC.'S THIRD
                     MOTION TO COMPEL, AS THE COURT DID NOT RECEIVE WITHIN
                     TEN DAYS A LETTER SETTING FORTH THE UNIVERSE OF PROJECT
                     RELATED DOCUMENTS WITH AN INDEX WHICH THE COURT
                     DIRECTED COUNSEL TO SUPPLY AT THE STATUS CONFERENCE ON
                     4/26/2004.  IN ADDITION THE COURT WILL ENTER AN ORDER
                     DISMISSING BOTH ACTIONS, WITH PREJUDICE, IN 10 DAYS IF
                     THE COURT IS NOT ADVISED BY GREAT AMERICAN AND PRAXAIR
                     THE STATUS OF THE AGREEMENTS VOLUNTARILY TO DISMISS
                     THOSE ACTIONS.  FINALLY, I WILL HEAR ARGUMENT ON

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                           PAGE    45

02C-04-263

PRAXAIR'S MOTION FOR PROTECTIVE ORDER AT THE STATUS
CONF. ON 5/20/04.  ANY RESPONSES SHALL BE FILED WITH
THE COURT ON OR BEFORE 5/18/2004.

05/11/2004    476    SO ORDER, ON 05/11/2004 BY SLIGHTS, J., THE
FOREGOING THIRD MOTION OF FISHER CONTROLS INTERNATIONAL
INC. TO COMPEL DISCOVERY RESPONSES FROM PRAXAIR, INC.,
AND PRAXAIR, INC.'S RESPONSE AND ORAL ARGUMENT HAVING
BEEN HEARD AND CONSIDERED, IT IS ORDERED THAT FISHER
CONTROLS INTERNATIONAL, INC.'S MOTION TO COMPEL IS
GRANTED...

05/11/2004    477    LETTER DATED 05/11/2004 FROM JOSEPH RICHES, ESQ. TO
SLIGHTS, J., ON BEHLAF OF PRAXAIR, WE REQUEST THAT THE
COURT TAKE NO ADVERSE ACTION WITH RESPECT TO PRAXAIR'S
CLAIMS IF THE GREAT AMERICAN ACTION IS NOT RESOLVED
WITHIN THE NEXT TEN DAYS OR STATUS OF THE SETTLEMENT IS
NOT REPORTED BY GREAT AMERICAN DURING THAT TIME PERIOD.

05/11/2004    478    LETTER DATED 05/11/2004 FROM CHRIS KONZELMANN, ESQ. TO
SLIGHTS, J., I REPRESENT GREAT AMERICAN ASSURANCE CO.
I INTEND TO FILE A MOTION SEEKING ISSUANCE OF A
PROTECTIVE ORDER BY THE END OF THE DAY FRIDAY.  I
THEREFORE ASK THAT THE COURT REFRAIN FROM SIGNING THE
PROPOSED ORDER THAT MR. ROBBINS HAS SUBMITTED.

05/14/2004    479    DEFT FISHER CONTROLS INTERNATIONAL, INC.'S JOINDER IN
MOTION OF DEFT. NORTHEAST CONTROLS, INC., FOR A
PROTECTIVE ORDER.

05/14/2004    480    DEFT NORTHEAST CONTROLS' MOTION FOR PROTECTIVE ORDER
SCHEDULED FOR 05/20/2004 AT 3:30 P.M.

05/17/2004    481    PLTF GREAT AMERICAN ASSURANCE COMPANY'S MOTION FOR
PROTECTIVE ORDER, SCHEDULED FOR 05/20/2004 AT 3:30 P.M.

05/17/2004    482    OPPOSITION IN PART OF MOTIVA ENTERPRISES LLC TO
PRAXAIR'S MOTION FOR PROTECTIVE ORDER.

05/18/2004    483    PLAINTIFFS' OBJECTION TO MOTIONS FOR PROTECTIVE ORDER,
SCHEDULED FOR 5/20/04 AT 3:30 P.M.

06/11/2004    484    PARTIAL STIPULATION OF DISMISSAL OF PRAXAIR'S COMPLAINT
AGAINST FISHER CONTROLS, INC., NORTHEAST CONTROLS, INC.
CONNECTIV OPERATING SERVICES, INC. AND TEXACO DEVELOP-
MENT CORP., AS ASSERTED IN C.A. NO. 02C-05-190 ONLY,
WITHOUT PREJUDICE AS TO NORTHEAST CONTROLS, INC.
CONNECTIV OPERATING SERVICES, INC. AND TEXACO DEVELOP-
MENT CORP., PRAXAIR'S COMPLAINT AGAINST FISHER CONTROLS
INC., ONLY, HAVING BEEN PREVIOUSLY DISMISSED WITH PRE-
JUDICE.  ALL THIRD-PARTY COMPLAINTS AND CROSS-CLAIMS
FILED AND ASSERTED IN C.A. NO. 02C-05-190 ARE LIKEWISE
DISMISSED, WITHOUT PREJUDICE.  ALL CROSS-CLAIMS OF
PRAXAIR AS ASSERTED IN C.A. NO 02C-04-263, RONALD W.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE    46

02C-04-263

OLSON ET AL. V. MOTIVE ENTERPRISES, L.L.C., ET AL. AND
ANY OTHER ACTIVE CONSOLIDATED ACTION, ARE PRESERVED.

06/17/2004    485    PARTIAL STIPULATION OF DISMISSAL OF THE AMENDED
COMPLAINT AGAINST DEFT. RIX INDUSTRIES, INC.

06/22/2004    492    PARTIAL STIPULATION OF DISMISSAL - PURSUANT TO SUPERIOR
COURT CIVIL RULE 41(A)(1)(II), THE UNDERSIGNED PARTIES
HEREBY STIPULATE TO A DISMISSAL, WITH PREJUDICE, OF
ALL CLAIMS, COMPLAINTS, CROSS-CLAIMS, COUNTERCLAIMS
AND THIRD-PARTY COMPLAINTS THEY HAVE ASSERTED AGAINST
PARTIES CALLED TEXACO AVIATION PRODUCTS LLC, TEXACO
GLOBAL GAS AND POWER, OR "GG&P", IN THE ABOVE-CAPTIONED
MATTERS.

06/25/2004    486    PLTFS' MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE,
SCHEDULED FOR TUES., 7/19/2004 AT 9:00 A.M.

07/01/2004    487    SUBSTITUTION OF COUNSEL OF JENNIFER A. KAPES, ESQ. FOR
JOSEPH F. GULA OF ELZUFON AUSTIN REARDON TARLOV &
MONDELL, P.A. FOR DEFT PARSONS ENERGY AND CHEMICALS,
INC.

07/01/2004    488    NOTICE OF SERVICE OF PLTFS' RULE 26(B)(4) DISCOVERY
RESPONSE.

07/06/2004    489    RESPONSE OF NORTHEAST CONTROLS, INC., TO PLTF'S REQUEST
FOR AN EXTENSION OF THE EXPERT DEADLINE.

07/12/2004    491    CIVIL MOTION HEARD BEFORE SLIGHTS, J.
PLTFS' MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE
DECISION: GRANTED.
PLEASE NOTE THE FOLLOWING COURT DEADLINES:
- PLTFS' EXPERT REPORTS DUE:  AUGUST 2, 2004
- DEFTS' EXPERT REPORTS DUE:  NOVEMBER 1, 2004
- REBUTTAL REPORTS DUE:  DECEMBER 30, 2004
- DAUBERT MOTIONS SHALL BE FILED ON OR BEFORE
  JANUARY 30, 2005
- ALL OTHER DATES IN THE CASE SCHEDULING ORDER
  WILL REMAIN IN PLACE.

07/12/2004           #484  SO ORDERED, ON 07/12/2004 BY SLIGHTS, J.
STIPULATION OF DISMISSAL (FILING ID 3716512)

07/12/2004           #485  SO ORDERED, ON 07/12/2004 BY SLIGHTS, J.
STIPULATION OF DISMISSAL (FILING ID 3746461)

07/12/2004           #492  SO ORDERED, ON 07/12/2004 BY SLIGHTS, J.
STIPULATION OF DISMISSAL (FILING ID 3774168)

07/15/2004    493    NOTICE OF CONTINUATION OF DEPOSITION OF JAY PATEL ON
JULY 19, 2004 BY DEFT PRAXAIR.

07/21/2004    494    LETTER DATED 07/21/2004 FROM SLIGHTS, J.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    47

02C-04-263

DEAR COUNSEL:  THE COURT HAS BEEN ADVISED THAT THERE
IS NO NEED FOR THE STATUS CONFERENCE, PREVIOUSLY
SCHEDULED FOR THURSDAY, JULY 22, 2004, AT 10:00AM.
THEREFORE, THE CONFERENCE IS CANCELLED. THE COURT WILL
ISSUE FURTHER NOTICE AS TO THE NEXT STATUS CONFERENCE.

07/23/2004    495    NOTICE OF RECORDS ONLY DEPOSITION *DUCES TECUM* OF THE
                     PREMCOR REFINING GROUP, INC. ON JULY 28, 2004 BY DEFT
                     MOTIVA ENTERPRISES.

07/26/2004           #486  SO ORDERED, ON 07/26/2004 BY SLIGHTS, J.
                     GRANTED WITH AMENDMENTS: PLTFS' REQUEST FOR AN
                     EXTENSION OF TIME TO SERVE EXPERT REPORTS AND UPON
                     CONSIDERATION OF THE RESPONSE OF DEFTS. IT IS HEREBY
                     ORDERED THAT PLTFS' MOTION IS GRANTED AND PLTFS MUST
                     SERVE THEIR EXPERT REPORTS NO LATER THAN AUGUST 2,
                     2004. FURTHER IT IS ORDERED THAT DEFTS SHALL SERVE
                     THEIR EXPERT REPORTS BY NOVEMBER 1, 2004 AND ANY
                     REBUTTAL REPORTS SHALL BE SERVED BY DECEMBER 15, 2004.

08/02/2004    490    DEFENDANT'S MOTION FOR PRO HAC VICE OF MICHAEL HENRY,
                     ESQ. (PA) ; SEAN BELLEW ESQ. LOCAL
                     ************************E-FILED************************

08/02/2004    496    NOTICE OF SERVICE OF PLTFS' SUPPLEMENTAL RULE 26(B)(4)
                     EXPERT DISCOVERY RESPONSE.

08/04/2004           #490 SIGNED BY SLIGHTS, J. ON 08/03/04, SO ORDERED.

08/12/2004    497    DEFENDANT'S MOTION FOR PRO HAC VICE OF ANN THORNTON,
                     ESQ. (GA PA) ; SEAN BELLEW, ESQ. LOCAL
                     ********************E-FILED************************

08/17/2004           #497 SIGNED BY SLIGHTS, J. ON 08/16/04, SO ORDERED.

08/26/2004           JRS HAS GRANTED BY E-MAIL PLTFS M/TO AMEND THE COMPT.
                     WITHOUT A MOTION TO EXTEND THE PAGE LIMIT. OPENING AND
                     ANSWERING BRIEF LIMITED TO 20 PAGES, REPLY LIMITED TO
                     10. BRIEF SCHEDULED SUBMITTED BY STIPULATION, AVAILABLE
                     DATES FOR THE MOTION 10/25 OR 11/15 AT 9:00.  PLTF WILL
                     CONTACT DEFENSE TO CONFER.

08/27/2004    498    MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT
                     SCHEDULED OCTOBER 25, 2004 AT 9:00AM BEFORE SLIGHTS, J.
                     *****************FILED UNDER SEAL************************

09/08/2004    499    STIPULATED SCHEDULING ORDER REGARDING BRIEFING ON
                     PLTFS' MOTION TO AMEND THE FIRST AMENDED COMPLAINT.

09/10/2004           #499  SO ORDER, ON 09/10/2004 BY SLIGHTS, J., THAT
                     1.  RESPONSE OF PRAXAIR, INC., SHALL BE FILED NO LATER
                     THAN 9/30/2004.
                     2.  PLTFS' REPLY NO LATER THAN 10/15/2004.
                     3.  THE COURT WILL HEAR ARGUMENT ON PLTF'S MOTION TO

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    48

02C-04-263

AMEND THE FIRST AMENDED COMPLAINT ON 10/25/04 AT 9 AM.
4.   LEAVE IS GRANTED TO EXCEED THE PAGE LIMIT RESTRICT-
IONS FOR MOTIONS AND SUPPORTING APPENDICES.  THE MOTION
& PRAXAIR'S ANSWERING BRIEF SHALL NOT EXCEED 20 PAGES.
PLTFS' REPLY BRIEF SHALL NOT EXCEED 10 PAGES.

09/30/2004    500   ANSWERING BRIEF OF DEFT PRAXAIR IN OPPOSITION OF PLTFS'
MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT.
*****************FILED UNDER SEAL*********************

10/05/2004    501   NOTICE OF SERVICE OF PLTFS' EXPERT INTERROGATORIES AND
REQUEST FOR PRODUCTION DIRECTED TO ALL DEFTS.

10/11/2004    502   PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM PRAXAIR, INC., SCHEDULED FOR 10/25/2004 AT 9:00 AM
*FILED UNDER SEAL*

10/11/2004    503   DEFT/THIRD PARTY PLTF FISHER CONTROLS INTERNATIONAL,
INC.'S FOURTH MOTION TO COMPEL DISCOVERY RESPONSES FROM
PRAXAIR, INC., SCHEDULED FOR 10/25/04 AT 9:00 AM.
*FILED UNDER SEAL*

10/11/2004    504   DEFT/THIRD-PARTY PLTF FISHER CONTROLS INTERNATIONAL,
INC.'S FIFTH MOTION TO COMPEL DISCOVERY RESPNSES FROM
PRAXAIR, INC., SCHEDULED FOR 10/25/04 AT 9:00 A.M.
*FILED UNDER SEAL*

10/15/2004    505   REPLY BRIEF IN SUPPORT OF PLTFS' MOTION TO AMEND THE
FIRST AMENDED COMPLAINT.

10/15/2004    506   RE-NOTICE OF DEFT FISHER CONTROLS INTERNATIONAL, INC.'S
FORTH AND FIFTH MOTIONS TO COMPEL DISCOVERY RESPONSES
FROM PRAXAIRE, INC., SCHEDULED FROM 10/25/04 AT 9:00 TO
10/28/2004 AT 9:00 A.M.

10/22/2004    507   LETTER DATED 10/22/2004 FROM JOSEPH C. HANDLON, ESQ. TO
SLIGHTS, J. WITH THE AGENDA FOR THE HEARINGS ON 10/25
AND 10/28/2004.

11/03/2004    508   SECOND AMENDED COMPLAINT FILED ON 11/03/2004.

11/04/2004    509   HYDROCHEM INDUSTRIAL SERVICES, INC., ANSWER TO SECOND
AMENDED COMPLAINT.

11/22/2004    510   DEFT HYDROCHEM INDUSTRIAL SERVICES, INC.'S ANSWER TO
NORTHEAST CONTROLS, INC.'S CROSS-CLAIMS.

11/22/2004    511   ANSWER AND CROSSCLAIM OF PRAXAIR, INC. TO PLTFS' SECOND
AMENDED COMPLAINT.

11/24/2004    512   DEFENDANT'S HYDROCHEM INDUSTRIAL SERVICES, INC., ANSWER
TO PRAXAIR, INC.'S CROSS-CLAIM.

12/22/2004    513   LETTER DATED 12/22/2004 FROM JOSEPH HANDLON, ESQ. TO

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE      49

02C-04-263

SLIGHTS, J., THE COURT INSTRUCTED THAT PLTFS, FISHER
CONTROLS INTERNATIONAL, INC., AND PRAXAIR FILE SUPPLE-
MENTAL PAPERS FOLLOWING THE DEPOSITION OF EDWARD N.
SACCOCCIA, JR., THE AUTHOR OF THE "INCIDENT REPORT,"
WHICH WAS THE SUBJECT OF MOTIONS TO COMPEL FILED IN
OCTOBER...                  (FILED UNDER SEAL, ID #4831996)

12/22/2004     514     SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLTFS' MOTION TO
COMPEL PRODUCTION OF DOCUMENTS FROM PRAXAIR, INC.
(FILED UNDER SEAL, ID 4832208)

12/22/2004     515     SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FISHER CONTROLS
INTERNATIONAL, INC.'S FOURTH MOTION TO COMPEL DISCOVERY
RESPONSES FROM PRAXAIR, INC. (FILED UNDER SEAL,#483198)

01/06/2005     516     DEFT PRAXAIR, INC.'S MOTION FOR PROTECTIVE ORDER,
SCHEDULED FOR 01/20/2005 AT 9:00 A.M.

01/07/2005     517     PRAXAIR INC.'S RESPONSE IN OPPOSITION TO PLTFS' AND
FISHER CONTROLS INTERNATIONAL, INC.'S SUPPLEMENTAL
MOTIONS TO COMPEL.

01/11/2005     518     PLAINTIFFS' OBJECTION TO PRAXAIR, INC.'S MOTION FOR
PROTECTIVE ORDER, SCHEDULED FOR 1/20/2005 AT 9:00 A.M.
(FILED UNDER SEAL)

01/19/2005     519     LETTER DATED 01/19/2005 FROM SLIGHTS, J.
PLEASE BE ADVISED THAT THE COURT HAS REMOVED
PRAXAIR'S MOTION FOR PROTECTIVE ORDER FROM THE COURT
CALENDAR ON 1/20/05

01/28/2005     520     LETTER DATED 01/28/2005 FROM JOSEPH HANDLON TO
JUDGE SLIGHTS. IN RE: THE PARTIES HAVE AGREED TO
EXTEND THE DEADLINE TO PRODUCE REBUTTAL EXPERT....

02/02/2005             # 520 SO ORDER, ON 02/02/2005 BY SLIGHTS, J.

02/18/2005     521     TRANSCRIPT FROM HEARING ON 10/25/04

02/24/2005     522     NOTICE OF SERVICE OF DEFT. MOTIVA ENTERPRISES LLC'S
ANSWERS TO PLTF'S. SECOND SET OF REQUESTS FOR
ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION.

02/28/2005     523     LETTER DATED 02/28/2005 FROM SLIGHTS, J. TO ALL
COUNSEL. PLEASE BE ADVISED THAT A NEW DATE FOR
ORAL ARGUMENT ON THE MOTIONS THAT WERE CANCELLED LAST
WEEK DUE TO INCLEMENT WEATHER IS NOW SCHEDULED
FOR 3/3/05 AT 10:00

03/02/2005     524     NOTICE OF SERVICE OF RESPONSES OF TEXACO, INC. AND
TEXACO DEVELOPMENT TO PLTFS' SECOND SET OF REQUESTS
FOR ADMISSIONS, ANSWERS TO INTERROGATORIES, AND
REQUEST FOR PRODUCTION.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE    50

02C-04-263
03/10/2005    525    TRANSCRIPT FROM PLTFS. MOTION TO COMPEL ON 3/3/05

03/10/2005    528    PROCEEDING SHEET FROM TELECONFERENCE ON 3/10/05
                     DAUBERT, DISPOSITIVE AND SUMMARY JUDGMENT MOTIONS ARE
                     TO BE FILED BY 4/12/05. ANSWERING BREIF BY 5/13/05 AND
                     REPLY BRIEF BY 5/24/05. ORAL ARGUMENT ON 6/20/05
                     AT 9:00. PAGE LIMIT 15(MOTIONS), 15(ANSWERING) AND
                     5 (REPLY).

03/15/2005    526    PROPOSED ORDER GRANTING PRAXAIR'S MOTION FOR PROTECTIVE
                     ORDER FILED BY SEAN BELLEW UNDER FILING ID# 5365683.

03/17/2005    527    MEMORANDUM OF OPINION FROM JUDGE SLIGHTS.
                     BASED ON THE FOREGOING, AND FOR THE REASONS STATED IN
                     OPEN COURT, PLAINTIFFS' AND FISHER CONTROLS' MOTION
                     TO COMPEL THE PRODUCTION OF THE ROOT CAUSE ANALYSIS
                     REPORT ARE GRANTED. THE DOCUMENT IS NOT PROTECTED
                     BY THE WORK-PRODUCT IMMUNITY AND MUST BE PRODUCED IN
                     ACCORDANCE WITH THE DIRECTIONS GIVEN TO COUNSEL AT
                     THE CONCLUSION OF THE MARCH 3, 2005 HEARING.
                     IT IS SO ORDERED

03/28/2005    529    NOTICE OF SERVICE- COPIES OF PLTFS. SUPPLEMENTAL
                     DISCOVERY RESPONSE PURSUANT TO SUPERIOR COURT
                     RULE 26 WERE SERVED VIA MAIL TO PAUL LUKOFF,
                     PAUL BRADLEY, DELTA CLARK, SEAN BELLEW, MICHAEL TIGHE,
                     JENNIFER KAFES, CHAD TOMS, BRADFORD SANDLER, JAMES
                     KELLER, R.STOKES NOLTE, ALEXANDER EWING, DONALD DAVIS,
                     JAMES HILER, CAHSE BROCKSTEDT, DAVID CULLEY, SHERIDEN
                     BLACK, THOMAS WAGNER, RICAHRD HOHN, PATRICK MCVEY AND
                     WARREN JACOBY

04/06/2005    530    LETTER DATED 04/06/2005 FROM CHASE BROCKSTEDT TO
                     JUDGE SLIGHTS, IN RE: SEVERAL ISSUES HAVE ARISEN
                     AND THE PARTIES REQUIRE THE COURT TO INTERVENE.
                     HIDROCHEM HEREBY REQUESTS AN EMERGENCY HEARING
                     ON APRIL 8, 2005.

04/08/2005    531    AND NOW, THIS 8TH DAY OF APRIL, 2005, THE COURT HAVING
                     CONSIDERED A MOTION FOR SUMMARY JUDGMENT PRESENTED BY
                     BATTAGLIA MECHANICAL, INC., ST. GOBAIN PERFORMANCE
                     PLASTICS; PARSONS ENERGY AND CHEMICAL GROUP, INC.;
                     J.J. WHITE, INC.; DAIKIN INDUSTRIES, LTD. AND HYDROCHEM
                     INDUSTRIAL SERVICES, INC. ("THE MOVING PARTIES'), AND;
                     THERE BEING NO OPPOSITION TO THE MOTION,
                     IT IS HEREBY ORDERED THAT ALL CLAIMS AGAINST THE MOVING
                     PARTIES AND ALL CLAIMS BY THE MOVING PARTIES AGAINST
                     ANY PARTY TO THIS LITIGATION AND THEIR RESPECTIVE
                     OFFICERS, DIRECTORS, AGENTS, SERVANTS, WORKERS,
                     EMPLOYEES AND INSURERS, IN ANY WAY RELATED TO, OR
                     ARISING FROM, THIS LITIGATION, INCLUDING, BUT NOT
                     LIMITED TO, ANY AND ALL CROSS-CLAIMS THAT ARE STATED
                     OR COULD HAVE STATED OR ASSERTED, IN THIS ACTION
                     PURSUANT TO SUPERIOR COURT RULE 13(G) OR ANY OTHER

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                              PAGE     51

02C-04-263
                AUTHORITY, ARE HEREBY DISMISSED WITH PREJUDICE,
                WITH EACH DISMISSED PARTY BEARING IT'S OWN COSTS,
                FEES AND EXPENSES.
                IT IS SO ORDERED BY SLIGHTS, J.

04/12/2005    532   DEFENDANT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION
                    FOR PARTIAL SUMMARY JUDGMENT AS TO PLTFS' NEGLIGENCE
                    CLAIMS.               (FILED UNDER SEAL)

04/12/2005    533   DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
                    SUMMARY JUDGMENT ON PRAXAIR, INC.'S CROSS-CLAIM FOR
                    INDEMNIFICATION AGAINST FISHER.     (FILED UNDER SEAL)

04/12/2005    534   DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
                    SUMMARY JUDGMENT AS TO ALL CROSS-CLAIMS FOR
                    CONTRIBUTION ASSERTED BY ALL DEFENDANTS, SCHEDULED FOR
                    6/20/2005.

04/12/2005    535   DEFT FINSHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
                    SUMMARY JUDGMENT ON INDEMNIFICATION CLAIMS ASSERTED BY
                    NORTHEAST CONTROLS, SCHEDULED FOR 6/20/2005.

04/12/2005    536   DEFT FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
                    PARTIAL SUMMARY JUDGMENT OF PLTFS' WARRANTY CLAIMS,
                    SCHEDULED FOR 6/20/2005.

04/12/2005    537   AFFIDAVIT OF MEREDITH MILLER IN SUPPORT OF DEFT FISHER
                    CONTROLS INTERNATIONAL, INC.'S MOTIONS FOR SUMMARY
                    JUDGMENT.

04/12/2005    538   SECOND AFFIDAVIT OF MEREDITH MILLER IN SUPPORT OF DEFT
                    FISHER CONTROLS' MOTIONS FOR SUMMARY JUDGMENT.

04/12/2005    539   THIRD AFFIDAVIT OF MEREDITH MILLER IN SUPPORT OF DEFT.
                    FISHER CONTROLS' MOTIONS FOR SUMMARY JUDGMENT.

04/12/2005    540   EXHIBITS REFERENCED IN MOTIONS FOR SUMMARY JUDGMENT
                    FILED BY FISHER CONTROLS INTERNATIONAL, INC. ON 4/12/05

04/12/2005    541   NON-DELAWARE CASES REFERENCED IN MOTIONS FOR SUMMARY
                    JUDGMENT FILED BY FISHER CONTROLS INTERNATIONAL, INC.,
                    ON 4/12/2005.

04/12/2005    542   FISHER CONTROLS INTERNATION, INC.'S DAUBERT MOTION TO
                    EXCLUDE PRAXAIR, INC.'S CAUSATION EXPERT J. PHILIP
                    WHITMAN, SCHEDULED FOR 6/20/2005 AT 9:00 A.M.

04/12/2005    543   AFFIDAVIT OF ROBERT A. MOSTELLO.

04/12/2005    544   EXHIBITS REFERENCED IN DAUBERT MOTIONS TO EXCLUDE THE
                    TESTIMONY OF PRAXAIR, INC.'S CAUSATION EXPERT J. PHILIP
                    WHITMAN, FILED BY PLTFS RONALD W. OLSON AND CAROL OLSON
                    AND DEFTS FISHER CONTROLS INTERNATIONAL, INC. AND
                    NORTHEAST CONTROLS, INC. ON 4/12/2005.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE     52

02C-04-263

| | | |
|---|---|---|
| 04/12/2005 | 545 | PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO EXCLUDE CERTAIN TESTIMONY OF ROBERT E. LINNEY, SCHEDULED FOR 6/20/2005 AT 9:00 A.M. |
| 04/12/2005 | 546 | PLAINTIFFS APPENDIX IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO EXCLUDE CERTAIN TESTIMONY OF ROBERT E. LINNEY. |
| 04/12/2005 | 547 | PLAINTIFFS' JOINDER TO FISHER CONTROLS INTERNATIONAL'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF J. PHILIP WHITMAN. |
| 04/12/2005 | 548 | DEFT TEXACO INC. AND TEXACO DEVELOPMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT, SCHEDULED FOR 6/20/05. |
| 04/12/2005 | 549 | OPENING BRIEF IN SUPPORT OF MOTION OF TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION FOR SUMMARY JUDGMENT. |
| 04/12/2005 | 550 | DEFTS TEXACO INC. AND TEXACO DEVELOPMENT CORPORATION'S MOTION TO PRECLUDE THE REPORTS AND TESTIMONY OF TIM A. JUR, PH.D.,P.E., AS TO TECXACO INC. AND TEXACO DEVELOPMENT CORPORATION, SCHEDULED FOR 6/20/05. |
| 04/12/2005 | 551 | OPENING BRIEF OF DEFTS TEXACO INC. AND TEXACO DEVELOPMENT CORPORATION IN SUPPORT OF THEIR MOTION TO PRECLUDE THE REPORT AND TESTIMONY OF TIM A. JUR, PH.D., P.E., AS TO TEXACO INC. AND TEXACO DEVELOPMENT CORP. |
| 04/12/2005 | 552 | MOTIVA ENTERPRISES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS RELATED TO GARY DELGREGO'S CONDUCT, SCHEDULED FOR 6/20/05. |
| 04/12/2005 | 553 | OPENING BRIEF OF MOTIVA ENTERPRISES LLC IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS RELATED TO GARY DELGREGO'S CONDUCT. |
| 04/12/2005 | 554 | MOTIVA ENTERPRISES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT RELATING TO THE PLTF'S PHYSICAL PROXIMITY TO THE 629 VALVE AT THE TIME OF THE INCIDENT, SCHEDULED OR 6/20/05. |
| 04/12/2005 | 555 | OPENING BRIEF OF MOTIVA ENTERPRISES LLC IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT RELATING TO THE PLTF'S PHYSICAL PROXIMITY TO THE 629 VALVE AT THE TIME OF THE INCIDENT. |
| 04/12/2005 | 556 | MOTIVA ENTERPRISES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT OSHA PROCESS SAFETY MANAGEMENT REGULATIONS 29 CFR SEC 1910.119 DID NOT APPLY TO MOTIVA OR THIS PROJECT, SCHELDULED FOR 6/20/05. |
| 04/12/2005 | 557 | OPENING BRIEF OF MOTIVA ENTERPRISES LLC IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT OSHA PROCESS SAFETY MANAGEMENT REGULATIONS 29 CFR SEC. 1910. |

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE      53

02C-04-263

119 DID NOT APPLY TO MOTIVA OR THIS PROJECT.

04/12/2005    558    NORTHEAST CONTROLS, INC.'S DAUBERT MOTION TO EXCLUDE
                     PRAXAIR, INC.'S CAUSATION EXPERT J. PHILIP WHITMAN.

04/12/2005    559    DEFT NORTHEAST CONTROLS, INC.'S MOTION FOR SUMMARY
                     JUDGMENT REGARDING CROSS-CLAIMS ASSERTED BY DEPENDANT
                     PRAXAIR, INC.

04/12/2005    560    DEFT NORTHEAST CONTROLS, INC'S MOTION FOR SUMMARY
                     JUDGMENT REGARDING CROSS-CLAIMS ASSERTED BY DEFENDANT
                     TEXACO DEVELOPMENT CORPORATION.

04/12/2005    561    DEFT NORTHEAST CONTROLS, INC.'S MOTION FOR SUMMARY
                     JUDGMENT REGARDING CROSS-CLAIM ASSERTED BY DEFENDANT
                     MOTIVA ENTERPRISES, LLC.

04/12/2005    562    DEFT NORTHEAST CONTROLS, INC.'S MOTION FOR SUMAMRY
                     JUDGMENT REGARDING WARRANTY CLAIMS AND NEGLIGENCE
                     CLAIMS ASSERTED BY PLTFS, RONALD W. OLSON AND CAROL
                     OLSON.

04/12/2005    563    DEFT PRAXAIR, INC.'S MOTION FOR SUMMARY JUDGMENT ON
                     PLTFS' CLAIM FOR PUNITIVE DAMAGES, SCHEDULED FOR
                     6/20/2005.

04/12/2005    564    OPENING BRIEF OF PRAXAIR, INC. IN SUPPORT OF ITS MOTION
                     FOR SUMMARY JUDGMENT OF PLTFS' CLAIM FOR PUNITIVE
                     DAMAGES.

04/12/2005    565    PRAXAIR, INC.'S MOTION TO PRECLUDE TESTIMONY OF PLTFS'
                     EXPERT WITNESS, SCHEDULED FOR 6/20/2005.

04/15/2005    566    DEFENDANT NORTHEAST CONTROLS, INC.'S MOTION FOR
                     SUMMARY JUDGMENT REGARDING CROSS-CLAIMS ASSERTED BY
                     DEFT. PRAXAIR, INC.

04/15/2005    567    TRANSCRIPT FROM EMERGENCY HEARING ON 4/8/05

05/06/2005    568    PARTIAL STIPULATION OF DISMISSAL - (FILED UNDER SEAL)
                     THAT DEFT/CROSS-CLAIM PLTF FISHER CONTROLS CROSS-CLAIMS
                     AGAINST NORTHEAST CONTROLS, INC. ARE DISMISSED WITHOUT
                     PREJUDICE.    FILING ID #5763567.

05/12/2005    569    LETTER DATED 05/12/05 FROM SLIGHTS, J. TO ALL COUNSEL:
                     ORAL ARGUMENT ON ANY MOTION(s) IN LIMINE WILL BE HELD
                     ON THURS., 7/7/2005 AT 2:00 p.m.

05/12/2005    570    DEFT., NORTHEAST CONTROLS, INC.'S OPPOSITION TO
                     PRAXAIR'S MOTION TO EXCLUDE THE TESTIMONY OF DR. POPE
                     AND MR. MULLER, SCHEDULED FOR 6/20/05 AT 9:00 AM.

05/12/2005    571    DEFT., NORTHEAST CONTROLS, INC.'S MOTION IN LIMINE TO
                     EXCLUDE DOCUMENTS AND OPINIONS PREPARED BY BARRY NEWTON

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE    54

02C-04-263

AND ELLIOTT FORSYTH OF WENDELL HULL & ASSOCIATES, INC.,
ON 7/7/2005 AT 2:00 P.M.

05/12/2005   572   PLAINTIFF'S MOTION IN LIMINE REGARDING RES IPSA
                   LOQUITUR, SCHEDULED FOR 07/7/2005 AT 2:00 P.M.

05/12/2005   573   DEFT., TEXACO, INC. AND TEXACO DEVELOPMENT CORP.'S
                   MOTION IN LIMINE PURSUANT TO DELAWARE RULE OF EVIDENCE
                   407, SCHEDULED FOR 7/7/2005 AT 2:00 P.M.

05/12/2005   574   DEFTS TEXACO INC. AND TEXACO DEVELOPMENT CORP.'S NOTICE
                   TO JOIN IN MOTIONS IN LIMINE FILED BY OTHER PARTIES,
                   SCHEDULED FOR 7/7/2005 AT 2:00 P.M.

05/12/2005   575   DEFTS TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION'S
                   MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF
                   CERTAIN WRITTEN "STATEMENTS" AT TRIAL, SCHEDUELD FOR
                   7/7/2005 AT 2:00 P.M.

05/12/2005   576   DEFTS TEXACO,INC. AND TEXACO DEVELOPMENT CORP'S MOTION
                   IN LIMINE TO PRECLUDE ANY REFERENCE TO A PROCEDURE
                   DRAFTED BY GARY T. DELGREDO AS A "COMMISSIONING
                   PROCEDURE" OR A "COMMISSIONING STRATEGY", SCHEDULED FOR
                   7/7/2005 AT 2:00 P.M.

05/12/2005   577   DEFTS TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION'S
                   MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF
                   EVIDENCE AT TRIAL OF ANY TECHNICAL DATA OR OPERATING
                   INFORMATION PERTAINING TO THE TAXACO GASIFICATION
                   TECHNOLOGY AND TO OTHERWISE LIMIT ANY DISCUSSION OF THE
                   GASIFICATION UNIT, SCHEDULED FOR 7/7/2005 AT 2:00 P.M.

05/12/2005   578   DEFTS TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION'S
                   MOTION IN LIMINE TO EXCLUDE THE REPORTS AND TESTIMONY
                   OF TIM A. JUR, PH.D., P.E., SCHEDULED FOR 7/7/05 AT 2.

05/12/2005   579   DEFT., MOTIVA ENTERPRISES, LLC'S MOTION IN LIMINE,
                   SCHEDULED FOR 7/7/2005 AT 2:00 P.M.

05/12/2005   580   DEFT., PRAXAIR, INC.'S MOTION IN LIMINE TO PRECLUDE
                   EVIDENCE OF EDWARD SACCOCCIA'S DRAFT INCIDENT REPORT,
                   SCHEDULED FOR 7/7/2005 2:00 P.M.

05/12/2005   581   DEFT PRAXAIR, INC.'S MOTION IN LIMINE TO PRECLUDE
                   EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES TO THE AIR
                   SEPARATION UNIT, SCHEDULED FOR 7/7/2005 AT 2:00 P.M.

05/12/2005   582   DEFT., PRAXAIR, INC.'S MOTION IN LIMINE TO PRECLUDE
                   EVIDENCE OF COKE DUST, PRIOR ASU INDICENTS AND
                   COMPUTATIONAL FLUID DYNAMICS, SCHEDULED FOR 7/7/05 @ 2.

05/12/2005   583   DEFT., NORTHEAST CONTROLS, INC.'S MOTION IN LIMINE TO
                   EXCLUDE SPECIFICATION SHEETS FOR THE HV0629 VALVE AND
                   ANY AND ALL REFERENCES TO THE SPECIFICATION SHEETS AND

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE    55

02C-04-263

THE ALLEGED DISCREPANCY REGARDING THE COMPONENT
MATERIALS OF THE VALVE, SCHEDULED FOR 7/7/2005 AT 2 PM.

05/13/2005    584    MOTIVA ENTERPRISES, L.L.C.'S ANSWERING BRIEF IN
OPPOSITION TO MOTION OF TEXACO, INC. AND TEXACO
DEVELOPMENT CORPORATION FOR SUMMARY JUDGMENT.

05/13/2005    585    RESPONSE OF DEFENDANTS TEXACO, INC. AND TEXACO
DEVELOPMENT CORPORATION TO THE OPENING BRIEF OF MOTIVA
ENTERPRISES, LLC IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT ON CLAIMS RELATED TO GARY DELGREGO'S CONDUCT.

05/13/2005    586    PLAINTIFF'S COMBINED RESPONSE TO THE MOTIONS OF TEXACO
AND MOTIVA REGARDING GARY DELGREGO'S NEGLIGENCE.

05/13/2005    587    PLAINTIFFS' BRIEF IN OPPOSITION TO PRAXAIR'S MOTION FOR
SUMMARY JUDGMENT ON THE ISSUE OF PUNITIVE DAMAGES.

05/13/2005    588    PLAINTIFFS' ANSWERING BRIEF TO MOTIVA ENTERPRISES LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT RELATING TO THE
PLTF'S PHYSICAL PROXIMITY TO THE 629 VALVE AT THE TIME
OF THE INCIDENT.

05/13/2005    589    PLTFS' ANSWERING BRIEF TO THE MOTION FOR PARTIAL
SUMMARY JUDGMENT THAT OSHA PROCESS SAFETY MANAGEMENT
REGULATIONS DID NOT APPLY TO MOTIVA OR THIS PROJECT.

05/13/2005    590    PLTFS' COMBINED ANSWERING BRIEF TO THE MOTIONS OF
TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION FOR
SUMMARY JUDGMENT TO PRECLUDE THE REPORT AND TESTIMONY
OF TIM A. JUR, PH.D., P.E.

05/13/2005    591    PLTFS' ANSWERING BRIEF TO PRAXAIR, INC.'S MOTION TO
PRECLUDE TESTIMONY OF PLTFS' EXPERT WITNESS.

05/13/2005    592    PLTFS' JOINT APPENDIX IN SUPPORT OF ANSWERING BRIEFS.

05/13/2005    593    PRAXAIR'S RESPONSE TO THE MOTION FOR PARTIAL SUMMARY
JUDGMENT OF MOTIVA ENTERPRISES, LLC.

05/13/2005    594    PRAXAIR, INC.'S RESPONSE AND OPPOSITION TO NORTHEAST
CONTROLS, INC.'S MOTION FOR SUMMARY JUDGMENT ON
PRAXAIR, INC.'S CROSS-CLAIMS.

05/13/2005    595    PRAXAIR, INC.'S MEMORANDUM IN OPPOSITION TO THE MOTION
OF TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION FOR
SUMMARY JUDGMENT.

05/13/2005    596    PRAXAIR, INC.'S OPPOSITION TO PLTFS' MOTION IN LIMINE
TO PREVENT J. PHILIP WHITMAN, P.E. FROM TESTIFYING
ABOUT COMPUTATIONAL FLUID DYNAMICS AND HIS OPINION THAT
THERE IS NO SUBSTANTIATION OF PARTICULATE IN THE OXYGEN
PIPELINE UPSTREAM OF THE 629 CONTROL VALVE.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE    56

02C-04-263

05/13/2005   597   RESPONSE OF DEFT., PRAXAIR, INC. TO PLTFS' MOTION FOR
                   PARTIAL SUMMARY JUDGMENT AND TO EXCLUDE CERTAIN
                   TESTIMONY OF ROBERT E. LINNEY.

05/13/2005   598   PRAXAIR, INC.'S OPPOSITION TO DEFT FISHER CONTROLS
                   INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT AS TO
                   ALL CROSS-CLAIMS FOR CONTRIBUTION.

05/13/2005   599   PRAXAIR, INC.'S OPPOSITION TO FISHER CONTROLS
                   INTERNATIONAL'S DAUBERT MOTION TO PRECLUDE ONE OPINION
                   IN THE TESTIMONY OF EXPERT J. PHILIP WHITMAN, P.E.

05/13/2005   600   PRAXAIR, INC.'S OPPOSITION TO NORTHEAST CONTROLS,
                   INC.'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF PRAXAIR'S
                   CAUSATION EXPERT J. PHILIP WHITMAN, P.E.

05/13/2005   601   RESPONSE OF DEFT TEXACO DEVELOPMENT CORPORATION TO THE
                   OPENING BRIEF OF NORTHEAST CONTROLS, INC. FOR SUMMARY
                   JUDGMENT REGARDING CROSS CLAIMS ASSERTED BY DEFT. TDC.

05/16/2005   619   LETTER DATED 05/16/2005 FROM SLIGHTS, J.
                   PER THE FIRST AMENDED TRIAL SCHEDULING ORDER
                   DATED SEPTEMBER 9, 2003, IN THE ABOVE REFERENCED
                   MATTER, OPENING BRIEFS IN MOTION(S) IN LIMINE ARE DUE
                   TO BE FILED TODAY. ORAL ARGUMENT ON ANY MOTION(S) IN
                   LIMINE WILL BE HELD ON THURSDAY JULY 7, 2005 AT 2:00

05/19/2005   602   LETTER DATED 05/19/2005 FROM PAUL LUKOFF, ESQ. TO
                   SLIGHTS, J., ON BEHALF OF MOTIVA ENTERPRISES LLC: WE
                   HAVE JOINED IN TWO OF THE MOTIONS IN LIMINE FILED BY
                   THE TEXACO DEFTS.,
                   .  TO EXCLUDE THE REPORTS AND TESTIMONY OF TIM A. JUR
                   .  TO PRECLUDE ANY REFERENCE TO A PROCEDURE DRAFTED BY
                      GARY T. DELGREGO AS A "COMMISSIONING PROCEDURE" OR A
                      "COMMISSIONING STRATEGY".

05/24/2005   603   PLTFS' REPLY BRIEF TO PRAXAIR, INC.'S OPPOSITION TO
                   PLTFS' MOTION IN LIMINE TO PREVENT J. PHILIP WHITMAN,
                   P.E. FROM TESTIFYING ABOUT COMPUTATIONAL FLUID DYNAMICS
                   AND HIS OPINION THAT THERE IS NO SUBSTANTIATION OF
                   PARTICULATE IN THE OXYGEN PIPELINE UPSTREAM OF THE 629
                   CONTROL VALVE.

05/24/2005   604   PLTFS' REPLY BRIEF TO PRAXAIR, INC.'S RESPONSE TO
                   PLTFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO
                   EXCLUDE CERTAIN TESTIMONY OF ROBERT E. LINNEY.

05/24/2005   605   NOTICE OF WITHDRAWAL OF PRAXAIR'S OPPOSITION TO DEFT.
                   FISHER CONTROLS INTERNATIONAL, INC.'S MOTION FOR
                   SUMMARY JUDGMENT AS TO ALL CROSS-CLAIMS FOR
                   CONTRIBUTION.

05/24/2005   606   PRAXAIR INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
                   PRECLUDE TESTIMONY OF PLTFS' EXPERT WITNESS.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                    PAGE     57

02C-04-263

05/24/2005    607    LETTER DATED 05/24/2005 FROM PAUL BRADLEY, ESQ. TO
                     SLIGHTS, J., FISHER CONTROLS INTERNATIONAL, INC. FILED
                     MOTIONS FOR SUMMARY JUDGMENT DIRECTED TO ALL CLAIMS
                     AGAINST IT IN THIS MATTER.  NO PARTY FILED OPPOSITIONS
                     TO THE MOTIONS EXCEPT PRAXAIR.  PRAXAIR WITHDREW ITS
                     OPPOSITION TODAY.  THEREFORE, NO OPPOSITION EXISTS TO
                     SUMMARY JUDGMENT BEING ENTERED IN FAVOR OF FISHER
                     CONTROLS INTERNATIONAL, INC.  ORDER ATTACHED.

05/24/2005    608    REPLY BRIEF OF MOTIVA ENTERPRISES, LLC IN SUPPORT OF
                     ITS MOTION FOR PARTIAL SUMMARY JUDGMENT RELATING TO THE
                     PLTF'S PHYSICAL PROXIMITY TO THE 629 VALVE AT THE TIME
                     OF THE ACCIDENT.

05/24/2005    609    MOTIVA ENTERPRISES, L.L.C.'S COMBINED REPLY TO PLTFS',
                     TEXACO INC.'S AND TEXACO DEVELOPMENT CORPORATION'S
                     RESPONSES TO ITS MOTION FOR SUMMARY JUDGMENT ON CLAIMS
                     RELATED TO GARY DELGREGO'S CONDUCT.

05/24/2005    610    REPLY BRIEF OF MOTIVA ENTERPRISES LLC IN SUPPORT OF ITS
                     MOTION FOR PARTIAL SUMMARY JUDGMENT THAT OSHA PROCESS
                     SAFETY MANAGEMENT REGULATIONS DID NOT APPLY TO MOTIVA
                     OR THIS PROJECT.

05/24/2005    611    REPLY OF DEFTS TEXACO DEVELOPMENT CORPORATION AND
                     TEXACO INC. ("TEXACO DEFTS") TO BRIEFING FILED BY
                     PLTFS IN RESPONSE TO TEXACO DEFTS' MOTION TO PRECLUDE
                     THE REPORTS AND TESTIMONY OF TIM A. JUR, PH.D., P.E. AS
                     RELATES TO THE TEXACO DEFTS.

05/24/2005    612    PRAXAIR, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS
                     MOTION FOR SUMMARY JUDGMENT ON PLTFS' CLAIM FOR
                     PUNITIVE DAMAGES.

05/24/2005    613    REPLY OF DEFTS TEXACO DEVELOPMENT CORPORATION AND
                     TEXACO INC. ("TEXACO DEFTS") TO BRIEFING FILED BY PLTFS
                     IN RESPONSE TO TEXACO DEFTS' MOTION FOR SUMMARY
                     JUDGMENT ON ALL CLAIMS AND CROSS-CLAIMS.

05/24/2005    614    REPLY OF DEFTS TEXACO DEVELOPMENT CORPORATION AND
                     TEXACO INC. ("TEXACO DEFTS") TO BRIEFING FILED BY
                     PRAXAIR IN RESPONSE TO TEXACO DEFTS' MOTION FOR
                     SUMMARY JUDGMENT ON ALL CLAIMS AND CROSS-CLAIMS.

05/24/2005    615    PRAXAIR'S REPLY TO NORTHEAST CONTORLS, INC.'S
                     OPPOSITION TO PRAXAIR'S MOTION TO PRECLUDE EXPERTS FROM
                     TESTIFYING TO OPINIONS BASED UPON COMPUTATIONAL FLUID
                     DYNAMICS.

05/24/2005    616    REPLY BRIEF OF DEFT NORTHEAST CONTROLS, INC. IN
                     SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT REGARDING
                     CROSS-CLAIMS ASSERTED BY PRAXAIR, INC.

05/24/2005    617    REPLY OF DEFT NORTHEAST CONTROLS, INC. IN SUPPORT OF

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                        PAGE      58

02C-04-263

ITS MOTION FOR SUMMARY JUDGMENT REGARDING CROSS-CLAIMS
ASSERTED BY DEFT., TEXACO.

05/24/2005    618   NORTHEAST CONTROLS, INC.'S REPLY IN SUPPORT OF ITS
                    DAUBERT MOTION TO EXCLUDE PRAXAIR, INC.'S CAUSATION
                    EXPERT J. PHILIP WHITMAN.

05/24/2005    620   REPLY OF DEFTS TEXACO DEVELOPMENT CORPORATION AND
                    TEXACO, INC. TO BRIEFING FILED BY MOTIVA ENTERPRISES,
                    L.L.C. IN RESPONSE TO TEXACO DEFTS' MOTION FOR SUMMARY
                    JUDGMENT ON ALL CLAIMS AND CROSS-CLAIMS.

05/26/2005    621   PLAINTIFF'S OBJECTION TO PRAXAIR, INC.'S MOTION IN
                    LIMINE TO PRECLUDE EVIDENCE OF COKE DUST, PRIOR ASU
                    INCIDENTS AND COMPUTATIONAL FLUID DYNAMICS.

05/26/2005    622   PLAINTIFF'S OBJECTION TO THE MOTION IN LIMINE OF DEFTS
                    TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION TO
                    EXCLUDE THE REPORTS AND TESTIMONY OF TIM A. JUR, PH.D.,
                    P.E. AS TO TEXACO INC. AND TEXACO DEVELOPMENT CORP.

05/26/2005    623   JOINT OBJECTION OF PLTFS AND NORTHEAST CONTROLS, INC.
                    TO TEXACO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
                    GASIFICATION TECHNICAL DATA OR OPERATING INFORMATION.

05/26/2005    624   JOINT OBJECTION OF PLTFS AND NORTHEAST CONTROLS, INC.
                    TO THE MOTION IN LIMINE OF DEFTS TEXACO INC. AND
                    TEXACO DEVELOPMENT CORP. TO PRECLUDE THE INTRODUCTION
                    OF CERTAIN WRITTEN STATEMENTS AT TRIAL.

05/26/2005    625   PLAINTIFF'S OBJECTION TO THE MOTION IN LIMINE OF MOTIVA
                    ENTERPRISES LLC.

05/26/2005    626   REPLY OF TEXACO DEFTS TO PLTFS' MOTION IN LIMINE
                    REGARDING RES IPSA LOQUITUR.

05/26/2005    627   RESPONSE OF DEFT TEXACO DEVELOPMENT CORPORATION TO THE
                    BRIEF OF NORTHEAST CONTROLS, INC. IN SUPPORT OF ITS
                    MOTION IN LIMINE TO EXCLUDE SPECIFICATION SHEETS FOR
                    THE HV0629 VALVE AND RELATED REFERENCES.

05/26/2005    628   RESPONSE OF DEFTS TEXACO DEVELOPMENT CORPORATION AND
                    TEXACO INC. TO THE BRIEF OF NORTHEAST CONTROLS, INC. IN
                    SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE DOCUMENTS
                    AND OPINIONS PREPARED BY WENDELL HULL & ASSOCIATES, INC

05/26/2005    629   MOTIVA ENTERPRISES LLC'S OPPOSITION TO PLTFS' MOTION IN
                    LIMINE REGARDING RES IPSA LOQUITUR.

05/26/2005    630   MOTIVA ENTERPRISES LLC'S OPPOSITION IN PART TO
                    PRAXAIR, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
                    OF COKE DUST, PRIOR ASU INCIDENTS AND COMPUTATIONAL
                    FLUID DYNAMICS.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                                    PAGE    59

02C-04-263

05/26/2005    631    MOTIVA ENTERPRISES LLC'S OPPOSITION TO PRAXAIR, INC.'S
                     MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SACCOCCIA'S
                     INDICENT REPORT.

05/26/2005    632    MOTIVE ENTERPRISES LLC'S OPPOSITION TO PRAXAIR, INC.'S
                     MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SUBSUQUENT
                     REMEDIAL MEASURES TO THE AIR SEPARATION UNIT.

05/26/2005    633    ANSWERING BRIEF OF DEFT., PRAXAIR, INC. TO PLTFS'
                     MOTION IN LIMINE REGARDING RES IPSA LOQUITUR.

05/26/2005    634    DEFT., PRAXAIR, INC.'S ANSWERING BRIEF TO DEFT.
                     NORTHEAST CONTROLS, INC.'S MOTION IN LIMINE TO EXCLUDE
                     DOCUMENTS AND OPINIONS PREPARED BY BARRY NEWTON AND
                     ELLIOTT FORSYTH OF WENDELL HULL & ASSOCIATES, INC.

05/26/2005    635    DEFENDANT PRAXAIR, INC.'S OPPOSITION TO THE MOTION IN
                     LIMINE OF MOTIVA ENTERPRISES, LLC.

05/26/2005    636    DEFT., PRAXAIR, INC.'S ANSWERING BRIEF TO TEXACO'S
                     MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO A
                     PROCEDURE DRAFTED BY GARY T. DELGREGO AS A
                     "COMMISSIONING PROCEDURE" OR A "COMMISSIONING STRATEGY"

05/26/2005    637    DEFT., PRAXAIR, INC.'S OPPOSITION TO NORTHEAST CONTORLS
                     INC.'S MOTION IN LIMINE TO EXCLUDE SPECIFICATION SHEETS
                     FOR THE HV0629 VALVE AND ANY AND ALL REFERENCES TO THE
                     SPECIFICATION SHEETS AND THE ALLEGED DISCREPANCY
                     REGARDING THE COMPONENT MATERIALS OF THE VALVE.

05/26/2005    638    JOINT OBJECTION OF PLTFS AND NORTHEAST CONTROLS, INC.
                     TO TEXACO'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE
                     TO A PROCEDURE DRAFTED BY GARY DELGRAGO AS
                     "COMMISSIONING PROCEDURE" OR "COMMISSIONING STRATEGY".

05/26/2005    639    JOINT OBJECTION OF PLTFS AND NORTHEAST CONTROLS, INC.
                     TO PRAXAIR, INC.'S MOTION IN LIMINE TO PRECLUDE
                     EVIDENCE OF "EDWARD SACCOCCIA'S DRAFT INCIDENT REPORT".

05/26/2005    640    NORTHEAST CONTROL, INC.'S RESPONSE AND OBJECTION TO
                     PRAXAIR, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
                     OF COKE DUST, PRIOR ASU INCIDENTS, AND COMPUTATIONAL
                     FLUID DYNAMICS.

05/26/2005    641    JOINT RESPONSE OF PLTFS' AND NORTHEAST CONTROLS, INC.'S
                     TO PRAXAIR'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
                     SUBSEQUENT REMEDIAL MEASURES TO THE AIR SEPARATION UNIT

05/26/2005    642    JOINT RESPONSES OF PLTFS AND NORTHEAST CONTROL, INC.
                     TO TEXACO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
                     SUBSEQUENT REMEDIAL MEASURE.

06/01/2005    643    PLAINTIFFS' OMNIBUS REPLY TO OBJECTIONS TO MOTION IN
                     LIMINE REGARDING RES IPSA LOQUITUR.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                          PAGE      60

02C-04-263
06/02/2005    644    LETTER DATED 05/23/2005 FROM JOSEPH HANDLON, ESQ. TO
                     SLIGHTS, J., I AM WRITING TO ADVISE OF A TYPO TO PLTFS'
                     ANSWERING BRIEF TO THE MOTION FOR PARTIAL SUMMARY JUDG.

06/02/2005    645    LETTER DATED 05/23/2005 FROM JOSEPH HANDLON, ESQ. TO
                     SLIGHTS, J., ENCLOSED PLEASE FIND A COPY OF THE
                     AFFIDAVIT OF ERIC S. GRABER.

06/02/2005    646    REPLY MEMORANDUM OF MOTIVA ENTERPRISES LLC IN SUPPORT
                     OF ITS MOTION IN LIMINE.

06/02/2005    647    REPLY OF DEFTS TEXACO DEVELOPMENT CORPORATION AND
                     TEXACO, INC. TO BRIEFING FILED BY VARIOUS PARTIES IN
                     RESPONSE TO TEXACO DEFTS' MOTION IN LIMINE TO PRECLUDE
                     ANY REFERENCE TO A PROCEDURE DRAFTED BY GARY T.
                     DELGREGO AS A "COMMISSIONING PROCEDURE" OR A
                     "COMMISSIONING STRATEGY"

06/02/2005    648    REPLY BRIEF OF PRAXAIR, INC. IN SUPPORT OF ITS MOTION
                     IN LIMINE TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL
                     MEASURES TO THE AIR SEPARATION UNIT.

06/02/2005    649    REPLY BRIEF OF PRAXAIR, INC. IN SUPPORT OF ITS MOTION
                     IN LIMINE TO PRECLUDE EVIDENCE OF COKE DUST, PRIOR ASU
                     INCIDENTS, AND COMPUTATIONAL FLUID DYNAMICS.

06/02/2005    650    REPLY BRIEF IN SUPPORT OF PRAXAIR, INC.'S MOTION IN
                     LIMINE TO PRECLUDE EVIDENCE OF EDWARD SACCOCCIA'S
                     DRAFT INCIDENT REPORT.

06/02/2005    651    DEFENDANT NORTHEAST CONTROLS, INC.'S REPLY TO TEXACO
                     AND PRAXAIR'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE
                     SPECIFICATION SHEETS FOR THE HV0629 VALVE AND ANY AND
                     ALL REFERENCES TO THE SPECIFICATION SHEETS AND THE
                     ALLEGED DISCREPANCY REGARDING THE COMPONENT MATERIALS
                     OF THE VALVE.

06/07/2005    652        SO ORDER, ON 06/07/2005 BY SLIGHTS, J., THAT
                     FISHER'S MOTIONS FOR SUMMARY JUDGMENT ARE GRANTED.   ALL
                     CLAIMS ASSERTED BY PLTFS; PRAXAIR, INC., MOTIVA
                     ENTERPRISES LLC., AND TEXACO, INC., TEXACO DEVELOPMENT,
                     INC., AGAINST FISHER ARE HEREBY DISMISSED WITH
                     PREJUDICE AND WITHOUT COSTS TO ANY PARTY.

06/08/2005    662    SO ORDER, ON 06/08/2005 BY SLIGHTS, J.
                     IT IS HEREBY ORDERED THAT FISHER'S MOTIONS FOR
                     SUMMARY JUDGMENT ARE GRANTED. ALL CLAIMS ASSERTED
                     BY PLAINTIFFS; PRAXAIR, INC.; MOTIVA ENTERPRISES;
                     AND TEXACO, INC.; TEXACO DEVELOPMENT INC., AGAINST
                     FISHER ARE HEREBY DISMISSED WITH PREJUDICE AND
                     WITHOUT COSTS TO ANY PARTY

06/13/2005    653    ORDER OF REFERENCE: THIS 13TH DAY OF JUNE 2005, THE
                     COURT HEREBY ENTERS THIS ORDER OF REFERENCE TO

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 08/27/2007                           PAGE    61

02C-04-263

COMMISSIONER MARK S. VAVALAPURSUANT TO THE PROVISIONS
OF TITLE 10, SECTION 512OF THE DELAWARE CODE AND
SUPERIOR COURT CIVIL RULE 132 FOR THE PURPOSE OF
ASSISTING THE COURT IN DECIDING THE MOTIONS IN LIMINE
IN AN ORDERLY AND TIMELY MANNER.
IT IS SO ORDERED BY SLIGHTS, J.

06/17/2005    655    DEFENDANT'S MOTION FOR ADMISSION PRO HAC VICE OF PAUL J
                     GRECO., ESQ. (PA), GARY W. ABER., ESQ. (LOCAL).

06/17/2005    656    DEFENDANT'S MOTION FOR ADMISSION PRO HAC VICE OF
                     HOWARD M. KLEIN, ESQ., (PA), GARY W. ABER., ESQ.
                     (LOCAL)

06/17/2005    657    LETTER DATED 06/17/2005 FROM JOSEPH HANDLON, ESQ. TO
                     SLIGHTS, J., AGENDA TO PROPOSE TO THE COURT IN ORDER TO
                     MAXIMIZE ON MONDAY 6/20/05, RE:  DISPOSITIVE AND
                     DAUBERT MOTIONS...

06/21/2005    654    SUBSTITUTION OF COUNSEL OF GARY W. ABER, ESQ. IN PLACE
                     OF MARK C. LEVY, ESQ. JAMES A. KELLER, ESQ. KIMBERLY L.
                     GATTUSO, ESQ. AND CHAD J. TOMS, ESQ. FOR DEFTS FOR
                     DEFTS TEXACO, INC. AND TEXACO DEVELOPMENT CORPORATION.

06/21/2005           #655 SO ORDER, ON 06/20/2005 BY SLIGHTS, J.

06/21/2005           #656 SO ORDER, ON 06/20/2005 BY SLIGHTS, J.

06/27/2005    658    LETTER DATED 06/27/2005 FROM SLIGHTS, J. TO COUNSEL:
                     THE COURT WILL HEAR ORAL ARGUMENT ON THE BALANCE OF THE
                     CASE DISPOSITIVE MOTIONS AND MOTIONS IN LIMINE ON JULY
                     7, 2005 AT 11:00 A.M.

06/27/2005    660    LETTER DATED 06/27/2005 FROM SLIGHTS, J. TO
                     COUNSEL. PLEASE BE ADVISED THE COURT WILL HEAR ORAL
                     ARGUMENT ON THE BALANCE OF THE CASE DISPOSITIVE MOTIONS
                     AND MOTIONS IN LIMINE ON JULY 7, 2005 AT 11:00

06/29/2005    659    AMENDED ORDER OF REFERENCE SIGNED BY SLIGHTS, J. ON
                     6/29/05:  THE FOLLOWING MATTERS ARE HEREBY DESIGNATED
                     TO COMMISSIONER VAVALA:  DOCKET ITEM #'S 571, 572, 573,
                     574, 575, 576, 577, 579, 580, 581, 582 AND 583 FOR THE
                     PURPOSE OF ASSISTING THE COURT IN DECIDING THE MOTIONS
                     IN LIMINE IN AN ORDERLY AND TIMELY MANNER.

07/01/2005    662    TRANSCRIPT FROM HEARING ON JUNE 20, 2005 BEFORE
                     SLIGHTS, J.

08/30/2005    663    STIPULATION OF DISMISSAL WITH PEJUDICE, EXCEPT THAT
                     NOTHING IN THIS STIPULATION OR IN THE DISMISSAL SHALL
                     BE CONSTRUED TO LIMIT OR PRECLUDE THE CLAIM OR CROSS-
                     CLAIM OF NORTHEAST CONTROLS, INC. AGAINST FISHER
                     CONTROLS, INC., FOR CONTRACTUAL INDEMNITY.

```
                 SUPERIOR COURT - NEW CASTLE COUNTY
                       AS OF 08/27/2007                    PAGE      62

02C-04-263
09/01/2005          #663   SO ORDER, ON 08/31/2005 BY SLIGHTS, J.
```

EXIIIBIT 13

LEXSEE 2004 DEL. SUPER. LEXIS 87

**THE RYLAND GROUP, INC., Plaintiff, v. SANTOS CARPENTRY COMPANY, INC., A&J BUILDERS APCO, FORMED WALLS FOUNDATIONS BY SCHULTE AND ROSSI, INC., DAVID T. SCHULTE MASONRY, INC., HUHN CARPENTRY, OMNIWAY SERVICE CO. d/b/a KAPPLER CONSTRUCTION, SAY SERVICE, INC., STATE WIDE PLUMBING, MK BUILDERS, RABSPAN, INC., and UNITED HVAC, INC., Defendants.**

C.A. No.: 00C-09-056 SCD

**SUPERIOR COURT OF DELAWARE, NEW CASTLE**

*2004 Del. Super. LEXIS 87*

**March 2, 2004, Submitted
March 26, 2004, Decided**

**SUBSEQUENT HISTORY:** Motion granted by *Ryland Group, Inc. v. Santos Carpentry Co., 2004 Del. Super. LEXIS 88 (Del. Super. Ct., Mar. 26, 2004)*
Reargument granted by, in part *Ryland Group, Inc. v. Santos Carpentry Co., 2004 Del. Super. LEXIS 312 (Del. Super. Ct., Aug. 31, 2004)*

**DISPOSITION:**    [*1] Defendant Santos Carpentry Company's motion for summary judgment granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN1] A motion for summary judgment requires the court to examine the record to determine whether there are any genuine issues of material fact or whether the evidence is so one-sided that one party should prevail as a matter of law. If, after viewing the record in light most favorable to the nonmoving party, the court finds no genuine issue of material fact, summary judgment is appropriate.

*Civil Procedure > Federal & State Interrelationships >*

*Choice of Law > Significant Relationships*
*Torts > Procedure > Conflicts of Laws > Significant Relationships*
[HN2] Delaware has adopted the most significant relationship test to resolve conflict issues arising out of both contract and tort claims.

*Contracts Law > Defenses > Statutes of Limitations*
*Contracts Law > Types of Contracts > Contracts Under Seal*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN3] *Del. Code Ann. tit. 10, § 8106* (1999) provides the statute of limitations applicable to contract cases. Under that provision, a three-year statute of limitations applies unless the action is a debt not evidenced by a record or by an instrument under seal. The common law limitations period of 20 years applies to debts under seal. For an instrument other than a mortgage to be under seal, it must contain language in the body of the contract, a recital affixing the seal, and extrinsic evidence showing the parties' intent to conclude a sealed contract.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Torts > Malpractice & Professional Liability > Healthcare Providers*
*Torts > Procedure > Statutes of Limitations > Accrual of Actions > Discovery Rule*
[HN4] The time of discovery exception, in cases other

2004 Del. Super. LEXIS 87, *1

than those of medical malpractice, is narrowly confined in Delaware to injuries which are both (a) inherently unknowable and (b) sustained by a blamelessly ignorant plaintiff.

**Governments > Legislation > Statutes of Limitations > Time Limitations**

[HN5] If all parties were allowed to toll the statute of limitations until they learned of the legal theory of a proposed action or so pursued an action, there would be no purpose to the statute of limitations.

**Contracts Law > Contract Conditions & Provisions > Indemnity**

**Contracts Law > Contract Interpretation > General Overview**

[HN6] Contracts of indemnification are strictly construed.

**Contracts Law > Contract Interpretation > General Overview**

**Contracts Law > Defenses > General Overview**

**Contracts Law > Formation > Ambiguity & Mistake > General Overview**

[HN7] Ambiguous contractual terms are construed against the drafter.

**Contracts Law > Contract Interpretation > General Overview**

**Contracts Law > Defenses > Ambiguity & Mistake > General Overview**

**Contracts Law > Formation > Ambiguity & Mistake > General Overview**

[HN8] For purposes of contract interpretation, the word "contractor" is a general term, and is variously defined. For example, the Delaware Code defines a contractor as an architect, engineer, real estate broker, subcontractor or anyone who provides labor.

**Contracts Law > Types of Contracts > Construction Contracts**

[HN9] See Del. Code Ann. tit. 30, § 2501 (2002).

**Contracts Law > Types of Contracts > Construction Contracts**

**Real Property Law > Construction Law > Design**

**Professionals**

[HN10] See Del. Code Ann. tit. 6, § 3501 (2002).

**Contracts Law > Contract Conditions & Provisions > Indemnity**

**Contracts Law > Contract Interpretation > General Overview**

[HN11] Where a contract addresses the issue of indemnification, the court will not enlarge the right of indemnification by implication.

**Governments > Legislation > Statutes of Limitations > Time Limitations**

**Real Property Law > Torts > Construction Defects**

**Torts > Procedure > Statutes of Limitations > General Overview**

[HN12] Delaware has a three-year statute of limitations for tort actions. Del. Code Ann. tit. 10, § 8106 (1999).

**Governments > Legislation > Statutes of Limitations > Time Limitations**

**Torts > Procedure > Multiple Defendants > Contribution > General Overview**

**Torts > Procedure > Statutes of Limitations > General Overview**

[HN13] Contribution claims arise when one joint tortfeasor has paid more than its pro rata share of a common liability. Del. Code Ann. tit. 10, § 6302 (1999).

**Contracts Law > Breach > Causes of Action > General Overview**

**Torts > Negligence > General Overview**

[HN14] Where an action is based entirely on a breach of the terms of a contract between the parties, and not a violation of some duty imposed by law, a tort action will not lie, and the plaintiff must sue, if at all, in contract.

**COUNSEL:** Armand J. Della Porta, Esquire, of Kelley, Jasons, McGuire & Spinelli, Wilmington, Delaware, and Judith Anne Gleason, Esquire, and David E. Schroeder, Esquire, of Gleason & Schroeder, LLC, Chicago, Illinois, for Plaintiff The Ryland Group, Inc.

William L. Doerler, Esquire, of White and Williams, LLP, Wilmington, Delaware, and Robert K. Pearce, Esquire, of Ferry, Joseph & Pearce, P.A., Wilmington, Delaware, for Defendant Santos Carpentry Company.

2004 Del. Super. LEXIS 87, *1

Robert J. Leoni, Esquire, of Morgan, Shelsby & Leoni, Newark, Delaware, for Defendant Rabspan, Inc.

Kenneth M. Doss, Esquire, of Casarino, Christman & Shalk, Wilmington, Delaware, for Defendant Statewide Plumbing.

David Malatesta, Esquire, of Kent & McBride, P.C., Wilmington, Delaware, and Donald J. Detweiler, Esquire, of Saul Ewing LLP, Wilmington, Delaware, for Defendant Formed Walls Foundation.

Kevin J. Connors, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware, for Defendant Kappler Construction.

Richard D. Abrams, Esquire, of Heckler & Frabizzio, Wilmington, Delaware, for Defendant Say Service, Inc.

Joseph [*2] Scott Shannon, Esquire, of Tighe, Cottrell & Logan, P.A., Wilmington, Delaware, for Defendant Hahn Carpentry.

Joseph Gabay, Esquire, of Swartz Campbell LLC, Wilmington, Delaware, for Defendant MK Builders.

**JUDGES:** Judge Susan C. Del Pesco.

**OPINION BY:** Susan C. Del Pesco

**OPINION**

**ORDER**

For the reasons set forth in the Opinion attached hereto, Defendant Santos Carpentry Company's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 26th day of March, 2004.

Judge Susan C. Del Pesco

**OPINION**

Del Pesco, J.

The plaintiff, the Ryland Group, Inc. ("Ryland") was the owner and general contractor for a housing development in Delaware called Weldin Ridge. Defendant is a subcontractor hired by Ryland to do framing on some of the houses in the development. Defendant seeks summary judgment as to all claims

based on the statute of limitations. The motion is granted as over three years elapsed between the accrual of claims and commencement of the action.

Santos Carpentry -- Framing subcontractor

On August 5, 1994, Santos Carpentry Company, Inc. ("Santos") signed a subcontract agreement with Ryland. The agreement was applicable to projects undertaken by Ryland in the mid-Atlantic [*3] area. In approximately September 1995, Ryland asked Santos to perform the framing work at Weldin Ridge. On or about September 25, 1995, Santos signed an Addendum to Subcontractor Agreement, Occupational Safety and Health Standards. Santos was one of six framing subcontractors hired to construct approximately 60 executive-style homes.

Santos completed its framing work at Weldin Ridge by June 28, 1996. In early 1997, Ryland began receiving complaints from a few of the Weldin Ridge homeowners about structural problems. In February 1997, Ryland notified all of its subcontractors about the complaints involving the homes and asked them to attend a meeting to discuss the damage that was appearing in a number of the homes. Some of the subcontractors attended the meeting, Santos did not. On March 12, 1997, Santos informed Ryland that it would not make any repairs at Weldin Ridge.

Ryland hired an expert in 1996, Weintraub Engineering, to resolve problems related to a few homes. Weintraub was rehired in 1997 to examine the whole development. Weintraub prepared reports in 1997 and into 1998 detailing various structural problems.

This lawsuit was commenced on September 11, 2000.

Legal [*4] Standard for Summary Judgment

[HN1] A motion for summary judgment requires the Court to examine the record to determine whether there are any genuine issues of material fact or whether the evidence is so one-sided that one party should prevail as a matter of law. [1] If, after viewing the record in light most favorable to the nonmoving party, the Court finds no genuine issue of material fact, summary judgment is appropriate. [2]

   1   *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

2    *Hammond v. Colt Industries Operating Corp.,*
*565 A.2d 558, 560 (Del. 1989)*

Conflicts of Law

Santos argues that the Delaware statute of limitations applies under conflict of law principles. Ryland provides no facts to assist in the analysis of choice of law, arguing only that Santos' motion "does not set forth the necessary facts to determine whether New Jersey or Delaware law should apply to plaintiff's contract based claims." [3]

3    Plaintiff The Ryland Group's Response Brief to Defendant Santos Carpentry Company's, "Revised" Motion for Summary Judgment, at p. 8.

[*5] [HN2] Delaware has adopted the most significant relationship test to resolve conflict issues arising out of both contract and tort claims. [4] I surmise that the initial contract between Ryland and Santos was not executed in Delaware. Santos informs that neither Ryland nor Santos are Delaware corporations, Santos being a New Jersey corporation and Ryland being either a New Jersey or a Maryland corporation. [5] The facts provided to the Court are that this dispute arises out of construction which occurred in Delaware, and that the claims for which Ryland is seeking payment are liquidated claims brought by homeowners in Delaware who purchased the Ryland homes and a limited number of direct claims for Ryland-owned properties. Under the conflict of laws analysis, Delaware has the greatest contact with the case. Delaware law will be applied. [6]

4    *See Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.,* 394 A.2d 1160, 1163 (Del. 1978); *Travelers Indemnity Co. v. Lake,* 594 A.2d 38, 48 (Del. 1991).

5    The defendants filed summary judgment motions previously. They were withdrawn to permit further discovery. The first trial date was deferred, and the case is now within a few weeks of a second trial date. The opportunity for thorough discovery has been provided.

[*6]

6    Santos argues for the application of *10 Del. C. § 8121,* the Delaware borrowing statute. Section 8121 has no application here because the conduct which gives rise to this claim happened in Delaware. This is not a cause of action arising outside Delaware.

The Contract Claims

*Title 10, Section 8106 of the Delaware Code* [HN3] provides the statute of limitations applicable to contract cases. Under that provision, a three-year statute of limitations applies unless the action is a "debt not evidence by a record or by an instrument under seal . . . ." [7] The common law limitations period of 20 years applies to debts under seal.

7    *DEL. CODE ANN. tit. 10, § 8106 (1999).*

It is clear from the cases construing *§ 8106* that documents of debt, such as mortgages or promissory notes, escape the three year limitation if they contain the most minimal reference [*7] to a seal. [8] But actions arising from other types of contracts must show a clearer intent to enter into a contract under seal. In *American Telephone & Telegraph Co. v. Harris Corp.,* [9] Vice Chancellor, now Justice, Jacobs, quoting from the *Aronow Roofing Co. v. Gilbane Building Co.,* [10] stated:

In Delaware, for an instrument other than a mortgage to be under seal[:] . . . it must contain language in the body of the contract, a recital affixing the seal, and extrinsic evidence showing the parties' intent to conclude a sealed contract. The mere existence of the corporate seal and the use of the word "seal" in a contract do not make the document a specialty . . . There is simply no manifested intent to create a contract under seal; no language in the body of the contract to suggest that the contract is under seal; and no recital appears before the corporate seal to evidence any intent to create a specialty. [11]

8    *See Milford Fertilizer Co. v. Hopkins,* 807 A.2d 580 (Del. Super. 2002); *Greater New York Savings Bank v. Sky-Drummond Assoc., L.P.,* 1991 Del. Super. LEXIS 103, C.A. No. 90L-10-3-JMT, 1991 WL 53375 (Del. Super. Mar. 15, 1991); *River Bank America v. Tally-Ho Assoc., L.P.,* 1991 Del. Super. LEXIS 91, C.A. No. 90L-JN-21, 1991 WL 35719 (Del. Super. Feb. 22, 1991); *Monroe Park v. Metropolitan Life Ins. Co.,* 457 A.2d 734 (Del. 1982); *cf. Peninsula*

2004 Del. Super. LEXIS 87, *7

*Methodist Homes and Hosps. Inc. v. Architect's Studio, Inc.*, et al., 1985 Del. Super. LEXIS 1461, C.A. No. 83C-AU-118, 1985 WL 634831 (Del. Super. Aug. 28, 1985).

[*8]

9   C.A. No. 92C-01-27, 1993 WL 401864 (Del. Super. Sept. 9, 1993).

10   *902 F.2d 1127 (3rd Cir. 1990)*.

11   *American Telephone & Telegraph*, C.A. No. 92C-01-27, 1993 WL 401864 at *7.

Neither the subcontractor agreement nor the addendum demonstrates the requisite intent to create a contract under seal. The testimonium clause in the subcontractor agreement contains the only reference to a seal. It says: "IN WITNESS WHEREOF, the parties have executed and sealed this Agreement on the date below written[.]" 12 The only reference to a seal in the addendum is the word "(Seal)" located to the right of the signature lines. This is not a debt action. This is a contract action between an owner/general contractor and a subcontractor. The references to a seal are insufficient to demonstrate an intent to create a contract under seal. This claim is governed by a three-year statute of limitations period. 13 Since Santos clearly stated its intention not to take any further action at Weldin Ridge in March 1997, the statute of limitations ran no later than March [*9] 2000. 14 This action was commenced in September 2000, and is therefore barred by the three-year statute unless an exception applies.

12   Ryland Homes Subcontractor Agreement, with Santos Carpentry Co. Inc., Aug. 1994.

13   *Juran v Bron*, 2000 Del. Ch. LEXIS 143, No. Civ.A. 16464, 2000 WL 1521478 at *11 (Del. Ch. Oct. 6, 2000).

14   Santos argues that since it completed its work no later than June 28, 1996, the statute of limitations runs from that time. Since it is of no consequence to this motion, I will view the facts in a light most favorable to Ryland.

Ryland seeks to invoke the time of discovery rule. It argues that the defects in the framing work performed by Santos or its subcontractors were not discovered until the analysis by Weintraub Engineering was completed in 1998.

The time of discovery exception to the application of the statute of limitations arose initially in the context of medical malpractice cases where the wrong was

inherently unknowable to the injured party. 15 The rule has been applied [*10] in other contexts as well. 16 However, the discovery rule has no application here. As the general contractor at Weldin Ridge, Ryland had complete access to the worksite. Ryland could inspect the work of the subcontractors at will, and was in a position to discover defects in the construction--failures to adhere to its own plans-- if it had chosen to do so. The fact, if it is a fact, that Ryland allowed Santos to cut corners or otherwise defectively perform its work, does not relieve Ryland of its responsibility as the general contractor. If Ryland was ignorant of the defects, it was not blamelessly ignorant.

15   *See Layton v. Allen*, 246 A.2d 794 (Del. 1968) (both plaintiff patient and defendant doctor were unaware that a foreign substance had been left in the plaintiff's body). *See also Cole v. Delaware League for Planned Parenthood*, 530 A.2d 1119 (Del. 1987) (plaintiff patient alleged an injury of sterility as a result of a performed abortion).

16   [HN4] The time of discovery exception, in cases other than those of medical malpractice, is narrowly confined in Delaware to injuries which are both (a) "inherently unknowable" and (b) sustained by a "blamelessly ignorant" plaintiff. *Began v. Dixon*, 547 A.2d 620 (Del. Super. 1988) (legal malpractice action where statute of limitations began to run when client consulted with independent counsel); *Hodges v. Smith*, 517 A.2d 299 (Del. Super. 1986) (negligence action against surveyor was unknowable by property owner until another survey was performed since error not in plain view); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646 (Del. Super. 1985) (fraud and negligence action against roofer where statute of limitations tolled because defect concealed); *Rudginski v. Pullella*, 378 A.2d 646 (Del. Super. 1977) (negligence, contract and fraud action against plumbers who installed underground septic system, statute of limitations began to run when plaintiffs had notice of the problem, or could have discovered it by the exercise of reasonable diligence and care).

[*11] Ryland's reliance on *Butske v. Schaefer* 17 is misplaced. The plaintiffs in *Butzke* were the homeowners. the defendant was the builder. The plaintiffs occupied the property in August 1990. In May 1993, the plaintiff attempted to sell the house. In the course of that effort, a

structural inspection was conducted which revealed structural defects. The Court denied summary judgment on the breach of contract action on the grounds that there remained a fact issue as to whether the time of discovery commenced at the time of the breach, or at the time the non-breaching party discovered, or should have discovered, the breach. Here, it is the contractor--not the homeowner--who is alleging ignorance. A contractor cannot claim to be blamelessly ignorant when it had a duty and an opportunity to inspect and simply failed to do so. The fact that the consulting expert did not provide a report for a year beyond the time that a problem was evident is of no consequence. [HN5] "If all parties were allowed to toll the statute of limitations until they learned of the legal theory of a proposed action or so pursued an action, there would be no purpose to the statute of limitations." [18]

17   C.A. No. 94C-07-04, 1995 WL 339058 (Del. Super.); *aff'd in part, rev'd in part, subnom, Schaefer v. Butzke, 692 A.2d 415 (Del. 1996).*

[*12]

18   *Began, 547 A.2d at 623-24.*

Summary Judgment as to all breach of contract claims--including express or implied warranty claims--is GRANTED.

Indemnification claims

Santos has also moved for summary judgment on Ryland's claim for indemnification.

The contract between Ryland and Santos is a form agreement with blank areas which are filled in so that the agreement can be adapted to various subcontractors. The title of the agreement is "SUBCONTRACTOR AGREEMENT." It begins (with handwritten portions italicized here):

For the consideration herein set forth, *Santos Carpentry Co. Inc.* ("Subcontractor") and the *Delaware Valley East* Division of THE RYLAND GROUP, INC., ("Ryland") agree as follows:

1. Subcontractor has represented that it is skillful, proficient and experienced in the craft or trade of *Framing.*

* * * *

7.   Subcontractor warrants and represents that it is familiar with and in compliance with all laws, . . . all applicable laws relating to Workman's Compensation, minimum wages and overtime, and discrimination in employment. Subcontractor [*13] will maintain all records . . . will indemnify and save Ryland harmless, to the extent permitted by law from any damage, fine or penalty which may be assessed against them or either of them by reason of Subcontractor's breach of any laws, regulations or rulings.

8. Subcontractor shall maintain at its expense [recites obligation to have certain levels of workers compensation and liability insurance, and requirements regarding proof of insurance]. The contractor shall indemnify and hold Ryland harmless from and against any and all liability, damage and expense in connection with claims arising out of or resulting from the performance of the contractor's work provided that such claim is caused in whole or partly by any negligent act or omission of the contractor, its agents or employees." (emphasis supplied) [19]

19   Ryland Homes Subcontractor Agreement, with Santos Carpentry Co. Inc., Aug. 1994.

Santos argues that the indemnity provision is ambiguous because in the contract Santos is identified [*14] as the subcontractor, while the indemnity provision speaks of the contractor's work. I note that the indemnity language in paragraph 7 refers to subcontractor's indemnity obligation, but curiously, the language in paragraph 8 does not.

[HN6] Contracts of indemnification are strictly construed. [20] [HN7] Ambiguous contractual terms are construed against the drafter. [21] Under the circumstances here presented, I find that the contract is ambiguous as to the indemnity obligations in paragraph 8 since there is no

contractor defined in the contract. [HN8] The word "contractor," is a general term, and is variously defined. For example, the Delaware Code defines a contractor as an architect, engineer, real estate broker, subcontractor or anyone who provides labor. [22] Use of the word contractor creates an ambiguity in the Ryland agreement. The ambiguity is thus construed against Ryland as the drafter. The indemnification provision in paragraph 8 is not enforceable as to Santos.

20    Waller v. J.E. Brenneman Co., 307 A.2d 550, 551 (Del. Super. 1973).
21    Kaiser Aluminum Corp. v. Matheson, 681 A.2d 392, 398 (Del. 1996).

[*15]
22    "Contractor" includes every person engaged in the business of:

[HN9] a. Furnishing labor or both labor and materials in connection with all or any part of construction, alteration, repairing, dismantling or demolition of buildings, roads, bridges, viaducts, sewers, water and gas mains and every other type of structure as an improvement, alteration or development of real property; a person is a contractor regardless of whether the person is a general contractor or a subcontractor, or whether the person is a resident or a nonresident; in addition "contractor" shall include "construction transportation contractors" which shall include persons engaged in the business of contracting for transporting tangible property of other persons in connection with all or any part of the construction, alteration, repairing, dismantling or demolition of buildings, roads, bridges, viaducts, sewers, water and gas mains and every other type of structure as an improvement, alteration or development of real property but shall not include draypersons as defined in § 2301(a) of this title; or

b. Real estate development.

DEL. CODE ANN. tit. 30, § 2501 (2002);
[HN10] "Contractor" includes, but is not limited to, an architect, engineer, real estate broker or agent, subcontractor or other person, who enters into any contract with another person to furnish labor and/or materials in connection with the erection, construction, completion, alteration or repair of any building or for additions to a building, by such contractor, or for the sale to such other person of any lands and premises, whether owned by such contractor or another, upon which such contractor undertakes to erect, construct, complete, alter or repair any building or addition to a building.

DEL. CODE ANN. tit. 6, § 3501 (2002).

[*16]   Ryland also makes a claim of implied indemnification. [HN11] Where a contract addresses the issue of indemnification, the court will not enlarge the right of indemnification by implication. [23] Ryland cannot recover on an implied right of indemnification.

23    Waller, 307 A.2d at 552.

The Tort Claims

The claim here arises from defects in the construction of houses. Santos finished framing at Weldin Ridge by June 28, 1996. The record is unclear as to whether repairs were made after that date. The record demonstrates that no later than March 12, 1997, Santos indicated that it would not do any further repairs. [HN12] Delaware has a three year statute of limitations for tort actions. [24] The statute of limitations ran no later than June 28, 1999. For the reasons discussed above, there is no exception based on time of discovery which tolls the running of the three year period. All tort actions by Ryland are barred by the statute of limitations.

24    DEL. CODE ANN. tit. 10, § 8106 (1999).

[*17] Contribution

To the extent that Ryland seeks to recover from Santos based on a theory of contribution, the three year statute of limitations may not bar the claim because [HN13] contribution claims arise when one joint tortfeasor has paid more than it's *pro rata* share of a common liability 25

> 25    DEL. CODE ANN. tit. 10, § 6302 (1999); *Fehlhaber v. Indian Trails, Inc.,* 45 F.R.D. 285 (D. Del 1968), aff'd 425 F.2d 715 (3rd Cir. 1970); *Distefano v. Lamborn,* 46 Del. 195, 7 Terry 195, 81 A.2d 675, 680 (Del. 1951).

Santos argues that Ryland cannot pursue a contribution claim because contribution requires joint liability to another, in this case, the homeowners, and there is no legal basis for such a claim. Ryland responds that its contribution claim is based on the allegation that Ryland and Santos were both potentially liable in tort to the homeowners, thereby justifying its tort action. It cites in support of its contention the case of *ICI America* [*18] *Inc. v. Martin-Marietta Corp.* 26

> 26    368 F. Supp 1148 (D. Del. 1974).

Ryland's reliance on *ICI* is misplaced. *ICI* involved an owner who contracted with Healey ("contractor") to build a facility. Martin-Marietta ("material supplier") provided a product which was used for flooring. When the flooring failed, ICI brought a claim against the material supplier based on the warranties associated with the product. The material supplier filed a third-party action against the contractor for contribution alleging that the contractor had failed to use the product properly. 27 The court found that allegations in the third-party complaint were sufficient to survive a motion to dismiss for failure to state a claim because there was a possibility that the material supplier and the contractor could be

jointly liable. 28

> 27    *Id. at 1149.*
>
> 28    *Id. at 1151.*

[*19] This summary judgment motion is considered with trial imminent. Discovery is complete, the factual record has been developed. This is not a time to consider possibilities. This claim is readily distinguishable from *ICI* because the homeowners whose claims against Ryland give rise to this case had no legal basis for a claim against Santos. The homeowners had no contract with Santos. Santos' duties, and thus its obligations, arose entirely from the contract it had with Ryland. The facts do not indicate any independent basis for recovery such as a violation of law. [HN14] Where an action is based entirely on a breach of the terms of a contract between the parties, and not a violation of some duty imposed by law, a tort action will not lie, and the plaintiff must sue, if at all, in contract. 29

> 29    *Garber v. Whittaker,* 36 Del. 272, 6 W.W. Harr. 272, 174 A. 34, 36 (Del. Super. 1934); see also *Heronemus v. Ulrick,* 1997 Del. Super. LEXIS 266, C.A. No. 97C-03-168, 1997 WL 524127 (Del. Super. July 9, 1997); *Ulmer v. Whitfield,* C.A. No. 80C-NO-16, 1985 Del. Super. LEXIS 1279 (Del. Super. Sept. 10, 1885).

[*20] Santos' motion for summary as to all tort-based actions, including contribution, is GRANTED.

Other Claims

The Court acknowledges the other arguments raised by Santos in its motion. It is not necessary for the Court to reach those arguments due to the conclusions reached in the discussion above.

EXHIBIT 14

LEXSEE 1999 DEL. SUPER. LEXIS 460

**Council of the Wilmington Condominium, Plaintiff, v. Wilmington Avenue Associates, L.P., a Limited Partnership, and Michael R. Kain, Defendants.**

Civil Action No. 94C-09-004

**SUPERIOR COURT OF DELAWARE, SUSSEX**

*1999 Del. Super. LEXIS 460*

**August 10, 1999, Date Submitted**
**November 3, 1999, Date Decided**

**SUBSEQUENT HISTORY:** Related proceeding at *Council of the Wilmington Condo. ex rel. Unit Owners of the Wilmington Condo. v. Wilmington Ave. Assocs., L.P., 815 A.2d 348, 2003 Del. LEXIS 718 (Del., 2003)*

**PRIOR HISTORY:** *Wilmington Ave. Assocs., L.P. v. Council of the Wilmington Condo. (ex rel Unit Owners of the Wilmington Condo. Ass'n), 734 A.2d 161, 1999 Del. LEXIS 119 (Del., 1999)*

**DISPOSITION:** [*1] Motion for Attorney's Fees Granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
*Civil Procedure > Appeals > Appellate Jurisdiction > Lower Court Jurisdiction*
[HN1] In general, a trial court retains jurisdiction to determine the propriety and amount of attorneys' fees and to award costs and attorneys' fees after a matter has been appealed. Because the award of appellate attorneys' fees is distinct from the issues on appeal, the perfection of the appeal does not deprive the trial court of jurisdiction to make such an award.

*Civil Procedure > Removal > Postremoval Remands > Jurisdictional Defects*
*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
[HN2] The family court's jurisdiction to award attorneys'

fees is not dependent upon a remand from the superior court for that purpose.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards*
[HN3] Generally, in Delaware, in an action at law, a court may not order the payment of attorney's fees as part of the costs to be paid by the losing party unless the payment of such fees is authorized by some provision of statute or contract.

*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
[HN4] The superior court, unlike the Delaware Supreme Court, is not constrained by a record on appeal and is in the unique position of being able to view all the evidence, including affidavits. Thus, the superior court may appropriately evaluate the reasonableness of any sum claimed as attorneys' fees.

*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
[HN5] Before awarding attorneys' fees, the superior court must independently evaluate the reasonableness of the fees sought by the plaintiff.

*Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Reasonable Fees*
[HN6] In Delaware, attorneys' fees are evaluated for their reasonableness using the factors set forth in Del. Professional Conduct R. 1.5(a).

**COUNSEL:** Gary R. Dodge, Esquire, Law Offices of

Gary R. Dodge, P.A., Dover, Delaware, Attorney for the Plaintiff.

Gregory W. Williams, Esquire, and Dorian Rowe Kleinstuber, Esquire, The Law Office of Gregory W. Williams, Rehoboth Beach, Delaware, Attorneys for the Defendants.

JUDGES: Lee, Judge.

OPINION BY: Lee

OPINION

MEMORANDUM OPINION

Lee, Judge

This case has a long history in this Court and is presently before the Court on what is denominated a Motion for Entry of New Judgment following an appeal to the Delaware Supreme Court. But, as this Motion is really in the nature of a Motion for Attorneys' Fees, it will be treated as such. At issue, is the following question:

Where a plaintiff wins its case in the Superior Court and is awarded attorneys' fees pursuant to a contract between the parties, and the defendant appeals the decision to the Supreme Court and the trial court's award is affirmed, does the Superior Court maintain jurisdiction over the case so that it may award attorneys' fees to the Plaintiff for its defense of the appeal?

For the reasons discussed below, this Court finds that the Court does have jurisdiction and may properly award [*2] attorney's fees for the appeal.

Nature and Stage of Proceedings

As this litigation has wound its way through the courts since 1994, both the Court and the parties are comfortably familiar with the facts giving rise to the dispute. For this reason, a full recitation of the facts would be repetitive. Therefore, this Opinion fully incorporates the findings of this Court in Orders dated March 31, 1998, and October 24, 1997.

In the Order of October 24, 1997, this Court ruled in favor of the Plaintiff following a trial on the merits. However, the Court did not calculate the sums the

Defendants owed. Rather it generally awarded the Plaintiff the money it sought in this debt action and "reasonable attorneys' fees" and instructed the parties to calculate the sum certain using the Court's decision as a guideline. See Council of the Wilmington Condominium v. Wilmington Ave. Assoc., 1997 Del. Super. LEXIS 516, Del. Super., C.A. No. 94C-09-004, Lee, J. (Oct. 24, 1997) Post-Trial Decision at 23. When the parties could not agree on the calculations of the amounts owed, the Court ordered the Defendants to pay the Plaintiff $ 35,309.67 on the debt, $ 4,980.00 in interest, and $ 21,273.75 for attorneys' fees. [*3] See Council of the Wilmington Condominium v. Wilmington Ave. Assoc., Del. Super., C.A. No. 94C-09-004, Lee, J. (March 31, 1998) Letter Op. at 3.

The Defendants appealed these decisions to the Delaware Supreme Court. However, on April 13, 1999, the Supreme Court affirmed the decision of the Superior Court and adopted as its decision, "the well-reasoned Orders of the Superior Court dated March 31, 1998 and October 24, 1997." Wilmington Ave. Assoc. v. Council of the Wilmington Condominium, Del. Supr., 734 A.2d 161, Hartnett, J. (1999) (ORDER). The Plaintiff now asks this Court to award attorneys' fees for defending the appeal to the Supreme Court. The Defendants, in their response to Plaintiffs' Motion for Entry of New Judgment, argue that this Court no longer has jurisdiction to award attorneys' fees, and even if it did, the contract provision for attorneys' fees is inapplicable in the present situation.

DISCUSSION

[1HN1] "In general, a trial court retains jurisdiction to determine the propriety and amount of attorneys' fees and to award costs and attorneys' fees after a matter has been appealed. . . . Because the award of appellate attorneys' fees is distinct [*4] from the issues on appeal, the perfection of the appeal does not deprive the trial court of jurisdiction to make such an award." 5 Am. Jur. 2d Appellate Review § 431 (1995). While this precise question appears to be an issue of first impression with regards to the Superior Court, this exact problem has been addressed where the appeal was from the Family Court. [HN2] In Wheeler v. Wheeler, the Delaware Supreme Court ruled that "the Family Court's jurisdiction to award attorneys' fees is not dependent upon a remand from this Court for that purpose." Wheeler v. Wheeler, Del. Supr., 635 A.2d 888, 890 (1993). See also Coleman v. Coleman, 1998 Del. LEXIS 497, Del. Supr., No. 445,

1998, Holland, J. (ORDER) ("This Court previously has held (in Wheeler) that the Family Court has original jurisdiction to award attorneys' fees following an appeal to this court.").

The Wheeler case arose in a context that is factually similar to the case before this Court. There, in a divorce action, the wife appealed to the Supreme Court the final judgment and most of the interlocutory rulings of the Family Court. The Supreme Court affirmed the lower court without remanding for additional action. [*5] This is the same procedural history as in the present case before this Court.

[HN3] Generally, in Delaware, "in an action at law, a court may not order the payment of attorney's fees as part of the costs to be paid by the losing party unless the payment of such fees is authorized by some provision of statute or contract." *Casson v. Nationwide Ins. Co., Del. Supr., 455 A.2d 361, 370 (1982)*. In arriving at their ruling in Wheeler, the Supreme Court examined the statutory provision governing the award of attorneys' fees in Family Court (*13 Del. C § 1515*). Here, any award of attorneys' fees will be under the provisions of a contract entered into by the parties, the Code of Regulations of The Wilmington Condominium ("Code of Regulations"). In Article 9, the parties agreed that:

> In any proceeding arising out of any alleged default by a Unit Owner, the prevailing party shall be entitled to recover the costs of the proceeding, and such reasonable attorneys' fees as may be determined by the court. Code of Regulations, Art. 9(A)(2).

Despite the Defendant's arguments to the contrary, the appeal to the Supreme Court was a "proceeding arising out of any alleged default. [*6] . . ." The Defendants, in their Response to Plaintiffs Motion, argue that:

> At the time the Defendants filed the appeal, Defendants had paid the entire indebtedness this Court deemed Defendants owed thus satisfying the judgment in this Court. Thus, there was no default at issue on appeal. Response at Para. 5.

While certainly creative, this argument misses the mark. Were it not for the default of the Defendant originally, these parties would not be caught up in this protracted litigation. The appeal to the Supreme Court was but another facet of this multifaceted case. Thus, the appeal was a "proceeding" covered by the contract provision. Moreover, as required by the contract clause, the Plaintiff was the prevailing party both at the trial court and on appeal.

Finally, this Court must determine whether it has jurisdiction to award such attorneys' fees and, if so, if those fees are reasonable. While the Supreme Court did not discuss the policy reasons behind their holding in Wheeler, I believe that the situations are so similar as to warrant an extension of that holding to this case and this Court. [HN4] This Court, unlike the Supreme Court, is not constrained by a record on [*7] appeal and is in the unique position of being able to view all the evidence, including affidavits. Thus, this Court may appropriately evaluate the reasonableness of any sum claimed as attorneys' fees. Moreover, by retaining jurisdiction, this Court can rule on this issue now and keep all parts of this litigation together. To do otherwise would require the Plaintiff to file a new action against the Defendants seeking these attorneys' fees. This, however, would multiply the amounts sought and is certainly not a wise use of scarce judicial resources.

[HN5] Before awarding attorneys' fees, this Court must independently evaluate the reasonableness of the fees sought by the Plaintiff. [1] [HN6] In Delaware, attorneys' fees are evaluated for their reasonableness using the factors set forth in the Delaware Professional Conduct Rules, Rule 1.5(a). See, *General Motors Corp. v. Cox, Del. Supr., 304 A.2d 55, 57 (1973)*. I have reviewed the Plaintiff's application for attorneys' fees using the factors enumerated in Rule 1.5 and find the fees are reasonable.

> 1    The Court notes that the Defendant's do not dispute the "reasonableness" of the attorneys' fees.

[*8] CONCLUSION

I find that this Court retains its jurisdiction to award attorneys' fees following an appeal to the Supreme Court. Moreover, I find that the attorneys' fees claimed by the Plaintiff for the appeal to the Supreme Court are reasonable. Thus, the Defendant is ordered to pay to the

Page 4

1999 Del. Super. LEXIS 460, *8

Plaintiff the amount claimed. $ 6,939.60.                    **IT IS SO ORDERED.**

EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORTHEAST CONTROLS, INC.        :    CIVIL ACTION – LAW
    and                                             :
ST. PAUL MERCURY INSURANCE COMPANY :
                                  .    :
                                     :
        v.                                         :
                                     :
FISHER CONTROLS INTERNATIONAL, LLC    :    NO. 1:06-CV-00412 (SLR)

### AFFIDAVIT OF THOMAS P. WAGNER

COMES NOW Thomas P. Wagner, Esquire, ("Affiant"), who, having been duly sworn according to law, doth DEPOSE and SAY:

1.    I speak from personal knowledge and am competent to make this Affidavit.

2.    I am an attorney admitted to the practice of law and in good standing since 1978 in the states of New York and Pennsylvania.

3.    I represented Northeast Controls, Inc., in defense of the personal injury and property damages claims in the underlying litigation giving rise to this contractual indemnification action.

4.    On behalf of Northeast Controls, Inc., ("Northeast"), I requested indemnification from Fisher Controls, Inc., pursuant to the Representative Agreement, and received in response correspondence from Fisher Controls, Inc., ("Fisher"), committing Fisher to defend and indemnify Northeast against claims unrelated to Northeast's negligence.

5.    Claims were asserted against Northeast in the underlying litigation. Since Fisher failed to defend and indemnify, Northeast was forced to defend itself through its own insurer.

6.    Fisher retained an expert by the name of Dr. Robert Mostello who published an opinion produced by Fisher during the underlying litigation to all parties finding that the fire and explosion from which the underlying litigation arose were caused by factors and parties having no relationship to the design and manufacture of the valve.

7.    I attended the mediation before Magistrate Judge Thynge on August 15, 2007, and it was while the mediation was underway that Northeast was informed that Fisher was in the process of filing its *Motion to Amend Counterclaim.*

X _____
THOMAS P. WAGNER

State of Pennsylvania        )
                             )    SS.
County of Philadelphia       )

BE IT KNOWN that on this 28th day of August, 2007, before me, a Notary Public in the State and County aforesaid, did appear THOMAS P. WAGNER who, being made personally known to me, did swear and make the foregoing statement his very own.

X _____
        , Notary Public

My Commission expires:

NOTARIAL SEAL
Anna L Janjanin, Notary Public
City of Philadelphia, Philadelphia County
My commission expires March 24, 2009

2