IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC.,<br>3 Enterprise Avenue<br>Clifton Park<br>New York, NY 12065<br><br>ST. PAUL MERCURY<br>INSURANCE COMPANY<br>385 Washington Street<br>St. Paul, MN 55102<br><br>               Plaintiffs,<br><br>v.<br><br>FISHER CONTROLS INTERNATIONAL, LLC<br>205 S. Center Street<br>Marshalltown, Iowa 50158<br><br><br>               Defendant. | NO. 06-412 SLR<br><br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DEPOSITIONS OF MICHAEL PETERS AND ALBERT CAPPELLINI (DKT. # 38)** |

**TABLE OF CONTENTS**

I.    Introduction     3

II.   Plaintiffs Have Failed to Meet the Heavy Burden of Showing That
Mr. Cappellini Should Not Be Deposed     3

    A.   Plaintiffs Are Not Entitled to a Protective Order     4

    B.   The Pendency of the Motion to Amend Is Irrelevant; Further,
Plaintiffs Agreed to Produce Mr. Cappellini After Fisher Advised
Them That It Would Seek to Amend Its Counterclaim     6

    C.   Plaintiffs' Complaints About the Location for the Depositions Are
Simply Made Up     8

III.   Plaintiffs Have Failed to Show That They Are Entitled to a
Protective Order to Prevent the Deposition of Mr. Peters          10

IV.   Plaintiffs' Delaying Tactics Do Not Constitute a Good-Faith
Attempt to Resolve the Issue                                      12

V.    Plaintiffs' Continued References to the Mediation Should Be
Ignored                                                           14

VI.   Conclusion                                                   14

**TABLE OF CITATIONS**

Blankenship v. Hearst Corp., 519 F.2d 418 (9th Cir. 1975)          3

Deines v. Vermeer Manuf. Co., 133 F.R.D. 46 (D. Kan. 1990)         4

Frideres v. Schlitz, 150 F.R.D. 153 (S.D. Iowa 1993)               3

Grinnell Corp. v. Hackett, 70 F.R.D. 326 (D.R.I. 1976)             3

Investment Props. Int'l., Ltd. v. IOS, Ltd., 459 F.2d 705 (2d Cir. 1972)   3

In re McCorhill Pub., Inc., 91 B.R. 223 (Bankr. S.D.N.Y. 1988)     3

O'Donnell v. Richardson-Allen Corp., 34 F.R.D. 214 (E.D.N.Y. 1964) 4

Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE:
CIVIL 2d § 2037 (1994 ed.)                                         4

## I.    **INTRODUCTION**

As set out in Fisher's opening Memorandum in Support of Defendant's Motion to

Compel Depositions of Cappellini and Peters,[1] plaintiffs abruptly canceled the depositions of two

of their witnesses. In their opposition (Dkt. # 46), plaintiffs fail to cite a single case to support the

position that they have taken in regard to these depositions. They have not provided any valid

reason for refusing to produce Messrs. Cappellini or Peters. In particular, they have not submitted

an affidavit or declaration from either witness showing that the witnesses themselves object to

the depositions. Further, plaintiffs misrepresent the facts that led to the pending motion.

Fisher therefore respectfully renews its request that the Court enter an order (a)

compelling the depositions of Messrs. Cappellini and Peters and (b) ordering plaintiffs to pay

Fisher's reasonable attorneys' fees and costs incurred in bringing this Motion.

## II.    **PLAINTIFFS HAVE FAILED TO MEET THE HEAVY BURDEN OF SHOWING THAT MR. CAPPELLINI SHOULD NOT BE DEPOSED**

As set out in Fisher's opening brief, the courts generally regard with disfavor a request to

vacate a notice of deposition. Investment Props. Int'l., Ltd. v. IOS, Ltd., 459 F.2d 705, 708 (2d

Cir. 1972); Frideres v. Schlitz, 150 F.R.D. 153, 156 (S.D. Iowa 1993); Grinnell Corp. v. Hackett,

70 F.R.D. 326, 333 (D.R.I. 1976). A party seeking to avoid a deposition must make a strong

showing before the court will preclude a deposition. See, e.g., Blankenship v. Hearst Corp., 519

F.2d 418, 429 (9th Cir. 1975) (reversing district court's order barring taking of a deposition); In

re McCorhill Pub., Inc., 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988).

---

[1] Dkt. # 38-2.

Plaintiffs have offered two reasons for refusing to produce Mr. Cappellini: (1) that he had been deposed in the Underlying Actions and (2) that Fisher has a pending motion to amend its counterclaim.[2] Neither reason suffices to make the strong showing necessary to preclude the depositions.

### A.    Plaintiffs Are Not Entitled to a Protective Order

As Fisher explained in its opening brief, the fact that a person has already been deposed in a state action is not a ground for precluding his or her deposition in a federal suit. O'Donnell v. Richardson-Allen Corp., 34 F.R.D. 214, 216 (E.D. N.Y. 1964). Indeed, the courts routinely hold that the fact that a witness was previously deposed—even in the same action—does not bar a subsequent deposition. Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2037 at 494–96 (1994 ed.) ("Reasons that have been advanced for an order that a deposition not be taken, and that have been disposed of by the court—**and usually denied**—on the facts of the particular case, are: that the information sought has already been obtained by prior depositions . . . .") (emphasis added). As one court explained, "[t]he fact that a person has already been deposed . . . does not per se entitle a party to a protective order." Deines v. Vermeer Mfg. Co., 133 F.R.D. 46, 48 (D. Kan. 1990) (allowing second deposition of plaintiff when plaintiff had knowledge of matters in dispute not adequately explored during first deposition).

Those authorities support Fisher's position that it is entitled to take Cappellini's deposition in this new action. Plaintiffs do not cite a single case in support of their position that Fisher "waived" its right to take Cappellini's deposition. Moreover, it would be unjust to find such a waiver. As Fisher noted in its opening brief, in the Underlying Actions Northeast Controls

---

[2] See Dkt. # 37.

and Fisher were operating under a Joint Defense Agreement.[3] Not surprisingly, because the

parties' interests were aligned, Fisher elected not to develop further evidence of Northeast

Controls' negligence in the Underlying Actions. But this action is, of course, a new action: here,

plaintiffs and plaintiffs alone are bringing suit against Fisher. Fisher is entitled to develop the

abundant evidence of Northeast Controls' negligence.[4]

Plaintiffs do not respond at all to the fact that, in this new action, Northeast Controls has

produced two documents that it did not produce in the Underlying Action.[5] One of those

documents confirms the basis for Fisher's defense and counterclaims in this case. Specifically, in

the "Order history regarding 12" Fisher A11 valve that was supplied to Praxair," Cappellini that

confirmed that "[the as-ordered] construction does not match what was on the spec sheet for the

12" valve dated 6/3/[98]. **Not sure why the difference . . . .**"[6] Fisher is entitled to question

Cappellini about this newly produced document. The document confirms (1) that Northeast

Controls was negligent in processing the order for the Valve and (2) that Northeast Controls

breached its contractual obligations to Fisher in processing the Valve order. That evidence is

critical not only to Fisher's counterclaim but also to Fisher's fundamental defense in this matter:

i.e., Fisher was not obligated to defend and indemnify Northeast Controls for the simple reason

that the claims against both Fisher and Northeast Controls in the Underlying Actions resulted

---

[3] Affidavit of Daniel J. Gunter in Support of Defendant's Motion to Compel Depositions of Michael Peters and Albert Cappellini ("Gunter Mtn. to Compel Aff."), Dkt. # 38-3, ¶ 3.

[4] Plaintiffs' "waiver" argument would serve to bar their own claims, at least as to the three commercial cases in the Underlying Actions. In those actions, Northeast Controls could have pursued to the end its indemnification claims against Fisher. Instead, Northeast Controls chose to abandon its claims in those lawsuits and pursue them in this action. If plaintiffs' "waiver" argument is meritorious, then the Court should also conclude that plaintiffs waived their claims against Fisher.

[5] Gunter Mtn. to Compel Aff. ¶ 7.

[6] Affidavit of Daniel J. Gunter in Support of Defendant's Motion to Amend Counterclaim ("Gunter Mtn. to Amend Aff."), Dkt. # 37-6, FCI/MOA 23.

from Northeast Controls' negligence in processing the Valve order. Plaintiffs have failed to show

why they should not make Mr. Cappellini available for a deposition for questioning on these

newly produced documents.

If plaintiffs wanted to argue that the deposition would inconvenience Mr. Cappellini, then

they could have submitted an affidavit or declaration from him. They did not. The only

reasonable conclusion is that Mr. Cappellini himself has no objection to the deposition. That

conclusion is supported by plaintiffs' counsels' email of August 10, which email confirms that

plaintiffs' counsel had consulted with Messrs. Cappellini and Peters and obtained their

agreement to make themselves available for these depositions.[7] Because the witness has no

objection, the deposition should go forward.

B.    **The Pendency of the Motion to Amend Is Irrelevant; Further, Plaintiffs Agreed to Produce Mr. Cappellini After Fisher Advised Them That It Would Seek to Amend Its Counterclaim**

Plaintiffs do not cite a single case to support their position that they can withhold

witnesses during the pendency of a motion to amend a pleading. And plaintiffs once again appear

to argue that Fisher's counterclaim is something new and unprecedented in this case. As Fisher

has already explained, Fisher asserted its counterclaim for breach of contract on August 18,

2006—more than a year before the scheduled depositions.[8] Fisher's motion to amend requests

only a change in the *remedy* that Fisher is seeking. The factual and legal basis for its

counterclaim remains the same, as revealed by a simple comparison between Fisher's original

---

[7] Gunter Mtn. to Compel Aff., FCI/MOC 8.
[8] Gunter Mtn. to Amend Aff., FCI/MOA 185.

counterclaim and the amended counterclaim that it proposes to file.[9] All three pleadings assert the same factual bases and rely on the same legal theory (i.e., breach of contract). The only difference is that Fisher now seeks to recover approximately $2 million from plaintiff St. Paul Mercury (Northeast Controls' insurer), instead of requesting simply an offset.

Further, plaintiffs cannot have been surprised by the area of inquiry for Mr. Cappellini's deposition. After all, this Court's Order of October 18, 2006 (Dkt. # 17), provides that the parties will engage in discovery on the issue of Northeast Controls' processing of such orders:

> Discovery will be needed on the following subjects:
>
> i.  Plaintiff Northeast Controls, Inc.'s processing of orders for products manufactured by defendant Fisher Controls International, LLC . . .

And, of course, plaintiffs' argument is simply a herring of the very reddest hue. Plaintiffs complain that they were surprised by Fisher's motion to amend its counterclaim. But plaintiffs fail to inform the Court that plaintiffs agreed to Mr. Cappellini's deposition when they *already* knew that Cappellini had been deposed in the Underlying Actions and when they *already* knew that Fisher was planning to file a motion to amend its counterclaim.

The communications between plaintiffs' counsel and Fisher show the following:

- July 27:   Fisher asks plaintiffs to stipulate to amendment of remedy for Fisher's counterclaim.[10]
- August 3:  Fisher's counsel follows up with plaintiffs in regard to Fisher's request that plaintiffs stipulate to amendment: "Please let me know what the response is to our request to amend the counterclaim. If there's no response, we can simply inform the court of that fact."[11]

---

[9] See Dkt. # 37-3, at 15–16.
[10] Gunter Mtn. to Amend Aff.  ¶ 7.
[11] Gunter Mtn. to Amend Aff., FCI/MOA 187.

- August 6:     Fisher asks plaintiffs to provide dates for the depositions of Cappellini and Peters during the week of August 27.[12]
- August 7:     Plaintiffs' counsel states that plaintiffs will not stipulate to amendment of Fisher's counterclaim.[13]
- August 10:    Fisher informs plaintiffs that, not having heard back regarding the depositions, Fisher will schedule those depositions for August 30 and 31.[14]
- August 10:    Plaintiffs inform Fisher the Cappellini and Peters are available for deposition on August 30 and 31.[15]
- August 10:    Fisher informs plaintiffs that it will probably renotice the time and location of the depositions for the convenience of the witnesses.[16]
- August 16:    Without waiting to hear back from Fisher, plaintiffs assert that they will not produce the witnesses for deposition.[17]

As this chronology demonstrates, plaintiffs agreed to the depositions of both witnesses after Fisher had informed plaintiffs that it would be moving to amend its counterclaim. Further, plaintiffs agreed to produce Mr. Cappellini for deposition even though—obviously—plaintiffs knew that Mr. Cappellini had been deposed in the Underlying Actions. In short, plaintiffs had agreed to produce both witnesses when they already knew of the existence of both conditions of which they now complain. They have not explained why they changed their mind. Their failure to offer a legitimate explanation suggest that their refusal to produce the witnesses is not made in good faith.

**C.    Plaintiffs' Complaints About the Location for the Depositions Are Simply Made Up**

Plaintiffs offer a confused and meritless argument about the parties' discussions concerning locations and timing of the depositions. But before filing their opposition brief,

---

[12] Gunter Mtn. to Compel Aff., FCI/MOC 6.
[13] Gunter Mtn. to Amend Aff., FCI/MOA 187.
[14] Gunter Mtn. to Compel Aff., FCI/MOC 7.
[15] Gunter Mtn. to Compel Aff., FCI/MOC 10.
[16] Gunter Mtn. to Compel Aff., FCI/MOC 11.
[17] Gunter Mtn. to Compel Aff., FCI/MOC 16.

plaintiffs *never* complained to Fisher about the location for the depositions. In that regard, Fisher is entitled to take the depositions of plaintiffs' witnesses in Wilmington. After all, plaintiffs chose to bring their action in this venue; they cannot complain about producing their witnesses here.

Nevertheless, Fisher volunteered to set the depositions in a different location for the convenience of the witnesses. The parties did not reach a final agreement as to the location of the depositions. But the agreement was not reached simply because plaintiffs suddenly refused to agree to produce the witnesses anywhere. In fact, before filing their opposition, plaintiffs never told Fisher that they were refusing to produce the witnesses because they disagreed about the locations for the depositions. Plaintiffs' argument on this point is nothing more and nothing less than a brand-new fabrication.

Plaintiffs also appear to suggest that Fisher and plaintiffs reached some agreement about renoting the depositions after plaintiffs unilaterally announced that they were refusing to produce the witnesses. That argument also is without merit. Plaintiffs informed Fisher that they would not produce the witnesses. Fisher did not want plaintiffs suddenly changing their mind and showing up for the already noticed depositions, then claiming that a subsequent deposition could not be held. Fisher merely informed plaintiffs that, of course, the depositions would have to be renoted. And, again, plaintiffs have raised this issue for the first time in this opposition brief—and, once more, they still maintain that they will not produce the witnesses.

In short, plaintiffs have failed to sustain their heavy burden of showing why they should not make Mr. Cappellini available for deposition. The course of plaintiffs' dealings with Fisher on this issue suggest strongly that plaintiffs are trying to prevent Fisher from conducting the

additional discovery that it needs to defend itself against the $1 million claim asserted against it by plaintiffs—a claim that arises out of an egregious error by Northeast Controls that resulted in all of the losses at issue in this matter. The Court should order plaintiffs to make Mr. Cappellini available for deposition.

**III.     PLAINTIFFS HAVE FAILED TO SHOW THAT THEY ARE ENTITLED TO A PROTECTIVE ORDER TO PREVENT THE DEPOSITION OF MR. PETERS**

As set out in the chronology above, Fisher served plaintiffs with the notice of Mr. Peters' deposition after plaintiffs had been informed that Fisher planned to move to amend its counterclaim to seek an affirmative remedy. Plaintiffs have not argued that the notice of deposition was inadequate, and they have not cited a single case for the proposition that they were entitled unilaterally to cancel that properly noticed deposition. The same arguments that apply to Mr. Cappellini's deposition apply to Mr. Peters' deposition. Fisher is entitled to take that deposition, and plaintiffs have failed entirely to sustain their burden of showing why it should not go forward.

Plaintiffs also appear to argue that Mr. Peters does not have relevant knowledge. That assertion is false. Plaintiffs themselves identified Mr. Peters as a "person with knowledge" in their initial disclosures in this matter.[18] Mr. Peters is the president of Northeast Controls, and Fisher is aware that he was informed about the process by which Northeast Controls placed the order for the Valve with Fisher. Further, as president of a small company, Mr. Peters is or should be knowledgeable about the standards that Northeast Controls should have observed in ordering the Valve. If he is not knowledgeable about those standards, then his lack of knowledge is also

---

[18] Gunter Mtn. to Compel Aff., FCI/MOC 1.

relevant. If plaintiffs believe that Northeast Controls can reasonably receive one order from a customer and then place a different order with Fisher, then the jury should be entitled to hear such a contention through the testimony of Northeast Controls' president.

In addition, plaintiffs fail to explain why they reneged on their agreement to make Mr. Peters available for a deposition. Plaintiffs' proffered explanation is not credible: when plaintiffs confirmed Peters' availability for deposition, they already knew that Fisher planned to move to amend its counterclaim.[19] And, of course, plaintiffs have not cited a single case for the proposition that the pendency of a motion to amend entitles them to a stay of discovery.

Plaintiffs' complaints about an "unlimited" deposition are also without merit. Again, Fisher's counterclaim in this matter has been pending since Fisher filed its first answer. And, of course, if Fisher's counsel actually began to stray into truly irrelevant territory (as opposed to territory that is merely uncomfortable for plaintiffs), the appropriate approach would be for plaintiffs' counsel first to object and then, if necessary, to seek a protective order. But plaintiffs do not cite a single case for the proposition that they may bar a witness's deposition based on an unsubstantiated fear that opposing counsel will overstep boundaries. If such an argument were sufficient, then parties in all cases could bog down the courts with imaginary complaints about opposing parties.

Fortunately, the precedents do not allow parties to preclude depositions of their witnesses based on nothing more than their fears of bad conduct. Instead, the case law requires a party seeking to prevent a deposition to establish that the deposition will in fact be improper. Plaintiffs

---

[19] And, again, Fisher's amendment does not alter one whit the factual or legal basis for Fisher's counterclaim, which has been pending since August 18, 2006. Fisher seeks only to amend the remedy that it seeks for its long-asserted counterclaim.

have failed to do so. The Court should order plaintiffs to produce Mr. Peters and to pay Fisher for

its reasonable costs, including attorneys' fees, incurred in bringing this motion.

## IV.   PLAINTIFFS' DELAYING TACTICS DO NOT CONSTITUTE A GOOD-FAITH ATTEMPT TO RESOLVE THE ISSUE

Fisher's conduct in bringing this matter before the Court has been entirely reasonable. As

set out in Fisher's opening brief, when plaintiffs announced (by regular mail sent to Seattle) that

they would not produce Messrs. Peters and Cappellini, Fisher's counsel immediately requested a

telephonic conference on the issue, and then immediately followed up by email.[20] Fisher's

counsel gave plaintiffs' counsel more than 48 hours to respond to that request—i.e., until 5:00

p.m. EDT on Wednesday, August 22. Fisher asked for a response by that time so its counsel

could finalize travel plans, finalize arrangements for the court reporter, and otherwise prepare for

the depositions if they were to occur on August 30 and 31. Plaintiffs' counsel informed Fisher

that it would discuss the matter with its clients on the afternoon of Friday, August 24.[21] Fisher

requested that plaintiffs respond by 5:00 p.m. EDT on that Friday—i.e., at the end of the day

when plaintiffs' counsel would be conferring with their client.[22] Plaintiffs did not respond by that

time. They did not even offer to respond by any set time.[23] And they did not offer and have still

not offered any explanation for why they needed more time to respond.

Fisher was not required to wait for plaintiffs to decide, on a vague timetable of plaintiffs'

---

[20] Gunter Mtn. to Compel Aff., FCI/MOC 16. That email also disposes of plaintiffs' contention that they were surprised the Fisher filed a motion to compel. In that email, Fisher's counsel states as follows: "If you feel that a telephonic conference is required **before we present this issue to the court,** please do not hesitate to contact me by telephone. If I am not at my desk, please leave me a message, then hit '0' and ask to have me paged." Gunter Mtn. to Compel Aff., FCI/MOC 16 (emphasis added).
[21] Gunter Mtn. to Compel Aff., FCI/MOC 17.
[22] Gunter Mtn. to Compel Aff., FCI/MOC 19.
[23] Gunter Mtn. to Compel Aff., FCI/MOC 19.

choosing, when they would inform Fisher of their position. The discovery rules assume that the

parties will cooperate in conducting discovery. At a time like this, when the discovery deadline is

approaching, cooperation requires parties to respond with reasonable promptness.

Plaintiffs suggest that Fisher did not respond to plaintiffs' email of Saturday, August 25,

in which plaintiffs said—again—that they would not produce their witnesses. In fact, Fisher

responded to plaintiffs' email:

> We prepared the motion when it became apparent that plaintiffs
> did not intend to engage in a timely discussion of this issue. We
> provided more than adequate time for plaintiffs to respond. In fact,
> we agreed to an extension of our first deadline (i.e., end of the day
> Wednesday, 8/22). When we set a second deadline (end of the day
> Friday, 8/24), you responded by saying that you would get back to
> us at your convenience. When we did not hear from you within the
> reasonable time that we had given, we filed the motion.
>
> In regard to your offer to discuss the issue this week: Given that
> you have indicated that you do not intend to alter your position,
> there does not appear to be anything left for us to discuss.
> Accordingly, it appears that this issue is properly before the Court
> for resolution.[24]

Plaintiffs complain that Fisher did not submit plaintiffs' email of August 25. Fisher's

alleged failure is hardly surprising: after all, Fisher did not have the August 25 email on August

24, when Fisher filed its motion to compel. By contrast, plaintiffs did have Fisher's email of

August 27 (set out above) when they filed their opposition to Fisher's motion to compel. But,

consistent with their practice in this matter, plaintiffs failed to advise the Court of the existence

of that email. And, of course, the August 25 email does not suggest anywhere that plaintiffs

intend to retreat from their position—and plaintiffs have not done so. Fisher should not have to

---

[24] Reply Affidavit of Daniel J. Gunter in Support of Defendants' Motion to Compel Depositions of
Michael Peters and Albert Cappellini, FCI/MOC 21.

pursue plaintiffs as long as plaintiffs like, trying over and over again to persuade plaintiffs to retreat from the position that they staked out.

In any event, plaintiffs' complaints about how this matter was presented to the Court are irrelevant. They have still not retreated from their refusal to produce Messrs. Cappellini and Peters. Given that plaintiffs still refuse to back down from their position, they can hardly complain that Fisher should have tried harder to persuade them to do so.  There can be no question that the Court must resolve this issue.

**V.     PLAINTIFFS' CONTINUED REFERENCES TO THE MEDIATION SHOULD BE IGNORED**

In their opposition to the pending Motion to Compel, as in their opposition to the Motion to Amend, plaintiffs once more refer frequently to the mediation in this matter. Those references are unnecessary and potentially violate this Court's Order of December 12, 2006.

**VI.    CONCLUSION**

Plaintiffs fail to cite a single case that supports their unilateral decision to cancel properly noticed depositions. Instead, their conduct during these last weeks of discovery suggests strongly that they are seeking to prevent Fisher from developing further evidence in support of its defenses and counterclaim in this matter. The Court should not permit plaintiffs to avoid making their witnesses available and otherwise delay the discovery process.

Fisher therefore respectfully renews its request that the Court enter an order (a) requiring plaintiffs to produce Messrs. Peters and Cappellini for deposition at a time and place of Fisher's choosing (within reason) and (b) requiring plaintiffs and/or their counsel to pay Fisher's reasonable attorneys' fees and costs incurred in bringing this Motion.

Respectfully submitted,


**MARON MARVEL BRADLEY**
  **& ANDERSON, P.A.**

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 425-5177 (phone)
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Controls International, LLC

*OF COUNSEL*

**RIDDELL WILLIAMS P.S**.
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154


Date:  September 13, 2007

## CERTIFICATE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that, on September 13, 2007, I caused a true and correct copy of the Reply Memorandum in Support of Defendant's Motion to Compel Depositions of Michael Peters and Albert to be served upon counsel of record via electronic filing.

**MARON MARVEL BRADLEY
& ANDERSON, P.A.**

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 425-5177 (phone)
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Controls International, LLC

*OF COUNSEL*

**RIDDELL WILLIAMS P.S.**
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154


Date: August 24, 2007