IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC.,<br>3 Enterprise Avenue<br>Clifton Park<br>New York, NY 12065<br><br>ST. PAUL MERCURY<br>INSURANCE COMPANY<br>385 Washington Street<br>St. Paul, MN  55102<br><br>                    Plaintiffs,<br><br>v.<br><br>FISHER CONTROLS INTERNATIONAL, LLC<br>205 S. Center Street<br>Marshalltown, Iowa 50158<br><br><br><br>                    Defendant. | NO. 06-412 SLR<br><br><br>**DEFENDANT'S MOTION FOR**<br><br>**PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), defendant Fisher Controls

International, LLC hereby moves this Court for a protective order quashing or modifying the

Notice of Deposition of 30(b)(6) witnesses, served on Fisher's counsel on October 1, 2007,

which notes the depositions of Fisher's corporate representatives in Philadelphia, Pennsylvania

on October 23, 2007.  In support of its Motion, Fisher alleges the following:

When a deposition of a corporate representative is sought, the proper place for the

deposition is the corporation's principal place of business.  Fisher's principal place of business is

St. Louis, Missouri.  Further, most of the topics that plaintiff has identified concern documents

retained at, or policies established at, Fisher's principal place of business in St. Louis, Missouri.

Consequently, the depositions should be held in St. Louis.  In the alternative, Fisher suggests that the depositions be held telephonically.

<u>Statement Pursuant to Local Rule 7.1.1</u>

Counsel for Fisher has made a reasonable effort to reach agreement with plaintiffs on the matter set forth in this motion. Fisher's counsel consulted with plaintiffs' counsel regarding the location of depositions.  Plaintiffs declined to agree to modify the location of the depositions to St. Louis.

WHEREFORE Fisher respectfully requests that the Court grant this Motion and order that the depositions of Fisher's 30(b)(6) witnesses be held in St. Louis, Missouri, or, in the alternative, that the depositions be held telephonically.

**MARON MARVEL BRADLEY**
**& ANDERSON, P.A.**

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Controls International, LLC

***OF COUNSEL***

**RIDDELL WILLIAMS P.S**.
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154

Dated:  October 22, 2007

<u>**CERTIFICATE OF SERVICE**</u>

I, Paul A. Bradley, Esquire, hereby certify that, on October 22, 2007, I caused a true and correct copy of the Defendant's Motion for Protective Order and Memorandum in Support of Defendant's Motion for Protective Order to be served upon counsel of record via electronic filing.

**MARON MARVEL BRADLEY**
**& ANDERSON, P.A.**

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Controls International, LLC

<u>***OF COUNSEL***</u>

**RIDDELL WILLIAMS P.S**.
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154


Date:  October 22, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC.,<br>3 Enterprise Avenue<br>Clifton Park<br>New York, NY 12065<br><br>ST. PAUL MERCURY<br>INSURANCE COMPANY<br>385 Washington Street<br>St. Paul, MN 55102<br><br>               Plaintiffs,<br><br>v.<br><br>FISHER CONTROLS INTERNATIONAL, LLC<br>205 S. Center Street<br>Marshalltown, Iowa 50158<br><br><br>               Defendant. | NO. 06-412 SLR<br><br><br>**PROPOSED ORDER<br>AS TO DEFENDANT'S<br>MOTION FOR<br>PROTECTIVE ORDER** |

AND NOW THIS _____ day of October, 2007, herein considered Defendant's

Motion for Protective Order and any Response thereto:

IT IS HEREBY Ordered that the F.R.C.P. Rule 30(b)(6) of any Fisher Controls

International, LLC employees or representatives shall take place in St. Louis, Missouri.

FURTHERMORE, the scope of the deposition shall be limited to the contractual

relationship between Fisher and Northeast Controls.  No inquiry shall be permitted into

Fisher's contractual agreement with any other Fisher sales representatives or other

lawsuits involving Fisher.

_____
The Honorable Susan L. Robinson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC.,<br>3 Enterprise Avenue<br>Clifton Park<br>New York, NY 12065<br><br>ST. PAUL MERCURY<br>INSURANCE COMPANY<br>385 Washington Street<br>St. Paul, MN 55102<br><br>               Plaintiffs,<br><br>v.<br><br>FISHER CONTROLS INTERNATIONAL, LLC<br>205 S. Center Street<br>Marshalltown, Iowa 50158<br><br><br>               Defendant. | NO. 06-412<br><br><br>**AFFIDAVIT OF DANIEL J.**<br><br>**GUNTER IN SUPPORT OF**<br><br>**DEFENDANT'S MOTION FOR**<br><br>**PROTECTIVE ORDER** |

STATE OF WASHINGTON )
                    : ss.
County of King         )

    I, DANIEL J. GUNTER, being duly sworn, depose and state as follows:

    1.     I am one of the attorneys representing defendant Fisher Controls International,

LLC ("Fisher"), in the above matter. I am competent to attest as to the matters set forth herein,

and I make this affidavit based on my personal knowledge.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6), sent by plaintiffs on October 1, 2007.

3.      Attached hereto as Exhibit 2 are true and correct copies of letters and emails exchanged with plaintiffs' counsel relating to the scheduling and production of the Fisher Rule 30(b)(6) representatives.

4.      On October 5, I participated in a telephonic discussion with plaintiffs' counsel, Thomas Wagner, relating (among other things) to the scheduling of the depositions. Mr. Wagner and I were unable to reach agreement during that conference. Plaintiffs' counsel agreed that the discussion satisfied Fisher's obligation to meet and confer.

5.      As these emails indicate, I suggested to plaintiffs' counsel that the Fisher Rule 30(b)(6) depositions be conducted at Fisher's headquarters in St. Louis, Missouri, or telephonically, as an alternative to requiring the Fisher representatives to travel to Philadelphia. Plaintiffs' counsel did not accept that proposal.

6.      Based on information provided to me by Fisher representatives, I am reliably informed that Fisher's corporate headquarters are located in St. Louis, Missouri. In addition, I have worked with my client to identify appropriate witnesses to testify as to the topics identified in the notice of deposition attached as Exhibit 1. One of those witnesses works in Austin, Texas. The other representative works in St. Louis, Missouri.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7.    On behalf of Fisher, I agreed to take the depositions of Northeast Controls'

representatives and employees in Albany, New York.

_Daniel J. Gunter_
Daniel J. Gunter

Subscribed and sworn to before me this 21st th day of October, 2007.

_Molly J McInnis_
Notary Public, State of Washington
My commission expires: 09/08/2011

[Notary seal: MOLLY J. McINNIS / COMMISSION EXPIRES / NOTARY / PUBLIC / 09-08-11 / STATE OF WASHINGTON]

Exhibit

1

A REGIONAL DEFENSE LITIGATION LAW FIRM

## MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

A  PROFESSIONAL  CORPORATION    www.marshalldennehey.com

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

FLORIDA
Fort Lauderdale
Jacksonville
Orlando
Tampa

OHIO
Akron

1845 Walnut Street · Philadelphia, PA 19103-4797
(215) 575-2600 · Fax (215) 575-0856

Direct Dial: 215-575-4562
Email: tpwagner@mdwcg.com

October 1, 2007



**VIA: E-MAIL and U.S. Mail**

Daniel Gunter, Esquire
Riddell Williams, P.S.
1001 Fourth Avenue Plaza - Suite 4500
Seattle, WA  98154-1065

Re:    *Northeast Controls, Inc.& St. Paul Mercury Ins. Co. v. Fishers Controls, L.L.C.*
       *Insured: Northeast Controls, Inc.*
       *Claim Number:* **TE06401049-09T002**
       *Date of Loss: January 1, 1998*
       *Our File Number:  19180-1682*

Dear Mr. Gunter:

Enclosed kindly find the Notice of Deposition scheduling the deposition of Fisher's corporate representative to be conducted on Tuesday, October 23, 2007 in our Philadelphia office.  If the date and location do not work for you, kindly contact us at your earliest opportunity so that we may arrange a new date and location.  In addition, enclosed please find Plaintiffs' Request for Production of Documents, Set III Directed to Defendant Fisher Controls LLC.  Please respond in accordance with the Federal Rules of Civil Procedure.

Very truly yours,

Thomas P. Wagner

Enclosures
cc:    Paul A. Bradley, Esquire

*In the United States District Court*
*For the District of Delaware*

| | | |
|---|---|---|
| NORTHEAST CONTROLS, INC. | : | CIVIL ACTION – LAW |
| and | : | |
| ST. PAUL MERCURY INSURANCE COMPANY | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FISHER CONTROLS INTERNATIONAL, LLC | : | NO. 1:06-CV-00412 (SLR) |

## NOTICE OF DEPOSITION

To:     Daniel Gunter, Esquire
        Riddell Williams, P.S.
        1001 Fourth Avenue Plaza - Suite 4500
        Seattle, WA  98154-1065

        Paul A. Bradley, Esquire
        Maron, Marvel, Bradley & Anderson, P.A.
        1201 N. Market Street, Suite 900
        P.O. Box 288
        Wilmington, DE 19899


Plaintiffs, St. Paul Mercury Insurance Company and Northeast Controls, Inc., by their

attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, will take the deposition of

Defendant Fisher Controls, LLC pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure on October 23, 2007 at 10:00 a.m.  The deposition will take place in the offices of

plaintiffs' counsel located at 1845 Walnut Street, Philadelphia, PA and will continue from day to

day until completed.  The defendant is requested to designate one or more persons who consent

to speak on its behalf for purposes of this deposition.

The matters on which examination is requested include the following:

1.    Defendant Fisher's business relationship with its sales representatives, including but not limited to, plaintiff Northeast Controls, Inc.

2.    The Representative Agreement which has been produced in discovery in this and the underlying litigation and has been attached as an exhibit to various pleadings, including when the original version of this agreement was drafted; who drafted it or contributed to drafting any version of it; how many versions have ever existed in draft form; how many versions have ever existed in any final but unsigned form; how many versions have ever existed in any form signed by a representative of defendant Fisher; how many versions have ever existed in any other form; whether any significant changes have been made or contemplated to this agreement since it or any Representative Agreement have ever existed between Fisher and any sales representative, and the reasons for any such changes.

3.    Any and all product liability, negligence, or other lawsuits brought against Fisher and/or any of Fisher's sales representatives arising out of actual or alleged claims of defects in any Fisher products; whether Fisher has received requests or claims from other representatives besides Northeast Controls, Inc. for defense and/or indemnification under the Representative Agreement, and whether or not Fisher has ever agreed to provide such defense and/or indemnification to any sales representative under the Representative Agreement.

4.    The facts and circumstances of any instance where defendant Fisher has agreed to provide defense and/or indemnification to a sales representative under any version of the Representative Agreement.

5.    The facts and circumstances of any instance, other than the present case, where defendant Fisher has declined to provide defense and/or indemnification to a sales representative under the Representative Agreement.

2

6.    The identities of all sales representatives for defendant Fisher, and the identities of their respective legal counsel.

7.    Any and all evidence known to defendant Fisher, whether it would be offered at trial or not, regarding the intentions and expectations of the parties to the Representative Agreement between defendant Fisher and plaintiff Northeast Controls, Inc.

8.    Any changes to the language of the Representative Agreement between Fisher and any of its representatives which are presently planned or contemplated or being considered.

9.    The specific changes that have been made to the language of the Representative Agreement between Fisher and its representatives since any version of the current Representative Agreement began to be used.

10.    Whether defendant Fisher uses the same agreement between itself and all of its sales representatives, or whether the agreements vary among the sales representatives, and if they vary, the content of the variations.

The defendant is requested to bring to the deposition, or to produce in advance thereof, the following:

1.    All versions of the Representative Agreement between defendant Fisher and any of its sales representatives, including but not limited to Northeast Controls, Inc. that are known ever to have existed, whether or in draft, or final and unsigned, or final and signed form.

2.    The name, address and telephone number of each sales representative for defendant Fisher, as well as the name, address and telephone number of their respective legal counsels.

3.    All documents that you will offer at trial regarding the Representative Agreement, its meaning, or the intentions and/or expectations of the parties to it.

3

4.     All documents, including legal opinions, commenting on or discussing the

language of the Representative Agreement or recommending changes to its language, or

expressing any opinion about its meaning.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:

Thomas P. Wagner, Esquire
Attorney for Plaintiffs,
Northeast Controls, Inc. and St. Paul
Mercury Insurance Company
1845 Walnut Street – 21st Floor
Philadelphia, PA  19103
(215) 575-2600

01/4114337.v1

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of October, a copy of the foregoing

Notice of Deposition was served via electronic mail and first class mail upon the following

person(s):

Daniel Gunter, Esquire
Riddell Williams, P.S.
1001 Fourth Avenue Plaza - Suite 4500
Seattle, WA 98154-1065

Paul A. Bradley, Esquire
Maron, Marvel, Bradley & Anderson, P.A.
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:

Thomas P. Wagner, Esquire
Attorney for Plaintiffs,
Northeast Controls, Inc. and St. Paul
Mercury Insurance Company
1845 Walnut Street – 21st Floor
Philadelphia, PA 19103
(215) 575-2600

5

# Exhibit

# 2



# RIDDELL WILLIAMS P.S.

1001 FOURTH AVENUE, SUITE 4500 I SEATTLE, WASHINGTON 98154-1192
206.624.3600 TELEPHONE I 206.389.1708 FACSIMILE
WWW.RIDDELLWILLIAMS.COM

DANIEL J. GUNTER
206.389.1570
DGUNTER@RIDDELLWILLIAMS.COM

October 4, 2007

Mr. Thomas Wagner
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia PA 19103-4797

**Re:    St. Paul v. Fisher Controls Int'l, LLC**

Dear Mr. Wagner:

We are writing on behalf of Fisher Controls International, LLC ("Fisher") in response to plaintiffs' notice of deposition of a Fisher Rule 30(b)(6) witness, along with the subjoined request for production of documents.

As you know, we first requested dates for the depositions of Messrs. Cappellini and Peters on August 6, 2007. We served plaintiffs with notices of those depositions on August 10. On August 10, plaintiffs agreed to produce those witnesses. Despite that agreement, on August 20, plaintiffs notified us that they would not produce those witnesses until the Court rules on Fisher's motion to amend. We have moved the Court to order plaintiffs to produce those witnesses.

On September 21, Fisher filed its notice of deposition of Mr. Sabia (among others). On September 26, plaintiffs advised us that they would not produce Mr. Sabia until the Court rules on Fisher's motion to amend. Plaintiffs have not moved the Court for a protective order for Mr. Sabia. We assume that plaintiffs will produce Mr. Sabia in accordance with the properly filed notice of deposition.

Your notice of deposition to Fisher was sent to us on October 1, ten days after we filed the notice of Mr. Sabia's deposition. Fisher is willing to produce a Rule 30(b)(6) witness or witnesses on a reasonable range of issues. But we believe that the parties should observe the order in which the depositions have been requested. So long as plaintiffs refuse to produce their party witnesses, Fisher believes that it should not be obligated to produce its party witness—especially in light of the fact that plaintiffs have contended to the Court that the matters identified in the notice of deposition are not currently at issue in this case.

4821-4546-4577.01
100407/1340/41155.00412

Mr. Thomas Wagner
October 4, 2007
Page 2

If plaintiffs are now retreating from their prior position, then we assume that they will make the Northeast Control witnesses available to us for depositions. Further, we assume that plaintiffs will make those witnesses available before the deposition of the Fisher Rule 30(b)(6) witness(es). **Please advise us at your earliest convenience whether plaintiffs will agree to make Messrs. Peters, Cappellini, and Sabia available for depositions at a reasonable time before the deposition of the Fisher Rule 30(b)(6) witness(es).**

At this time, we can make a Fisher witness or witnesses available in St. Louis, Missouri, on October 31, 2007, provided that plaintiffs have made the Northeast Controls witnesses available before that time.

If this approach is taken, we would currently have the following deposition schedule:

| Deponent | Date | Time | Location |
|---|---|---|---|
| Muller | October 10 | 9:30 a.m. | Maron Marvel, Wilmington |
| Sabia | October 11 | 9:30 a.m. | Maron Marvel, Wilmington |
| Bhakoo | October 16 | 9:30 a.m. | Cozen O'Connor, Philadelphia |
| Pope | October 16 | 9:30 a.m. | Maron Marvel, Wilmington |
| Cappellini | October 17 | 9:30 a.m. | Maron Marvel, Wilmington |
| Peters | October 17 | 1:30 p.m. | Maron Marvel, Wilmington |
| Fisher Rule 30(b)(6) witness(es) | October 31 | 9:30 a.m. | St. Louis, Missouri |

Please note that we do not agree with the proposed scope of the Rule 30(b)(6) deposition. This matter focuses on certain discrete issues: (a) whether Northeast Controls' negligence caused its Losses (i.e., the claims, demands, and lawsuits); (b) whether Northeast Controls breached its contract with Fisher by failing to process the order properly; and (c) whether Fisher breached its contract with Northeast Controls by refusing to defend and indemnify Northeast Controls against its own negligence. (The parties' damages are also, of course, in issue in this matter.) Fisher does not agree that

Mr. Thomas Wagner
October 4, 2007
Page 3

its contracts with other sales representatives are relevant to any of these issues. After all, Northeast Controls is not a party to any agreement that Fisher has with other sales representative. Nevertheless, Fisher will agree to produce a witness or witnesses to testify generally as to those broader issues.

Fisher will not agree to produce a witness to testify regarding all lawsuits brought against it. That request is clearly overbroad. Again, Fisher will produce a witness or witnesses to testify regarding lawsuits brought against Fisher in which a Fisher sales representative was also named. In agreeing to produce such a witness, Fisher does not waive its objection that this area of inquiry is relevant.

**Please advise me at your earliest convenience whether plaintiffs will agree to this more restricted scope for the Rule 30(b)(6) deposition.** If not, we will need to present this matter to the Court.

Further, the deposition notice purports to require Fisher to bring to the deposition certain documents. The discovery of documents from a party is governed by Rule 34 and cannot be accomplished under Rule 45. Contardo v. Merril Lynch, Pierce, Fenner and Smith, 119 F.R.D. 622, 624 (D. Mass. 1988). A party seeking to compel the production of documents from another party must comply with Rule 34. Id.; see also Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996). Rule 34 requires a party to respond to a request for documents within 30 days of service of the discovery request. Fisher's response to the document request will be due October 31.

Let me reiterate that, although we regret plaintiffs' decision to refuse to produce witnesses, we remain prepared to cooperate with you to ensure that discovery is completed in a timely fashion and that the parties obtain the information that they need to present this case on its merits for decision by the Court.

If you have any questions, please do not hesitate to contact us.

Sincerely,

Daniel J. Gunter
    of
RIDDELL WILLIAMS P.S.

DJG/mmc

cc:    Patrick D. McVey
       Paul A. Bradley
       Scott Shannon

**McInnis, Molly**

---

| | |
|---|---|
| **From:** | Gunter, Dan |
| **Sent:** | Thursday, October 04, 2007 1:47 PM |
| **To:** | Thomas Wagner |
| **Cc:** | McVey, Patrick; 'pab@maronmarvel.com'; Joseph Scott Shannon (jsshannon@mdwcg.com) |
| **Subject:** | Letter regarding deposition scheduling |

Attachments: 4280_001

Please see attached.

Sincerely,

Daniel J. Gunter
Principal
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
206-624-3600 (main)
206-389-1570 (direct)
206-387-1708 (facsimile)
206-498-5775 (cell)

## Gunter, Dan

---

**From:**     Gunter, Dan
**Sent:**      Thursday, October 18, 2007 8:35 AM
**To:**        'Wagner, Thomas P.'
**Cc:**        Shannon, J. Scott; McVey, Patrick; 'Paul A. Bradley'
**Subject:** RE: NEC v. Fisher

Tom--

Thanks, Tom.

Assuming that this schedule doesn't disrupt the Karcher deposition, that will be fine. We'll be prepared to cover Cappellini and Karcher on the 24th.

As for paying for Karcher's time: Let's find out whether that covers his travel time as well and what he's charging.

It appears that we currently have the following schedule:

10/23: Peters at 9:30; Sabia at 1:30 (Albany, Thorn & Gershon)

10/24: Cappellini at 9:30 (Albany, Thorn & Gershon); Karcher at 9:30 (Maron Marvel in NJ; tentative)

10/31: Fisher 30(b)(6) representative (time and location TBA)

11/2: Dr. Mostello

11/2: Mr. Murtagh

We'll need to confirm times and locations for Mostello and Murtagh. (I am not yet at the office and am frankly unclear--without poring over our correspondence--where those issues ended up.)

I don't think that we've given a date/time for Semple. I need to have Paul weigh in on that.

I don't have a response yet on the place of production of the Fisher representatives. We will need to produce two reps. As I'm sure you know, the usual approach for a defendant's 30(b)(6) witness is the defendant's corporate headquarters. Fisher's corporate headquarters are in St. Louis. I can forward citations on this issue. If you have any contrary authorities, please let me know.

--Dan

---

**From:** Wagner, Thomas P. [mailto:TPWagner@MDWCG.com]
**Sent:** Thursday, October 18, 2007 8:14 AM
**To:** Gunter, Dan
**Cc:** Shannon, J. Scott
**Subject:** NEC v. Fisher

Dan:

Good news regarding scheduling of depositions.  We can do the three NEC people as you suggested on Tuesday (Peters and Sabia) and Wednesday (Cappellini) 10/23 and 24.  Please give me the name and address of the law firm where you wish to take the depositions.

I spoke to Christoper Konzelmann of White & Williams regarding Guido Karcher. He is trying to arrange Karcher for Friday, 10/26. He will try to get Mr. Karcher to come into Philadelphia for this deposition. He raised the question of paying for Mr. Karcher's time. I told him he would have to discuss that with you. I told him that we are not opposing the deposition to the extent that Mr. Karcher is treated as a fact witness.

I think all this works for you, based on our conversation at the end of Dr. Pope's deposition. I will plan to see you at 9:30 a.m. on Tuesday 10/23. Thank you.

Thomas P. Wagner, Esq.
Marshall Dennehey Warner Coleman & Goggin
1845 Walnut St.
Philadelphia, PA  19103-4797

215 575 4562
tpwagner@mdwcg.com
Firm Web Site: www.marshalldennehey.com

Confidentiality Notice:
This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to tpwagner@mdwcg.com, or by telephone at 215-575-4562 and then delete the message and its attachments from your computer.
Thank you.
Tom Wagner

10/21/2007

## Gunter, Dan

| | |
|---|---|
| **From:** | Gunter, Dan |
| **Sent:** | Sunday, October 21, 2007 12:49 PM |
| **To:** | 'Wagner, Thomas P.' |
| **Cc:** | McVey, Patrick; 'Paul A. Bradley' |
| **Subject:** | RE: NEC v. Fisher |

Tom--

I am writing to follow up on the Fisher 30(b)(6) deposition. We have tentatively identified two persons who would be able to testify to (most of) the topics identified in the notice of deposition. One of those persons has an office in Austin; the other has an office in St. Louis. At this time, we are willing to produce both witnesses in St. Louis on October 31. We can also arrange for a telephonic deposition of the witnesses.

We are not willing to produce these witnesses in Philadelphia or Wilmington. As I mentioned previously, the authorities are clear on this issue: "[T]he defendant's deposition will ordinarily be taken at the defendant's residence or place of business or employment; a motion for protective order under Rule 26(c) that objects to another location will usually be successful." 4 Moore's Federal Practice at 26-367 (2d ed. 1994). See also Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975); Grey v. Continental Marketing Assocs., Inc., 315 F. Supp. 826 (N.D. Ga. 1970); Work v. Bier, 107 F.R.D. 789 (D.D.C. 1985).

In addition, we believe that the notice of deposition is overly broad. Fisher's contractual relationships with other sales representatives are not relevant to the issues in this lawsuit. Nor are Fisher's other lawsuits relevant to this action.

The notice of deposition called for the witnesses to be produced on Tuesday, October 23. Given the timing, we will need to file our motion for protective order tomorrow. If you wish to withdraw the notice, we can continue our discussions on this issue without having to bring this matter to the court.

If you wish to discuss this with me, please feel free to call me today (Sunday) on my cell, 206-498-5775.

Sincerely,

Daniel J. Gunter
Principal
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
206-624-3600 (main)
206-389-1570 (direct)
206-387-1708 (facsimile)
206-498-5775 (cell)

---

**From:** Wagner, Thomas P. [mailto:TPWagner@MDWCG.com]
**Sent:** Thursday, October 18, 2007 11:21 AM
**To:** Gunter, Dan
**Subject:** RE: NEC v. Fisher

We need to talk regarding the Fisher 30 b 6, and we will do so.

I am confused about Karcher. My e-mail said Friday 10/26 for him; you suggested that when we spoke about it. Your e-mail, however, has him going forward on 10/24. We can't do it that day, since I will need to be present personally for his deposition and I will be in Albany with you at that time. What did I miss here?

10/21/2007

**From:** Gunter, Dan [mailto:dgunter@Riddellwilliams.com]
**Sent:** Thursday, October 18, 2007 11:35 AM
**To:** Wagner, Thomas P.
**Cc:** Shannon, J. Scott; McVey, Patrick; Paul A. Bradley
**Subject:** RE: NEC v. Fisher

Tom--

Thanks, Tom.

Assuming that this schedule doesn't disrupt the Karcher deposition, that will be fine. We'll be prepared to cover Cappellini and Karcher on the 24th.

As for paying for Karcher's time: Let's find out whether that covers his travel time as well and what he's charging.

It appears that we currently have the following schedule:

10/23: Peters at 9:30; Sabia at 1:30 (Albany, Thorn & Gershon)

10/24: Cappellini at 9:30 (Albany, Thorn & Gershon); Karcher at 9:30 (Maron Marvel in NJ; tentative)

10/31: Fisher 30(b)(6) representative (time and location TBA)

11/2: Dr. Mostello

11/2: Mr. Murtagh

We'll need to confirm times and locations for Mostello and Murtagh. (I am not yet at the office and am frankly unclear--without poring over our correspondence--where those issues ended up.)

I don't think that we've given a date/time for Semple. I need to have Paul weigh in on that.

I don't have a response yet on the place of production of the Fisher representatives. We will need to produce two reps. As I'm sure you know, the usual approach for a defendant's 30(b)(6) witness is the defendant's corporate headquarters. Fisher's corporate headquarters are in St. Louis. I can forward citations on this issue. If you have any contrary authorities, please let me know.

--Dan

**From:** Wagner, Thomas P. [mailto:TPWagner@MDWCG.com]
**Sent:** Thursday, October 18, 2007 8:14 AM
**To:** Gunter, Dan
**Cc:** Shannon, J. Scott
**Subject:** NEC v. Fisher

Dan:

Good news regarding scheduling of depositions.  We can do the three NEC people as you suggested on Tuesday (Peters and Sabia) and Wednesday (Cappellini) 10/23 and 24.  Please give me the name and address of the law firm where you wish to take the depositions.

I spoke to Christoper Konzelmann of White & Williams regarding Guido Karcher.  He is trying to arrange Karcher

for Friday, 10/26. He will try to get Mr. Karcher to come into Philadelphia for this deposition. He raised the question of paying for Mr. Karcher's time. I told him he would have to discuss that with you. I told him that we are not opposing the deposition to the extent that Mr. Karcher is treated as a fact witness.

I think all this works for you, based on our conversation at the end of Dr. Pope's deposition. I will plan to see you at 9:30 a.m. on Tuesday 10/23. Thank you.

Thomas P. Wagner, Esq.
Marshall Dennehey Warner Coleman & Goggin
1845 Walnut St.
Philadelphia, PA  19103-4797

215 575 4562
tpwagner@mdwcg.com
Firm Web Site: www.marshalldennehey.com

Confidentiality Notice:
This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to tpwagner@mdwcg.com, or by telephone at 215-575-4562 and then delete the message and its attachments from your computer.
Thank you.
Tom Wagner

CONFIDENTIALITY AND CIRCULAR 230 NOTICE:  This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited.  As required by the Internal Revenue Service, anything contained in this communication pertaining to any U.S. federal tax matter is not to be used for the purpose of avoiding federal tax penalties under the Internal Revenue Code or for promoting, marketing or recommending to any third party the tax implications of any partnership or other entity, investment plan or arrangement discussed in this communication.  If you have received this communication in error, please notify this firm immediately by collect call (206)-624-3600, or by reply to this communication.

10/21/2007