IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC., <br> 3 Enterprise Avenue <br> Clifton Park <br> New York, NY 12065 <br><br> ST. PAUL MERCURY <br> INSURANCE COMPANY <br> 385 Washington Street <br> St. Paul, MN 55102 <br><br>               Plaintiffs, <br><br> v. <br><br> FISHER CONTROLS INTERNATIONAL, LLC <br> 205 S. Center Street <br> Marshalltown, Iowa 50158 <br><br>              Defendant. | NO. 06-412 SLR <br><br><br> **MEMORANDUM IN SUPPORT** <br><br> **OF DEFENDANT'S MOTION** <br><br> **FOR PROTECTIVE ORDER** |

**I.      INTRODUCTION AND RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Fisher Controls International, LLC hereby moves this Court for a protective order quashing or modifying the Notice of Deposition of Fisher's Rule 30(b)(6) witnesses and ordering that the depositions of Fisher's Rule 30(b)(6) witnesses be held in St. Louis, Missouri, or, in the alternative, that the depositions be held telephonically.[1] In addition, Fisher requests that the scope of any such deposition be limited.

---

[1] As set out below, counsel for Fisher made a reasonable effort to reach agreement with plaintiffs on the issues set forth in this motion.

{82008.00001 / W0260396}      1

## II.     NATURE AND STAGE OF THE PROCEEDINGS

This lawsuit arises out of Northeast Controls' error in processing a purchase order. Acting as Fisher's independent sales representative, Northeast Controls received a purchase order from Praxair, Inc.[2] Among other items, the purchase order covered the purchase of a large valve for use in oxygen service. The purchase order specified that the valve was to be manufactured of certain specifically identified materials. But when Northeast Controls processed the order for the valve to Fisher, that order identified *different materials of construction* from those specified in the Praxair purchase order. Those different materials were in critical parts of the valve—specifically, those parts exposed to the oxygen flow. Because of Northeast Controls' error, the materials of construction for the valve as manufactured and supplied by Fisher did not match the materials of construction for the valve as specified by Praxair in the purchase order sent to Northeast Controls.

When the valve was opened for the first time in its intended use, a fire and explosion occurred, seriously injuring one man and causing significant property damage. The fire resulted in four lawsuits, each naming both Fisher and Northeast Controls as defendants. The plaintiffs in all four lawsuits initially focused on the error in processing the valve order. Despite the evidence that Northeast Controls had not properly processed the valve order, Fisher successfully defended itself in all four actions. In fact, it did not pay even a penny to settle any of the four lawsuits. Instead, two plaintiffs voluntarily dismissed their lawsuits against Fisher, and Fisher obtained summary judgment in the other two lawsuits—including the personal injury lawsuit. By contrast,

---

[2] The information set forth in this section of the Memorandum is supported by the exhibits attached to the affidavits of Daniel J. Gunter submitted in support of Fisher's Motion to Amend Counterclaim and Motion to Compel Depositions. See Dkt. #s 37-6, 37-7, 37-8, 38-3.

Northeast Controls' insurer, St. Paul, paid $601,000 to settle Northeast Controls' exposure arising out of the fire.

Even though the four underlying lawsuits arose out of Northeast Controls' mistake, Northeast Controls and its insurer filed this action, alleging that Fisher breached a Representative Agreement between the two parties by failing to defend and/or indemnify Northeast Controls in the four prior lawsuits. Fisher alleges that it was not obligated to defend or indemnify Northeast Controls in those actions because those actions were the direct result of Northeast Controls' negligence in processing the valve order. The Representative Agreement specifically excludes indemnification for "Losses"—a term that includes lawsuits—resulting from Northeast Controls' negligence. Fisher further alleges that Northeast Controls' error in processing the order for the valve breached Northeast Controls' obligations to Fisher under the Representative Agreement and exposed Fisher to the cost of defending itself in the underlying actions.

Plaintiffs have recently noted the depositions of Fisher's Rule 30(b)(6) witnesses familiar with the Representative Agreement, similar agreements between Fisher and other parties, and litigation involving Fisher and such similar agreements. Although this action is pending in Delaware and Fisher's headquarters are located in St. Louis, Missouri, plaintiffs' counsel noted the Rule 30(b)(6) depositions of Fisher witnesses at its offices in Philadelphia, Pennsylvania. In discussions between Fisher's counsel and plaintiffs' counsel, plaintiffs' counsel has refused to move the depositions to Fisher's corporate headquarters in St. Louis, Missouri. In addition, plaintiffs have refused to limit the scope of the deposition to Fisher's agreement with Northeast Controls. In light of this impasse, Fisher is bringing this motion for a protective order.

**Statement of Compliance with Local Rule 7.1.1**

Counsel for Fisher has made a reasonable effort to reach agreement with plaintiffs on the matter set forth in this motion.[3]

### III.  FACTS

On October 1, 2007, plaintiffs' counsel served on Fisher's counsel a notice of deposition pursuant to CR 30(b)(6), noting the deposition of Fisher's representatives in Philadelphia, Pennsylvania on October 23, 2007. Declaration of Daniel J. Gunter in Support of Motion for Protective Order ("Gunter Decl."), Ex. 1. On October 4, 2007, counsel for Fisher sent plaintiff's counsel a letter stating that Fisher would make its 30(b)(6) witness(es) available in St. Louis on October 31, provided (a) that the scope of the deposition be limited and (b) that plaintiffs make Northeast Controls' employees available for deposition before the deposition of the Fisher witness(es). Gunter Decl., Ex. 2. On October 5, counsel for Fisher and plaintiffs engaged in a telephonic discussion relating (among other things) to the scheduling of the depositions. Gunter Decl. ¶ 4. Counsel were unable to reach agreement during that conference. Id. Counsel for plaintiffs agreed that the discussion satisfied Fisher's obligation to meet and confer. Id.

Subsequent discussions and emails reduced the scope of the disagreement between the parties. Gunter Decl., Ex. 2. In an email of Thursday, October 18, the parties had not reached agreement regarding the location for the deposition. Gunter Decl., Ex. 2.

Fisher's counsel suggested conducting the depositions at Fisher's headquarters in St. Louis, Missouri, or telephonically, as an alternative to requiring the Fisher representatives to

---

[3] Gunter Decl. ¶ 4.

travel to Philadelphia. Gunter Dec. ¶ 5. Plaintiffs' counsel rejected Fisher's counsel's proposal. Id.

Fisher was left with no choice but to file this motion for protective order.

IV. **ARGUMENT AND AUTHORITIES**

    A. **The Depositions of Fisher's Corporate Representatives Should Be Taken at Fisher's Principal Place of Business**

In the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31, 32 (E.D. Tenn. 1981); General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D. Mo. 1979).  Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. See Work v. Bier, 107 F.R.D. 789, 792-93 (D.D.C. 1985). **This principle applies even when the deponent is a party:** "In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." Metrex Research Corp. v United States, 151 F.R.D. 122, 125 (D. Colo. 1993).

As the Supreme Court of Rhode Island has noted, the overwhelming weight of authority supports the principle that a defendant's deposition should be taken at its residence or place of business:

> "[T]he defendant's deposition will ordinarily be taken at the defendant's residence or place of business or employment; a motion for a protective order under Rule 26(c) that objects to another location will usually be successful." 4 Moore's Federal

> Practice, ¶ 26.22[1] at 26-367 (2d ed. 1994). The cases which have so held are legion. See, e.g., Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975); Grey v. Continental Marketing Associates, Inc., 315 F. Supp. 826 (N.D. Ga. 1970); Twardzik v. Sepauley, 286 F. Supp. 346 (E.D. Pa. 1968); Work v. Bier, 107 F.R.D. 789 (D.C. 1985); General Leasing Co. v. Lawrence Photo-Graphic Supply, 84 F.R.D. 130 (W.D. Mo. 1979); Kurt M. Jachmann Co. v. Hartley, Cooper & Co., 16 F.R.D. 565 (S.D.N.Y. 1954).

Ciunci, Inc. v. Logan, 652 A.2d 961, 962 (R.I. 1995)

Applying that principle, the courts hold that the deposition of a corporate representative under Rule 30(b)(6) should ordinarily be taken at the corporation's principal place of business. Moore v. Pyrotech Corp., 137 F.R.D. 356, 357 (D. Kan. 1991). Further, a corporation's objection to depositions of its corporate representatives at a place other than its principal place of business should be sustained, unless there are unusual circumstances justifying the inconvenience to the corporation. Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982).

Fisher's principal place of business is in St. Louis, Missouri. Gunter Decl. ¶ 6. Holding the deposition in Philadelphia would require that Fisher fly representatives to Philadelphia for those depositions. Further, holding the depositions in Philadelphia will not only impose travel costs on Fisher, but will also disrupt the work performed by the Fisher corporate representatives, who (of course) have other obligations. To avoid imposing those burdens on Fisher, the Rule 30(b)(6) deposition that plaintiff seeks should be taken at Fisher's principal place of business. See, e.g., Moore, 137 F.R.D. at 357; Zuckert, 96 F.R.D. at 162.

Fisher notes further that it agreed to take the depositions of Northeast Controls' witnesses in Albany, New York, the location of Northeast Controls' corporate headquarters. Gunter Decl. ¶ 7. Fisher agreed to do so even though plaintiffs chose to bring this lawsuit in the District of

Delaware, far from both Albany and St. Louis. Fisher regrets that the cooperation that it extended to Northeast Controls has not been reciprocated.

### B. No Unusual Circumstances Justify Imposing on Fisher the Cost of Producing Its Representative(s) in Philadelphia or Wilmington

The authorities set out above make it clear that plaintiffs must sustain a heavy burden to establish that Fisher must produce its witnesses in either Philadelphia or Delaware. But plaintiffs have made no attempt to explain to Fisher why the Fisher corporate representative(s) should be produced in Philadelphia (or Wilmington).

Financial hardship cannot be a sufficient reason. Both plaintiffs are corporations, and St. Paul is clearly the lead plaintiff in this litigation—and St. Paul can obviously afford to send its attorney(s) to St. Louis. Even if plaintiffs did claim financial hardship, such a claim, standing alone, does not demonstrate the exceptional or compelling circumstances necessary to alter the principle that a defendant's deposition should be taken at the residence or principal place of business. See, e.g., General Leasing, 84 F.R.D. at 131.

In any event, there is no pressing need for either party to incur exceptional costs. The depositions can be taken by telephone. Courts have approved using telephonic depositions to reduce the cost of litigation when there is no showing that such depositions would be inaccurate or untrustworthy. Rehau, Inc. v. Colortech, Inc., 145 F.R.D. 444, 446 (W.D. Mich. 1993). If the depositions are taken telephonically, the parties can cooperate to ensure that any exhibits are available to the deponents.

### C. The Scope of the Depositions Should Be Limited

In addition, the scope of the Rule 30(b)(6) depositions should be limited. Plaintiffs seek to inquire into all of Fisher's agreements with all of its other sales representatives. They also seek to inquire into all product liability lawsuits ever brought against Fisher. That inquiry is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(c).

This lawsuit arises out of plaintiff Northeast Controls' error in processing an order on behalf of Fisher. Fisher alleges that Northeast Controls breached its contract with Fisher by failing to process the order correctly. Northeast Controls' breach of the contract resulted in Fisher and Northeast Controls both being sued in four lawsuits. Plaintiffs allege that, despite Northeast Controls' mistake, Fisher was contractually obligated to defend and indemnify Northeast Controls for its mistake. The principal relevant issues concern the contract between the parties and Northeast Controls' processing of the order. Fisher's business relationships with its other sales representatives cannot shed any light on those issues. Nor can other lawsuits against Fisher have any bearing on the issues in this lawsuit.

Because these topics are irrelevant to the claims and defenses at issue in this lawsuit, Fisher should not be obligated to produce a witness to testify as to those topics. Fisher will nevertheless produce a witness to testify regarding other litigation involving both Fisher and one of its sales representatives. But Fisher should not be required to produce a witness to testify regarding all of the litigation in which Fisher has ever been involved.

## V.      CONCLUSION

Fisher respectfully requests that the Court enter an order (a) requiring that depositions of Fisher's Rule 30(b)(6) witnesses occur in St. Louis, Missouri, or, in the alternative, that the depositions be held telephonically and (b) limiting the scope of plaintiffs' inquiry at any such deposition to the contractual relationship between Fisher and Northeast Controls.

>                              Respectfully submitted,
>
>                              **MARON MARVEL BRADLEY**
>                                **& ANDERSON, P.A.**
>
>                              /s/ Paul A. Bradley
>                              Paul A. Bradley (DE Bar ID #2156)
>                              1201 N. Market Street, Suite 900
>                              P.O. Box 288
>                              Wilmington, DE 19899
>                              (302) 428-0180 (fax)
>                              pab@maronmarvel.com
>                              Attorney for Defendant
>                              Fisher Controls International, LLC

*OF COUNSEL*

**RIDDELL WILLIAMS P.S.**
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154

Dated: October 22, 2007