IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NORTHEAST CONTROLS, INC.; and )
ST. PAUL MERCURY INSURANCE )
COMPANY, )
 )
      Plaintiffs )  No. 1:06-CV-00412 (SLR)
 )
  v. )
 )
FISHER CONTROLS INTERNATIONAL, LLC, )
 )
      Defendant )

**OPENING BRIEF IN SUPPORT OF MOTION FOR ENTRY OF MONEY JUDGMENT**

      THOMAS P. WAGNER, ESQUIRE
      MARSHALL, DENNEHEY, WARNER,
      COLEMAN & GOGGIN
      1845 Walnut Street
      Philadelphia, PA  19103
      tel: 215-575-4562
      e-mail: tpwagner@mdwcg.com
      *Counsel for Plaintiffs*

      JOSEPH SCOTT SHANNON, ESQUIRE
      Delaware Bar I.D. No. 3434
      MARSHALL DENNEHEY WARNER
      COLEMAN & GOGGIN
      1220 North Market Street, 5th Floor
      P.O. Box 8888
      Wilmington, DE 19899-8888
      tel.: 302.552.4329
      e-mail: jsshannon@mdwcg.com
      *Counsel for Plaintiffs*

Dated: January 29, 2008

01/4283681.v1

**TABLE OF CONTENTS**

I. STATEMENT OF NATURE AND STAGE OF PROCEEDING .................................... 1

II. SUMMARY OF ARGUMENT ............................................................................... 1

III. STATEMENT OF FACTS .................................................................................... 1

IV. ARGUMENT ........................................................................................................ 1

   A. Pre-judgment Interest ...................................................................................... 1

   B. Attorneys' Fees and Costs ............................................................................... 3

V. CONCLUSION ...................................................................................................... 5

## TABLE OF CITATIONS

**Cases**

Catron v. Columbia Mutual Insurance Company, 723 S.W. 2d 5 (Mo. 1987). ............................. 2

Chester v. Assiniboia Corp., 355 A.2d 880 (Del. 1976) ................................................................ 5

City of Cottleville v. Charles County, 91 S.W.3d 148 (Mo. App. 2002) ...................................... 4

Delle Donne & Associates, LLP v. Millar Elevator SVC. Company, 840 A.2d 1244 (Del. 2004) 5

Federal Insurance Company v. St. Paul Fire and Marine Insurance Company, 985 F.2d 979 (8th Cir. 1993) ................................................................................................................................ 2

General Aggregate Corporation v. LaBrayere, 666 S.W. 2d 901 (Mo. App. 1984) ..................... 3

Independence Flying Service, Inc. v. Ailshire, 409 S.W. 2d 628 (Mo. 1966) ............................... 3

Midwest Asbestos Abatement Corporation v. Brooks, 90 S.W. 3d 480 (Mo.App. 2002) ............. 3

Nusbaum v. City of Kansas City, 100 S.W.3d 101 (Mo. 2003) ..................................................... 4

Reliance Insurance Company In Liquidation v. Chitwood, 433 F.3d 660 (8th Cir. 2006) ............ 2

Stauffer Chemical Co. v. Keysor-Century Corp., 541 F. Supp. 234 (D.Del. 1982) ...................... 2

Weinberg v. Safeco Insurance Company of Illinois, 913 S.W. 2d 59 (Mo.Ct.App. 1995) ............ 2

Whiteside v. New Castle Mutual Insurance Company, 595 F.Supp. 1096 (D.Del. 1984) ............. 5

**Statutes**

Mo.Rev.Stat. §408.020 ............................................................................................................. 2, 3

I.  **STATEMENT OF NATURE AND STAGE OF PROCEEDING**

This is an action for breach of contract. By a Memorandum Order dated January 18, 2008, and entered by the Clerk of the Court on January 23, 2008, the Court granted Plaintiffs' Motion for Summary Judgment and denied Defendant's Motion for Summary Judgment. The Statement of Damages claimed in the plaintiffs' Motion was unopposed by defendant.

II. **SUMMARY OF ARGUMENT**

Plaintiffs request that the Court enter the damage award to be as stated in plaintiffs' Motion for Summary Judgment. Plaintiffs also request that the Court add an appropriate amount for pre-judgment interest, as calculated below. Plaintiffs also request that the Court add an award of attorneys' fees and other litigation costs incurred by plaintiffs in the current breach of contract action, as set forth below.

Accordingly, the Court is requested to enter judgment for the plaintiffs in the total sum of $1,652,248.20.

III. **STATEMENT OF FACTS**

Plaintiffs incorporate herein by reference their Motion for Summary Judgment and its complete Statement of Facts. The Motion was granted by the Court on January 18, 2008, and judgment was entered by the Clerk in favor of plaintiffs on January 23, 2008.

IV. **ARGUMENT**

   A. **Pre-judgment Interest**

This is an action for breach of contract based upon the Representative Agreement between plaintiff Northeast Controls, Inc. and defendant Fisher Controls International, LLC. The Representative Agreement provides that its "validity, interpretation and performance . . . and

-1-

x

any dispute connected herewith shall be governed and construed in accordance with the laws of the State of Missouri, U.S.A." See App. A, Exhibit 1, Article XIII, page 11. Therefore, Missouri law should be applied in this diversity case to determine whether an award of prejudgment interest is appropriate, and if so, the amount of that award. Stauffer Chemical Co. v. Keysor-Century Corp., 541 F. Supp. 234, 238-39 (D.Del. 1982).

Under Missouri law, prejudgment interest is recoverable in breach of contract actions. See Reliance Insurance Company In Liquidation v. Chitwood, 433 F.3d 660, 665 (8th Cir. 2006), citing Mo.Rev.Stat. §408.020. This right of pre-judgment interest on written contracts includes claims for indemnity and claims by insurers. Id. See also, Federal Insurance Company v. St. Paul Fire and Marine Insurance Company, 985 F.2d 979, 980 (8th Cir. 1993) (*per curiam*); Weinberg v. Safeco Insurance Company of Illinois, 913 S.W. 2d 59, 62 (Mo.Ct.App. 1995); Catron v. Columbia Mutual Insurance Company, 723 S.W. 2d 5, 7 (Mo. 1987).

"A party is entitled to pre-judgment interest, under *§408.020 R.S.Mo. 1994*, on damages for breach of contract, if the amount is liquidated or readily ascertainable by reference to recognized standards." Midwest Asbestos Abatement Corporation v. Brooks, 90 S.W. 3d 480, 485 (Mo.App. 2002). The Missouri statute cited above provides that when no other rate is agreed upon, the legal rate of interest is 9% per annum. (§408.020 R.S.Mo. 2007). The Representative Agreement is silent on the subject of interest. See App. A, Ex. 1.

Pre-judgment interest begins to run no later than the day suit was filed. General Aggregate Corporation v. LaBrayere, 666 S.W. 2d 901, 909 (Mo. App. 1984), *citing* Independence Flying Service, Inc. v. Ailshire, 409 S.W. 2d 628 (Mo. 1966). As this Court has

already noted, plaintiffs filed suit in June of 2006. See this Court's Memorandum Order, dated January 18, 2008, p. 8, n. 5. The actual filing date was June 29, 2006.

The damages incurred by plaintiffs amounted to $1,207,833.50. As set forth clearly in plaintiffs' Motion for Summary Judgment, this amount included $601,000.00 paid to the various plaintiffs as part of the settlements in the underlying cases. The balance consisted of attorneys' fees and other litigation costs, primarily including experts and court reporters. See Memorandum Order at p. 5, ¶6. None of this was disputed by defendant Fisher in its Answering Brief to plaintiffs' Motion for Summary Judgment, nor in its own Motion for Summary Judgment. In fact, Fisher did not address the damages issue at all in the Summary Judgment briefing.

Based on the authorities set forth above, interest should be calculated at the rate of 9% per annum on the amount of $1,207,833.50. Computed at simple interest, the monthly interest amount is $9,058.76. Interest began to run on the day suit was filed, June 29, 2006. Accordingly, the full award of pre-judgment interest through today, January 29, 2008 equals $172,116.25 ($9,058.75 x 19 months).

    **B.**    **Attorneys' Fees and Costs**

In our Motion for Summary Judgment, plaintiffs set forth our claim to recover the attorneys fees and costs incurred in this action to enforce our right of indemnification. See Plaintiffs' Corrected Opening Brief In Support of Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56, (D.I. 75) at §IV. F., p. 24. This claim was not contested by defendant, and the

Summary Judgment Motion was granted by the Court in its Memorandum Order of January 18, 2008.[1]

Accordingly, plaintiffs are entitled to recovery of their attorneys fees and costs incurred in this case. Attached in the Appendix as Exhibit 2 is the Affidavit of Mr. Jeffrey Frock, Senior Technical Specialist for Travelers Insurance Company. Mr. Frock's Affidavit establishes that the total costs paid to date in this action for attorneys fees and other expenses are $235,800.77. Attached in the Appendix as Exhibit 3 is the Affidavit of Thomas P. Wagner, Esquire, counsel for the plaintiffs. Mr. Wagner's Affidavit establishes that an additional amount of $36,497.79 is outstanding and not yet paid. The total cost incurred in this action to date, therefore, is $272,298.56.

---

[1] Plaintiffs contended in the Summary Judgment Motion that the claim for fees and costs incurred in this enforcement action should be governed by Delaware law. Plaintiffs are aware that the Representative Agreement between the parties states that it is to be interpreted under Missouri law. The claim for fees and costs in the enforcement action would probably not be sustained under the law of Missouri. See Nusbaum v. City of Kansas City, 100 S.W.3d 101, 109 (Mo. 2003); City of Cottleville v. Charles County, 91 S.W.3d 148, 150 (Mo. App. 2002). Plaintiffs submit, however, that this Court should apply Delaware law to the recovery of attorneys' fees and costs in the enforcement action. In Whiteside v. New Castle Mutual Insurance Company, 595 F.Supp. 1096 (D.Del. 1984), this Court applied Pennsylvania law to interpretation of the contract at issue, and Delaware law to the question of awarding attorneys' fees. "Under *Erie* principles, attorney's fees are considered substantive and controlled by state law in diversity cases. . . . To determine which State's law on attorney's fees governs in this case, Delaware Conflict of Law Rules must be consulted . . . . Under Delaware Conflicts Rules, attorney's fees are considered 'procedural' (in the conflicts sense), and Delaware Courts apply Delaware attorney's fees provisions." 595 F.Supp. at 1100.

The Whiteside Court cited Chester v. Assiniboia Corp., 355 A.2d 880 (Del. 1976): "Such award [of attorney's fees] is a procedural matter governed by the law of the forum." 355 A. 2d at 882.

As set forth in our Summary Judgment Motion, Delaware law clearly provides the plaintiffs the right to recover their attorney's fees and costs incurred in this action to enforce their right of indemnity. "[W]here, as here, a party . . . is contractually entitled to be held harmless, that party is entitled to its costs and attorneys' fees incurred to enforce the contractual indemnity provision. Any other outcome would not result in [the indemnitees] being held harmless." Delle Donne & Associates, LLP v. Millar Elevator SVC. Company, 840 A.2d 1244, 1256 (Del. 2004). As noted previously, this was not contested by defendant in its response to plaintiffs' Summary Judgment Motion, nor anywhere in its Summary Judgment briefing.

**V.     CONCLUSION**

As set forth above, the total damages in this action are as follows:

| | |
|---|---|
| Underlying litigation fees and costs: | $1,207,833.50 |
| Pre-judgment interest: | $172,116.25 |
| Enforcement action fees and costs: | $272,298.56 |
| Total: | $1,652,248.20 |

Therefore, this Court is respectfully requested to enter judgment for the plaintiffs in the amount of $1,652,248.20.

>MARSHALL, DENNEHEY, WARNER,
>    COLEMAN & GOGGIN
>
>By: /s/ *Thomas P. Wagner*
>    Thomas P. Wagner, Esquire
>    1845 Walnut Street
>    Philadelphia, PA 19103
>    tel: 215-575-4562
>    email: tpwagner@mdwcg.com
>    *Counsel for Plaintiffs*
>
>MARSHALL DENNEHEY WARNER
>    COLEMAN & GOGGIN
>
>By: */s/Joseph Scott Shannon*
>    Joseph Scott Shannon, Esquire (I.D. 3434)
>    1220 North Market Street, 5th Floor
>    P.O. Box 8888
>    Wilmington, DE 19899 – 8888
>    tel.: 302.552.4329
>    e-mail: jsshannon@mdwcg.com
>    *Counsel for Plaintiffs*

Dated: January 29, 2008

01/4283681.v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTHEAST CONTROLS, INC.<br>    and<br>ST. PAUL MERCURY INSURANCE COMPANY | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION – LAW |
| v. | : <br> : <br> : | |
| FISHER CONTROLS INTERNATIONAL, LLC | : | NO. 1:06-CV-00412 (SLR) |

## CERTIFICATE OF SERVICE

Joseph Scott Shannon, Esquire, hereby certifies that on January 29, 2008, he caused a true and correct copy of Plaintiffs' Motion for Entry of Money Judgment, and its Opening Brief in Support of Plaintiffs' Motion for Entry of Money Judgment, and Appendix A to be served upon the following by electronic filing and mail:

Paul A. Bradley, Esquire  
Maron & Marvel, P.A.  
1201 N. Market Street - Suite 900  
Wilmington, DE  19899  

Daniel Gunter, Esquire  
Riddell Williams, P.S.  
1001 Fourth Avenue Plaza - Suite 4500  
Seattle, WA  98154-1065  

MARSHALL DENNEHEY WARNER  
COLEMAN & GOGGIN  

/s/ Joseph Scott Shannon  
JOSEPH SCOTT SHANNON, ESQUIRE  
Delaware Bar I.D. No. 3434  
1220 North Market Street, 5th Floor  
P.O. Box 8888  
Wilmington, DE 19899 – 8888  
tel.: 302.552.4329  
e-mail: jsshannon@mdwcg.com  
*Counsel for Plaintiffs*