IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC. and ST. PAUL MERCURY INSURANCE COMPANY<br><br>Plaintiffs,<br><br> v.<br><br>FISHER CONTROLS INTERNATIONAL, LLC<br><br>Defendant. | NO. 06-412 SLR |

**DEFENDANT FISHER CONTROLS INTERNATIONAL, LLC'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR ENTRY OF MONEY JUDGMENT AND MOTION TO AMEND OR ALTER JUDGMENT**

**RIDDELL WILLIAMS P.S.**

Patrick D. McVey
*Pro hac vice*
Daniel J. Gunter
*Pro hac vice*
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
(206) 624-3600 (Tel.)
(206) 389-1700 (Fax)
pmcvey@riddellwilliams.com
dgunter@riddellwilliams.com

**MARON MARVEL BRADLEY & ANDERSON, P.A.**

Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 425-5177 (phone)
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Control International, LLC

Dated: February 8, 2008

{82008.00001 / W0311280}

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF ARGUMENT ............................................................................................. 1

III. STATEMENT OF FACTS .................................................................................................... 1

IV. ARGUMENT AND AUTHORITIES ................................................................................... 2

    A. Northeast Controls Did Not Incur Any Attorneys' Fees in This Action, and St. Paul Has No Right to Recover Its Fees ............................................................ 2

    B. Neither Northeast Controls Nor St. Paul Is Entitled to Recover Attorneys' Fees in This Action ................................................................................................. 3

    C. St. Paul Failed to Establish That Its Attorneys' Fees Request Is Reasonable ........ 4

V. CONCLUSION ...................................................................................................................... 5

# TABLE OF CITATIONS

**Cases**

Delle Donne & Assocs., LLP v. Millar Elevator Serv. Co., 840 A.2d 1244 (Del. 2004) ................................................................................................................ 3

Great American Indemnity Co. v. State, 88 A.2d 426 (Del. 1952) ................................... 4

Myers v. Kayhoe, 892 A.2d 520 (Md. 2006). ................................................................... 4

Pike Creek Chiro. Ctr. v. Robinson, 637 A.2d 418, 422 (Del. 1994) ................................ 3

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

The Court entered its order granting plaintiffs' motion for summary judgment on January 18, 2008.[1] On January 23, 2008, the Court entered judgment in favor of plaintiffs.[2] Plaintiffs have filed two motions for an award of prejudgment interest and attorneys' fees.[3]

**II.    SUMMARY OF ARGUMENT**

1. Northeast Controls did not incur any attorneys' fees in this action. There is no evidence that it assigned its right to any such fees to St. Paul. St. Paul does not have a contractual right of indemnification against Fisher and consequently does not have a right to recover its attorneys' fees from Fisher.

2. Northeast Controls was not without fault in the underlying actions. Consequently, it has not established a right to recover attorneys' fees in this action.

3. St. Paul has failed to offer any evidence from which the Court could determine the reasonableness of its fee request. Because St. Paul has failed to sustain its burden on this issue, the Court should deny that request.

**III.   STATEMENT OF FACTS**

Plaintiffs seek to recover $1,207,833.50 in damages and an additional $272,298.56 in attorneys' fees allegedly expended in this action. In support of their attorneys' fees claim in this matter, plaintiffs have offered only affidavits of one party representative and one of their counsel. They have not provided any invoices, fee statements, or other information relating to the fee application.

---

[1] Dkt. # 92.
[2] Dkt. # 93.
[3] Dkt. #s 94, 98.

IV.     **ARGUMENT AND AUTHORITIES**

   A.   **Northeast Controls Did Not Incur Any Attorneys' Fees in This Action, and St. Paul Has No Right to Recover Its Fees**

As set out below, Northeast Controls is not entitled to recover its attorneys' fees in this action. Even if it were so entitled, that right would be irrelevant for the simple reason that Northeast Controls did not incur any attorneys' fees in this action.

Despite the inadequacy of plaintiffs' affidavits regarding attorneys' fees, they show one thing unambiguously: All attorneys' fees were paid by St. Paul, not Northeast Controls.[4] St. Paul did not have a contract with Fisher and thus has no basis to recover its attorneys' fees from Fisher. Nothing shows that Northeast Controls assigned to St. Paul its right to recover attorneys' fees. And plaintiffs never disclosed the existence of such a document or produced such a document in response to Fisher's discovery requests.

It is worth noting that the attorneys' fees and expenses incurred in this matter were voluntarily incurred, as opposed to the attorneys' fees and expenses incurred in the underlying actions. It appears that St. Paul was contractually obligated to pay the fees and expenses for Northeast Controls in the underlying actions. Nothing shows that St. Paul was contractually obligated to assert Northeast Controls' alleged right to attorneys' fees in this matter. Because St. Paul was not obligated to pay the attorneys' fees and expenses in this matter, it cannot assert the rights of a subrogee in this matter.

In short, Northeast Controls did not incur any attorneys' fees or other expenses in this action. St. Paul has no contractual right to recover attorneys' fees from Fisher. The Court should

---

[4] See Dkt. #100-2.

{82008.00001 / W0311280}                           2

therefore reject St. Paul's request for its attorneys' fees in this matter.

### B. Neither Northeast Controls Nor St. Paul Is Entitled to Recover Its Attorneys' Fees in This Action

Even if Northeast Controls had incurred attorneys' fees and expenses in this action, it would not be entitled to recover those fees and expenses. St. Paul concedes that it is not entitled to recover its attorneys' fees under Missouri law.[5] Further, the Delaware case on which St. Paul attempts to rely is inapposite.

St. Paul relies on Delle Donne & Associates, LLP v. Millar Elevator Service Company, 840 A.2d 1244, 1256 (Del. 2004). In turn, Delle Donne relied on Pike Creek Chiropractic Center v. Robinson, which provides Delaware's rule on this issue:

> [I]n an express indemnification context . . . , **where the indemnitee is free from actual wrongdoing,** the indemnitee is entitled to be made whole for all losses suffered due to the conduct of the indemnitor, even those attributable to unfounded allegations of the indemnitee's independent negligence.

637 A.2d 418, 422 (Del. 1994)[6] (emphasis added).

By contrast with Pike Creek Chiropractic Center and Delle Donne, in this case this Court concluded that, in fact, Northeast Controls was not "free from actual wrongdoing." Instead, this Court concluded that "Northeast did not perform its role without error."[7] Because Northeast Controls was not "free from actual wrongdoing," it has not established the predicate for recovery of attorneys' fees under Delaware law. The Court should therefore deny that request.

---

[5] Dkt. # 99 at 4 n.2.
[6] Cited in Delle Donne, 840 A.2d at 1256 n.26.
[7] Dkt. # 92 at 7.

### C.    St. Paul Failed to Establish That Its Attorneys' Fees Request Is Reasonable

To recover attorneys' fees, a party must establish the reasonableness of those fees. Even in the absence of a contract term limiting recovery of attorney fees to reasonable fees, trial courts are required to read such a term into the contract and examine the prevailing party's fee request for reasonableness. Myers v. Kayhoe, 892 A.2d 520, 532 (Md. 2006). The party seeking attorneys' fees has the burden of providing the court with the information from which the Court may determine the reasonableness of the fee request. Id.

The Delaware courts long ago identified the factors applicable to a fee request:

> It is the general rule that when attorneys' fees are allowed as part of the costs of litigation, and the amount of such fees is not fixed either by statute or by agreement of the parties, the amount of the fees allowed shall be fixed according to the reasonable worth of the attorneys' services, taking into consideration such elements as the standing of the attorney at the bar, the means of the client, the nature and importance of the cause, the time and labor expended on behalf of the client, the amount involved in the litigation, the amount finally recovered, and whether or not the compensation of the attorneys was to be wholly contingent upon success.

Great American Indemnity Co. v. State, 88 A.2d 426, 431 (Del. 1952).

St. Paul has failed to provide this Court with the information required to conduct this inquiry. It has done nothing more than offer two affidavits purporting to set forth the attorneys' fees and expenses that it incurred in prosecuting this action.[8] Without a breakdown of the fees—including information regarding the means of the client (i.e., St. Paul)—the Court cannot determine that the fees were reasonably incurred.

It would be particularly important for the Court to review St. Paul's fee request in this

---

[8] See Dkt. #100-2.

matter. St. Paul is seeking $272,298.56 in fees in a case resolved on summary judgment in which only twelve depositions were taken.[9] In particular, plaintiffs' counsel noted only three depositions, two of which its counsel conducted telephonically.[10] It would be critical to review the actual records of plaintiffs' counsel's work to determine whether this sum was reasonably expended. In the absence of such records, the Court cannot determine that St. Paul's attorneys' fees were reasonably incurred.

Given St. Paul's complete failure to support its fee request, the Court should deny that request.

## V. CONCLUSION

For these reasons, Fisher respectfully requests that the Court deny plaintiffs' request for an award of attorneys' fees. Fisher does not object to an award of prejudgment interest to plaintiffs.

        **MARON MARVEL BRADLEY**
          **& ANDERSON, P.A.**

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 425-5177 (phone)
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Controls International, LLC

---

[9] Affidavit of Daniel J. Gunter in Response to Plaintiffs' Post-Trial Motions ¶ 1.
[10] Id. ¶ 2.

*OF COUNSEL*

**RIDDELL WILLIAMS P.S**.
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154


Date: February 8, 2008

# CERTIFICATE OF SERVICE

I, Paul A. Bradley, Esquire, hereby certify that, on February 8, 2008, I caused a true and correct copy of the following documents to be served upon counsel of record via electronic filing and hand delivery:

1. Defendant Fisher Controls International, LLC's Brief in Response to Plaintiffs' Motion for Entry of Money Judgment and Motion to Amend or Alter Judgment;

2. Affidavit of Daniel J. Gunter in Support of Defendant Fisher Controls International, LLC's Brief in Response to Plaintiffs' Motion for Entry of Money Judgment and Motion to Amend or Alter Judgment; and

3. Proposed Order granting Defendant Fisher Controls International, LLC's Brief in Response to Plaintiffs' Motion for Entry of Money Judgment and Motion to Amend or Alter Judgment.

**MARON MARVEL BRADLEY  
& ANDERSON, P.A.**

/s/ Paul A. Bradley  
Paul A. Bradley (DE Bar ID #2156)  
1201 N. Market Street, Suite 900  
P.O. Box 288  
Wilmington, DE 19899  
(302) 425-5177 (phone)  
(302) 425-0180 (fax)  
pab@maronmarvel.com  
Attorneys for Defendant  
Fisher Controls International, LLC

*OF COUNSEL*

**RIDDELL WILLIAMS P.S.**  
Patrick D. McVey, Esquire  
Daniel J. Gunter, Esquire  
1001 Fourth Avenue Plaza  
Suite 4500  
Seattle, WA 98154

Date: February 8, 2008