**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NORTHEAST CONTROLS, INC. and ST. PAUL MERCURY INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>FISHER CONTROLS INTERNATIONAL, LLC<br><br>Defendant. | NO. 06-412 SLR |

## DEFENDANT FISHER CONTROLS INTERNATIONAL, LLC'S SUR-REPLY TO PLAINTIFFS' MOTION FOR ENTRY OF MONEY JUDGMENT AND MOTION TO AMEND OR ALTER JUDGMENT

**RIDDELL WILLIAMS P.S.**

Patrick D. McVey
*Pro hac vice*
Daniel J. Gunter
*Pro hac vice*
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
(206) 624-3600 (Tel.)
(206) 389-1700 (Fax)
pmcvey@riddellwilliams.com
dgunter@riddellwilliams.com

**MARON MARVEL BRADLEY
& ANDERSON, P.A.**

Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 425-5177 (phone)
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Control International, LLC

Dated: February 29, 2008

# TABLE OF CONTENTS

**Page**

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.     SUMMARY OF ARGUMENT ............................................................................... 1

III.    STATEMENT OF FACTS ..................................................................................... 1

IV.     ARGUMENT AND AUTHORITIES ........................................................................ 2

      A.     Plaintiffs' Complaints Regarding the Attorneys' Fees Expended in the
           Underlying Action Are Irrelevant and Without Merit ........................................... 2

      B.     St. Paul's Late-Filed Materials Fail to Establish That Its Fees Were
           Reasonable ..................................................................................................... 3

           1.     St. Paul Is Seeking Attorneys' Fees for Evasive, Unreasonable
                Discovery Conduct ..................................................................................... 4

           2.     St. Paul Incurred Needless Expenses in Hiring Two Experts to Say
                the Same Thing .......................................................................................... 8

V.      CONCLUSION ................................................................................................. 9

## TABLE OF CITATIONS

**Cases**

Great American Indemnity Co. v. State, 88 A.2d 426 (Del. 1952)...................................... 4

Myers v. Kayhoe, 892 A.2d 520 (Md. 2006). .................................................................. 3

## I.    NATURE AND STAGE OF THE PROCEEDINGS

The Court entered its order granting plaintiffs' motion for summary judgment on January 18, 2008.[1] On January 23, 2008, the Court entered judgment in favor of plaintiffs.[2] Plaintiffs have filed two motions for an award of prejudgment interest and attorneys' fees.[3] In support of its motions, plaintiffs filed a reply in which, for the first time, they provided support for their claim of attorneys' fees. Because Fisher Controls International LLC ("Fisher") did not have the opportunity to review plaintiffs' support for its requested award, Fisher requests that the Court accept this sur-reply and deny or limit St. Paul's claim for attorneys' fees in this matter.

## II.    SUMMARY OF ARGUMENT

St. Paul has failed to provide certain information required for this Court to assess the reasonableness of the fees incurred in defending this matter. Further, St. Paul's fee request includes fees incurred unreasonably. The Court should deny St. Paul's request.

## III.    STATEMENT OF FACTS

Plaintiffs seek to recover $1,207,833.50 in damages and an additional $272,298.56 in attorneys' fees allegedly expended in this action. As set out below, St. Paul's attorneys' fees request includes fees that were not reasonably incurred.[4]

---

[1] Dkt. # 92.
[2] Dkt. # 93.
[3] Dkt. #s 94, 98.
[4] All documents cited in support of Fisher's Sur-Reply are attached to the Affidavit of Daniel J. Gunter in Support of Defendant Fisher's Sur-Reply To Plaintiffs Motion For Entry Of Money Judgment And Motion To Amend Or Alter Judgment and are numbered consecutively as FSUR 0001 – xxxx

## IV.    ARGUMENT AND AUTHORITIES

### A.    Plaintiffs' Complaints Regarding the Attorneys' Fees Expended in the Underlying Action Are Irrelevant and Without Merit

The issues on plaintiffs' pending motions concern St. Paul's alleged right to recover its attorneys' fees and the reasonableness of the claimed fees. In its reply brief, though, St. Paul has chosen to complain that Fisher spent more on attorneys' fees in the underlying actions than did St. Paul.

Fisher's expenditures in the underlying actions do not and cannot show the reasonableness of St. Paul's expenditures in this action. Further, St. Paul's conclusions fail for the simple reason that Fisher's attorneys did far more work in the underlying action than did St. Paul's attorneys. As set out before, Fisher's attorneys took the lead in defending the underlying action until Fisher was finally dismissed. Fisher's attorneys noted the bulk of the depositions, took the lead in questioning at the depositions, conducted the vast majority of the document discovery (including many days spent reviewing documents in Houston and Philadelphia), drafted multiple motions to compel, and drafted the motions that led to dismissals of Fisher in all four actions. Fisher's counsel even drafted briefing for filing by Northeast Controls' attorneys. Fisher's attorneys also worked to set up testing of an exemplar valve by one of its retained experts and also worked with another expert to test the valve artifacts to determine the materials of construction of the valve's seat.[5]

By contrast, at the time St. Paul's attorneys admitted to Fisher's attorneys that St. Paul

---

[5] Gunter Aff. at ¶17.

had instructed its attorneys to let Fisher take the lead.[6] Given those circumstances, it is only natural that Fisher incurred more attorneys' fees than did St. Paul in the underlying action. Had Fisher not done so, there can be no doubt that St. Paul would have had to spend far more than it did to settle the underlying actions.

In any event, the amount of Fisher's attorneys' fees in the underlying actions is not at issue. What is at issue is the amount of St. Paul's attorneys' fees in this action. St. Paul fails to cite a single case standing for the proposition that a party has the right to recover its attorneys' fees in the absence of a contractual or statutory right. St. Paul has neither. Moreover, the evidence shows that its attorneys' fees were unreasonable.

**B.      St. Paul's Late-Filed Materials Fail to Establish That Its Fees Were Reasonable**

To recover attorneys' fees, a party must establish the reasonableness of those fees. Even in the absence of a contract term limiting recovery of attorney fees to reasonable fees, trial courts are required to read such a term into the contract and examine the prevailing party's fee request for reasonableness. Myers v. Kayhoe, 892 A.2d 520, 532 (Md. 2006). The party seeking attorneys' fees has the burden of providing the court with the information from which the Court may determine the reasonableness of the fee request. Id.

The Delaware courts long ago identified the factors applicable to a fee request:

> It is the general rule that when attorneys' fees are allowed as part of the costs of litigation, and the amount of such fees is not fixed either by statute or by agreement of the parties, the amount of the fees allowed shall be fixed according to the reasonable worth of the attorneys' services, taking into consideration such elements as the standing of the attorney at the bar, the means of the client, the

---

[6] Gunter Aff. at ¶18.

> nature and importance of the cause, the time and labor expended on behalf of the client, the amount involved in the litigation, the amount finally recovered, and whether or not the compensation of the attorneys was to be wholly contingent upon success.

Great American Indemnity Co. v. State, 88 A.2d 426, 431 (Del. 1952).

Now, in its reply brief, St. Paul has for the first time provided the Court with some of the information required to conduct this inquiry. But it has pointedly not advised the Court of "the means of the client." Moreover, a review of the records finally submitted reveals that St. Paul spent money on litigation conduct that should not be rewarded by an award of attorneys' fees.

### 1. St. Paul Is Seeking Attorneys' Fees for Evasive, Unreasonable Discovery Conduct

St. Paul's complaints about Fisher's discovery requests are too late: had St. Paul considered those requests problematic, it had the opportunity to seek a protective order from this Court. Instead, St. Paul interposed a host of meritless objections, including the following:

- St. Paul objected that the term "file" is vague and undefined.[7]
- It objected that the term "Becht Engineering, Inc." is vague and undefined—even though it had identified Becht Engineering, Inc., in its own complaint.[8]
- It objected that "Christopher Konzelmann" is vague and undefined—even though Mr. Konzelmann was lead counsel for plaintiff Great American in the underlying litigation, and even though Mr. Konzelmann signed the settlement agreement between Great American and Northeast Controls that was attached to the complaint.[9]
- It objected that the names of other parties and attorneys in the underlying actions were vague and undefined—even though those parties and attorneys were, of course, known to St. Paul from its involvement in the underlying actions.[10]

In addition to interposing meritless objections, St. Paul's attorneys claimed that it did not

---

[7] FSUR 0045.
[8] FSUR 0052, 0053.
[9] FSUR 0053.
[10] FSUR 0053.

have any documents responsive to any of Fisher's discovery requests, other than those produced in the underlying actions.[11] That claim was false. A subsequent review of the documents showed that St. Paul had numerous documents responsive to Fisher's discovery requests that had not been produced in the underlying litigation. Those documents included communications made by St. Paul's attorneys with other parties in settling the case—documents showing that St. Paul's attorneys knew that other parties were alleging that Northeast Controls was negligent.[12]

The previously undisclosed documents also included evidence that St. Paul had actually paid attorneys' fees and other expenses in the underlying actions.[13] St. Paul was obligated to produce evidence of such costs before it could recover them—but in its discovery responses, St. Paul denied that such documents even existed.

St. Paul's evasive conduct continued in the responses that its attorneys drafted to Fisher's discovery requests to Northeast Controls. For example, in those discovery requests Fisher asked Northeast Controls to "[p]roduce all documents relating to [its] quality management system processes, as referenced on [its] website." Fisher also asked that Northeast Controls produce "all documents relating to any ISO certification, or request for certification, that [Northeast Controls had ] ever received or made." In the responses, St. Paul's counsel claimed that there were no such documents.[14] Fisher had to send to St. Paul's counsel the page from Northeast Controls' website identifying its "quality management system processes."[15] Northeast Controls later produced responsive documents. It was clear that St. Paul's counsel had not made any attempt to identify

---

[11] FSUR 0050.
[12] FSUR 0024 – 0025.
[13] FSUR 0167.
[14] FSUR 0087 – 0088.
[15] FSUR 0099 – 0100.

these documents—even though Fisher had pointed specifically to Northeast Controls' website, which referenced the documents. St. Paul is not entitled to recover attorneys' fees incurred for such wasteful conduct.

St. Paul's obstructionism accelerated in its responses to Fisher's Requests for Admissions. Fisher served those requests in an attempt to avoid deposing certain witnesses. Had St. Paul's attorneys answered Fisher's requests truthfully, significant deposition expenses could have been avoided. Instead, St. Paul's attorneys provided responses that were simply and demonstrably false:

> Request for Admission No. 4: Admit that the document attached as
> Exhibit 2 to these Requests for Admission is a true and correct
> copy of the only purchase order that Praxair sent to **Northeast
> Controls** that relates to the 629 Valve. [Bold emphasis added.]
>
> Response: It is admitted that the document attached as Exhibit 2 to
> these Requests for Admissions, as qualified by Response No. 3,
> supra, is the only purchase order that Praxair sent to **Fisher**
> [C]ontrols that relates to the 629 Valve. [Bold emphasis added.][16]

As the Court is aware, significant issues in this case centered on the contents of the purchase order that Praxair submitted to Northeast Controls, but not to Fisher. And the only evidence in this matter is that Praxair sent that purchase order to Northeast Controls[17]—not to Fisher. The answer drafted by St. Paul's attorneys was simply false.

Further, in its Requests for Admission, Fisher asked Northeast Controls to admit that the order that Northeast Controls transmitted to Fisher did not match the order that Praxair sent to Northeast Controls. Fisher focused its requests on four specific components in the valve. To each

---

[16] FSUR 0102 – 0103.
[17] FSUR 0002.

of those four requests, St. Paul's attorneys responded that Northeast Controls was unable to admit or deny those requests because it lacked adequate information.[18]   Their pretended ignorance was false.

St. Paul's attorneys knew from the discovery conducted in the underlying actions that Northeast Controls did not transmit the order correctly. Plaintiffs' discovery responses were directly contradicted by the deposition testimony of Northeast Controls' employees, who readily admitted (1) that they knew what was in the order placed by Praxair with Northeast Controls;  (2) that they knew what was in the order as transmitted by Northeast Controls to Fisher; and (3) that the order that Praxair placed with Northeast Controls did not match the order that Northeast Controls placed with Fisher.[19] St. Paul's responses to the contrary were simply not true. St. Paul should not be permitted to recover attorneys' fees for false responses that required Fisher to depose Northeast Controls witnesses in order to obtain truthful responses to the very same questions.

St. Paul's attorneys also denied "that, in placing the order for the 629 Valve with Fisher, [Northeast Controls] did not ensure that the materials of construction specified in writing by Praxair were passed on to Fisher." At deposition, of course, Northeast Controls' witnesses freely admitted that the specifications did not match.[20]   Once again, St. Paul should not be permitted to recover attorneys' fees for wasteful conduct that required Fisher to depose Northeast Controls witnesses in order to obtain the truth.

Fisher had assumed that plaintiffs would answer the requests for admission honestly and

---

[18] FSUR 0104.
[19] FSUR 0030, 0148, 0164-165.
[20] FSUR 0030, 0148.

that those honest responses would obviate the need to depose Northeast Controls' employees. Instead, St. Paul's attorneys took many hours to craft their false and evasive responses. After receiving those responses, Fisher finally sought to depose Northeast Controls' employees. Initially, St. Paul's attorneys agreed to produce two of those employees for depositions—without raising any objection at all to such depositions. Then, after having agreed to the depositions, St. Paul's attorneys suddenly reversed course, refusing to produce the witnesses. St. Paul claimed illogically that the witnesses could not be produced during the pendency of Fisher's motion to amend its counterclaim.[21] Fisher was forced to file a motion to compel the production of those witnesses.[22]

In short, all of the costs of the depositions of Northeast Controls' employees were the result of St. Paul's disingenuous responses to the requests for admission. St. Paul should not be permitted to recover the attorneys' fees expended in drafting those wasteful responses. Further, having made it necessary for Fisher to depose Northeast Controls' employees, St. Paul should not be permitted to recover the attorneys' fees expended in arranging, preparing for, or defending those depositions. And it should not be permitted to recover the attorneys' fees expended in its baseless refusal to produce those witnesses—conduct that ended up costing both Fisher and St. Paul large sums of money that could have been avoided had St. Paul simply adhered to its discovery obligations.

### 2. St. Paul Incurred Needless Expenses in Hiring Two Experts to Say the Same Thing

St. Paul identified two liability experts, Stanley Pope and Gerard Muller. Their initial

---

[21] Gunter Aff. at ¶19.
[22] FSUR 0129.

reports said precisely the same thing: they opined (without offering any basis for their position) that the valve seal would not have contributed significantly to the heat of the fire at issue in this matter.[23] In their rebuttal reports, Pope and Muller again duplicated each other to a large extent. Muller also offered the opinion that Northeast Controls met the applicable standard of care (despite the evidence—including the testimony of its own witnesses—that it had not done so).

Because Muller duplicated all of Pope's opinions, St. Paul wasted the fees incurred in hiring Pope as well as Muller. St. Paul should not be permitted to recover the fees expended in retaining Dr. Pope.

## V.    CONCLUSION

As set out above, St. Paul's attorneys chose to litigate in this matter by attempting to thwart the discovery process at every turn.  It is no excuse to say that St. Paul never wanted to engage in discovery in this matter: the Court ordered the parties to engage in discovery. And if St. Paul found Fisher's discovery requests unreasonable, its remedy was to seek a protective order from the Court. Instead, St. Paul chose to interpose meritless objections and to submit discovery responses that had no basis in fact—conduct that significantly increased the litigation costs for both parties.

The examples cited here reflect St. Paul's general litigation tactics throughout this case. As a result, it is difficult to determine, based on the record presented by St. Paul, what portion of the attorneys fees were reasonably incurred.  Further, because St. Paul has no contractual right against Fisher, it should not be permitted to recover any attorneys' fees in this matter.

---

[23] FSUR 0122, 0134.

For these reasons, Fisher respectfully requests that the Court deny plaintiffs' request for an award of attorneys' fees. In the alternative, Fisher requests that the Court reduce the attorneys' fees award by 50 percent.

Respectfully submitted,

**MARON MARVEL BRADLEY
 & ANDERSON, P.A.**

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar ID #2156)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(302) 425-5177 (phone)
(302) 428-0180 (fax)
pab@maronmarvel.com
Attorney for Defendant
Fisher Controls International, LLC

*OF COUNSEL*

**RIDDELL WILLIAMS P.S.**
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza,
Suite 4500
Seattle, WA 98154

Date: February 29, 2008

<u>**CERTIFICATE OF SERVICE**</u>

I, Paul A. Bradley, Esquire, hereby certify that, on February 29, 2008, I caused a true and

correct copy of the following documents to be served upon counsel of record via electronic filing

and hand delivery:

1.    Defendant Fisher Controls International, LLC's Sur-Reply to Plaintiffs' Motion
      for Entry of Money Judgment and Motion to Amend or Alter Judgment; and

2.    Affidavit of Daniel J. Gunter in Support of Defendant Fisher Controls
      International, LLC's Sur-Reply to Plaintiffs' Motion for Entry of Money
      Judgment and Motion to Amend or Alter Judgment

                              **MARON MARVEL BRADLEY**
                                **& ANDERSON, P.A.**

                              /s/ Paul A. Bradley
                              Paul A. Bradley (DE Bar ID #2156)
                              1201 N. Market Street, Suite 900
                              P.O. Box 288
                              Wilmington, DE 19899
                              (302) 425-5177 (phone)
                              (302) 428-0180 (fax)
                              pab@maronmarvel.com
                              Attorney for Defendant
                              Fisher Controls International, LLC

*OF COUNSEL*

**RIDDELL WILLIAMS P.S.**
Patrick D. McVey, Esquire
Daniel J. Gunter, Esquire
1001 Fourth Avenue Plaza
Suite 4500
Seattle, WA 98154