IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHEAST CONTROLS, INC.; and ST. PAUL MERCURY INSURANCE COMPANY, <br><br> Plaintiffs <br><br> v. <br><br> FISHER CONTROLS INTERNATIONAL, LLC, <br><br> Defendant | No. 1:06-CV-00412 (SLR) |

**REPLY BRIEF OF PLAINTIFFS NORTHEAST CONTROLS, INC., AND ST. PAUL MERCURY INSURANCE COMPANY IN RESPONSE TO SUR-REPLY BRIEF OF DEFENDANT FISHER CONTROLS, LLC**

THOMAS P. WAGNER, ESQUIRE
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA  19103
tel: 215-575-4562
e-mail: tpwagner@mdwcg.com
*Counsel for Plaintiffs*

JOSEPH SCOTT SHANNON, ESQUIRE
Delaware Bar I.D. No. 3434
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
tel.: 302.552.4329
e-mail: jsshannon@mdwcg.com
*Counsel for Plaintiffs*

Dated: March 11, 2008

01/4338303.v1

**TABLE OF CONTENTS**

I.   ARGUMENT ................................................................................................................. 1

II.  CONCLUSION ............................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Central Delaware Branch of NAACP v. Dover*, 123 F.R.D. 85 (D. Del. 1988). ........................... 1

*Delle Donne & Associates, LLP v. Millar Elevator SVC Company*, 840 A.2d 1244 (Del. 2004). . 4

*Great American Indemnity Co. v. State of Delaware*, 88 A.2d 426 (Del. 1952) ....................... 1, 2

*U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203 (3d Cir. 2000). ........... 1

**I.   ARGUMENT**

Plaintiffs have filed a Motion with this Court seeking the entry of a money judgment, an award of pre-judgment interest, and an award of counsel fees and other litigation expenses incurred in this action brought to enforce Plaintiffs' indemnity rights. Defendant Fisher has now filed a brief entitled "Sur-Reply." If the Court chooses to consider Fisher's Sur-Reply Brief, the plaintiffs request that the Court also consider this brief in response.

In its original answering brief, Fisher complained that Plaintiffs had not provided detailed invoices for the counsel fees incurred in this action. In response to that complaint, Plaintiffs submitted with their Reply Brief complete line-item invoices for all attorneys' fees and other expenses. Now, in its "Sur-Reply", Fisher has ignored the invoices completely. Instead, Fisher has raised general objections to the actions of Plaintiffs and the conduct of this case. Such generalized objections are plainly insufficient to sustain Fisher's challenge to Plaintiffs' request for fees and costs. "[A] court may not reduce counsel fees *sua sponte* as excessive, redundant, or otherwise unnecessary in the absence of a sufficiently specific objection to the amount of fees requested." *U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 211 (3d Cir. 2000). That is, Fisher must "present specific evidence challenging the reasonableness of the . . . time expended." *Central Delaware Branch of NAACP v. Dover*, 123 F.R.D. 85, 88 (D. Del. 1988). Fisher "cannot rely upon conclusory denials of the applicant's prima facie proofs." *Id.* Fisher has not provided a sufficiently specific objection or rational basis to support its reflexive request that the Court deny Plaintiffs' motion for fees and costs, and accordingly Fisher's request should be refused.

In its opposition to Plaintiffs' request for fees, Fisher cites the 1952 Delaware Supreme Court case of *Great American Indemnity Co. v. State of Delaware*, 88 A.2d 426 (Del. 1952). Relying on this case, Fisher argues that Plaintiffs' have not provided necessary support for the

1

fee request because we have not addressed "the means of the client" or other factors that must be considered to establish reasonableness.

*Great American* identifies a general rule regarding the reasonableness of fees, but it does not support Fisher's generalized objections that St. Paul and Northeast's fees were unreasonable. The focus of the case was whether the fees were *recoverable*, not whether they were reasonable. The court permitted the recovery of fees (and the case has been cited in subsequent cases permitting fees in enforcement actions). It was merely on the last page of the six page opinion that the issue of reasonableness was even mentioned, and then only some of the factors were considered. Fisher has missed the critical holding of the case which is that the indemnity obligation of the surety required it to pay counsel fees incurred in the enforcement action.[1]

Fisher's general objections to Plaintiffs' request for attorneys' fees concern the discovery process. They complain that Plaintiffs should not receive reimbursement for their work in defending depositions which Fisher itself took. The defendant reasons that it was not satisfied with the responses it received from the plaintiffs to its extensive written discovery, so it then took depositions to obtain more discovery. As if to underscore the shrill and desperate nature of its argument, Fisher adds numerous personal accusations and insults. The defendant's brief is laced with unsupported charges that Plaintiffs' counsel not only provided inadequate responses to

---

[1] Recognizing that the general rule prohibits a court from ordering the payment of attorneys' fees as a part of the costs to be paid by the losing party unless the payment of such fees is authorized by some provision of a statute or the bond sued upon, the *Great American* court considered the pertinent provisions of the bond at issue. The bond required indemnification of the stockholders "from and against any and all loss, costs and expenses of whatsoever kind or nature." 88 A.2d at 428. The court concluded that the phrase was intended to insure that the plaintiffs should not be put to any expense in their subsequent efforts to regain the money that was rightfully theirs. Thus, the court held that the defendant was liable for reasonable attorneys' fees in the enforcement action.

After determining that the fees were recoverable, the Court then considered whether the fees were reasonable. It is at this point that the Court recites the general rule cited by Fisher in its sur-reply. While it cited this rule, the Court did not examine each of the considerations identified. Instead, the Court considered the number of hours spent working on the case. It refused to limit the amount of fees based upon the amount of principal at issue. The Court held that the promise to indemnify "necessarily is a promise to pay counsel fees in a reasonable amount irrespective of the amount sought to be recovered." 88 A.2d at 432.

2

discovery, but also lied about it in the process. These accusations are made without a single reference to the record or any supporting documentation.

Rather than responding in kind, Plaintiffs will assume that the defendant's personal accusations are a temporary lapse in judgment. As to the substance of its argument, Fisher's position is nonsense.

First, Plaintiffs point out that Fisher *never* filed any motion to seek any form of discovery relief. If Fisher was so dissatisfied with Plaintiffs' actions in the conduct of discovery, it could and should have sought relief from the Court. Fisher did not do so, and should not be heard to complain about discovery now.

More importantly, Fisher's argument is completely lacking in substantive merit. Plaintiffs took the position from the beginning that there was no need for any discovery at all. This was articulated to the Court and counsel at the original Rule 16 Conference. It was Fisher who insisted that extensive discovery was necessary. Fisher claims in its Sur-Reply Brief that the Court "ordered" the parties to conduct discovery. This is not correct. The Court merely allowed a period of time for discovery based upon Fisher's representations as to what was necessary. The Court did not order anybody to do anything in discovery.

Plaintiffs tried in all sincerity to cooperate with Fisher and satisfy the defendant's insatiable discovery demands. Rather than fighting a battle over our objections to Fisher's written discovery requests, Plaintiffs decided to open their file of some 51 boxes from the underlying litigation and allowed Fisher's counsel unfettered access to the contents. Fisher's attorney was invited to the office of Plaintiffs' counsel, where he was given the entire file and a conference room without limit. Though he stayed for only one and one-half days, he could have remained for a month. In the face of this unlimited disclosure, it is amazing to hear the

3

defendant claim now that the plaintiffs were somehow concealing information or failing to cooperate in discovery.

Fisher forced the plaintiffs to bring and prosecute this action in order to obtain the indemnity rights to which they are entitled. Unless the plaintiffs are reimbursed the full amount of the attorneys' fees and other expenses they incurred, they will not have been "made whole." *Delle Donne & Associates, LLP v. Millar Elevator SVC Company*, 840 A.2d 1244, 1256 (Del. 2004).

## II. **CONCLUSION**

Plaintiffs respectfully request that the Court grant their Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e) and to award attorneys' fees pursuant to Fed.R.Civ.P. 54.

        MARSHALL, DENNEHEY, WARNER,
           COLEMAN & GOGGIN

By: /s/ *Thomas P. Wagner*
    Thomas P. Wagner, Esquire
    1845 Walnut Street
    Philadelphia, PA 19103
    tel: 215-575-4562
    email: tpwagner@mdwcg.com
    *Counsel for Plaintiffs*

MARSHALL DENNEHEY WARNER
    COLEMAN & GOGGIN

By: /s/*Joseph Scott Shannon*
    Joseph Scott Shannon, Esquire (I.D. 3434)
    1220 North Market Street, 5th Floor
    P.O. Box 8888
    Wilmington, DE 19899 – 8888
    tel.: 302.552.4329
    e-mail: jsshannon@mdwcg.com
    *Counsel for Plaintiffs*

01/4338303.v1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTHEAST CONTROLS, INC.<br>and<br>ST. PAUL MERCURY INSURANCE COMPANY | :<br>:<br>:<br>:<br>: | CIVIL ACTION – LAW |
| v. | :<br>:<br>: | |
| FISHER CONTROLS INTERNATIONAL, LLC | : | NO. 1:06-CV-00412 (SLR) |

### CERTIFICATE OF SERVICE

Joseph Scott Shannon, Esquire, hereby certifies that on March 11, 2008, he caused a true and correct copy of Plaintiffs' Reply Brief of Plaintiffs Northeast Controls, Inc. and St. Paul Mercury Insurance Company in Response to Sur-Reply Brief of Defendant Fisher Controls, LLC to be served upon the following by electronic filing and mail:

Paul A. Bradley, Esquire
Maron & Marvel, P.A.
1201 N. Market Street - Suite 900
Wilmington, DE  19899

Daniel Gunter, Esquire
Riddell Williams, P.S.
1001 Fourth Avenue Plaza - Suite 4500
Seattle, WA  98154-1065

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

/s/ Joseph Scott Shannon
JOSEPH SCOTT SHANNON, ESQUIRE
Delaware Bar I.D. No. 3434
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
e-mail: jsshannon@mdwcg.com
*Counsel for Plaintiffs*