IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NORTHEAST CONTROLS, INC. and )
ST. PAUL MERCURY INSURANCE )
COMPANY, )
                                 )
        Plaintiffs, )
                                 )
     v. ) Civ. No. 06-412-SLR
                                 )
FISHER CONTROLS )
INTERNATIONAL, LLC, )
                                 )
        Defendant. )

**MEMORANDUM ORDER**

At Wilmington this 12th day of March, 2008, having reviewed plaintiffs' supplemental motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and for award of attorney fees pursuant to Fed. R. Civ. P. 54,[1] as well as the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 94) is granted in part and denied in part, for the reasons that follow:

1. This is an action for breach of an agreement for indemnification. By memorandum order dated January 18, 2008, the court granted plaintiffs' motion for

---

[1] Plaintiffs first filed a motion captioned "Motion for Entry of Money Judgment," which plaintiffs electronically filed and described as a "motion for attorney fees." (D.I. 94) Thereafter, plaintiffs filed the instant motion, explaining that both motions sought the same relief but, through the supplemental motion, they sought to identify the Federal Rules of Civil Procedure upon which the relief was based. (D.I. 99 at 1 n.1 & n.2)

summary judgment.  By the instant motion, plaintiffs request that the judgment be amended to specifically include damages in the amount of $1,207,833.50 and prejudgment interest at 9% per annum from June 29, 2006 until the date on which the court enters the amended judgment.  (D.I. 98)  Defendant does not oppose the motion to amend the judgment to include the above amounts.  (D.I. 101)  Therefore, plaintiffs' motion is granted in this regard.

2.  Plaintiffs are also claiming attorney fees and costs (in the amount of $272,298.56) incurred in the instant case for enforcement of the right to indemnification.[2]  Under Fed. R. Civ. P. 54(d)(1), "costs – **other than attorneys' fees** - should be allowed to the prevailing party" "[u]nless a federal statute, these rules, or a court order provides otherwise."  (emphasis added)  In this case, plaintiffs prevailed; however, plaintiffs failed to identify for the court a separate number for costs.  The court declines to go through the papers to try to divine this number and, therefore, plaintiffs' motion is denied in this regard.

3.  As noted above, attorney fees are not automatically awarded to a prevailing party.[3]  In this case, plaintiffs argue that they are entitled to such an award by application of Delaware case law.  In support of their argument, plaintiffs cite to three cases, Delle Donne & Associates, LLP v. Millar Elevator Service Co., 840 A.2d 1244

---

[2]The court declines to grant plaintiffs relief merely because defendant failed to respond to plaintiffs' one-page request for damages, fees and costs at the summary judgment stage. (D.I. 99)

[3]Rule 54(d)(2) provides, in relevant part, that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion" in which the movant "specif[ies] the judgment and the statute, rule, or other grounds entitling the movant to the award."

(Del. 2004), Chester v. Assiniboia Corp., 355 A.2d 880 (Del. 1976), and Whiteside v. New Castle Mutual Insurance Co., 595 F. Supp. 1096 (D. Del. 1984). None of these cases stand for the proposition that prevailing parties in Delaware are entitled to attorney fees, absent a statutory or contractual right to such. In the Chester and Whiteside cases, the award of attorney fees was based on statute, 18 Del. C. § 4102 (insurers, upon any policy of property insurance, are obligated to pay attorney fees to prevailing insureds). The conflict of law discussion was related to the question of whether § 4102 was applicable. With respect to the Delle Donne case,[4] the Delaware Supreme Court started with the proposition that the indemnification agreement in that case was "very broad in scope." Id. at 1256. There is no discussion about choice of law and, therefore, it is hardly surprising that the Court applied Delaware law to the question at hand, holding that "where a party . . . is contractually entitled to be held harmless, that party is entitled to its costs and attorneys' fees incurred to enforce the contractual indemnity provision." Id.

    4. Rather than proving entitlement, the above cases demonstrate that the award of attorney fees must rest on either a statutory or contractual foundation. As the former is inapplicable to the facts of record, the indemnification agreement at issue must be construed. Plaintiffs concede that the agreement does not specifically provide for the payment of fees incurred in establishing the right to indemnity, as would be required

---

[4]And the case cited therein, Pike Creek Chiropractic Center, P.A. v. Robinson, 637 A.2d 418, 422 (Del. 1994).

under Missouri law.[5] (D.I. 95 at 4 n.1) See generally Nusbaum v. City of Kansas City, 100 S.W. 3d 101, 109 (Mo. 2003) (indemnification contracts construed strictly under Missouri law). Therefore, plaintiffs have failed to carry their burden of proving their entitlement to such fees.

5. **Conclusion.** For the reasons stated, plaintiffs' motion to amend the judgment, pursuant to Fed. R. Civ. P. 59(e), is granted to the extent that plaintiffs are awarded damages in the amount of $1,207,833.50 plus prejudgment interest at 9% per annum from June 29, 2006 until the date on which the court enters the amended final judgment. Plaintiffs' motion for an award of attorney fees and costs, pursuant to Fed. R. Civ. P. 54(d), is denied.

IT IS FURTHER ORDERED that the clerk of court shall amend the judgment entered in this case (D.I. 93) consistent with the above.

_____
United States District Judge

---

[5]Article XIII of the Representative Agreement between Northeast and Fisher provided that its validity, interpretation and performance, and any dispute connected therewith, would be "governed and construed in accordance with the laws of the State of Missouri, U.S.A." (D.I. 100, ex. 1 at 11)

4